UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 05CV11039EFH

SOUTHEAST FLOATING DOCKS, INC.,

　Plaintiff

v.

AGM MARINE CONTRACTORS, INC.,
CHILDS ENGINEERING CORPORATION,
AND THE TOWN OF PROVINCETOWN,

　Defendants

TOWN OF PROVINCETOWN'S
MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S APPLICATION FOR
STAY OF ARBITRATION AND
ENFORCEMENT OF ARBITRATION
SUBPOENAS

INTRODUCTION

This matter arises out of the reconstruction of the Town of Provincetown's MacMillan Pier (the "Project"). The Town retained the engineering firm of Fay, Spofford & Thorndike ("FST"), who prepared performance specifications for the Project. After the solicitation of bids pursuant to M.G.L. c.30, §39M, the Town entered into a general contract with AGM Marine Contractors, Inc. ("AGM"). As part of the Project, AGM installed a concrete floating dock system manufactured by Southeast Floating Docks, Inc. ("Southeast"). Southeast provided the Town with an express warranty for that system.

The floating dock system failed during a storm that occurred in December of 2003. A dispute arose among the Town, AGM and Southeast as to which party was responsible for such failure. The Town asserted that the failure was a direct result of deficiencies in the dock system, and that responsibility for the failure lay with AGM and Southeast. The Town notified AGM and Southeast of its claims for relief and, in

1

anticipation of litigation, retained consultants to develop an analysis of the causes of the failure of the dock system. Eventually, the Town and AGM settled their dispute, pursuant to which settlement AGM is required to replace portions of the failed dock system.

In October of 2004, AGM and Southeast initiated an arbitration proceeding pursuant to their purchase contract for the dock system. In connection with that arbitration and at the request of Southeast, the arbitrator issued a subpoena duces tecum to the Town of Provincetown. In the subpoena, the arbitrator invoked the Massachusetts Public Records Law, M.G.L. c.66, §10, to request various documents, including those protected from disclosure by the work-product doctrine and attorney-client privilege.

ARGUMENT

The subpoena issued by the arbitrator was issued to a non-party (the Town) and demanded that the Town produce documents to a party to the arbitration (Southeast) before the commencement of the arbitration hearing. The Federal Arbitration Act, invoked by the plaintiff, allows arbitrators to "summon in writing any person to attend before them or any of them as a witness and in a proper case to bring with him or them any book, record, document, or paper which may be deemed material as evidence in the case." (emphasis added) 9 U.S.C. §7. The Act further provides: ". . . upon petition the United States district court for the district in which such arbitrators, or a majority of them, are sitting may compel the attendance of such person or persons before said arbitrator or arbitrators." Id. (emphasis added) It has been held, however, that "'a federal court may not compel a third party to comply with an arbitrator's subpoena for prehearing discovery, absent a showing of special need or hardship.'" (emphasis added)

2

Gresham v. Norris, 304 F.Supp.2d 795, 796 (E.D. VA 2004). Southeast has not shown, and cannot show, any special need or undue hardship.

Southeast is interested primarily in obtaining a copy of a report prepared by Childs Engineering Corporation (the "Childs report"). Complaint, ¶¶11 – 15. In the Complaint, Southeast alleges that the "findings and observations made at or near the time of the storm event and thereafter are not available from any other source." Complaint, ¶11. Contrary to what this allegation may suggest, however, Southeast had ample opportunity to investigate the failure of the dock system.

By letter dated March 17, 2004, the Town invited Southeast to visit the Town and observe the damaged and undamaged components of the dock system. See Affidavit of Richard T. Holland ("Holland Affidavit"), submitted herewith, ¶2. Indeed, on April 22, 2004, representatives of Southeast visited the Town and met with representatives of the Town and AGM. Holland Affidavit, ¶4. At that meeting, the Town showed a video recording of the December 2003 storm event. Holland Affidavit, ¶4. A copy of this video recording was provided to counsel for Southeast by letter dated June 3, 2004. Holland Affidavit, ¶5. Therefore, Southeast can show no "special need or hardship."

Southeast has invoked the Massachusetts Public Records Law, M.G.L. c.66, §10, pursuant to which the arbitrator issued the subpoena.[1] However, an arbitrator is not empowered to determine the scope of the Massachusetts Public Records Law. See Hull Municipal Lighting Plant v. Massachusetts Municipal Wholesale Electric Company, 414 Mass. 609, 615 (1993) (only Supervisor of Public Records, Superior Court, or Supreme Judicial Court can determine scope of Massachusetts public records law). Southeast must

---

[1] The exhibit appended to the subpoena, identifying the documents sought, begins as follows: "Pursuant to M.G.L. 66, §10 and this subpoena we request copies. . . ." See Complaint, Exhibit B.

first obtain a determination by the Massachusetts supervisor of public records, the Superior Court, or the Supreme Judicial Court that the records sought are indeed public records before it can seek to enforce the subpoena. Id. at 617.

Regardless, the Childs report is exempt from disclosure under the Public Records Law. It has been held that materials protected from disclosure by the work-product doctrine "are not protected from disclosure under the public records law unless those materials fall within the scope of an express statutory exemption. . . ." General Electric Company v. Department of Environmental Protection, 429 Mass. 798, 801 (1999). However, the public records law provides an exemption for "inter-agency or intra-agency memoranda or letters relating to policy positions being developed by the agency." M.G.L. c.4, §7, cl. 26(d) (the "Policy Exemption"). As stated by the Massachusetts Superior Court in Lafferty v. Martha's Vineyard Commission, 2004 WL 792712 (2004) (copy attached): "The preparation of and involvement in litigation by an agency . . . inherently entails the development of 'policy positions' by that agency. Litigation often concerns . . . a policy adopted by the agency." The Town caused the Childs report to be prepared precisely to determine whether, and whom, to sue for the failure of the dock system.

Though the Town has settled its dispute with AGM, pursuant to which settlement AGM is required to replace only a portion of the failed dock system, the Town may still initiate litigation against Southeast pursuant to the manufacturer's warranty provided by Southeast for the failed dock system; or against AGM in the event that AGM fails to install properly the new components for the dock system pursuant to the settlement agreement with the Town. It was for these reasons that the Town initially withheld the

Childs report. Since the date of the subpoena, it has been determined that the Town will not likely initiate litigation against Southeast. As a result, the Childs report was produced to counsel for Southeast by fax on May 23, 2005, and the matter of its disclosure is now moot. Holland Affidavit, ¶13.

In producing the Childs report, however, the Town expressly reserved its right to continue to withhold several documents pursuant to the attorney-client privilege. The attorney-client privilege protects from disclosure communications, written or verbal, made by and between an attorney and his client for the purpose of giving and/or seeking legal advice or assistance. See, Winchester Capital Management Company, Inc. v. Manufacturers Hanover Trust Company, 144 F.R.D. 170, 172 (D. Mass. 1992). The documents that the Town claims as privileged—two letters, one facsimile transmittal, and several summaries of telephone conversations—constitute communications between Town Counsel and the Project engineer, Fay Spofford & Thorndike. The sole purpose of these communications was to allow Town Counsel to obtain information necessary to provide to the Town adequate and informed legal advice. "[D]isclosure to a third party who is identified with the party claiming the privilege and to whom disclosure is reasonable and necessary in order for all the facts to be made known to the attorney does not waive the [attorney-client] privilege." Winchester Capital Management Company, 144 F.R.D. at 172. Therefore, Town Counsel's communications with the Project engineer, which were required to discover facts necessary to provide adequate and informed legal advice and assistance to the Town, are protected from disclosure by the attorney-client privilege.

Though Southeast has invoked the Massachusetts Public Records Law, it is the Town's position that such law does not require the disclosure of documents protected from disclosure by the attorney-client privilege. Notwithstanding the decision in General Electric Company, 429 Mass. 798, discussed above, which addressed documents protected from disclosure under the work product doctrine and not the attorney-client privilege, it is the Town's position that documents protected from disclosure by the attorney-client privilege are not public records. The undersigned has found no decision issued by an appellate level Massachusetts court that has extended the reasoning of General Electric Company to documents protected by that privilege. Indeed, subsequent to that decision, the Massachusetts Superior Court has issued conflicting decisions on this question. Compare Kiewit-Atkinson-Kenny v. Massachusetts Water Resources Authority, 2002 WL 2017107 (Mass. Sup. Ct. 2002) (refusing to extend General Electric Company to attorney-client privilege), with Kent v. Commonwealth, 2000 WL 1473124 (Mass. Sup. Ct. 2000) (extending reasoning of General Electric Company to attorney-client privilege), and Lafferty, 2004 WL 792712, supra (extending reasoning of General Electric Company to attorney-client privilege). Copies of these decisions are submitted with this memorandum.

Especially in light of the conflicting Superior Court decisions, the question of whether to extend the reasoning of General Electric Company and compel the disclosure of documents protected from disclosure by the attorney-client privilege is one of state law bearing on a policy problem of substantial public importance, the resolution of which will certainly transcend the result in the case now at bar. See Louisiana Power and Light Co. v. City of Thibodaux, 360 U.S. 25 (1959). Therefore, the Town respectfully requests that

this Court abstain from rendering a decision on this question, thereby directing Southeast to seek relief in state court. Alternatively, in an effort to resolve this dispute, the Town is willing to permit an in-camera inspection of the withheld documents. Since Southeast purports in the Complaint to be interested only in the technical issues bearing on the failure of the dock system, the Court can review the withheld documents and confirm that such documents do not speak to such issues.

As to Southeast's request for an award of attorney's fees and costs, it is the Town's position that such an award is not warranted. As discussed above, the subpoena was not properly issued because it demands the pre-hearing production of documents. Moreover, the arbitrator is not empowered to determine the scope of the Massachusetts Public Records Law.

Moreover, the Town provided Southeast ample opportunity to investigate the failure of the floating dock system well before the complaint in this matter was filed. As stated above, by letter dated March 17, 2004, the Town invited Southeast to view the components of the dock system. Holland Affidavit, ¶2. On April 22, 2004, representatives of the Town, AGM and Southeast met at Town Hall. Holland Affidavit, ¶4. At that meeting, the Town showed a video recording of the storm event and provided the representatives of Southeast and AGM with several charts depicting the wind speeds and wave heights that occurred during the storm. Holland Affidavit, ¶4. A copy of the aforesaid video recording was provided to counsel for Southeast by letter dated June 3, 2004. Holland Affidavit, ¶5.

Further, within six business days from the date of service of the subpoena (February 23, 2005), by letter dated March 3, 2005, Town Counsel offered to make

available for inspection by counsel for Southeast the Town's non-privileged documents relating to the failure of the floating dock system. Holland Affidavit, ¶10. Yet, prior to filing the complaint in this matter, counsel for Southeast never contacted Town Counsel to make arrangements for the inspection of the Town's documents. Holland Affidavit, ¶10. Finally, as stated above, the Town has already provided the Childs report to Southeast. Thus, Southeast's request for attorney's fees and costs should be rejected.

## CONCLUSION

For the foregoing reasons, Southeast's application for the enforcement of the subpoena issued to the Town and its request for attorney's fees and costs should be denied.

TOWN OF PROVINCETOWN

By its attorneys,

David J. Doneski (BBO# 546991)
Richard T. Holland (BBO# 632661)
Kopelman and Paige, P.C.
 Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing Memorandum in Opposition to Plaintiff's Application for Stay of Arbitration and Enforcement of Arbitration Subpoenas by hand to all counsel of record.

DATED: 6-1-05

Richard T. Holland

252472v2/24207/0008

8