UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 05CV11039EFH

| | |
|---|---|
| SOUTHEAST FLOATING DOCKS, INC., <br><br> Plaintiff <br><br> v. <br><br> AGM MARINE CONTRACTORS, INC., CHILDS ENGINEERING CORPORATION, AND THE TOWN OF PROVINCETOWN, <br><br> Defendants | AFFIDAVIT OF RICHARD T. HOLLAND |

I, Richard T. Holland, on oath, hereby depose and say as follows:

1. I am an attorney employed by Kopelman and Paige, P.C., which serves as Town Counsel to the Town of Provincetown.

2. By my letter dated March 17, 2004, the Town notified the vice president of Southeast Floating Docks, Inc. ("Southeast") of the Town's warranty claim against Southeast for the failure of the floating dock system manufactured by Southeast for the MacMillan Pier Reconstruction project (the "Project"). In that letter, Southeast was invited to visit the Town and view the damaged and undamaged components of the floating dock system. A true copy of the March 17 letter is attached hereto as Exhibit A.

3. By my letter dated April 14, 2004, the Town notified counsel for Southeast that representatives of AGM Marine Contractors, Inc. ("AGM"), Southeast and the Town would be meeting at Town Hall on April 22 to discuss the wave heights

during the storm that occurred in December 2003. A true copy of the April 14 letter is attached hereto as Exhibit B.

4. On April 22, 2004, representatives of Southeast met with representatives of the Town and AGM. At that meeting, the Town allowed the representatives of AGM and Southeast to view a video recording of the December 2003 storm, and provided them with several charts depicting the wind speeds and wave heights that occurred during that storm.

5. By my letter dated June 3, 2004, the Town provided a copy of the aforesaid video recording to counsel for Southeast. A true copy of the June 3 letter is attached hereto as Exhibit C.

6. By letter to me dated June 14, 2004, counsel for Southeast requested documentation in support of the Town's warranty claim, and pursuant to M.G.L. c.66, §10, the Massachusetts Public Records Law, requested, among other things, "all written or printed communications" relating to the damage to MacMillan Pier from December 1, 2003 to the present. A true copy of the June 14 letter is attached hereto as Exhibit D.

7. By letter dated July 8, 2004, I responded to the June 14 letter from counsel for Southeast. In that letter, I advised counsel for Southeast that Southeast's public records request was misdirected because Town Counsel was not the custodian of Town records. Nonetheless, I provided to counsel for Southeast copies of correspondence among Town Counsel, counsel for AGM, and counsel for Zurich North America, the surety that issued the performance bond for the Project. A true copy of the July 8 letter is attached hereto as Exhibit E.

8. To my knowledge, following my July 8 letter, counsel for Southeast never submitted a public records request to the Town and never responded to my July 8 letter.

9. On February 23, 2005, the Town was served with a subpoena duces tecum (the "Subpoena"), issued by the arbitrator in the arbitration entitled AGM Marine Contractors, Inc. v. Southeast Floating Docks, Inc. The Subpoena is addressed to the "Town of Provincetown" and commands the production of all records identified on the exhibit A attached to the subpoena. See Complaint, Ex. B.

10. Within six business days from the date of service of the Subpoena, by letter dated March 3, 2005, I advised counsel for Southeast that the Town would make available for inspection documents responsive to counsel's request and not protected from disclosure. Counsel for Southeast never contacted me before the filing of the complaint to make arrangements for a document inspection. A true copy of the March 3 letter is attached hereto as Exhibit F.

11. On May 19, 2005, Attorney David G. Hanrahan, local counsel for Southeast, called me and advised that a complaint had been filed to enforce the Subpoena. I signed a waiver of service of summons on that same date.

12. During a May 23, 2005 telephone conversation, I advised counsel for Southeast that the Town would provide copies of two documents prepared by consultants for the Town in connection with the failure of the floating dock system, but that Town Counsel would continue to withhold several documents consisting of communications between Town Counsel and the Project engineer, Fay Spofford

      & Thorndike, which the Town asserts are protected from disclosure by the attorney-client privilege.

13. On May 23, 2005, I faxed to counsel for Southeast two documents created by consultants for the Town in connection with the failure of the floating dock system, including a written report dated January 6, 2004, by Childs Engineering Corporation.

14. During a May 26, 2005 telephone conversation, counsel for Southeast stated to me that she would review the materials that I provided and contact me on May 27 to advise what further, if anything, she may need. To date, counsel for Southeast has not called me back.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 1st DAY OF JUNE 2005.

                                                  Richard T. Holland

252577/24207/0008

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CLERK'S NOTICE

This document can not be scanned due to its size, or the way in which it was bound.

The original is available for viewing in the Clerk's Office.