UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SOUTHEAST FLOATING DOCKS, INC.,

    Plaintiff,                    CIVIL ACTION
                                            NO.: 1:05-CV-11039-EFH
v.

AGM MARINE CONTRACTORS, INC.,
CHILDS ENGINEERING CORPORATION,
and THE TOWN OF PROVINCETOWN,

    Defendants.
_____/

**MOTION FOR ATTORNEYS' FEES & COSTS
& TO KEEP CASE OPEN PENDING COMPLIANCE WITH COURT ORDER**

Pursuant to Fed. R. Civ. P. 54, Plaintiff, Southeast Floating Docks, Inc. ("Southeast"), moves this Court for an award of fees and costs and to keep this action open pending compliance with the Court's Order and states:

FACTS & POSTURE OF CASE

Because an arbitrator has no contempt power, 9 U.S.C. § 7 vests this Court with the sole power to enforce the arbitration subpoenas. In an unparalleled display of disdain for the rule of law, Defendants flat out refused to produce relevant, necessary records that were subject to subpoena and the Public Records Law.[1] Mass. G.L., Ch. 66 § 10. The sole intended purpose of denying Plaintiff records

---

[1] Plaintiff acknowledges that this is not a suit for public records; however, its request for the subpoenaed information beginning a year ago is relevant in considering attorneys' fees. Fed. R. Civ. P. 37(a)(4)(A).

was to preclude its receipt of exculpatory data in regard to claims made against it on the Town's MacMillian Pier reconstruction project.

With a fast approaching final hearing date, Plaintiff was forced to institute this action on May 18, 2005 in a last ditch effort to enforce subpoenas issued by the Arbitrator. After the case was filed and served, but before the expedited hearing held pursuant to local rule, the Town turned over 27-pages of expert reports that are critical to Plaintiff's case. At the hearing on June 1, 2005, additional records (approximately 200 pages) were produced.

The balance of the withheld records include Town meeting minutes, the prime contract, and many other documents relevant to claims against Southeast. The Town's records will demonstrate the storm event on December 7, 2003 that resulted in the partial destruction of the concrete floating docks manufactured by Plaintiff exceeded the design parameters. In other words, an act of God caused the damage. Indeed, the records, if fully produced, will demonstrate that the Town's fiscal, aesthetic, and political concerns resulted in the deletion of a wave attenuator or "breakwater" that was included in the design, identified in the contract documents, and deemed a

necessity by the contractors, that would have prevented or minimized damage to the docks.

The Town and Defendant, AGM Marine Contractors, Inc. ("AGM"), have worked in concert to pay AGM through a stale, contested, change order, in order to conceal and misrepresent numerous facts that are beyond the scope of this motion, but critical to Plaintiff's defense and pursuit of counterclaims in arbitration. It is an injustice that would permit the Defendants to avoid the consequences of their own misfeasance, malfeasance, and nonfeasance at Plaintiff's expense.[2]

At the expedited hearing on June 1, 2005, the Court ordered the Town to produce all documents responsive to the requests for records and subpoena except those that are purportedly attorney-client privileged. (Order, DE 12) The ruling is also consistent with the law concerning public records as the attorney-client privilege is the only possible grounds to avoid production; Massachusetts does not recognize an exemption for work-product privilege for documents in the hands of public entities. *See Gen. Elec. Co. v. Dep't of Envtl. Prot.*, 711 N.E. 2d 589 (Mass. 1999).

---

[2] As it relates to Defendant, Childs Engineering, Plaintiff has continued its informal effort to procure records that were never produced in response to its subpoena. The Court's Order did not include Childs Engineering.

While the Court's dismissal of the case was expressly conditioned upon the Town's compliance, respectfully, the case should remain open. *Id*. The Town has yet to comply with the Court's Order and Plaintiff has engaged in daily, extensive negotiation to set June 27 and 28, 2005 for review of records. Candidly, Plaintiff unfortunately has little hope that the Town will fully perform; keeping the case open is in the interest of judicial economy and will enable Plaintiff to enforce the Order in advance of the final arbitration hearing starting 15 August 2005. No party will be prejudiced by keeping the case open and the Town's assertion of attorney-client privilege can also be evaluated as the law requires that it produce a privilege log that has not been forthcoming to date.[3]

Despite representation at the hearing that the documents would be made available and that Southeast had failed to avail itself of the opportunity, counsel for the

---

[3] The Town claimed the attorney-client privilege extended to protect communications between AGM, the Pier Manager, Town Manager and Department of Public Works the day after the storm event, which described the damage; no attorney was a party to these communications. Also privileged, according to the Town, are memos by the engineering firm responsible for the original design describing a site visit the day after the storm and a meeting with the contractor and Town personnel 2-days after the storm. The Town claims a 1999 memo between 2 engineering firms with calculations regarding wave heights falls under the attorney-client privilege.

4

Town has resisted attempts to review the documents, alluded to limited production of documents, directed Plaintiff to on-line records that do not exist, placed unreasonable limitations on access, time for review, who Plaintiff may speak to, and refused to allow Plaintiff's counsel the opportunity to copy the documents during the review or obtain an approved outside vendor for immediate copying. Plaintiff's lawyers have continued to attempt to work out the details; however, a representative sampling of communications regarding the review of documents is attached as Exhibit "A."

## MEMORANDUM OF LAW

Plaintiff seeks to have the case remain open such that it may enforce the Court's Order as provided by the rule. Fed. R. Civ. P. 37(b).

Plaintiff is entitled to an award of attorney's fees against the Town as a sanction for its failure to produce the documents absent a court order and insistence on non-existent privileges under Fed. R. Civ. P. 37, 45. Pursuant to 28 U.S.C. 1920 and Fed. R. Civ. P. 54, Plaintiff is entitled to its costs as the prevailing party.

At the hearing on the motion in February 1980 defense counsel "volunteered" to turn over the In the case of

5

*Liberty Leather Corp. v. Callum,* 86 F.R.D. 550, 550 (D.C. Mass. 1980), a party requesting records moved to compel production and "defense counsel 'volunteered' to turn over the material" at the hearing. The District Court awarded sanctions to the movant because the defendants were not justified in withholding records for months. *Id*. This result is appropriate here where the Town offered no legitimate reason for limiting its production of records to 68-pages of information and asserting unreasonable claims of attorney-client privilege. *Id*. Moreover, the veracity of the Town's claims that it had previously offered to open its doors for Plaintiff's review of records is questionable at best in considering its response in the presence of a Court Order. (*See* DE 12, Ex. "A")

As of the filing of this motion, Plaintiff has incurred $20,649.25 in attorney's fees and $856.60 in costs in enforcing the subpoena. Affidavits and billing statements are attached as Composite Exhibit "B" the bill of costs is filed separately and incorporated herein by reference.

Plaintiff files this motion without waiver of its right to seek an Order of Contempt and additional fees and costs as may be necessary.

6

WHEREFORE, Plaintiff respectfully requests this Court enter an order awarding it $20,649.25 in reasonable attorney's fees and $856.60 in costs against the Town. Plaintiff requests the Court keep the case open until the Town has complied with the conditions of its Order.

### CERTIFICATE OF SERVICE

I certify a copy of the foregoing has been electronically filed with the Court and mailed to David Hanrahan, Esquire, Gilman, McLauglin & Hanrahan, LLP, 101 Merrimac Street, Boston, MA 02114-9601; Charles Schaub, Esquire, Hinckley, Allen, Snyder, LLP, 28 State Street, Boston, MA 02109; Richard T. Holland, Esquire, Kopelman and Paige, P.C., 31 St. James Avenue, Boston, MA 02116-4102; and, John Connarton, Connarton, Wood & Callahan, 150 Federal Street, 12th Floor, Boston, MA 02210 on June 16, 2005.

/s/ Tina L. Caraballo
_____
Rosemary H. Hayes
Florida Bar No. 549509
Tina L. Caraballo
Florida Bar No. 0164275
Hayes & Caraballo, PL
P.O. Box 547248
Orlando, Florida 32854
Telephone (407) 649-9974
Facsimile (407) 649-9379
Attorneys for Plaintiff

EXHIBIT "A"

With due respect: Your prior underhanded conduct and apparently paranoid behavior is unprofessional, inappropriate and unbecoming and I personally do not appreciate it. The Town is doing all it can to accommodate your client's belated preparation for arbitration. Kindly note that it is not my responsibility to provide to you legal advice as to how to make public records requests, and the notion that you can "walk in off the street" and look at documents is false. I suggest you review the law and applicable regulations. Please also note that I will not be responding to these email rants any further.

**Please be advised of the following rules, which apply to your inspection on June 27:**

1. You are not permitted to speak to any Town officials. If you have any questions, you must direct them to Town Counsel.
2. No copies will be made during your inspection. Neither you nor Town officials will make any copies on the day of your inspection. Copies of documents will be made by Town officials upon the completion of your inspection at the rates quoted in my prior email.
3. You must designate documents for copying using a post-it or similar item that will not mark or damage documents.
4. No documents may be removed from the room in which they are kept, and all documents must be neatly placed back in the order in which they are presented to you.
5. You will have to complete your inspection on June 27.

If you do not agree to the above, you will not be permitted access. **As an alternative, documents responsive to your subpoena will be made at your client's expense and delivered to your attention.**

Rick.

Richard T. Holland
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007
(617) 654-1735 (fax)
rholland@k-plaw.com

This message and the documents attached to it, if any, are intended only for the use of the addressee and may contain information that is PRIVILEGED and CONFIDENTIAL and may contain ATTORNEY WORK PRODUCT. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please delete all electronic copies of this message and attachments thereto, if any, and destroy any hard copies you may have created and notify me immediately.

-----Original Message-----
**From:** Rosemary Hayes [mailto:rhayes@const-law.com]
**Sent:** Tuesday, June 14, 2005 6:11 PM
**To:** Richard T. Holland
**Cc:** Kara Petruso
**Subject:** RE: AGM/Southeast/Provincetown

We will not release SGH from their subpoena without a response from them. We requested items that you are not included, i.e.

6/16/2005

EXHIBIT "B"

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SOUTHEAST FLOATING DOCKS, INC.,

    Plaintiff,

v.

AGM MARINE CONTRACTORS, INC.,
CHILDS ENGINEERING CORPORATION,
and THE TOWN OF PROVINCETOWN,

    Defendants.
_____/

CIVIL ACTION
NO.: 1:05-CV-10039-EFH

### PLAINTIFF'S AFFIDAVIT OF ATTORNEY'S FEES AND COSTS INCURRED

STATE OF FLORIDA
COUNTY OF ORANGE

    BEFORE ME, the undersign authority, personally appeared Rosemary Hanna Hayes, who, upon being duly sworn, deposes and says as follows:

1. Affiant has personal knowledge of the facts set forth herein.

2. Rosemary H. Hayes was admitted to the Florida Bar in 1986 and her hourly billing rate is $260.00, which is reasonable for Florida counsel.

3. Tina L. Caraballo was admitted to the Florida Bar in 1999 and her hourly billing rate is $180.00, which is reasonable for Florida counsel.

4. This firm's billing records reflect 81.20 hours have been expended in filing the suit, obtaining the court order, and enforcing the order for total fees of $17,968.00. A copy is attached as Exhibit "1."

5. Local counsel represents it incurred fees of $2,681.25 in connection with this matter. A copy is attached as Exhibit "2."

6. The services for which fees have been charged were actually and necessarily performed.

7. The items claimed in the attached Bill of Costs are correct and the costs have been necessarily incurred in the case.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Rosemary Hanna Hayes

Sworn to and subscribed before me on
June 16, 2005, by Rosemary Hanna Hayes,
who is personally known to me.

_____
NOTARY PUBLIC                    (SEAL)

TINA L. CARABALLO
NOTARY PUBLIC - STATE OF FLORIDA
COMMISSION # DD264890
EXPIRES 11/07/2007
BONDED THRU 1-888-NOTARY1

| Date | Entry# | Fee / Time Explanation | Working Lawyer | Hours | Amount |
|---|---|---|---|---|---|
| 100 | | SouthEast Floating Docks | | | |
| 10088 | | AGM | | | |
| [redacted] | | | | | |
| May 12/2005 | 4245 | Lawyer: 6.50 Hrs X 180.00 Research application of federal arbitration act and how to enforce subpoenas given arbitrators unwillingness to make the parties produce the documents; research cases involving AGM, including insurance claims for storm damage | TLC - Tina L. Carab | 6.50 | 1170.00 |
| May 16/2005 | 4248 | Lawyer: 7.30 Hrs X 180.00 Confer with Massachusetts counsel, David Hanrahann regarding ability to serve as local council in case; review rules of the United States District Court for the District of Massachusetts local rules on pleading, filing, and pro hac vice requirements; draft complaint to stay arbitration and enforce subpoenas; several telephone conferences with local council | TLC - Tina L. Carab | 7.30 | 1314.00 |
| May 17/2005 | 3762 | Lawyer: 4.50 Hrs X 180.00 Finalize complaint, cover sheet, and pro hac vice motions; several telephone conferences with local counsel regarding recovery of attorney's fees, proper pleading | TLC - Tina L. Carab | 4.50 | 810.00 |
| May 18/2005 | 3791 | Lawyer: 3.00 Hrs X 180.00 Confer with local counsel regarding short order notice of hearing issued by Federal Judge; coordinate service of complaint and strategize regarding hearing on June 1, 2005; submit applications for electronic filing with the Court | TLC - Tina L. Carab | 3.00 | 540.00 |
| [redacted] | | | | 3.20 | 576.00 |
| [redacted] | | | | 1.50 | 200.00 |
| May 23/2005 | 4085 | Lawyer: 6.30 Hrs X 180.00 Read, review and analyze documents produced in the case in preparation of exhibits for June 1, 2005 hearing; several telephone conferences with Mass. counsel; leave messages for Provincetown counsel; communicate with all parties in effort to resolve matter prior to hearing; review Mass. public records law; telephone conference with public records appeals commission; leave messages with Joyce Guide of the Provincetown Pier Corporation; begin drafting amended complaint based on arbitration hearing and Schaub's claim that there is no Child's report; confer with Alan regarding SGH report allegedly provided to him in April 2004 and ask him to make sure he has no other documents we need for the case; research application of federal arbitration act to overturn award if arbitrator fails to grant continuance | TLC - Tina L. Carab | 6.30 | 1134.00 |
| May 24/2005 | 3798 | Lawyer: 4.20 Hrs X 180.00 Continued drafting of amended complaint and assembly of exhibits; telephone conference with Richard Holland, Provincetown Counsel regarding providing the Child's report and SGH power point slides; receive documents and forward to Alan Simpson, Gary Greene and Lee Harris for review and comment; review Southeast Floating Docks documents regarding all of the letters warning AGM about changes in construction design; compare Child's wave info with Lee Harris report; receive message from Lee Harris that he is out of town and | TLC - Tina L. Carab | 4.20 | 756.00 |

EXHIBIT
j

```
Date       Fee / Time                         Working Lawyer              Hours      Amount
   Entry# Explanation
```

| Date | Entry# | Fee / Time Explanation | Working Lawyer | Hours | Amount |
|---|---|---|---|---|---|
| | | will try to look at report at first opportunity; telephone conference with Joyce Guide who refused to speak about docks as it was "town business" | | | |
| May 24/2005 | 3880 | Lawyer: 2.00 Hrs X 260.00 Review and analysis of 26 page fax from Rick Holland; strategize re: reports; [redacted] | RHH - Rosemary H. H | 2.00 | 520.00 |
| May 26/2005 | 3856 | Lawyer: 2.50 Hrs X 180.00 Strategize regarding how to proceed at hearing on June 1, 2005 and present information to court in order to obtain the time necessary to pursue discovery to properly defend the action; continue assembly of exhibits for use at hearing | TLC - Tina L. Carab | 2.50 | 450.00 |
| May 26/2005 | 3874 | Lawyer: 0.50 Hrs X 260.00 Confer w/Alan Simpson re: status and strategies | RHH - Rosemary H. H | 0.50 | 130.00 |
| May 26/2005 | 3875 | Lawyer: 1.00 Hrs X 260.00 Call to/from Rick Holland, attorney for Town; review of additional meeting minutes for Town; R/r correspondence from C. Schaub; call to AAA | RHH - Rosemary H. H | 1.00 | 260.00 |
| May 26/2005 | 3876 | Lawyer: 1.20 Hrs X 260.00 Work on exhibits | RHH - Rosemary H. H | 1.20 | 312.00 |
| May 27/2005 | 3877 | Lawyer: 1.60 Hrs X 260.00 Review of materials for hearing set by Judge in federal court in Boston, MA | RHH - Rosemary H. H | 1.60 | 416.00 |
| May 27/2005 | 3950 | Lawyer: 2.00 Hrs X 180.00 memo of law on postponement for use at hearing; revise exhibits; finalize | TLC - Tina L. Carab | 2.00 | 360.00 |
| May 29/2005 | 4087 | Lawyer: 8.00 Hrs X 260.00 Plan and prepare for hearing in Boston, MA; review cases and records | RHH - Rosemary H. H | 8.00 | 2080.00 |
| Jun 1/2005 | 4396 | Lawyer: 0.40 Hrs X 180.00 Send facsimile to C. Schaub requesting copy of letter his partner promised at hearing | TLC - Tina L. Carab | 0.40 | 72.00 |
| Jun 1/2005 | 4432 | Lawyer: 11.00 Hrs X 260.00 Preparation for federal court hearing before Judge Harrington; review of files, discovery, and legal research; local rules; confer with local counsel and attend lengthy hearing; confer with R. Holland | RHH - Rosemary H. H | 11.00 | 2860.00 |
| Jun 2/2005 | 4399 | Lawyer: 0.40 Hrs X 180.00 Receive and review order by federal court Judge; leave voice mail message for C. Schaub regarding the letter and follow up with an email | TLC - Tina L. Carab | 0.40 | 72.00 |
| Jun 2/2005 | 4433 | Lawyer: 1.20 Hrs X 260.00 Confer with local counsel; calls and fax to schedule review of records | RHH - Rosemary H. H | 1.20 | 312.00 |
| Jun 6/2005 | 4437 | Lawyer: 1.30 Hrs X 260.00 Attempts to reason with R. Holland re: records and need for early review of same (by email); call from R. Holland (who | RHH - Rosemary H. H | 1.30 | 338.00 |

Jun 15/2005                              Hayes & Caraballo, P.L.                              Page 3
                                           Client Fees Listing
                                         May 12/2005 To Jun 15/2005
Case 1:05-cv-11039-EFH    Document 13-3    Filed 06/16/2005    Page 6 of 8

Date       Fee / Time                     Working Lawyer              Hours        Amount
    Entry# Explanation

```
                screamed at me and hung up) calls to FS&T
                counsel (2) left message; call to/from local
                counsel re: Town's records
 Jun  6/2005 Lawyer:        3.00 Hrs X 260.00      RHH  - Rosemary H. H        3.00        780.00
        4669 Calls, emails and faxes to/from Holland in
                an attempt to enforce Court Order; research
                and respond to stonewalling on a variety of
                bases by the Town

 Jun  8/2005 Lawyer:        0.30 Hrs X 260.00      RHH  - Rosemary H. H        0.30         78.00
        4431 Email to/from R. Holland;

 Jun  8/2005 Lawyer:        0.50 Hrs X 260.00      RHH  - Rosemary H. H        0.50        130.00
        4447 Email to/from R. Holland re: ongoing
                negotiations and discussions about documents
 Jun  8/2005 Lawyer:        1.40 Hrs X 260.00      RHH  - Rosemary H. H        1.40        364.00
        4670 Research and respond to a variety of legally
                unsupported and unsustainable claims and
                threats made on behalf of Provincetown
                concerning records; request dates to review
                same
 Jun  8/2005 Lawyer:        0.80 Hrs X 260.00      RHH  - Rosemary H. H        0.80        208.00
        4671 Review and study records provided by the
                Town in response to efforts
 Jun  9/2005 Lawyer:        0.50 Hrs X 260.00      RHH  - Rosemary H. H        0.50        130.00
        4668 Second written confirmation of records
                requests to Mr. Holland - notice of intent
                to make travel arrangements; Review of
                federal court docket
 Jun 10/2005 Lawyer:        0.50 Hrs X 260.00      RHH  - Rosemary H. H        0.50        130.00
        4667 Call to D. Hanrahan re: ongoing attempts to
                get records; strategize re: Town's records
 Jun 13/2005 Lawyer:        1.30 Hrs X 260.00      RHH  - Rosemary H. H        1.30        338.00
        4664 Receipt and review of email from R. Holland
                and drf. response; review of records and LRS
                concerning attorney client privilege
 Jun 14/2005 Lawyer:        2.50 Hrs X 260.00      RHH  - Rosemary H. H        2.50        650.00
        4666 Many email communications with R. Holland in
                an effort to negotiate review of public
                records as ordered by the Court; review of
                fax from R. Holland re: same; drf detailed
                listing of items to avoid any further
                misunderstanding; review of response
                refusing to produce records; forward
                subpoena and original records request to
                Holland
 Jun 15/2005 Lawyer:        2.00 Hrs X 260.00      RHH  - Rosemary H. H        2.00        520.00
        4665 LRS concerning Mass Public Records Act and
                Holland's insistence that records are
                non-public; review of General Electric case
                and its progeny; analyze statute
 Jun 15/2005 Lawyer:        1.30 Hrs X 260.00      RHH  - Rosemary H. H        1.30        338.00
        4672 Rounds of negotiations in an attempt to get
                records (by email); first there were not
                many records (could be mailed) and
                subsequently 2 file cabinets would be
                provided; attempt to negotiate time for
                receipt of copies.
 Jun 15/2005 Lawyer:        2.20 Hrs X 180.00      TLC  - Tina L. Carab        2.20        396.00
        4674 Strategize regarding continued enforcement
                of subpoena given the Town's present
                position and assertion of privileges that do
                not exist; draft motion for attorney's fees
                and costs and motion to keep case open.
```

                                   *** Summary by Working Lawyer ***

              |------------------ Hours ------------------|        |------------------ Fees ------------------|
 Firm Total

**GILMAN, McLAUGHLIN & HANRAHAN LLP**

COUNSELLORS AT LAW
101 MERRIMAC STREET
P.O. BOX 9601
BOSTON, MASSACHUSETTS 02114-9601

ROBERT E. McLAUGHLIN, SR.
WALTER H. McLAUGHLIN, JR.*
DAVID G. HANRAHAN
JOHN B. SHEVLIN, JR.
WILLIAM F. YORK
MICHAEL EBY
DAVID L. KLEBANOFF
ROBERT E. MORAN**
LEIGH A. McLAUGHLIN
ROSS D. GINSBERG†
ROBERT E. McLAUGHLIN, JR.
THEONIE J. ALICANDRO
RICHARD D. VETSTEIN
STEVEN F. GUTERL

TELEPHONE (617) 227-9999
FACSIMILE (617) 227-7177
www.gilmac.com

WALTER H. McLAUGHLIN, SR.
(1931-1994)

OF COUNSEL

ARTHUR M. GILMAN
DONNA E. COHEN
C. BRENDAN NOONAN, III

* ALSO NH, FL, DC, PA, L and TX
** ALSO NH
† ALSO CT

June 9, 2005

Billed through   06/01/05

Our File #  006082   00001   21950   DGH

Southeast Floating Docks, Inc.
c/o Tina L. Caraballo, Esq.
Hayes & Caraballo, P.L.
P.O. Box 547248
Orlando, FL 32854-7248

RE: AGM Marine Contractors, Inc., et al

PROFESSIONAL SERVICES RENDERED

| Date | Atty | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 05/17/05 | DGH | Review of Complaint and related documents; Preparation for filing in U.S. District Court; Telephone conference with Attorney Tina Caraballo; Telephone conference with Court Clerk | 1.50 hrs | $325.00 /hr | $487.50 |
| 05/18/05 | RDV | Prepare and revise pleadings for filing; Travel to federal district court and file action and motion for short order of notice; Meet with courtroom clerk regarding short order of notice | 5.00 hrs | $200.00 /hr | $1,000.00 |
| 05/19/05 | DGH | Administer service of process; Telephone conference with Attorney Rick Holland regarding Waiver of Service for Town of Provincetown | 1.00 hrs | $325.00 /hr | $325.00 |
| 05/24/05 | DGH | Telephone conference with Tina Caraballo | 0.25 hrs | $325.00 /hr | $81.25 |
| 06/01/05 | LAM | Prepare for and attend Hearing in Federal Court; Telephone calls with Attorney Hayes; Telephone call with Carabello; Read Opposition from Town of Provincetown; Read local rules | 3.50 hrs | $225.00 /hr | $787.50 |

Total fees for this matter                              $2,681.25

DISBURSEMENTS AND COSTS

| Date | Description | Amount |
|---|---|---|
| 05/17/05 | Filing Fee | $350.00 |
| 05/18/05 | Travel - Mileage | $25.00 |
| 05/18/05 | Parking/Tolls | $30.00 |
| 05/19/05 | Federal Express # 8524 7423 9410 | $14.89 |
| 05/24/05 | Constable Fees - Butler & Witten | $92.00 |
| 05/25/05 | Constable Fees - Howard Coleman | $40.00 |
| 06/01/05 | Parking/Tolls | $34.00 |
| 06/01/05 | Xeroxing To Date | $72.60 |

EXHIBIT 2

```
                Total disbursements for this matter                      $658.49


  SUMMARY OF AMOUNTS BILLED

          Hanrahan, David G.              2.75  hrs     $325 /hr         $893.75
          McLaughlin, Leigh A.            3.50  hrs     $225 /hr         $787.50
          Vetstein, Richard D.            5.00  hrs     $200 /hr       $1,000.00

          TOTAL FEES                     11.25  hrs                    $2,681.25
          TOTAL DISBURSEMENTS                                             $658.49
          TOTAL FEES AND DISBURSEMENTS                                  $3,339.74
          TOTAL CHARGES FOR THIS BILL                                   $3,339.74
```