UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 05CV11039EFH

SOUTHEAST FLOATING DOCKS, INC.,

    Plaintiff

v.

AGM MARINE CONTRACTORS, INC.,
CHILDS ENGINEERING CORPORATION,
AND THE TOWN OF PROVINCETOWN,

    Defendants

TOWN OF PROVINCETOWN'S
MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES AND COSTS,
AND TO KEEP CASE OPEN
PENDING COMPLIANCE WITH
COURT ORDER

INTRODUCTION

This matter arises out of the reconstruction of the Town of Provincetown's MacMillan Pier (the "Project"). The Town retained the engineering firm of Fay, Spofford & Thorndike ("FST"), who prepared performance specifications for the Project. After the solicitation of bids pursuant to M.G.L. c.30, §39M, the Town entered into a general contract with AGM Marine Contractors, Inc. ("AGM"). As part of the Project, AGM installed a concrete floating dock system manufactured by Southeast Floating Docks, Inc. ("Southeast").

The floating dock system failed during a storm that occurred in December of 2003. A dispute arose among the Town, AGM and Southeast as to which party was responsible for such failure. The Town asserted that the failure was a direct result of deficiencies in the dock system, and that responsibility for the failure lay with AGM and Southeast. The Town notified AGM and Southeast of its claims for relief and, in anticipation of litigation, retained Childs Engineering Corp. ("Childs") and Simpson

1

Gumpertz & Heger Inc. ("SGH") to develop an analysis of the causes of the failure of the dock system. Eventually, the Town and AGM settled their dispute.

In October of 2004, AGM and Southeast initiated an arbitration proceeding pursuant to their purchase contract for the dock system. In connection with that arbitration and at the request of Southeast, the arbitrator issued subpoenas duces tecum to the Town of Provincetown, FST and Childs. In the subpoenas, Southeast requested various documents, including those protected from disclosure by the attorney-client privilege.

A hearing on plaintiff's application to enforce the arbitration subpoenas was held on June 1, 2005. At that hearing, Town Counsel represented that the Town has been and continues to be willing to produce to Southeast documents responsive to the arbitration subpoena except for documents that the Town deems protected from disclosure by the attorney-client privilege. As of the date of the hearing, Town Counsel had identified 9 one-page documents that the Town deemed so protected (the "Privileged Documents"). The Privileged Documents are identified on a spreadsheet prepared by FST, the project engineer for the Provincetown MacMillan Pier Reconstruction project. This spreadsheet was submitted by the plaintiff at the June 1 hearing.[1] See Affidavit of Richard Holland, submitted herewith ("Holland Affidavit"), ¶7. The Privileged Documents constitute or memorialize communications between Town Counsel and FST that were necessary for Town Counsel to provide adequate and informed legal advice and assistance to the Town in connection with anticipated litigation against Southeast and AGM. Holland Affidavit,

---

[1] The spreadsheet is attached as Exhibit B (page 11) to Plaintiff's Exhibits, Hearing on Complaint to Stay Arbitration and Enforce Subpoenas. The documents claimed as privilege by the Town are identified as numbers 120 – 121, and 123 – 128.

¶5. At the June 1 hearing, the Court reviewed the Privileged Documents and took the matter under advisement. Holland Affidavit, ¶4.

After reviewing the Privileged Documents at the hearing, this Court issued an order dated June 2, 2005 dismissing the action, subject to the Town providing to Southeast "access to such of its subpoenaed documents that are <u>not covered by the attorney-client privilege</u>." (emphasis added) Notwithstanding this order, by letter dated June 3, 2005 and addressed to Attorney David Corkum (counsel for FST), plaintiff's counsel knowingly obtained the Privileged Documents. Holland Affidavit, ¶9. Nowhere in that June 3 letter did plaintiff's counsel advise Attorney Corkum that the Court had reviewed the Privileged Documents at the June 1 hearing.

By email to plaintiff's counsel at 10:19 AM on June 6 (Monday), Town Counsel advised plaintiff's counsel that Attorney Corkum had delivered to her a Federal Express package containing documents from the files of FST, and that such package included the Privileged Documents. Holland Affidavit, ¶11. Town Counsel requested that plaintiff's counsel return such package to the office of Town Counsel unopened so as to protect the Town's privilege. Holland Affidavit, ¶11. By email to Town Counsel at 10:57 AM on June 6, plaintiff's counsel advised that she had not seen the Federal Express package from Attorney Corkum. Holland Affidavit, ¶12. During a telephone conversation on June 6, Town Counsel again requested that plaintiff's counsel deliver, unopened, to the office of Town Counsel the Federal Express package from Attorney Corkum, and that Town Counsel would remove the Privileged Documents and return the remaining documents to plaintiff's counsel. Holland Affidavit, ¶13. Plaintiff's counsel stated that she had not yet received any package from Attorney Corkum, but that she would not, in

any event, return the Privileged Documents to Town Counsel, as requested. Holland Affidavit, ¶13. By letter dated June 7, 2005 to plaintiff's counsel, Town Counsel objected to the plaintiff's conduct, and plaintiff's counsel was again asked to return the Privileged Documents to Town Counsel immediately. Holland Affidavit, ¶14. As of this date, plaintiff's counsel has not responded to this letter, and she has not returned the Privileged Documents.[2]

By facsimile transmittal dated June 17, 2005 to Donald Dusenberry of SGH, plaintiff's counsel, under threat of court action, demanded that SGH produce all documents responsive to an arbitration subpoena issued to SGH by the plaintiff. Holland Affidavit, ¶15. By letter dated June 17, 2005, Town Counsel reminded plaintiff's counsel that SGH was retained by the Town in anticipation of litigation against AGM and Southeast, and for the purpose of preparing for the same; and that certain documents protected from disclosure by the attorney-client privilege contained within the files of SGH would not be provided to the plaintiff, in accordance with the Court's June 2 order. Holland Affidavit, ¶16. Despite Town Counsel's letter of June 17, plaintiff's counsel continues to demand production from SGH of documents deemed privileged by the Town. Holland Affidavit, ¶17.

By letter dated June 16, 2005, plaintiff's counsel requested that Attorney John Connarton, counsel for Childs, "revisit" the matter of the arbitration subpoena issued by the plaintiff to Childs. Holland Affidavit, ¶19. Town Counsel had previously advised plaintiff's counsel that Childs, like SGH, was retained by the Town in anticipation of

---

[2] It is clear from Exhibit 1 to plaintiff's Affidavit of Attorney's Fees and Costs Incurred, which was submitted with the plaintiff's motion, that plaintiff's counsel reviewed the privileged documents on June 7, 2005, after having been requested not to do so by Town Counsel on June 6. On page 3 of that exhibit is an entry for June 7, 2005, which plaintiff's counsel has unsuccessfully (and curiously) attempted to redact. That entry states: "Receipt and review of material withheld at the Town's request by FS&T. . . ."

4

litigation, and for the purpose of preparing for the same, and that the Town was claiming as privileged those communications between Town Counsel and Childs. Holland Affidavit, ¶22. Despite having been so advised, plaintiff's counsel never provided Town Counsel with a copy of this letter. Holland Affidavit, ¶19.

ARGUMENT

1. The Plaintiff Has Failed to Comply with F.R.C.P. 59 and F.R.A.P. 3

The relief sought by the plaintiff is not available by way of the motion it has filed. The plaintiff is required to appeal this Court's order of June 2. That order dismissed the plaintiff's complaint, which included a request for attorneys' fees in prayer no. 6. The plaintiff failed to move to alter or amend the order pursuant to F.R.C.P. 59(e). That rule states: "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." The plaintiff never filed such a motion and the time to do so has expired.

Now, however, it has filed what is, essentially, a motion for reconsideration of the rejected request for attorneys' fees—plaintiff's second bite at the apple. Such a motion is improper, though, because the Court's order constitutes a final judgment under Rule 58, and the plaintiff is required to appeal such a judgment in accordance with F.R.A.P. 3. Rule 3(a)(1)) states: "An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4." Therefore, the plaintiff's motion must be denied.

2. The Plaintiff Has Violated Local Rule 7.1(2).

Local Rule 7.1(2) requires that counsel confer in an attempt to narrow the issues of a motion. Plaintiff's counsel has failed to confer with counsel for the Town regarding

5

the pending motion. <u>Holland Affidavit</u>, ¶24. Plaintiff's disregard of Rule 7.1(2) requires the denial of its motion. "Once local rules have been properly promulgated, lawyers and litigants are duty bound to comply with them." <u>In re: Jarvis</u>, 53 F.3d 416, 422 (1st Cir. 1995).

    3.    <u>Plaintiff's Motion Should be Denied Because the Town is in Compliance with the Court's June 2, 2005 Order</u>

In the event that the Court decides to hear plaintiff's motion, the Town submits the following in opposition. The plaintiff's motion should be denied because the Town is in compliance with the Court's June 2 order. Plaintiff's counsel and Town Counsel have agreed that the plaintiff may inspect Town documents, in accordance with the order, on June 27, 2005. Contrary to the plaintiff's allegations, it is the plaintiff who has violated the Court's order. As stated above, the documents constituting communications between Town Counsel and FST, which the Town has claimed as privileged, were reviewed by the Court at the June 1 hearing. Despite this review and the Court's order that privileged documents need not be produced, the plaintiff intentionally and improperly demanded the privileged documents from counsel for FST on or about June 7, 2005.

Though the Town prefers not to waste this Court's time with unhelpful recriminations, the Town must respond briefly to the accusatory allegations contained in plaintiff's memorandum. The plaintiff suggests that the Town has placed unreasonable restrictions on its access to documents. In support, the plaintiff has attached as Exhibit A to its memorandum an email from Town Counsel to plaintiff's counsel, in which Town Counsel establishes reasonable parameters for the document inspection, including the requirement that any copies of documents be made after the plaintiff's inspection by the Town, and that such inspection be completed in a single day. Curiously, the plaintiff fails

to inform this Court that following the email in question and before the filing of plaintiff's motion, plaintiff's counsel and Town Counsel agreed that the plaintiff may scan documents during the document inspection, and that if the plaintiff requires two days to complete the inspection, it may continue the inspection on June 28. Holland Affidavit, ¶¶20 – 21.

Moreover, the plaintiff presents Town Counsel's email out of context, and fails to advise the Court that such email was preceded by plaintiff's having knowingly obtained documents that the Town claimed as privileged in violation of the Court's June 2 order. Furthermore, Town Counsel's email was part of a larger email exchange between counsel, which exchange included emails from plaintiff's counsel accusing the Town and Town Counsel of engaging in improper conduct. To illustrate: Despite having been advised that the Town intended to comply with the Court's June 2 order, plaintiff's counsel, in an email to Town Counsel dated June 14, 2005, stated:

> According to Mass law, I can ask for public records and walk in off the street to look at them. You have ample notice to the extent that you continue to avoid producing records that will unseat the charade that's been knowingly and deliberately concocted. You should be ashamed of yourself. GOVERN YOURSELF ACCORDINGLY. (emphasis in the original)

In an email dated June 15, 2005, plaintiff's counsel, referring to AGM (the general contractor), the Town, FST (project engineer), and Town Counsel, states: "This is like a bad mystery that includes a felonious contractor, political cover-ups, bumbling engineers and an unscrupulous lawyer. I have no time or patience for your games. This is Florida, not Hooterville." Holland Affidavit, ¶23.

Apparently having convinced herself that there is some conspiracy afoot, plaintiff's counsel has aggressively sought access to documents claimed as privileged by

the Town despite the Court's June 2 order. Paradoxically, the more the plaintiff seeks and fails to find evidence to corroborate the suspected conspiracy, the more strongly the plaintiff believes that such a conspiracy exists. Rather than being seen (logically) as evidence of the absence of any conspiracy, the lack of any evidence supporting a conspiracy is perceived and invoked by the plaintiff as <u>proof</u> of a conspiracy. As a result of this illogic, the plaintiff accuses the Town and Town Counsel, without any substantiation and at significant expense to all parties, of engaging in a bad faith effort to conceal exculpatory evidence from the plaintiff. Curiously, what the plaintiff fails and refuses to acknowledge in its memorandum is that it is now in possession of the work product of three experts—one retained by AGM and two retained by the Town—indicating that the product manufactured by the plaintiff failed to comply with the performance criteria contained in the contract documents for the project.[3]

The Town again invites the Court to review, in-camera, the documents claimed as privileged by the Town. It is the Town's position that only such a review and order of this Court will end the plaintiff's relentless efforts to obtain documents claimed by the Town as privileged. In addition, the Court could then confirm for the plaintiff that such documents do not indicate any evidence of an alleged conspiracy. Accordingly, such documents are submitted herewith (to the Court only). These documents constitute or memorialize communications between Town Counsel and the Project engineer, FST, and between Town Counsel and SGH, the consultant retained by the Town to prepare for litigation. <u>Holland Affidavit</u>, ¶¶5 and 18. The sole purpose of these communications was

---

[3] Indeed, the only document that the plaintiff discusses in the whole of its complaint in this matter is the report prepared by Childs. As the Court was informed at the June 1 hearing, the plaintiff was provided a copy of this report well before the date of that hearing.

to allow Town Counsel to obtain information necessary to provide to the Town adequate and informed legal advice. Holland Affidavit, ¶¶5 and 18.

The attorney-client privilege protects from disclosure communications, written or verbal, made by and between an attorney and his client for the purpose of giving and/or seeking legal advice or assistance. See Winchester Capital Management Company, Inc. v. Manufacturers Hanover Trust Company, 144 F.R.D. 170, 172 (D. Mass. 1992) ("Winchester Capital"). "[D]isclosure to a third party who is identified with the party claiming the privilege and to whom disclosure is reasonable and necessary in order for all the facts to be made known to the attorney does not waive the [attorney-client] privilege." Id. at 172. In Winchester Capital, the defendant sought to compel deposition testimony concerning an opinion letter prepared by an attorney for the plaintiff, Winchester Capital Management Company, Inc. ("Winchester"). The opinion letter was prepared during the time when the plaintiff and defendant were engaged in contract negotiations, which gave rise to the litigation. That opinion letter was shared with a Michael Chiusano, a third-party independent contractor of the plaintiff, during a meeting attended by Chiusano, a principal of Winchester, and Winchester's attorney.

The court found that the opinion letter "is the type of document which is ordinarily privileged and intended to be confidential." That it had been provided to and discussed with an independent contractor of Winchester, did not waive this privilege. The court reasoned:

> Mr. Chiusano, at least in the context of the Opinion Letter, falls into the exception which provides that disclosure to a third party who is identified with the party claiming the privilege and to whom disclosure is reasonable and necessary in order for all facts to be made known to the attorney does not waive the privilege. [Id. at 172]

9

The principle discussed in Winchester Capital has also been recognized by the Massachusetts Superior Court.  See Dedham-Westwood Water District v. National Union Fire Insurance Company of Pittsburgh, et al., 2000 WL 33419021 (Mass.Sup.Ct. 2000) (quoting Winchester Capital) (copy attached).  Town Counsel's communications with FST and SGH, which were required to discover facts necessary to provide adequate and informed legal advice and assistance to the Town, are protected from disclosure by the attorney-client privilege.  Therefore, the plaintiff should be denied access to such documents.

The Town further requests that the Court order the plaintiff to return to Town Counsel all copies of the Privileged Documents improperly obtained from counsel for FST; sanction the plaintiff for obtaining such documents in contravention of this Court's June 2 order; and order the plaintiff to pay the Town's reasonable attorneys' fees in opposing plaintiff's motion.

## CONCLUSION

For the foregoing reasons, Southeast's motion and request for attorney's fees and costs should be denied, and Southeast should be sanctioned for violating an order of this Court and ordered to pay the Town's reasonable attorneys' fees in defending against this motion.

**REQUEST FOR ORAL ARGUMENT**

TOWN OF PROVINCETOWN

By its attorneys,

_____
David J. Doneski (BBO# 546991)
Richard T. Holland (BBO# 632661)
Kopelman and Paige, P.C.
 Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

CERTIFICATE OF SERVICE

I hereby certify that on the below date, I served on counsel of record by first class mail, postage prepaid, a copy of the foregoing Memorandum in Opposition to Plaintiff's Motion for Attorneys' Fees and Costs and to Keep Case Open Pending Compliance with Court Order.

DATED: June 27, 2005

_____
Richard T. Holland

254376/24207/0008

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CLERK'S NOTICE

This document can not be scanned due to its size, or the way in which it was bound.

The original is available for viewing in the Clerk's Office.