UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CASE NO: 05CV11039-EFH

SOUTHEAST FLOATING DOCKS, INC.,

        Plaintiff,

v.

AGM MARINE CONSTRUCTORS, INC.,
CHILDS ENGINEERING CORPORATION,
And THE TOWN OF PROVINCETOWN,

        Defendants.

_____/

## **PLAINTIFF'S MOTION FOR CONTEMPT ORDER & SANCTIONS**

Plaintiff/respondent in arbitration, Southeast Floating Docks, Inc. (Southeast Floats) respectfully requests the Court to exercise its power to take control of these proceedings, enforce its Order of 2 June 2005, and sanction Provincetown for <u>continuous</u> <u>refusal</u> to respond since service with an arbitration subpoena on 23 February 2005.[1] L.R. 1.3, 7.2, 11(A); Fed. R. Civ. P. 4.1(b), 45(d). The Town needlessly complicates a matter it clearly understands, based on its recent description of the issues. (D.E. 15) The Town's malfeasance, misfeasance and nonfeasance concerning compliance with the subpoena and Order of this Court is easily divided into (3) categories: (A) records not produced; (B) privileged records; and (C) the Town's interference with records requested from third parties.

---

[1] This Court has jurisdiction to enforce arbitration subpoenas. *In re Arbitration of Trammochem*, No. 05 Misc. M8-85, 2005 WL 1400096 (S.D. N.Y. Jun. 15, 2005); 9 U.S.C. § 7.

A. **RECORDS NOT PRODUCED**.

Southeast Floats' subpoena sought records listed on Exhibit "A," *i.e.*,

### EXHIBIT "A"

Pursuant to M.G.L. 66, § 10, and this subpoena we request copies relating to the storm damage on December 7, 2003 (a) all written demands made by or on behalf of the town in regard to MacMillan Pier under M.G.L. 93A and any responses thereto; (b) all written or printed communications, including electronic transmissions and computer stored data relating to or referencing damage at MacMillan Pier from December 1, 2003 to the present; (c) all demands for insurance coverage and responses thereto; (d) proof of wind speed, wind direction, wave height, or any expert opinion or documentation used to establish same; (e) all communications from the Town to AGM or its Surety since December 7, 2003, including electronic mail or other computer stored data; (f) all records concerning modification of the dock system during construction, installation of the concrete floating docks, and removal of the wave attenuator or "breakwater" from the original project design; (g) all expert opinions, reports, calculations, drawings, or other written, printed or pictorial material, including electronic mail or other computer stored data, relating to or referencing the damage and fix of the dock system at the subject marina.

At the hearing on 1 June 2005 the Town's attorney, Richard Holland, stated all records would be produced with the exception of those that were attorney-client privileged. Indeed, the records have always been available, according to Attorney Holland. The Court's Order of even date dismisses the case contingent upon the Town's compliance. (D.E. 12) However, **the Town has completely failed to comply.**

Following a great deal of negotiation, posturing and threats by the Town's lawyer, the only available dates on Mr. Holland's schedule were 27-28 June 2005, a month after the Order and concomitant representation that the records

were always readily available had undersigned counsel simply availed herself of the opportunity.

When the fateful date arrived, Mr. Holland failed to show up and almost no responsive records were found in 2-full days spent in a cramped, un-air conditioned room with temperatures nearing the 90° mark.[2] Not including travel time and expense, **Southeast Floats' lawyer spent 16-hours reviewing reams of mostly irrelevant data, 99.9% of which pre-dated the 7 December 2003 storm event that is described as *the* issue in the Town's response to Plaintiff's fee motion**.[3] (D.E. 15) Attached as Exhibit "A" is a summary of the request and response as forwarded to the Town soon after the document review.

The Town fully understands what the issues are and the information requested, data that it knowingly does not provide. *Id*. The Town made decisions and assigned blame based on the opinions of experts concerning weather, the design and installation of the dock system, maintenance and more. Eighteen months after the initial damage, a fix was completed for which the Town and AGM, its general contractor, assign liability to Plaintiff, Southeast Floats.[4] Nonetheless, Southeast Floats traveled to Provincetown to spend 2-days reviewing records that do not include any information about the design and cost

---

[2] Despite strictly controlled conditions imposed by Mr. Holland, *e.g.,* that Southeast Floats' attorney was to utter not one word to anyone, pleasantries where exchanged and it was quickly confirmed with staff that the records reviewed were the only documents available.

[3] The Town notes that a dispute arose between the Town and AGM, the claimant in arbitration, concerning "responsibility for the [dock] failure…during a storm that occurred in December of 2003." (D.E. 15, p. 1)

[4] Another storm in January 2005 resulted in damage. (Exhibit "B") No records were produced concerning the second storm and resultant damage.

of the fix or the settlement with which it is charged, materials not responsive to the subpoena and irrelevant to the issue *as described by the Town*. *Id.*

## B. **PROVINCETOWN'S PRIVILEGE CLAIMS**.

In response to Plaintiff's original public records request and the subpoena, which forms the basis of this case, the Town refused to produce public records under the exemption afforded by Mass. G.L. c.4, § 7, cl.26(d), which provides:

> (d) inter-agency or intra-agency memoranda or letters relating to policy positions being developed by the agency; but this subclause **shall not apply to reasonably completed factual studies or reports** on which the development of such policy positions has been or may be based.

(emphasis added). Subsequently, the Town also refused to produce documents based on the work-product privilege, even though such a privilege is not applicable to public records, finally settling at the hearing on June 1 for the attorney-client privilege as the grounds to refuse to produce documents.

If any privilege applied it would be the work-product privilege. *However, Mass. G.L. c.4, § 7, cl.26(d) disallows the privilege once the investigation is completed*, which is the case here. In addition, documents and communications exchanged regarding the investigation are <u>not</u> privileged when an investigation would have been done without regard for whether litigation was expected. *Amica Mut. Ins. Co. v. W.C. Bradley Co.,* 217 F.R.D. 79, 83 (D. Mass. 2003). As a public body responsible to its citizenry and based on the commercial fisherman that moor their vessels at the docks pursuant to leases with the Town, the

Town's investigation into the failures at MacMillan Pier took place irrespective of whether litigation was anticipated.[5]

The burden is on the Town to prove the applicability of the attorney-client privilege. *In re Grand Jury Subpoena (Zerendow),* 925 F.Supp. 849, 854 (D. Mass. 1995). The privilege requires: (1) That legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived. *See* 8 J. Wigmore, *Evidence,* § 2292 (1983); *see also U. S. v. United Shoe Mach. Corp.,* 89 F.Supp. 357, 358-359 (D. Mass. 1950).

The Town offers no cogent reason why the records are privileged or even what specific records it has withheld beyond the 9-documents listed and produced by a third-party as detailed below. Assuming for the sake of argument the privilege ever existed, the Town's failure to provide a privilege log waived it. *See, e.g., In re Grand Jury Subpoena*, 274 F.3d 563, 575-76 (1st Cir. 2001).

## C. **THIRD PARTY DOCUMENTS**.

Records were demanded in response to subpoenas that were previously served on third parties, each of which is represented by independent counsel. The records included materials that bear none of the indicia of privileged

---

[5]To the contrary, litigation was clearly not on the minds of the Town's officials as memoranda from the Department of Public Work' in the days and hours after the December 2003 storm emphasized that lawyers weren't necessary and there was no need for litigation.

documents as to which the Town has now asserted claims of attorney-client privilege.

*After* its receipt of this Court's Order of 1 June 2005 from undersigned counsel, FS&T's lawyer sent records including 9-pages described as "privileged." SGH's counsel, also furnished with the Court's Order, has continued to refuse to provide 51-pages of records it admits are non-privileged.[6]

A cursory review of the players involved makes clear that <u>not</u> <u>one</u> of the 9-records (described as documents #120, 121, 123-128) is privileged. (D.E. 15) The first 2-records and number 128 are letters **authored by FS&T**, the original designer of the project, **which firm maintains they are <u>not</u> attorney-client privileged**. Records number 123-128 are summaries of telephone calls, <u>**also written**</u> **by FS&T**.

| 120 | Letter to Kopelman & Paige - Wind/Wave Info | FST | 6/22/04 |
| 121 | Fax to Kopelman & Paige - Wave Properties | FST | 7/2/04 |
| 122 | Transmittal from Woods Hole Group - Wave Heights | Woods Hole | 7/1/04 |
| 123 | Summary of Telephone Call to Kopelman & Paige (Rick Holland) - Concrete Floats | FST | 6/28/04 |
| 124 | Summary of Telephone Call to Kopelman & Paige (Rick Holland) - Concrete Floating Docks | FST | 8/23/04 |
| 125 | Summary of Telephone Call to Kopelman & Paige (Rick Holland) - Concrete Floating Docks | FST | 8/24/04 |
| 126 | Summary of Telephone Call to Kopelman & Paige (Rick Holland) - Concrete Floating Docks | FST | 8/25/04 |
| 127 | Summary of Telephone Call to Kopelman & Paige (Rick Holland) - Concrete Floating Docks | FST | 8/26/04 |
| 128 | Letter to Kopelman & Paige w/log of 110 memos/letters/faxes provided | FST | 8/17/04 |

**Under any scenario, the author of the records, FS&T, would have to be the party asserting the privilege; however, FS&T denies any privilege exists.** There is simply no view of the law whereby either of these categories of

---

[6]The Town has purportedly filed under seal with this Court the 9-pages described in its motion. (D.E. 15) Plaintiff could find no reference to a filing under seal on the Clerk's docket and the Town did <u>not</u> comport with the local rule. L.R. 7.2. SGH should be issued a non-party summons to show cause why it should not be held in contempt where it has conceded that there is no privilege associated with the 51-pages of information it withholds. A copy of SGH's admission and log of records withheld solely upon the demand of Mr. Holland is attached as Exhibit "C."

documents would ever be considered subject to a claim of privilege. Even if there were a hint of any reasonable basis for the Town's assertions, the records were shared amongst FS&T and the Town.   "[W]here the client chooses to share communications outside [its] magic circle, the courts have usually refused to extend the privilege." *U.S. v. Mass. Institute of Tech.*, 129 F.3d 681, 684-685 (1st Cir. 1997). This is also true of the 51-pages of records in the hands of SGH. Once the Town shared the information, it is no longer protected by the privilege. *Id.* Federal Courts in this Circuit have traditionally found that a party's voluntary disclosure of privileged material results in waiver of protections of privilege. *In re Lupron Marketing and Sales Practices Lit.,* 313 F.Supp.2d 8 (D. Mass. 2004). (Exhibit "C")

The Town fails to meet its burden or offer any rational reason for this Court to apply the attorney-client privilege to communications by a third party to its counsel or a third party's memoranda of a phone call from Mr. Holland. *Id.* Contrary to the accusations directed at undersigned counsel, independent counsel for each of the third parties reviewed the documents and determined they were not privileged *after* Plaintiff sent courtesy copies of the Court's 2 June 2005 Order.

On a final note, the Town cannot rely on the information in question to enter into a settlement agreement that assigns blame to Plaintiff and at the same time refuse to produce the underlying data of relevance to its claim. "[The Town] cannot use this asserted privilege as both a sword and a shield. [Plaintiff] ought not be denied a possible defense [in arbitration] because [the Town] seeks to

invoke an alleged privilege." *Greater Newburyport Clamshell Alliance v. Pub. Serv. Co. of N.H.,* 838 F.2d 13, 17 (1st Cir. 1988).

CONCLUSION

The following relief is appropriate and respectfully requested:

1. A Contempt Order should issue to the Town for non-compliance with the Court's Order enforcing the arbitration subpoena. To purge itself of contempt, the Town must comport with the spirit and letter of the 1 June 2005 mandate. (D.E. 12) The relief should include a detailed privilege log for records withheld by the Town, to be provided within seven (7) days.[7]

2. The Town should be ordered to release its hold on the 51-purportedly privileged documents and the 9-records described above should be deemed non-privileged.

3. Plaintiff is entitled to sanctions including its legal fees and costs associated with bringing this matter before the Court. Fed. R. Civ. P. 45. Plaintiff's amended affidavit of time spent and costs incurred will be transmitted forthwith.

Pursuant to L.R. 7.1(a)(2), I certify that I conferred with David Doneski, Esquire, counsel for Provincetown, in a good faith attempt to resolve or narrow the issues raised in this motion and that, before the records production, I conferred in writing and telephonically with Richard Holland in an effort to resolve outstanding records requests.

---

[7] Time is of the essence as the Arbitration in which damages are sought against Plaintiff commences on August 15, 2005 and Plaintiff's preparation and that of its experts has been hampered by the lack of such core data as the pile design for replacement floats.

## <u>CERTIFICATE OF SERVICE</u>

I certify a copy of the foregoing has been electronically filed with the Court and mailed to David Hanrahan, Esquire, Gilman, McLauglin & Hanrahan, LLP, 101 Merrimac Street, Boston, Massachusetts 02114-9601; Charles Schaub, Esquire, Hinckley, Allen, Snyder, LLP, 28 State Street, Boston, Massachusetts 02109; and, Richard T. Holland, Esquire, Kopelman And Paige, P.C., 31 St. James Avenue, Boston, MA 02116-4102 on July 1, 2005.


/s/ Rosemary H. Hayes
_____
Rosemary H. Hayes
Florida Bar No. 549509
Tina L. Caraballo
Florida Bar No. 0164275
Hayes & Caraballo, PL
P.O. Box 547248
Orlando, Florida 32854
Telephone (407) 649-9974
Facsimile (407) 649-9379
Attorneys for Plaintiff

cc:  SEFD

EXHIBIT "A"

**From:** Rosemary Hayes
**Sent:** Thursday, June 30, 2005 3:36 PM
**To:** 'RHolland@k-plaw.com'; 'ddoneski@plaw.com'
**Cc:** Kara Petruso; Day Osborne; 'ayun@donovanhatem.com'
**Subject:** RE: Provincetown MacMillan Pier/Southeast Floating Docks Inc.

We did not receive a copy of your recent court filing. Please check your office practices.

In regard to the records, please consider this our attempt pursuant to local rule to resolve this matter without a contempt motion (bearing in mind that our arbitration begins on 8-15-05 and the Judge is out of the office the entire month of August).

The records withheld by virtue of the Town's demand to SGH are not attorney-client privileged under any stretch of the imagination. These must be produced or we will seek a contempt order and we are prepared to file suit against SGH and seek attorney's fees and costs. SGH put the ball in the Town's court to seek an order no later than Thursday, expressly stating that the records are not privileged. The Town has done nothing and we are proceeding tomorrow morning absent an acceptable response.

Considering the 62-pages (sent in 2004 in response to our PR request and in 2005 in response to our subpoena), the 27-page fax of 5-23-05, the 217-pages (in a white binder) hand-delivered on 1 June 2005, AND the 2-filing cabinets confirmed to be "everything" at that we spent 2 days reviewing at the DPW, there are hundreds of missing, material documents as follows:

AS REQUESTED BY SUBPOENA SERVED 2/23/05
(a) Written demands made by or on behalf of the Town in regard to MacMillan Pier under MGL 93A & responses.
RESPONSE: 2-LETTERS TO AGM & 1-RESPONSE; NOTHING TO/FROM FS&T, ZURICH, AMERICAN HOME, SENESCO, WOOD HOLE GROUP, ASHLEY ENG'G, CHILDS, SGH, OTHERS, RELATING TO 12/3 OR 1/5 STORM OR ANYTHING ELSE RE: PROJECT.

(b) All written or printed communications, electronic mail, computer stored data referencing MacMillan pier from 12/1/03 to the present.
RESPONSE: ALMOST NO INFORMATION AFTER 12/1/03 WAS IN THE MATERIALS REVIEWED AT DPW. THERE WAS 1-NEWSPAPER ARTICLE FROM 2003, BUT IT WAS BEFORE DECEMBER. THERE WAS A COUPLE OF MEMOS, A DRAFT OF THE SETTLEMENT, ONE REFERENCE TO C.O. #8 & 1-MEETING MINUTE & THE CHILDS ENG'G REPORT. (PREVIOUSLY PRODUCED IS THE AGM LETTERS REFERENCED ABOVE & LIMITED EXPERT INFORMATION & NOTHING ELSE. WE REC'D THE TOWN'S VIDEO FROM AGM.)

THERE IS NO MAINTENANCE LOG FOR THE FLOATS, NO DETAIL CONCERNING CHANGE ORDER NO. 8 OR THE SETTLEMENT, NOTHING ABOUT ZURICH (EXCEPT A COPY OF THE BOND & REFERENCE TO THE BOND WHEN MR. MIKUTOWICZ WAS INDICTED), NO OFFICIAL RECORDS OF DISCUSSION OR APPROVAL OF THE SETTLEMENT, NO REFERENCE TO AMERICAN HOME, SENESCO, THE BELLINGHAM REPLACEMENT FLOATS, WARRANTY CLAIMS, RECORDS REQUESTED FROM WOODS HOLE, ETC.

(c) Demands for insurance coverage and response thereto.
RESPONSE: 1-LETTER TO ZURICH. NOTHING TO AMERICAN HOME, NO RESPONSES, & NO RECORDS OF MEETINGS OR RESOLUTION. (AMERICAN HOME INDICATES CONTACT WAS FIRST MADE BY THE TOWN 12/9/03---WE HAVE NO RECORD.)

Page 2

(d) Proof of wind speed, wind direction, wave height, or any expert opinion or documentation used to establish same.
RESPONSE: PARTIAL SGH REPORT (DOES NOT INCLUDE BACKUP OR 1/05 & OTHER DATA DELIBERATELY OMITTED BY THE TOWN) & CHILDS ENG'G REPORT (NO BACKUP).

(e) All communications from the Town to GM or its surety since 12/7/03 including email.
RESPONSE: SEE (a), ABOVE; NOTHING ELSE & NO EMAIL.

(f) All records concerning modification of the dock system during construction, installation of the concrete floating docks, and removal of the wave attenuator or "breakwater" from the original project design.
RESPONSE: RESIDENT ENGINEER'S DAILY/WEEKLY REPORTS, NO APPROVAL OF PILE HOOP CHANGE BY OWNER OR ENGINEER; 2 REFERENCES TO REMOVAL OF BREAKWATER; NO DESIGN CHANGE AS A RESULT, NO COPIES OR MINUTES RE: B'HAM PRESENTATION TO THE TOWN, NO RECORD OF AGM'S WARNING OR MINUTES REFERENCING SAME. RECORDS CONCERNING THE MAIN PIER PILE WERE PRODUCED; HOWEVER, NO RECORDS RELATING TO THE LATERAL LOAD OR OTHER TESTING OF FLOATING DOCK PILE, REDUCED PILE SIZE, FINGER PIER CONNECTION, REMOVAL OF CONCRETE SLEEVES, ETC.

(g) Expert reports, opinions, calculations, drawings, or other written, printed or pictorial material, including electronic mail or other computer stored data, relating to or referencing the damage and fix of the dock system at the subject marina.
SEE (d) & GARY GREENE'S CALCS. VIDEO & PHOTOS FURNISHED VIA AGM. NOTHING REGARDING THE FIX, DAMAGE ASSESSMENT, NO EMAIL, OTHER PHOTOS, WARRANTIES, B'HAM FLOATS; NOTHING ABOUT 1/5 VERSUS 12/3 DAMAGE, NO REFERENCE TO LOST RENTAL, NO SETTLEMENT DETAILS OR MEETING MINUTES, ETC.

We await your reply. Thank you. Rosemary Hayes

This email message and any attachments are confidential and may be privileged. If you are not the intended recipient, please notify Hayes & Caraballo, P.L. immediately -- by replying to this message or by sending an email to postmaster@const-law.com -- and destroy all copies of this message and any attachments. Thank you.For more information about Hayes & Caraballo, P.L., please visit us at http://www.const-law.com.

---

**From:** Richard T. Holland [mailto:RHolland@k-plaw.com]
**Sent:** Wednesday, June 29, 2005 4:04 PM
**To:** Rosemary Hayes
**Cc:** Kara Petruso
**Subject:** Provincetown MacMillan Pier/Southeast Floating Docks Inc.

Rosemary,

Just checking in with you to see how things went with your inspection.  Please note that I will be out of the office until July 14, and in my absence, should you have any questions about Town documents or your inspection, or should you otherwise need to communicate with this office about this matter, you may contact Attorney David Doneski of this firm.  Thank you, and have a great 4th of July.
Rick.

Richard T. Holland
Kopelman and Paige, P.C.

EXHIBIT "B"



Wind Direction, Provincetown, MA
5 to 9 December 2003 and 21 to 24 January 2005



# DONOVAN | HATEM LLP

*counselors at law*

## FACSIMILE TRANSMITTAL

Date: June 24, 2005 _____

Case/Matter: 21500.0 _____

Attorney No: 424 _____

To: _____

Facsimile Number: _____

Telephone Number: _____

Rosemary Hayes, Esq. _____

(407) 649-9379 _____

Hayes & Caraballo, P.L. _____

Richard Holland _____

(617) 654-1735 _____

Kopelman & Paige, P.C. _____

Cynthia Schimpf _____

781-907-9009 _____

Simpson Gumpertz & Heger, Inc. _____

_____    _____    _____

_____    _____    _____

From: Amanda Yun, Esq. _____

Number of Pages (including cover): 6 _____

Message:

Please see attached.

Thank you.

00927751

If you experience any problems with this transmission or do not receive all pages, please call 617-406-4545.

This facsimile is attorney-client privileged and contains confidential information intended only for the person(s) named above. Any other distribution, copying, or disclosure is strictly prohibited. If you have received this facsimile in error, please notify us immediately by telephone and return the original to us by mail without making a copy.

Operator: _____

World Trade Center East
Two Seaport Lane
Boston, MA 02210

617 406 4500 main
617 406 4501 fax
www.donovanhatem.com

# DONOVAN | HATEM LLP

*counselors at law*

**Amanda Yun**
617 406 4573 direct
ayun@donovanhatem.com

June 24, 2005

**Via Facsimile (407) 649-9379 and Mail**
Rosemary Hayes, Esq.
Hayes & Caraballo, P.L.
830 Lucerne Terrace
Orlando, Fl. 32801

**Via Facsimile (617) 654-1735 and Mail**
Richard Holland, Esq.
Kopelman & Paige, P.C.
31 St. James Ave.
Boston, MA 02116

Re:     **AGM Marine Contractors, Inc. v. Southeast Floating Docks, Inc.**
        **Subpoena Duces Tecum served on Simpson Gumpertz & Heger, Inc.**
        **DH File No.: 21500.0**

Dear Rosemary and Richard:

It is apparent that both of you will be engaging in discovery motions as to whether the documents listed in the attached privilege log (the "Documents") are attorney client privileged. SGH has withheld the Documents per the Town of Provincetown's request based on the attorney-client privilege. If these documents are privileged, it is not Simpson Gumpertz & Heger, Inc.'s ("SGH") privilege to waive. SGH does not have any stake in these motions. The request of the Town has placed SGH in an untenable position. Accordingly, I propose sending the Documents to the Court to be released following resolution of these legal matters or holding the Documents in escrow. Please let me know how you would like us to proceed.

Thank you for your attention to this matter.

Very truly yours,

Amanda Yun, Esq.

Enclosure

cc:     James K. Schwartz, Esq.
        David J. Hatem, PC
        Cynthia J. Schimpf (via facsimile 781-907-0009)
00927747/21500.0

World Trade Center East    617 406 4500 main
Two Seaport Lane           617 406 4501 fax
Boston, MA 02210           www.donovanhatem.com

00927234

# PRIVILEGE LOG

**AGM Marine Contractors, Inc. v. Southeast Floating Docks, Inc.**
**SGH's Response to Subpoena Duces Tecum**

| Bates No. | Type | To | From | Cc | Date | Description | Privilege |
|---|---|---|---|---|---|---|---|
| SGH 0001 | Correspondence | Richard Holland, Esq, of Kopelman & Paige P.C. | Robert Bertolino, Senior V.P. of Fay, Spofford & Thorndike, LLC (FST) | David Guertin, DPW Director | 8/17/04 | Detailing Fay Spofford & Thorndike's production of documents regarding the floating docks | A/C |
| SGH 0002 | Facsimile Cover Sheet | Dr. Rasko Ojdrovic | Richard Holland | | 8/04/04 | Forwarding documents for review | A/C |
| SGH 0003 - SGH 0006 | Index | Richard Holland | Robert Bertolino | David Guertin | 8/17/04 | List of documents regarding floating docks | A/C |
| SGH 0007 | Facsimile Cover Sheet | Donald Dusenberry of Simpson Gumpertz & Heger, Inc. (SGH) | David Doneski, Esq. of Kopelman & Paige P.C. | | 2/20/04 | Forwarding information regarding MacMillan Pier | A/C |
| SGH 0008 | Facsimile Cover Sheet | Donald Dusenberry | David Doneski | | 3/05/04 | Forwarding information regarding MacMillan Pier floating dock system | A/C |
| SGH 0009 | Facsimile | Donald Dusenberry | David Doneski | Town Manager (Keith Bergman); Director of Public Works (David Guertin) | 3/05/04 | Regarding retainment of Simpson, Gumpertz and Heger, Inc. | A/C |
| SGH 0010 - SGH 0013 | Facsimile | Donald Dusenberry | David Doneski | Town Manager (Keith Bergman) | | Agreement between the Town of Provincetown and SGH | A/C |
| SGH 0014 | Correspondence | Donald Dusenberry | David Doneski | Town Manager (Keith Bergman); Director of Public Works (David Guertin) | 3/05/04 | Regarding retainment of SGH | A/C |

1

**PRIVILEGE LOG**

**AGM Marine Contractors, Inc. v. Southeast Floating Docks, Inc.**
**SGH's Response to Subpoena Duces Tecum**

| Bates No. | Type | To | From | Cc | Date | Description | Privilege |
|---|---|---|---|---|---|---|---|
| SGH 0015 | Correspondence | Donald Dusenberry | David Doneski | Town Manager (Keith Bergman); Director of Public Works (David Guertin) | 3/05/04 | Regarding retainment of Simpson, Gumpertz and Heger, Inc., with notes | A/C |
| SGH 0016 - SGH 0019 | Agreement | Donald Dusenberry | David Doneski | Town Manager (Keith Bergman) | | Draft Agreement between Town of Provincetown and SGH, with notes | A/C |
| SGH 0020 | E-mail | Donald Dusenberry | Rasko Ojdrovic | | 4/11/05 | E-mail chain regarding Provincetown MacMillan Pier | A/C |
| SGH 0021 | E-mail | Donald Dusenberry | Richard Holland | | 2/25/05 | E-mail chain regarding Comments on Agreement | A/C |
| SGH 0022 | E-mail | Donald Dusenberry | Rasko Ojdrovic | | 4/23/04 | E-mail regarding RFI from FST | A/C |
| SGH 0023 | Facsimile Cover Sheet | Keith Bergman | David Doneski | | 2/27/04 | Regarding MacMillan Pier Reconstruction with notes | A/C |
| SGH 0024 | Correspondence | Keith Bergman | David Doneski | Board of Selectman; DPW Director (David Guertin) | 2/27/04 | Regarding retainment of SGH | A/C |
| SGH 0025 | Correspondence | Rasko Ojdrovic | Richard Holland | Town Manager (Keith Bergman); DPW Director (David Guertin) | 8/30/04 | Forwarding documents regarding MacMillan Pier Project | A/C |
| SGH 0026 | Facsimile Cover Sheet | Richard Holland | Don Harvie | Town Manager (Keith Bergman); DPW Director (David Guertin) | 7/02/04 | Forwarding documents regarding MacMillan Pier Rehabilitation – Concrete Floating Docks | A/C |
| SGH 0027 | Correspondence | Rasko Ojdrovic | Richard Holland | | 4/26/04 | Forwarding documents regarding MacMillan Pier Project | A/C |

00927234

## PRIVILEGE LOG

### AGM Marine Contractors, Inc. v. Southeast Floating Docks, Inc.
### SGH's Response to Subpoena Duces Tecum

| Bates No. | Type | To | From | Cc | Date | Description | Privilege |
|---|---|---|---|---|---|---|---|
| SGH 0028 | Note | | | | 2/23/05 | Handwritten note regarding phone call from Richard Holland | A/C |
| SGH 0029 | Note | | | | | Handwritten note regarding Town of Provincetown and Contractor | A/C |
| SGH 0030 | E-mail | Richard Holland | Donald Dusenberry | Rasko Ojdrovic | 4/14/05 | E-mail regarding Amendment to Agreement | A/C |
| SGH 0031 | E-mail | Richard Holland | Donald Dusenberry | Rasko Ojdrovic | 2/25/05 | E-mail regarding suggestions for inclusion in Settlement Agreement | A/C |
| SGH 0032 - SGH 0033 | List | Richard Holland | Donald Dusenberry | Rasko Ojdrovic | 2/24/05 | List of issues regarding replacement dock | A/C |
| SGH 0034 - SGH 0037 | E-mail | Donald Dusenberry | Rasko Ojdrovic | | 4/05/04 | E-mail chain regarding storm data | A/C |
| SGH 0038 | Correspondence | Donald Dusenberry | Richard Holland | Town Manager (Keith Bergman) | 4/13/05 | Enclosing executed copy of Settlement Agreement | A/C |
| SGH 0039 | Facsimile Cover Sheet | Rasko Ojdrovic | Richard Holland | | 3/03/05 | Forwarding documents regarding Provincetown Floating Dock | A/C |
| SGH 0040 | E-mail | Donald Dusenberry | Richard Holland | Rasko Ojdrovic; DPW Director (David Guertin) | 2/23/05 | E-mail regarding MacMillan Pier Floating Dock | A/C |
| SGH 0041 - SGH 0042 | E-mail | Richard Holland | David Guertin | Rasko Ojdrovic; Keith Bergman | 4/19/05 | E-mail chain regarding Release | A/C |
| SGH 0043 | Correspondence | Rasko Ojdrovic | Richard Holland | Town Manager (Keith Bergman); Director of Public Works (David Guertin) | 5/23/05 | Forwarding original Release Agreement | A/C |
| SGH 0044 - SGH 0045 | E-mail | Rasko Ojdrovic | Richard Holland | DPW Director (David Guertin) | 7/16/04 | E-mail chain regarding analysis of the failure of the floating dock system | A/C |
| SGH 0046 | E-mail | Rasko Ojdrovic | Richard Holland | DPW Director (David Guertin) | 7/16/04 | E-mail regarding analysis of the failure of the floating dock system | A/C |
| SGH 0047 - SGH 0048 | E-mail | Rasko Ojdrovic | Richard Holland | | 7/26/04 | E-mail chain regarding analysis of the failure of the floating dock system | A/C |
| SGH 0049 | E-mail | Rasko Ojdrovic | Richard Holland | | 4/23/04 | E-mail regarding wave analysis | A/C |

00927234

# PRIVILEGE LOG

## AGM Marine Contractors, Inc. v. Southeast Floating Docks, Inc.
### SGH's Response to Subpoena Duces Tecum

| Bates No. | Type | To | From | Cc | Date | Description | Privilege |
|---|---|---|---|---|---|---|---|
| SGH 0050 - SGH 0051 | E-mail | DPW Director (David Guertin); Rasko Ojdrovic | Richard Holland | | 4/23/04 | E-mail chain regarding RFI from FST | A/C |

4