UNITED STATES DISTRICT COURT
OF MASSACHUSETTS

IN RE SUBPOENA DUCES TECUM:

SOUTHEAST FLOATING DOCKS, INC.,        CASE NO. **1:05-CV-11039-EFH**

    Plaintiff,

v.

AGM MARINE CONTRACTORS, INC.,
TOWN OF PROVINCETOWN, MA, and
CHILDS ENGINEERING, INC.,

    Defendants.
_____/

**PLAINTIFF'S AFFIDAVIT OF ADDED TIME SPENT & DOCUMENTS PRODUCED FILED IN SUPPORT OF CONTEMPT MOTION**

State of Florida
County of Orange

    Before me, personally appeared Rosemary Hanna Hayes, who states that she is lead counsel for Plaintiff and familiar with invoicing of attorney time and costs on the file. Affiant has reviewed billing records, time spent, costs incurred, and records produced by the Town and is competent to testify of personal knowledge as follows:

1

1. Affiant is an attorney practicing in the area of commercial construction litigation and arbitration, a member of The Florida Bar in good standing, for 19-years.

2. Affiant is familiar with the work and billings on this matter by Tina Caraballo, Esquire, specializing in construction litigation for 5-years.

3. Affiant's hourly rate on this file is $260.00, which is based on the time the file was opened in February 2002 and is below her present standard rate of $300.00 for litigation and arbitration proceedings.

4. Tina Caraballo's time is billed at $180.00, also based on 2002 rates.

5. Paralegal time is at the firm's standard rate of $85.00 per hour.

6. Based on my experience, the charges are reasonable and customary and were absolutely necessary to secure documents, many of which remain outstanding following the Order of the Court.

7. Time spent since 16 June 2005 (the date of Plaintiff's motion and bill of costs) related solely to efforts directed to Provincetown is as detailed in Exhibit "A."

8. The original motion and bill of costs of $21,505.85 plus Exhibit "A" in the amount of $13,786.00 totals $35,291.85 in fees and costs incurred in a mostly fruitless pursuit of the Town's records.

9.  As set forth in the motion for contempt filed on 1 July 2005, the Town did not produce records that were sought by the subpoena that led to the Court's Order. The records were to address issues in the arbitration in which the Town has aided the Defendant/claimant-in-arbitration, AGM Marine Constructors, Inc., in condemning the concrete floating docks provided by Plaintiff.

10. AGM, by virtue of a settlement agreement with the Town (the details of which were not produced) has asserted a claim of nearly ½ million dollars against Plaintiff, compensation for labor and materials for securing and repairing the floating dock system at MacMillan Pier after one or more storm events.

11. Plaintiff seeks and has never been provided

   a. records of maintenance of and modifications to the dock system after installation;

   b. damage attributable to <u>each</u> of the 2-storms;

   c. full results of investigations by the Town and its consultants;[1]

   d. details concerning the selection and design of the chosen fix; and,

---

[1] For example, the Town's lawyer excluded the SGH analysis that included conditions during installation of the floats in 2003 and the January 2005 storm and provided only a page that charted the December 2003 storm conditions. The full records were procured through SGH; however the records described in this affidavit and the motion for contempt have not been otherwise available.

3

 e. backup and payment records for change order #8 and AGM's final payment application to the Town.

12. AGM received a payment of approximately $130,000 in 2005 from the Town it assigns to a change order outstanding on a job that was substantially complete on December 13, 2002. In my opinion, the validity of "change order #8" is important in defending claims against Plaintiff, but there was only one (1) reference to it in the records undersigned counsel spent about 16-hours reviewing. Payment applications were partially produced through #28, however, the final application for payment was also missing.

13. There is no record of the Town's decision-making since the 7 December 2003 storm although the Town would be governed by state open meeting and public record laws, and the Town's chair of the Board of Selectmen signed the AGM "settlement agreement."

14. The subpoena sought categories of records after December 6-7, 2003; however, only a handful of documents that post-date the storm in question were produced pursuant to the Court's Order.

15. The above-described records were not produced in materials that affiant spent 2-days personally reviewing or approximately 300-pages of duplicative information previously furnished by the Town.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Rosemary Hanna Hayes

Before me appeared *Rosemary H Hayes* who is personally known to me and swore to and executed the foregoing affidavit.

_____ 7-6-05
NOTARY PUBLIC
My commission expires:

TINA L. CARABALLO
NOTARY PUBLIC - STATE OF FLORIDA
COMMISSION # DD264890
EXPIRES 11/07/2007
BONDED THRU 1-888-NOTARY1

## CERTIFICATE OF SERVICE

I certify a copy of the foregoing has been electronically filed with the Court and mailed to David Hanrahan, Esquire, Gilman, McLauglin & Hanrahan, LLP, 101 Merrimac Street, Boston, Massachusetts 02114-9601; Charles Schaub, Esquire, Hinckley, Allen, Snyder, LLP, 28 State Street, Boston, Massachusetts 02109; and, Richard T. Holland, Esquire, Kopelman And Paige, P.C., 31 St. James Avenue, Boston, MA 02116-4102 on June 6, 2005.

_____
Rosemary Hayes
Florida Bar No.: 0549509
Tina L. Caraballo
Florida Bar No.: 0164275
Post Office Box 547248
Orlando, Florida 32854
Tel.: (407) 649-9974
Fax: (407) 649-9379
Attorneys for Plaintiffs

5

EXHIBIT "A"

EXHIBIT "A"

*Hayes & Caraballo, P.L.*
P.O. Box 547248
Orlando, FL 32854-7248

Ph:407-649-9974                    Fax:407-649-9379

Southeast Floating Docks, Inc.                                          July 2, 2005
2205 Dobbs Road
St. Augustine, FL
32086

                                                    File #:        10088
**Attention:**  Mr. Alan Simpson, President          Inv  #:        Settle

**RE:**    AGM

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
|---|---|---|---|---|
| Jun-02-05 | Receive and review order by federal court Judge; leave voice mail message for C. Schaub regarding the letter and follow up with an email | 0.40 | 72.00 | TLC |
| | Confer with local counsel; calls and fax to schedule review of records | 1.20 | 312.00 | RHH |
| Jun-07-05 | Receipt and review of materials witheld at the Town's request by FS&T; review of | 1.00 | 260.00 | RHH |
| Jun-08-05 | Email to/from R. Holland re: ongoing negotiations and discussions about documents | 0.50 | 130.00 | RHH |
| Jun-13-05 | Receipt and review of email from R. Holland and drf. response; review of records and LRS concerning attorney client privilege | 1.30 | 338.00 | RHH |
| Jun-15-05 | LRS concerning Mass Public Records Act and Holland's insistence that records are non-public; review of General Electric case and its progeny; analyze statute | 2.00 | 520.00 | RHH |

| Date | Description | Hours | Amount | Atty |
|---|---|---|---|---|
| Jun-14-05 | Many email communications with R. Holland in an effort to negotiate review of public records as ordered by the Court; review of fax from R. Holland re: same; drf detailed listing of items to avoid any further misunderstanding; review of response refusing to produce records; forward subpoena and original records request to Holland | 2.50 | 650.00 | RHH |
| Jun-10-05 | Call to D. Hanrahan re: ongoing attempts to get records; strategize re: Town's records | 0.50 | 130.00 | RHH |
| Jun-09-05 | Second written confirmation of records requests to Mr. Holland - notice of intent to make travel arrangements; Review of federal court docket | 0.50 | 130.00 | RHH |
| Jun-06-05 | Calls, emails and faxes to/from Holland in an attempt to enforce Court Order; research and respond to stonewalling on a variety of bases by the Town | 3.00 | 780.00 | RHH |
| Jun-08-05 | Research and respond to a variety of legally unsupported and unsustainable claims and threats made on behalf of Provincetown concerning records; request dates to review same | 1.40 | 364.00 | RHH |
|  | Review and study records provided by the Town in response to efforts | 0.80 | 208.00 | RHH |
| Jun-15-05 | Rounds of negotiations in an attempt to get records (by email); first there were not many records (could be mailed) and subsequently 2 file cabinets would be provided; attempt to negotiate time for receipt of copies. | 1.30 | 338.00 | RHH |
|  | Strategize regarding continued enforcement of subpoena given the Town's present position and assertion of privileges that do not exist; draft motion for attorney's fees and costs and motion to keep case open; draft subpoenas to Applied Coastal and American Home Assurance; draft letter to case manager regarding need for speedy return on subpoenas | 3.00 | 540.00 | TLC |
| Jun-03-05 | Confer with local counsel regarding Judge's ruling | 0.30 | 54.00 | TLC |

| Date | Description | Hours | Amount | Atty |
|---|---|---|---|---|
| Jun-22-05 | Strategize regarding document production in Provincetown and possibility of obtaining additional information | 0.30 | 54.00 | TLC |
| Jul-01-05 | Draft/edit/and revise motion for contempt; research Mass. law when investigation is required regardless of litigation; strategize regarding Bellingham and Sullivan case | 2.20 | 396.00 | TLC |
| Jun-30-05 | Work on drafting of motion for contempt; LRS re: motion; calls and email to K&P (re: attempts to get records and comply with local rules | 3.00 | 780.00 | RHH |
| | Review and study of court filings by Town; assemble list of missing records | 1.20 | 312.00 | RHH |
| Jun-27-05 | Review records at DPW-Provincetown | 8.00 | 2,080.00 | RHH |
| Jun-28-05 | Review records at DPW-Provincetown | 8.00 | 2,080.00 | RHH |
| | Scanning of records and organizing of computer files at Provincetown | 8.00 | 680.00 | PL |
| | Scanning of records and organizing of files on disk at Provincetown | 8.00 | 680.00 | PL |
| Jun-26-05 | Preparation for document review | 1.00 | 260.00 | RHH |
| Jun-24-05 | LRS concerning privilege; call and email to Amanda Yon in an effort to get records; fax to A. Yon; receipt and review of privilege log from Ms. Yun; fax to R. Holland | 2.00 | 520.00 | RHH |
| Jun-30-05 | Review and revise contempt motion and prepare exhibits; finalize contempt motion and exhibits for filing w/the Court and forward same for electronic filing | 1.00 | 260.00 | RHH |
| Jul-01-05 | Edit revise and finalize contempt motion and exhibits | 2.00 | 520.00 | RHH |
| Jul-02-05 | Work on affidavit with supplemental time and detail of records produced; review of records produced and analyze same to present information to Court; finalize affidavit and exhibits | 1.30 | 338.00 | RHH |
| | Totals | 65.70 | $13,786.00 | |

| | |
|---|---:|
| **Total Fee & Disbursements for all charges on this matter** | $13,786.00 |

TAX ID Number    41-2121150