UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 05CV11039EFH

SOUTHEAST FLOATING DOCKS, INC.,

    Plaintiff

v.

AGM MARINE CONTRACTORS, INC.,
CHILDS ENGINEERING CORPORATION,
AND THE TOWN OF PROVINCETOWN,

    Defendants

TOWN OF PROVINCETOWN'S
EMERGENCY MOTION TO
IMPOUND PURSUANT TO LOCAL
RULE 7.2

    Pursuant to Local Rule 7.2, defendant Town of Provincetown hereby moves this Honorable Court for an Order granting the Town's Motion to Impound. Briefly, the facts of this matter are as follows: On June 2, 2005, this Court dismissed this matter, provided that the Town allowed the plaintiff to inspect non-privileged documents responsive to an arbitration subpoena issued to the Town by the arbitrator at the plaintiff's request. A copy of that order is attached hereto as Exhibit A. In accordance with that order, the Town allowed the plaintiff to inspect non-privileged documents on June 27 and 28, 2005.

    The Court's June 2 order was issued following a June 1 hearing regarding plaintiff's motion to stay the arbitration then pending between the plaintiff and defendant AGM Marine Contractors Inc. ("AGM"). At that time, the only documents that the Town was claiming as protected by the attorney-client privilege were certain documents contained within the files of Fay Spofford and Thorndike ("FST"). FST served as the project engineer for the reconstruction of Provincetown MacMillan Pier, which is the subject of the arbitration and this litigation. These documents were identified as numbers

1

120 – 121 and 123 – 128 on an index created by FST. A copy of that index, which serves as a privilege log, is attached hereto as Exhibit B. During the June 1 hearing, the Court reviewed these documents and returned them to Town Counsel. In its June 2 order, the Court expressly permitted the Town to withhold any documents protected by the attorney-client privilege.

Subsequently, the Town identified other documents protected by the attorney-client privilege. These documents were contained within the files of Simpson Gumpertz & Heger Inc. ("SGH"), which the Town hired for the purpose of preparing for litigation against AGM and Southeast Floating Docks Inc., the plaintiff in this matter. It is the Town's position that these documents, like the FST documents discussed above, are protected from disclosure by the attorney-client privilege. These documents have been identified on an index prepared by counsel for SGH. That index, which serves as a privilege log, is attached hereto as Exhibit C.

Despite this Court's June 2 order allowing the Town to withhold privileged documents, plaintiff's counsel has repeatedly attempted to obtain the documents claimed as privileged by the Town. The plaintiff has to date filed two motions requesting attorneys' fees relating to the Town's withholding of the documents in question. To avoid further expense to all parties, the Town requests that this Court grant this Emergency Motion to Impound the documents identified on Exhibits A and B, and that this Court review such documents in-camera to determine whether such documents are protected from disclosure by the attorney-client privilege. For the reasons stated in the Town's Opposition to Plaintiff's Motion for Attorneys' Fees and Costs,[1] which was filed

---

[1] Plaintiff's Motion for Attorneys' Fees and Costs was denied by the Court on July 7, 2005.

on or about June 27, 2005, it is the Town's position that these document are indeed so protected. A copy of that Opposition is attached hereto as Exhibit D.

TOWN OF PROVINCETOWN

By its attorneys,

David J. Doneski (BBO# 546991)
Richard T. Holland (BBO# 632661)
Kopelman and Paige, P.C.
 Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

### CERTIFICATE OF SERVICE

I hereby certify that on the below date, I served on counsel of record by first class mail, postage prepaid, a copy of the foregoing Motion to Impound.

DATED: 7-15-05

Richard T. Holland

256224/24207/0008

3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CLERK'S NOTICE

This document can not be scanned due to its size, or the way in which it was bound.

The original is available for viewing in the Clerk's Office.