UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 05CV11039EFH

SOUTHEAST FLOATING DOCKS, INC.,

    Plaintiff

v.

AGM MARINE CONTRACTORS, INC.,
CHILDS ENGINEERING CORPORATION,
AND THE TOWN OF PROVINCETOWN,

    Defendants

TOWN OF PROVINCETOWN'S
MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTION FOR
CONTEMPT ORDER & SANCTIONS

    The Court dismissed this matter by order dated June 2, 2005. A copy of that order is attached hereto as Exhibit A. Pursuant to that order, the Town permitted plaintiff's counsel to inspect non-privileged documents in the possession of the Town on June 27 and 28, 2005. Plaintiff's current motion—Motion for Contempt Order & Sanctions—is the second motion filed by the plaintiff following the dismissal of this matter. Yet, plaintiff's motion requests the same relief that was denied by this Court via the June 2 order dismissing this action, and the Court's July 7, 2005 order denying the plaintiff's Motion for Attorneys' Fees and Costs, which was filed on June 16. The plaintiff has essentially re-filed the same motion. For this reason, the plaintiff's motion should be denied.

    Further, the plaintiff's motion must be denied because plaintiff's counsel failed (again) to comply with local Rule 7.1(A)(2). That rule requires that counsel confer in an attempt to narrow the issues of a motion. Plaintiff's counsel failed to confer with counsel for the Town regarding the pending motion. On page 8 of the plaintiff's motion,

1

plaintiff's counsel claims to have conferred with Town Counsel in accordance with Rule 7.1. Such assertion is false.

By email sent June 29, 2005 to plaintiff's counsel, Attorney Richard Holland inquired about the progress of plaintiff's document inspection; advised plaintiff's counsel that Attorney Holland would be out of the office until July 14, 2005; and advised that, in Attorney Holland's absence, questions about Town documents should be directed to Attorney David Doneski of Kopelman and Paige, P.C. See Affidavit of Richard T. Holland, submitted herewith, ¶2. Plaintiff's counsel responded to this email by email sent June 30, 2005. In that email, plaintiff's counsel alleges that "hundreds" of documents were "missing" from the documents set out for inspection by the Town on June 27 and 28. See Affidavit of David J. Doneski, submitted herewith, ¶2 ("Doneski Affidavit").

On June 30, 2005, Attorney Doneski called plaintiff's counsel. Doneski Affidavit, ¶4. During that telephone conversation, Attorney Doneski advised plaintiff's counsel that he would confer with the Town regarding the allegations raised in counsel's June 30 email, and that after doing so he would call plaintiff's counsel to respond to such allegations. Doneski Affidavit, ¶4. At no time during that telephone conversation did plaintiff's counsel advise Attorney Doneski that she intended to file a motion for contempt with the Court. Doneski Affidavit, ¶5. From the billing records attached as Exhibit A to counsel's affidavit, however, it is clear that plaintiff's counsel was already preparing such motion on June 30.

Surprisingly, without notice to Town Counsel, plaintiff's counsel filed the Motion for Contempt Order & Sanctions on July 1, the day after plaintiff's counsel spoke with

Attorney Doneski. Even more surprising, plaintiff filed this motion even though its Motion for Attorneys' Fees and Costs was then pending before the Court. That previously filed motion was denied by the Court on July 7, 2005.

Clearly, plaintiff's counsel has not complied with Rule 7.1(A)(2). Indeed, plaintiff's counsel, by her conduct, has made evident that she has no intention of complying with that rule.[1] The certification by plaintiff's counsel that she has complied with Rule 7.1(A)(2) is a flagrant violation of that rule and an affront to the Court. Plaintiff's disregard of Rule 7.1(2) requires the denial of its motion. "Once local rules have been properly promulgated, lawyers and litigants are duty bound to comply with them." In re: Jarvis, 53 F.3d 416, 422 (1st Cir. 1995).

In the event that the Court decides to hear plaintiff's motion, the motion should be denied because the Town is in compliance with the Court's June 2 order. Pursuant to that order, on June 27 and June 28, 2005, the Town allowed plaintiff's counsel to inspect thousands of non-privileged documents relating to the subject matter of the arbitration subpoena issued by the plaintiff to the Town. In any event, in a spirit of cooperation and in accordance with Rule 7.1(A)(2), Town Counsel will, at plaintiff's request, confer with plaintiff's counsel regarding the allegations raised in the motion.

## CONCLUSION

For the foregoing reasons, Southeast's motion should be denied.

**REQUEST FOR ORAL ARGUMENT**

---

[1] Plaintiff's counsel also failed to confer with Town Counsel prior to filing the Motion for Attorneys' Fees and Costs, which was filed on June 16, 2005, and denied by this Court on July 7, 2005.

3

TOWN OF PROVINCETOWN

By its attorneys,

_____
David J. Doneski (BBO# 546991)
Richard T. Holland (BBO# 632661)
Kopelman and Paige, P.C.
 Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

## CERTIFICATE OF SERVICE

I hereby certify that on the below date, I served on counsel of record by first class mail, postage prepaid, a copy of the foregoing Memorandum in Opposition to Plaintiff's Motion for Contempt.

DATED: 7-15-05

_____
Richard T. Holland

256174/24207/0008