```
            UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS
```

SOUTHEAST FLOATING DOCKS, INC.,

    Plaintiff,                    CIVIL ACTION
                                           NO.: 1:05-CV-10039-EFH

v.

AGM MARINE CONTRACTORS, INC.,
CHILDS ENGINEERING CORPORATION,
and THE TOWN OF PROVINCETOWN,

    Defendants.
_____/

**PLAINTIFF'S MOTION FOR ENTRY OF FINAL APPEALABLE ORDER, ORDER ON IMPOUNDED DOCUMENTS, FOR FINDINGS OF FACT & CONCLUSIONS OF LAW, & ALTERNATIVE MOTION FOR TIME EXTENSION**

    This is a unique proceeding. Because an arbitrator has no contempt power, 9 U.S.C. § 7 vests this Court with the sole power to enforce arbitration subpoenas. Plaintiff was forced to call on the Court's contempt power when Provincetown flat out refused to produce records that are absolutely critical to Plaintiff's claim and defense in arbitration after proper service with a subpoena.

    On June 1, 2005, the Court conducted a hearing and ordered Provincetown to produce all records not protected by the attorney-client privilege, a ruling consistent with representations to the Court by the Town's lawyer, Mr. Richard Holland. The Court dismissed the case on June 2, 2005, conditioned upon Provincetown's compliance. As of 2-months later, the case lies in a procedural "never-never

land," not subject to a final, appealable Order *or* any pending matter that awaits judicial labor.

In the meantime, despite the mandate of the Court's June 2, 2005 Order, Provincetown has withheld records that even independent third counsel agrees are not privileged. *See* Ex. "A." Indeed, despite 2-days spent reviewing records as offered by the Town's lawyer, Provincetown produced 1-record responsive to the original subpoena where there obviously exists thousands.

Facing flagrant disregard of the Court's order, Plaintiff moved for contempt. In response, Provincetown moved to place records under seal. The Court denied Plaintiff's contempt motion, but allowed records that are not between attorney and client, but authored by or sent to third parties, to be placed under seal, where they presently remain.

Plaintiff's arbitration hearings commence in less than 2-weeks and it is left with very few options to obtain relevant records to which it has an absolute right. Accordingly, Plaintiff respectfully prays for the expeditious consideration of one or more of the following forms of relief:

1. The Court enter a final appealable Order dismissing the case, including lifting the impound

2

>   Order or finding the records privileged (or not privileged) upon *in camera* review.
>
> 2. The Court appoint a magistrate to conduct an *in camera* inspection of the documents placed under seal to determine if any of the documents are protected from production under attorney-client privilege and enter a final, appealable Order encompassing the magistrate's finding.
>
> 3. The Court make findings of fact and conclusions of law with respect to its denial of the contempt motion and request for legal fees such that an appellate tribunal may undertake review.
>
> 4. That, if appropriate, the Court also grant an extension of time in which Plaintiff may file its notice of appeal of the July 18, 2005 Order denying the motion for contempt.

### MEMORANDUM OF LAW IN SUPPORT OF MOTION

Pursuant to 28 U.S.C. § 1291, the courts of appeals have jurisdiction to review final decisions of the district courts of the United States. A final decision is one that "disposes of all the rights of all the parties to an action." *See Appeal of Licht & Semonoff*, 796 F.3d 564, 569 (1st Cir. 1986).

The Court's June 2, 2005 Order dismissed the case. It also foretells the Court's future involvement by conditioning dismissal upon compliance with the arbitration subpoena. (D.E. 12) On July 18, 2005 the Court granted Provincetown's motion to seal documents (Electronic Order) and denied Plaintiff's motion for contempt (Electronic Order). The post-dismissal Orders affirmed Plaintiff's fear that it was consigned to a holding pattern, lacking a means to a final determination or enforcement of the Order to produce records.[1]

The disposition of the Simpson Gumpertz & Heger, Inc. ("SGH") documents filed under seal must be resolved. The letters attached hereto as Composite Exhibit "A" demonstrate that SGH's independent counsel found no basis for application of the attorney client privilege, but nonetheless, and despite advice of this Court's Order that only attorney-client privileged records are exempt, withheld production of the documents at the specific direction of Provincetown's counsel.

---

[1] Provincetown takes diametrically opposed positions with respect to the status of this case. First, it seeks affirmative relief from the Court in filing documents under seal. Now, counsel indicates intent to argue that the case was finally decided upon entry of the conditional dismissal order. If the case were over, there was no case or basis for Provincetown to file documents under seal.

4

Arguably, the denial of Plaintiff's contempt motion could be deemed the resolution of this matter, however, first, with documents remaining under seal, presumably awaiting *in camera* inspection, judicial labor is not complete. Secondarily, the July 28, 2005 Order does not contain findings to establish a basis for review. The lack of findings of fact and conclusions of law leaves the appellate court in the "position of reviewing either an exercise of discretion or a ruling of law without knowing which, and without knowing what facts the court found or rejected." *Horizons Titanium Corp. v. Norton Co.*, 290 F. 2d 421, 424 (1st Cir. 1961).

Plaintiff recognizes the Court is not required to make any findings with respect to its decision. *Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st Cir. 2004). However, respectfully, findings of fact and legal conclusions in this instance will assist the appellate process. *Id.* It will also alleviate the burden on the appellate court in having to "canvass the record" to determine if the "trial court indulged in a serious error of law or suffered a meaningful lapse of judgment." *Id.* (citations omitted).

It is unexpected that the arbitrator will agree to delay the proceedings so that Plaintiff may be afforded the

5

right to present its case and defense to claims that are brought for the benefit of the City; however, a decision made while Plaintiff diligently seeks information purposefully withheld by a party-in-interest moves beyond "judicially unorthodox" to "fundamentally unfair." *Keebler Co. v. Truck Drivers, Local 170,* 247 F.3d 8, 11 (1st Cir. 2001). Where an arbitrator fails to provide for the presentation of pertinent evidence that is material to the controversy so as to substantially prejudice the rights of any party, the arbitration award may be vacated. *Hoteles Condado Beach, La Concha & Conv. Center v. Union De Tronquistas Local 901*, 763 F.2d 34, 38 (1st Cir. 1985).[2]

To preserve its rights here and in the arbitration arena, Plaintiff respectfully seeks relief as set forth above.

## MOTION FOR EXTENSION OF TIME

Plaintiff's appeal of the July 18, 2005 Order denying contempt must be instituted by filing the notice of appeal, i.e., on or before August 17, 2005. If the Court denies

---

[2] In the case of Plaintiff, the arbitrator has preliminarily indicated he will apply Florida law, which includes a more liberal standard, allowing vacation of the award if "**[t]he arbitrators or the umpire in the course of her or his jurisdiction refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy**…" § 682.13, Fla. Stat. (2005).

6

the relief requested in this motion, Plaintiff moves for an extension of time in which it may appeal the July 18, 2005 Order denying contempt until 10 days after the Court enters its order on this motion. Fed. R. App. P. 4(a)(5).

The decision to grant the request for an extension of time rests within the sound discretion of this Court. *See, e.g., Local Union No. 12004, United Steel Workers of Am. v. Mass.*, 377 F.3d 64, 72 (1st Cir. 2004). Plaintiff's request is based on good cause and in the interest of furthering judicial review.

WHEREFORE, Plaintiff requests the Court grant an extension of time in which to file a notice of appeal if the relief requested in this motion is otherwise denied.

### LOCAL RULE CERTIFICATION OF CONFERENCE

Prior to filing this motion, I conferred with Richard Holland. Mr. Holland represents that he objects to the motion but has no objection to the Court performing an *in camera* review of the purportedly "attorney-client privileged" documents; however, the Town wishes to make clear it does not join in Plaintiff's motion.

**CERTIFICATE OF SERVICE**

I certify a copy of the foregoing has been electronically filed with the Court and mailed to David Hanrahan, Esquire, Gilman, McLauglin & Hanrahan, LLP, 101 Merrimac Street, Boston, Massachusetts 02114-9601; Charles Schaub, Esquire, Hinckley, Allen, Snyder, LLP, 28 State Street, Boston, Massachusetts 02109; and, Richard T. Holland, Esquire, Kopelman And Paige, P.C., 31 St. James Avenue, Boston, MA 02116-4102 on August 3, 2005.

/s/ Tina L. Caraballo
_____
Rosemary H. Hayes
Florida Bar No. 549509
Tina L. Caraballo
Florida Bar No. 0164275
Hayes & Caraballo, PL
P.O. Box 547248
Orlando, Florida 32854
Telephone (407) 649-9974
Facsimile (407) 649-9379
Attorneys for Plaintiff

Cc:  Southeast Floating Docks, Inc.
     Ms. Julie Molloy, Administrator, AAA Case #11 110 02474 04
     (*by electronic delivery*)

8

# EXHIBIT "A"

**DONOVAN | HATEM** LLP
*counselors at law*

Amanda Yun
617 406 4573 direct
ayun@donovanhatem.com

RECEIVED JUN 2 3 2005

June 17, 2005

<u>**Via Facsimile (617) 654-1735 and Mail**</u>
Richard Holland, Esq.
31 St. James Avenue
Boston, MA 02216

Re:   AGM Marine Contractors, Inc. v. Southeast Floating Docks, Inc.
       Arbitration Case No. 11 11002474 04
       Response to Subpoena Duces Tecum
       DH File: 21500.0

Dear Richard:

Per our recent discussion, I understand that Simpson Gumpertz & Heger, Inc. ("SGH") sent you a copy of the Subpoena sent by Southeast Floating Docks, Inc. ("Southeast") requesting SGH's documents in relation to the Provincetown Marina a/k/a McMillan Pier Project (the "Project") and a copy of its Project files on June 10, 2005. You requested that SGH withhold certain documents (specifically correspondences between you, SGH and the Town of Provincetown) based on the attorney-client privilege. Please be advised that we do not see any legal basis to withhold these documents. The Order that you faxed to me issued by Judge Harrington in the U.S. District Court of Massachusetts (C.A. No. 05-10039-EFH) dated June 2, 2005 allows Southeast access to subpoenaed documents that are not covered by the attorney-client privilege. Accordingly, we intend to produce a copy of all of SGH's files by Monday, <u>June 27, 2005</u> pursuant to Southeast's counsel's extended deadline for the Subpoena.

Given your objection to SGH's production of these documents, I suggest that you file a Motion to Quash Southeast's Subpoena served on SGH and/or contact Southeast's counsel to further discuss this matter prior to June 27, 2005.

Thank you for your attention to this matter. If you have any questions, please do not hesitate to contact me.

Very truly yours,

Amanda Yun, Esq.

cc:   James K. Schwartz, Esq.
       David J. Hatem, PC
       Cynthia J. Schimpf (via facsimile 781-907-0009)
       Rosemary Hayes, Esq. (via facsimile 407-649-9379)