UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 05CV11039EFH

SOUTHEAST FLOATING DOCKS, INC.,

Plaintiff

v.

AGM MARINE CONTRACTORS, INC.,
CHILDS ENGINEERING CORPORATION,
AND THE TOWN OF PROVINCETOWN,

Defendants

TOWN OF PROVINCETOWN'S
MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTION FOR
ENTRY OF FINAL APPEALABLE
ORDER AND OTHER RELIEF

I.  **Plaintiff's Motion Must Be Denied Because it is in All Respects Untimely**

Plaintiff's motion should be denied in its entirety. The relief sought by the plaintiff is not available by way of the motion it has filed. The Court dismissed this matter by final order dated June 2, 2005. The plaintiff was required to appeal that order within 30 days of the date of that order pursuant to F.R.A.P. 3(a)(1) and F.R.A.P. 4(a)(1)(A). The plaintiff failed to do so.

Rule 3(a)(1) states: "An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4." Rule 4(a)(1)(A) states: "In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the judgment or order appealed from is entered."

1

Of the three exceptions to the 30-day notice requirement noted in Rule 4(a)(1), only Rule 4(a)(4) could possibly apply here.[1] Rule 4(a)(4) states that the time to file a notice of appeal begins to run from the entry of an order disposing of the last of any of the following motions: (1) motion for judgment after trial under Rule 50(b), which must be filed no later than ten days from the entry of judgment (F.R.C.P. 50(b)); (2) motion to amend or make additional factual findings under Rule 52(b), which must be filed no later than ten days from the entry of judgment (F.R.C.P. 52(b)); (3) motion for attorney's fees under Rule 54 <u>if the district court extends the time to appeal under Rule 58</u>, which motion must be filed no later than 14 days after entry of judgment (F.R.C.P. 54(d)(2)(B)) (emphasis added); (4) motion to alter or amend the judgment under Rule 59, which must be filed no later than ten days after the entry of judgment (F.R.C.P. 59(e)); (5) motion for new trial under Rule 59, which must be filed no later than ten days after the entry of judgment (F.R.C.P. 59(b)); and (6) motion for relief from judgment or order under Rule 60 if the motion is filed no later than ten days after the entry of judgment.

Of the above motions, the plaintiff filed only one that could be deemed timely. On June 16, 2005, the plaintiff filed a Motion for Attorneys' Fees. This motion was denied on July 7, 2005. However, the plaintiff had already requested attorneys' fees in the initial Complaint. That request was denied by this Court when it dismissed this matter by order of June 2, 2005. Therefore, plaintiff's motion for attorneys' fees is essentially a motion for reconsideration of the Court's June 2 order, which does not serve to extend the time for the filing of a notice of appeal. Even were this not the case,

---

[1] Rule 4(a)(1)(B) applies only where the United States or its officer or agency is a party, and Rule 4(c) applies only to an appeal by an inmate confined in an institution.

2

the Court did not extend the time for the plaintiff to appeal under Rule 58, which action is required to toll the running of the 30-day appeal period under F.R.A.P. 4(a)(4). As a result, the time to appeal the Court's June 2, 2005 order has expired. Therefore, the plaintiff's motion must be denied.

In addition, under F.R.C.P. 52(b), a motion for findings of fact and conclusions of law is required to be filed within ten days from the entry of judgment. Plaintiff failed to file timely any such motion. The final order of this Court dismissing this case was entered on June 2, and the last order of this court—denying plaintiff's Motion for Contempt—was entered on July 18, 2005. Thus, the plaintiff's current motion requesting findings of fact, filed on August 3, must be denied as untimely.

Finally, the plaintiff's motion for extension of time to file an appeal was also filed untimely. Pursuant to F.R.A.P. 4(a)(5), a district court "may" extend the time to file a notice of appeal if (1) the movant files its motion no later than 30 days from the expiration of the 30-day filing period prescribed by F.R.A.P. 4(a) (in other words, 60 days from the entry of judgment); and (2) the movant "shows excusable neglect or good cause." The plaintiff filed its current motion on August 3, 2005. However, the plaintiff was required to file such motion no later than August 1, 2005, which date is 30 days after the expiration of the 30-day appeal period that began to run after the June 2 order. Moreover, the plaintiff does not even allege any "excusable neglect" or "good cause" for its failure to file a notice of appeal. Thus, the plaintiff has not, and cannot, comply with Rule 4(a)(5).

II.  Plaintiff's Allegations Regarding the Town's Response to Plaintiff's Arbitration Subpoena Are False

The Town also responds to the allegation by plaintiff's counsel that "Provincetown produced 1-record responsive to the original subpoena where there obviously exists [sic] thousands." This allegation is contained on page 2 of plaintiff's motion. Curiously, plaintiff has failed to submit an affidavit to support this statement. In any event, this allegation is false.

On June 27 and 28, 2005, plaintiff's counsel was provided access to thousands of pages of documents relating to the MacMillan Pier project, which is the subject of the plaintiff's arbitration proceeding with AGM Marine Contractors, Inc. Indeed, even before the June 1, 2005 hearing before this Court, the Town had produced to the plaintiff or its counsel several of the items within the scope of the subpoena, including (1) the demands made by the Town pursuant to G.L. c.93A in connection with the defective floating dock system supplied by the plaintiff; (2) two reports prepared by consultants retained by the Town in anticipation of litigation; (3) a video recording of the December 2003 storm; and (4) and a binder containing approximately 200 pages of project documents. These documents are directly responsive to the subpoena.

In her June 30, 2005 email to the Town's counsel, attached hereto as Exhibit A, plaintiff's counsel admits that the Town produced more than one responsive document. In that email, Attorney Hayes states:

> Considering the 62-pages (sent in 2004 in response to our PR request and in 2005 in response to our subpoena), the 27-page fax of 5-23-05, the 217-pages (in a white binder) hand-delivered on 1 June 2005, AND the 2-filing cabinets confirmed to be 'everything' at that we spent 2 days reviewing at the DPW, there are hundreds of missing, material documents. . . .

4

In that same email, Attorney Hayes admits that more than one responsive document was found within the documents inspected by her on June 27 and 28:

> ALMOST NO INFORMATION AFTER 12/1/03 WAS IN THE MATERIALS REVIEWED AT DPW. THERE WAS 1-NEWSPAPER ARTICLE FROM 2003, BUT IT WAS BEFORE DECEMBER. THERE WAS A COUPLE OF MEMOS, A DRAFT OF THE SETTLEMENT, ONE REFERENCE TO C.O. #8 & 1-MEETING MINUTE & THE CHILDS ENG'G REPORT. [emphasis in original]

Moreover, in paragraph 14 of "Plaintiff's Affidavit of Added Time Spent & Documents Produced Filed in Support of Contempt Motion," which accompanied Plaintiff's Motion for Contempt Order & Sanctions (filed on July 1 and denied on July 18, 2005), Attorney Hayes states: "The subpoena sought categories of records after December 6-7, 2003; however, only a <u>handful</u> of documents that post-date the storm in question were produced pursuant to the Court's Order." (emphasis added) Further, the following time entries for June 28, 2005, which are included in exhibit A to Attorney Hayes' affidavit, indicate that plaintiff's counsel spent <u>16 hours</u> scanning documents during the June 2005 document inspection. Apparently, plaintiff's counsel asks this Court to believe that it spent that 16 hours scanning documents that were not responsive to the subpoena.

| | |
|---|---|
| Review of records at DPW-Provincetown | 8.00 |
| Scanning of records and organizing of computer files at Provincetown | 8.00 |
| Scanning of records and organizing of files on disk at Provincetown | 8.00 |

Clearly, the allegation that the Town produced only one responsive document, or that the documents inspected by Attorney Hayes included only one responsive document, is false.

Given the history of this matter, it must be assumed that plaintiff's counsel made these allegations despite knowing that they were false.

For the record, it must also be noted that by email dated June 15, 2005, a copy of which is attached hereto as Exhibit B, plaintiff's counsel promised to provide the Town's counsel with a CD Rom containing the digital images of the documents scanned at the June 2005 document inspection. This promise was made in exchange for the Town's agreeing to permit counsel to scan documents during that inspection. However, plaintiff's counsel never provided that CD Rom and has ignored several requests that she do so. As indicated in plaintiff's counsel's June 28 time entry, discussed above, plaintiff's counsel did indeed create a "disk" of the documents scanned. It is believed that plaintiff's counsel scanned dozens if not hundreds of documents during that inspection, and that the CD Rom or disk created by plaintiff's counsel would show as much and would likely further contradict the allegation that the Town produced only one responsive document.

In addition, by letter dated August 1, 2005, the Town's counsel provided the plaintiff's counsel with printed copies of computer-stored documents and emails. A copy that letter is attached hereto as Exhibit C. The electronic versions of the emails and documents were compiled by the Town and forwarded to its counsel for review and production to the plaintiff. A number of these documents are dated on or after December 1, 2003.

Finally, the Court has, presumably, reviewed all of the approximately 42 documents now under seal. Indeed, the Court reviewed eight of those documents during the June 1, 2005 hearing in the presence of counsel. More recently, in its Emergency

6

Motion to Impound Pursuant to Local Rule 7.2, the Town requested that this Court impound the privileged documents and "review such documents in-camera to determine whether such documents are protected from disclosure by the attorney-client privilege." The Court allowed this motion by order dated July 18, 2005. Thus, by requesting that this Court inspect in-camera the documents in question, the plaintiff is asking this Court to do that which it has already done.

III.  As this Matter Has Been Dismissed and Plaintiff's Counsel Have Violated the Standards Applicable to Attorneys Who Seek Admission to Appear Before the Court Pro Hac Vice, the Order Granting Plaintiff's Counsel's Application for <u>Such Admission Should be Vacated</u>

Pursuant to Local Rule 83.5.3(b), this Court, in its discretion, may grant leave to permit the appearance and practice of an attorney not admitted to practice before it if that attorney files a certificate averring that (1) such attorney is a member of the bar in good standing in every jurisdiction where that attorney has been admitted to practice; (2) there are no disciplinary proceedings pending against that attorney; and (3) the attorney is familiar with the local rules of this Court. On May 18, 2005, this Court allowed the application of attorneys Rosemary Hayes and Tina Caraballo to practice before it as counsel for the plaintiff in this matter.

Plaintiff's counsel's application for leave to appear *pro hac vice* applies to this matter only. However, this matter was dismissed by a June 2, 2005 order of this Court. Since this matter has been dismissed, the leave granted plaintiff's counsel has expired. Plaintiff's counsel would be required to file another application should it wish to continue to practice before this Court.

Regrettably, the conduct of plaintiff's counsel, as outlined below and discussed in each of the Town's memoranda submitted to the Court in opposition to the plaintiff's

7

several motions, constitutes un-lawyerlike conduct and, perhaps, violations of the Massachusetts Rules of Professional Conduct for which this Court may deny admission *pro hac vice*. See Panzardi-Alvarez v. United States, 879 F.2d 975, 981 (1st Cir. 1989); Thomas v. Cassidy, 249 F.2d 91, 92 (1957).

A.  Plaintiff's Counsel Has Made Affirmative Misrepresentations to this Court

Rule 3.3(a)(1) of the Massachusetts Rules of Professional Conduct states that a "lawyer shall not knowingly . . . (1) make a false statement of material fact or law to a tribunal." In the comments following that rule, Comment no. 2 states:

> An advocate is responsible for pleadings and other documents prepared for litigation, but is usually not required to have personal knowledge of matters asserted therein. . . . However, an assertion purporting to be on the lawyer's own knowledge, as in an affidavit by the lawyer or in a statement in open court, may properly be made only when the lawyer knows the assertion is true or believes it to be true on the basis of a reasonably diligent inquiry. There are circumstances where failure to make a disclosure is the equivalent of an affirmative misrepresentation."
> [emphasis added]

In direct contravention of this Court's June 2, 2005 order, which precluded access by the plaintiff to such of the Town's documents that are protected from disclosure by the attorney-client privilege, and contrary to objections by the Town's counsel, Attorney Hayes obtained documents that she knew were being claimed by the Town as being so protected. By letter dated June 3, 2005, Attorney Hayes demanded the production of such documents from Attorney David Corkum, counsel for Fay Spofford & Thorndike (FST), the engineer for the MacMillan Pier Project, and Simpson Gumpertz Heger (SGH), the consultant retained by the Town to prepare for litigation. In so doing, however, Attorney Hayes failed to inform Attorney Corkum that this Court had conducted a review of those documents at the June 1, 2005 hearing in the presence of

8

counsel of record, including Attorney Hayes, and that the Court, after such review, did not order the production of such documents.

Further, plaintiff's counsel has never informed this Court that it had obtained privileged documents after the issuance of the Court's June 2 order. Since that date, the plaintiff has filed three motions, including the pending Motion for Entry of Final Appealable Order and Other Relief, in which the plaintiff asks this Court to again conduct an in-camera review of the documents in question. In not one of those motions does plaintiff's counsel mention that it has already obtained copies of privileged documents.

Indeed, Attorney Hayes' efforts to obtain privileged materials continue unabated. By facsimile transmittal dated August 9, 2005, to counsel for SGH and FST, both of whom have been subpoenaed to attend the arbitration, Attorney Hayes demanded that FST and SGH bring with them to the arbitration "any 'privileged records' withheld so that they may be reviewed by the arbitrator or otherwise addressed, as appropriate." A copy of this transmittal is attached hereto as Exhibit D. Although Attorney Hayes is well aware that the documents being withheld by SGH and FST are the documents claimed as privileged by the Town, she failed to provide the Town's counsel with a copy of that transmittal. (Counsel for FST and SGH provided the Town's counsel with a copy of that document.)

In addition, in plaintiff's Motion for Entry of Appealable Order (at p.2), filed on August 3, 2005, plaintiff's counsel alleges that "Provincetown produced 1-record responsive to the original subpoena where there exists thousands." Plaintiff's counsel submitted no affidavit to support this allegation. Contrary to this allegation, on June 27

and 28, 2005, plaintiff's counsel was provided access to thousands of pages of documents relating to the MacMillan Pier project, which is the subject of the plaintiff's arbitration with AGM Marine Contractors, Inc.

Indeed, as set forth above, the Town had produced to the plaintiff or its counsel several documents directly responsive to the subpoena even before the June 1, 2005 hearing. As detailed in section II, supra, plaintiff's counsel previously admitted that the Town had produced more than one responsive document. Without question, the allegation that the Town produced only one responsive document, or that the documents inspected by plaintiff's counsel included only one responsive document, is false; and it can only be presumed that plaintiff's counsel made such allegation despite knowing that it was false.

B.  Counsel Has Shown a Lack of Familiarity With and a Disregard for L.R. 7.1

Despite certifying to this Court in their application for admission *pro hac vice* a familiarity with the local rules, Attorney Hayes and Attorney Caraballo have failed to comply with the letter and spirit of Local Rule 7.1(A)(2). As discussed in the Town's Memorandum in Opposition to Plaintiff's Motion for Attorneys' Fees, plaintiff's counsel failed to confer with the Town's counsel before filing plaintiff's Motion for Attorneys' Fees. In addition, as is discussed in the Town's Opposition to Plaintiff's Motion for Contempt, plaintiff's counsel again failed to comply with Local Rule 7.1(A)(2) when filing its Motion for Contempt (filed on July 1, 2005).

C.  Plaintiff's Conduct is Intended to Harass and Burden the Defendants

The plaintiff filed the complaint in this matter on May 18, 2005. In that complaint, the plaintiff sought a report prepared by defendant Childs Engineering

10

Corporation. That complaint contained a request for attorneys' fees. Following a hearing on June 1, 2005, this Court dismissed the complaint, and the request for attorneys' fees contained therein, by order of June 2, 2005.

Despite the Court's June 2 order dismissing this action, and absent any justification, the plaintiff filed a Motion for Attorneys' Fees on June 16, 2005, requesting the same relief that this Court expressly denied by virtue of the June 2 order. Amazingly, <u>before this motion was even heard</u>—it was denied on July 7—the plaintiff filed a Motion for Contempt on July 1, 2005. That motion, too, was denied on July 18, 2005. Plaintiff has now filed a third motion. In this motion, the plaintiff asks this Court for relief that is clearly untimely under the Federal Rules of Civil Procedure and Appellate Procedure. This conduct is clearly an abuse of process, intended to coerce the Town of Provincetown to waive its attorney-client privilege lest it continue to be compelled to spend thousands of dollars to defend against frivolous motions. It is unprofessional, unbecoming and deserving of sanctioning by this Court.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion should be denied, and this Court should vacate the order granting plaintiff's counsel's application for admission *pro hac vice* and enter appropriate sanctions.

TOWN OF PROVINCETOWN

By its attorneys,

David J. Doneski (BBO# 546991)
Richard T. Holland (BBO# 632661)
Kopelman and Paige, P.C.
 Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

## CERTIFICATE OF SERVICE

I hereby certify that on the below date, I served on counsel of record by first class mail, postage prepaid, a copy of the foregoing Memorandum in Opposition to Plaintiff's Motion for Entry of Appealable Order and Other Relief.

DATED: August 15, 2005

Richard T. Holland

256174/24207/0008

## Richard T. Holland

**From:** Rosemary Hayes [rhayes@const-law.com]
**Sent:** Thursday, June 30, 2005 3:36 PM
**To:** Richard T. Holland; ddoneski@plaw.com
**Cc:** Kara Petruso; Day Osborne; ayun@donovanhatem.com
**Subject:** RE: Provincetown MacMillan Pier/Southeast Floating Docks Inc.

We did not receive a copy of your recent court filing. Please check your office practices.

In regard to the records, please consider this our attempt pursuant to local rule to resolve this matter without a contempt motion (bearing in mind that our arbitration begins on 8-15-05 and the Judge is out of the office the entire month of August).

The records withheld by virtue of the Town's demand to SGH are not attorney-client privileged under any stretch of the imagination. These must be produced or we will seek a contempt order and we are prepared to file suit against SGH and seek attorney's fees and costs. SGH put the ball in the Town's court to seek an order no later than Thursday, expressly stating that the records are not privileged. The Town has done nothing and we are proceeding tomorrow morning absent an acceptable response.



AS REQUESTED BY SUBPOENA SERVED 2/23/05

(a) Written demands made by or on behalf of the Town in regard to MacMillan Pier under MGL 93A & responses.

**RESPONSE: 2-LETTERS TO AGM & 1-RESPONSE; NOTHING TO/FROM FS&T, ZURICH, AMERICAN HOME, SENESCO, WOOD HOLE GROUP, ASHLEY ENG'G, CHILDS, SGH, OTHERS, RELATING TO 12/3 OR 1/5 STORM OR ANYTHING ELSE RE: PROJECT.**

(b) All written or printed communications, electronic mail, computer stored data referencing MacMillan pier from 12/1/03 to the present.

**RESPONSE:** [redacted]

**REFERENCED ABOVE & LIMITED EXPERT INFORMATION & NOTHING ELSE. WE REC'D THE TOWN'S VIDEO FROM AGM.)**

**THERE IS NO MAINTENANCE LOG FOR THE FLOATS, NO DETAIL CONCERNING CHANGE ORDER NO. 8 OR THE SETTLEMENT, NOTHING ABOUT ZURICH (EXCEPT A COPY OF THE BOND & REFERENCE TO THE BOND WHEN MR. MIKUTOWICZ WAS INDICTED), NO OFFICIAL RECORDS OF DISCUSSION OR APPROVAL OF THE SETTLEMENT, NO REFERENCE TO AMERICAN HOME, SENESCO, THE BELLINGHAM REPLACEMENT FLOATS, WARRANTY CLAIMS, RECORDS REQUESTED FROM WOODS HOLE, ETC.**

(c) Demands for insurance coverage and response thereto.

**RESPONSE: 1-LETTER TO ZURICH. NOTHING TO AMERICAN HOME, NO RESPONSES, & NO RECORDS OF MEETINGS OR RESOLUTION. (AMERICAN HOME INDICATES CONTACT WAS FIRST MADE BY THE TOWN 12/9/03---WE HAVE NO RECORD.)**

8/10/2005

(d) Proof of wind speed, wind direction, wave height, or any expert opinion or documentation used to establish same.

**RESPONSE: PARTIAL SGH REPORT (DOES NOT INCLUDE BACKUP OR 1/05 & OTHER DATA DELIBERATELY OMITTED BY THE TOWN) & CHILDS ENG'G REPORT (NO BACKUP).**

(e) All communications from the Town to GM or its surety since 12/7/03 including email.

**RESPONSE: SEE (a), ABOVE; NOTHING ELSE & NO EMAIL.**

(f) All records concerning modification of the dock system during construction, installation of the concrete floating docks, and removal of the wave attenuator or "breakwater" from the original project design.

**RESPONSE: RESIDENT ENGINEER'S DAILY/WEEKLY REPORTS, NO APPROVAL OF PILE HOOP CHANGE BY OWNER OR ENGINEER; 2 REFERENCES TO REMOVAL OF BREAKWATER; NO DESIGN CHANGE AS A RESULT, NO COPIES OR MINUTES RE: B'HAM PRESENTATION TO THE TOWN, NO RECORD OF AGM'S WARNING OR MINUTES REFERENCING SAME. RECORDS CONCERNING THE MAIN PIER PILE WERE PRODUCED; HOWEVER, NO RECORDS RELATING TO THE LATERAL LOAD OR OTHER TESTING OF FLOATING DOCK PILE, REDUCED PILE SIZE, FINGER PIER CONNECTION, REMOVAL OF CONCRETE SLEEVES, ETC.**

(g) Expert reports, opinions, calculations, drawings, or other written, printed or pictorial material, including electronic mail or other computer stored data, relating to or referencing the damage and fix of the dock system at the subject marina.

**SEE (d) & GARY GREENE'S CALCS. VIDEO & PHOTOS FURNISHED VIA AGM. NOTHING REGARDING THE FIX, DAMAGE ASSESSMENT, NO EMAIL, OTHER PHOTOS, WARRANTIES, B'HAM FLOATS; NOTHING ABOUT 1/5 VERSUS 12/3 DAMAGE, NO REFERENCE TO LOST RENTAL, NO SETTLEMENT DETAILS OR MEETING MINUTES, ETC.**

We await your reply. Thank you. Rosemary Hayes

This email message and any attachments are confidential and may be privileged. If you are not the intended recipient, please notify Hayes & Caraballo, P.L. immediately -- by replying to this message or by sending an email to postmaster@coast-law.com -- and destroy all copies of this message and any attachments. Thank you.For more information about Hayes & Caraballo, P.L., please visit us at http://www.const-law.com.

---

**From:** Richard T. Holland [mailto:RHolland@k-plaw.com]
**Sent:** Wednesday, June 29, 2005 4:04 PM
**To:** Rosemary Hayes
**Cc:** Kara Petruso
**Subject:** Provincetown MacMillan Pier/Southeast Floating Docks Inc.

Rosemary,

Just checking in with you to see how things went with your inspection. Please note that I will be out of the office until July 14, and in my absence, should you have any questions about Town documents or your inspection, or should you otherwise need to communicate with this office about this matter, you may contact Attorney David Doneski of this firm. Thank you, and have a great 4th of July.

Rick.

8/10/2005

Richard T. Holland
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007
(617) 654-1735 (fax)
rholland@k-plaw.com

This message and the documents attached to it, if any, are intended only for the use of the addressee and may contain information that is PRIVILEGED and CONFIDENTIAL and may contain ATTORNEY WORK PRODUCT. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please delete all electronic copies of this message and attachments thereto, if any, and destroy any hard copies you may have created and notify me immediately.

8/10/2005

## Richard T. Holland

**From:** Rosemary Hayes [rhayes@const-law.com]
**Sent:** Wednesday, June 15, 2005 2:24 PM
**To:** Richard T. Holland
**Cc:** Kara Petruso
**Subject:** RE: AGM/Southeast/Provincetown

████████ m very respectful of the Town's documents and will leave exactly as they were. Thank you.

This email message and any attachments are confidential and may be privileged. If you are not the intended recipient, please notify Hayes & Caraballo, P.L. immediately -- by replying to this message or by sending an email to postmaster@const-law.com -- and destroy all copies of this message and any attachments. Thank you. For more information about Hayes & Caraballo, P.L., please visit us at http://www.const-law.com.

**From:** Richard T. Holland [mailto:RHolland@k-plaw.com]
**Sent:** Wednesday, June 15, 2005 1:43 PM
**To:** Rosemary Hayes
**Subject:** RE: AGM/Southeast/Provincetown

████████████████████████████████████████████, and you MUST be respectful, please, of ███ documents and the order in which ██ ██ presented. How big is the scanner? I imagine its desktop sized? So, I will see you on June 27, you will bring your handy dandy scanner, and you will create a disc for me of whatever you create/scan.

Rick.

Richard T. Holland
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007
(617) 654-1735 (fax)
rholland@k-plaw.com

This message and the documents attached to it, if any, are intended only for the use of the addressee and may contain information that is PRIVILEGED and CONFIDENTIAL and may contain ATTORNEY WORK PRODUCT. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please delete all electronic copies of this message and attachments thereto, if any, and destroy any hard copies you may have created and notify me immediately.

>-----Original Message-----
>**From:** Rosemary Hayes [mailto:rhayes@const-law.com]
>**Sent:** Wednesday, June 15, 2005 1:45 PM
>**To:** Richard T. Holland
>**Subject:** RE: AGM/Southeast/Provincetown
>
>Yesterday. What is your problem with bringing a copier and making our own copies?

████████████████████████████████████████████████████████████████

8/10/2005

you want to keep track of what I scanned.

Exhibits must be ready in July. We need to provide info to our expert and he has to analyze, I need to prepare witness testimony and file our trial memorandum addressing legal issues.

This email message and any attachments are confidential and may be privileged. If you are not the intended recipient, please notify Hayes & Caraballo, P.L. immediately -- by replying to this message or by sending an email to postmaster@const-law.com -- and destroy all copies of this message and any attachments. Thank you. For more information about Hayes & Caraballo, P.L., please visit us at http://www.const-law.com.

---

**From:** Richard T. Holland [mailto:RHolland@k-plaw.com]
**Sent:** Wednesday, June 15, 2005 1:06 PM
**To:** Rosemary Hayes
**Subject:** RE: AGM/Southeast/Provincetown

All of the project documents are at the DPW. There are many, many documents. When do you need the copies by?

Richard T. Holland
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007
(617) 654-1735 (fax)
rholland@k-plaw.com

This message and the documents attached to it, if any, are intended only for the use of the addressee and may contain information that is PRIVILEGED and CONFIDENTIAL and may contain ATTORNEY WORK PRODUCT. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please delete all electronic copies of this message and attachments thereto, if any, and destroy any hard copies you may have created and notify me immediately.

-----Original Message-----
**From:** Rosemary Hayes [mailto:rhayes@const-law.com]
**Sent:** Wednesday, June 15, 2005 1:06 PM
**To:** Richard T. Holland
**Cc:** Kara Petruso
**Subject:** RE: AGM/Southeast/Provincetown

I must emphasize that I need to make copies while I am there to be ready to exchange exhibits the beginning of August. I will bring a copier and my paralegal to make copies. I will not wait for the Town to make copies and I am not coming back to Florida without copies. Please understand that the exhibits must be done on time or this is of no use to me. If I cannot make copies while I am there, let me know and I'll file w/the Court to request some reasonable method of getting copies on the 27-28.

The 68 pages is what you produced in response to my June 2004 letter and the subpoena. Same 68 pages and your cover letter made 69.

Then there was 27 pages (partial expert reports) the last week in May 2005 and the notebook at the hearing 6-1-5 (mostly useless stuff)

That's it. No meeting minutes, nothing else.

8/10/2005

LEONARD KOPELMAN
DONALD G. PAIGE
ELIZABETH A. LANE
JOYCE FRANK
JOHN W. GIORGIO
BARBARA J. SAINT ANDRE
JOEL B. BARD
JOSEPH L. TEHAN, JR.
THERESA M. DOWDY
DEBORAH A. ELIASON
RICHARD BOWEN
DAVID J. DONESKI
JUDITH C. CUTLER
KATHLEEN E. CONNOLLY
DAVID C. JENKINS
MARK R. REICH
BRIAN W. RILEY
DARREN R. KLEIN
JONATHAN M. SILVERSTEIN
ANNE-MARIE M. HYLAND
JASON R. TALERMAN
GEORGE X. PUCCI

EDWARD M. REILLY
  DIRECTOR WESTERN OFFICE
WILLIAM HEWIG III
JEANNE S. McKNIGHT

KOPELMAN AND PAIGE, P. C.
ATTORNEYS AT LAW
31 ST. JAMES AVENUE
BOSTON, MASSACHUSETTS 02116-4102

(617) 556-0007
FAX (617) 654-1735

PITTSFIELD OFFICE
(413) 443-6100

NORTHAMPTON OFFICE
(413) 585-8632

WORCESTER OFFICE
(508) 752-0203

KATHLEEN M. O'DONNELL
PATRICIA A. CANTOR
THOMAS P. LANE, JR.
MARY L. GIORGIO
MICHELE E. RANDAZZO
THOMAS W. MCENANEY
KATHARINE GOREE DOYLE
LAUREN F. GOLDBERG
JEFFREY A. HONIG
GREGG J. CORBO
RICHARD T. HOLLAND
ELIZABETH R. CORBO
MARIA C. ROTA
VICKI S. MARSH
JOHN J. GOLDROSEN
SHIRIN EVERETT
BRIAN E. GLENNON, II
JONATHAN D. EICHMAN
JOSEPH S. FAIR
LAURA H. PAWLE
CAROLYN M. MURRAY
JACKIE COWIN
SARAH N. TURNER
JEFFREY T. BLAKE
R. ERIC SLAGLE
CAROLYN KELLY MACWILLIAM
ANNE C. ROSENBERG
PETER L. MELLO

August 2, 2005

Rosemary H. Hayes, Esq.
Hayes & Caraballo, PL
830 Lucerne Terrace
Orlando, Fl 32801

Re:   Southeast Floating Docks, Inc. v. AGM Marine Contractors, Inc. et al.
      U.S. District Court, C.A. No. 05-10039-EFH

Dear Ms. Hayes:

As we discussed via email on or about July 18, I offer the following in response to your email of June 30, 2005, in connection with the above-referenced matter. In that email, you state that "there are hundreds of missing, material documents." This bald allegation has no merit and is deserving of no response other than the following: The Town has complied with the Court's June 2 order by providing you access to the Town's files for the MacMillan Pier project.

In your email you reiterate the requests for documents contained in the exhibit appended to the arbitration subpoena served on the Town in February 2005. Since the Town has provided you with access to the Town's project files, I do not intend to respond in detail to each such request. However, certain items should be noted for the record. First, as to your suggestion that you have not been provided with copies of all written demands made by or on behalf of the Town pursuant to G.L. c.93A in connection with the failure of the floating dock system, such demands were identified and provided to you with my letter dated July 8, 2004.

Second, regarding your suggestion that the Town did not provide a copy of the video recording of the December, 2003 storm, please be reminded that I provided a copy of this video to you with my letter of June 3, 2004. If you require additional copies of any materials already provided, I will be happy to do so at your expense.

**KOPELMAN AND PAIGE, P.C.**

Rosemary H. Hayes, Esq.
August 2, 2005
Page 2

Third, as for the settlement agreement between AGM Marine Contractors and the Town, it is my understanding that you have a copy of this agreement. If this is not true, please call me and I shall provide you with a copy.

Fourth, as for computer-stored data and electronic mail dated on or after December 1, 2003, I enclose hard copies of e-mails and documents which were compiled electronically and forwarded to me for printing and production to you. Hard copies of the enclosed documents, if such had been printed and filed by the Town, would have been included in the files inspected by you on June 27 and 28.

Finally, I have yet to receive a copy of the CD Rom containing the documents scanned by you during the June 27 and 28 inspection, which you had promised to provide in exchange for the Town permitting you to scan documents during your inspection. Please provide me with such CD Rom.

Should you have any questions, please call me.

Very truly yours,

Richard T. Holland

RTH/sjm
Enc.
cc: Town Manager
Public Works Director
Charles Schaub, Esq.

257090/PROV/0008

# Hayes & Caraballo, P.L.

830 Lucerne Terrace
Orlando, Florida 32801
Mailing Address:
Post Office Box 547248
Orlando, Florida 32854-7248
Tel. 407.649.9974
Fax. 407.649.9379
www.const-law.com

## FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Amanda Yun, Esq.<br>David Corkum, Esq. | Rosemary Hayes, Esq. |
| COMPANY: | DATE:<br>AUGUST 9, 2005 |
| FAX NUMBER:<br>(617) 406-4501 | TOTAL NO. OF PAGES INCLUDING COVER:<br>04 |
| PHONE NUMBER: | COPY TO:<br>Southeast Floating Docks, Inc. |
| RE:<br>Southeast Floating Docks, Inc.<br>adv. AGM Marine Contractors | COPY TO: |

Amanda and David,

Since you each are representing witnesses at arbitration, I am sending a single fax. We are requesting that a representative of SGH with the most knowledge appear at the arbitration on Thursday, August 18, 2005, at 1:00 p.m. and that Donald Harvie of FS&T appear at the arbitration on Friday, August 19, 2005, at 10:00 a.m. Case law, e.g., the attached, provides that subpoenas such as those issued for trial are enforceable. Please have your clients bring any "privileged" records withheld so that they may be reviewed by the arbitrator or otherwise addressed, as appropriate. This includes the 55 or so pages of data withheld by SGH, including any that are not accessible on the disk provided. To that end, we are still awaiting Ms. Yun's response to our request for specific files from the disk. Please advise as to when we may expect these records. Thank you.

Attorneys and Counselors at Law