# United States Court of Appeals
## For the First Circuit

No. 05-2262

SOUTHEAST FLOATING DOCKS, INC.,

Plaintiff, Appellant,

v.

TOWN OF PROVINCETOWN,

Defendant, Appellee.

Before

Boudin, Chief Judge,
Selya and Lipez, Circuit Judges.

JUDGMENT

Entered:  August 3, 2006

    This appeal arises from plaintiff's efforts to enforce the conditional proviso in an order of conditional dismissal. Southeast Floating Docks, Inc., a party in an arbitration proceeding, asked the district court to enforce an arbitral subpoena requiring a non-party--the Town of Provincetown--to produce documents in advance of the arbitration hearing. There is a circuit split as to whether the Federal Arbitration Act authorizes such a subpoena;[1] the Town, however, represented to the

---

[1] Compare Hay Group, Inc. v. E.B.S. Acquisition Corp., 360 F.3d 404, 406-11 (3d Cir. 2004) ("under Section 7 [of the FAA] . . . a non-party witness may be compelled to bring documents to an arbitration proceeding but may not simply be subpoenaed to produce documents"); COMSAT Corp. v. Nat'l Science Foundation, 190 F.3d 269, 278 (4th Cir. 1999) ("we hold today that a federal court may not compel a third party to comply with an arbitrator's subpoena for prehearing discovery, absent a showing of special need or hardship"), with In re Security Life Ins. Co. of America, 228 F.3d 865, 870-71 (8th Cir.

court that it would give Southeast access to <u>all</u> responsive documents in its files, excepting only documents protected by the attorney-client privilege.

The district court enforced the subpoena (after a fashion). It dismissed the case on condition that the Town comply ("and the Town of Provincetown is ordered to so comply") with its own representation. When Southeast moved for a finding of contempt, identifying with some precision the types of documents the Town had allegedly withheld, the district court summarily denied relief even as it summarily impounded certain documents from the files of the Town's consultant. Lacking findings as to whether the Town has complied with its representation, and unable to substitute findings of our own, we remand for further proceedings.

The parties agree on a few facts. Southeast manufactured a concrete floating dock system that was installed by AGM Marine Contractors, the general contractor for the Town's MacMillan Pier Project. The dock system failed during a Nor'easter in December 2003. Anticipating litigation, the Town retained engineering consultants to develop an analysis of the failure. It amicably settled its dispute with AGM, whereupon AGM replaced portions of the dock system and demanded reimbursement from Southeast. By the terms of their purchase contract, the demand was submitted to arbitration. The arbitrator has awarded AGM $389,703; Southeast's appeal of that decision is pending.

Southeast claims there was nothing wrong with its dock system: the Town "made a decision to go with a system that was not of adequate strength to withstand conditions in Provincetown, plain and simple." In Southeast's view, the critical issues in the arbitration include the "flawed wind and wave parameters specified by the original project engineers"; the weather conditions in Provincetown Harbor the night of the storm; the effect of an even more severe storm in January 2005 upon the remnants of the dock system; details of the Town's settlement with AGM; and the Town's insurance claims. The arbitral subpoena asked for documents that would have illuminated these issues. Yet, as Southeast averred when it moved for contempt, the Town has never provided

--"records of maintenance of and modifications to the dock system after installation";

--"records of damage attributable to <u>each</u> of the [two]

---

2000) ("implicit in an arbitration panel's power to subpoena relevant documents for production at a hearing is the power to order the production of relevant documents for review by a party prior to the hearing").

storms [December 2003 and January 2005]";

--"full results of investigations by the Town and its consultants";

--"details concerning the selection and design of the chosen fix";

--"backup and payment records," including "change order #8" and AGM's final application to the Town for payment;

--"record[s] of the Town's decision-making since the 7 December 2003 storm."

So far as we can tell, the Town never seriously disputed these allegations. Its counter-affidavit did not claim that the types of documents described by Southeast do not exist. Nor did the Town assert the attorney-client privilege as to particular documents that it may have withheld from its own files. This is essentially its entire argument on the merits: "[O]n June 27 and June 28, 2005, the Town allowed plaintiff's counsel to inspect thousands of non-privileged documents relating to the subject matter of the arbitration subpoena issued by the plaintiff to the Town." The Town opposed the contempt motion on procedural grounds, arguing that the request for attorney's fees had been denied in a previous order, and that Southeast had failed to confer with the Town beforehand in an attempt to narrow the issues, as required by Local Rule 7.1(a)(2).

The district court issued this order: "MOTION DENIED. THE MATTER HAS BEEN DENIED." Although we "ordinarily may assume that the judge gave careful consideration to the motion and weighed the appropriate factors," Microfinancial, Inc. v. Premier Holidays Int'l, 385 F.3d 72, 77 (1st Cir. 2004), the record does not "permit[] a clear understanding of why the district court ruled as it did." F.D.I.C. v. Ogden Corp., 202 F.3d 454, 460 (1st Cir. 2000). Southeast made a sworn, undisputed allegation that it did not find certain types of documents in the Town's files. Without a developed argument from the Town, we do not see how the court could have bypassed the issue--say, by concluding that any withholding of documents was too trivial to make out non-compliance with the conditional dismissal; or that the types of documents specified by Southeast were unlikely to exist. Even if the court had denied the motion for Southeast's alleged failure to confer with the Town (the alternative that the Town urges upon us), it would have been necessary to resolve the factual dispute raised by Southeast's contrary certification under Rule 7.1(a)(2).

The Town reminds us that a complainant must prove civil contempt by clear and convincing evidence. See Langton v.

Johnston, 928 F.2d 1206, 1220 (1st Cir. 1991). We are not saying that Southeast actually proved contempt--only that it made enough of a showing to warrant further proceedings (the parameters of which are specified below). Here as elsewhere in the law, the context matters. Review of the denial of a contempt motion "must be administered flexibly, with due regard for the circumstances." Id. A party trying to enforce a subpoena for documents it has never seen may need to establish non-compliance by inference, indeed, by circumstantial evidence, such as the absence of documents that arguably should have been created and preserved in the normal course. Southeast's showing may be bolstered by the consideration that a municipality has certain record-keeping requirements under the public record laws.

We turn now to the other order on appeal, the impoundment of 51 pages of documents from the files of Simpson, Gumpertz & Heger, Inc. (SGH), an engineering firm the Town says it retained in preparation for litigation against AGM and Southeast. The Town submitted these documents for in camera review when it moved for impoundment, citing the attorney-client privilege. We cannot tell from the bare order whether the court actually reviewed the documents. For its part, the Town avoids the issue even though it bears the burden of establishing the privilege.

The court was asked to review documents from which, as the SGH privilege log reveals, substantial attachments had been removed without explanation. The privilege log does not identify which of Town Counsel's communications with the consultant actually disclose (or tend to disclose) a prior client confidence. (Those communications are not themselves privileged merely because they may have been "required to discover facts necessary to provide adequate and informed legal advice and assistance to the Town," as Town Counsel asserted below.) See United States v. Ackert, 169 F.3d 136, 139 (2d Cir. 1999). Moreover, the Town appears to have withheld the corresponding documents from its own files. If its claim of privilege as to the SGH documents proves to be overbroad, the district court would have another reason to question the Town's compliance with the conditional dismissal.

In one of its filings below, the Town prophesied that "only [an in camera] review and order of this [District] Court will end the plaintiff's relentless efforts to obtain documents claimed by the Town as privileged." That is essentially what needs to take place on remand. The district court should first review the impounded documents in camera to assess the Town's claim of privilege. Next, the court should hold a hearing to determine whether the Town is in substantial compliance with the order of conditional dismissal. Depending on the results of the hearing and its review of the impounded documents, the court may find it useful to require the Town to provide a privilege log of all documents it

has withheld from its own files, and to submit all such documents for *in camera* review. Because the remand will require close and fact-intensive supervision, we presume that the court will designate a magistrate judge to hear and determine these matters.

Finally, although we appreciate the difficulties of settling an oblique dispute such as this, we note that the remand proceedings are likely to be time-consuming and expensive compared with the relatively small amount in controversy between AGM and Southeast. The parties may therefore wish to pursue talks and our CAMP program is available to assist in such efforts if the parties wish such assistance.

The denial of contempt is *vacated*, and the matter is *remanded* for further proceedings consistent with this opinion. All requests for attorneys' fees are *denied*. Costs to appellant.

By the Court:

Richard Cushing Donovan, Clerk.

Certified and Issued as Mandate under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

Deputy Clerk

Date: 8/24/06

By: _____
MARGARET CARTER
Chief Deputy Clerk.

[Certified Copies: Hon. Edward F. Harrington and Sarah Thornton, USDC Clerk ]

[cc: David G. Hanrahan, Esq., Leigh A. McLaughlin, Esq., Richard D. Vetstein, Rosemary Hannah Hayes, Esq, Tina L. Caraballo, Esq., David J. Doneski, Esq., Richard Thomas Holland, Esq. ]