UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 05CV11039EFH

SOUTHEAST FLOATING DOCKS, INC.,

      Plaintiff

v.

AGM MARINE CONTRACTORS, INC.,
CHILDS ENGINEERING CORPORATION,
AND THE TOWN OF PROVINCETOWN,

      Defendants

DEFENDANT TOWN OF
PROVINCETOWN'S SECOND
MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTION FOR
<u>CONTEMPT ORDER & SANCTIONS</u>

## INTRODUCTION

      The Town of Provincetown submits this memorandum in support of the Town's

opposition to plaintiff's Motion for Contempt Order & Sanctions ("Motion for

Contempt").  To avoid duplication of matters already addressed in the Town's prior

submissions to the Court in this litigation, the Town will address herein only certain

allegations raised in the Motion for Contempt, and refers the Court to the Town's initial

Memorandum in Opposition to Plaintiff's Motion for Contempt Order & Sanctions, filed

on or about July 15, 2005; and the Town's Memorandum in Opposition to Plaintiff's

Request for Attorneys' Fees and Costs and to Keep Case Open Pending Compliance With

Court Order,[1] filed on or about June 27, 2006.  For the Court's convenience, copies of

both memoranda (without exhibits) are attached hereto as Exhibits A and B, respectively.

---

[1] The Town's Memorandum in Opposition to Plaintiff's Request for Attorneys' Fees and Costs and to Keep
Case Open Pending Compliance With Court Order addresses the issue of the applicability of the attorney-
client privilege to the documents sealed pursuant to the Town of Provincetown's Emergency Motion to
Impound Pursuant to Local Rule 7.2, filed on or about July 15, 2005.

At issue is whether the Town complied with this Court's June 2, 2005, order (the "Order"). The Order was issued after a June 1, 2005, hearing regarding plaintiff's request to enforce a third-party arbitration subpoena against the Town. The subpoena was issued in connection with an arbitration between the plaintiff and defendant AGM Marine Contractors, Inc. ("AGM"), and it requested documents from the Town relating to the project known as the "MacMillan Pier Reconstruction" (the "Project").

At the June 1 hearing, the Town's counsel represented that the Town would permit the plaintiff to inspect the Town's non-privileged Project documents. The Order stated in part: "After a hearing . . . the Court orders the dismissal of the Complaint. . . . This dismissal is conditioned upon the Town of Provincetown complying with its representation to the Court . . . that it would provide the Plaintiff . . . access to such of its subpoenaed documents that are not covered by the attorney-client privilege." On June 27 and 28, 2005 the Town allowed plaintiff's counsel to inspect the Town's non-privileged Project files housed at the Department of Public Works ("DPW"), during which time plaintiff's counsel is believed to have scanned hundreds if not thousands of pages of documents.

<u>ARGUMENT</u>

The Town complied with the Order and, therefore, should not be held in contempt. To succeed on a motion for contempt, "a complainant must prove civil contempt by clear and convincing evidence." <u>Heidelberg Americas, Inc.</u> v. <u>Tokyo Kikai Seisakusho, LTD.</u>, 333 F.3d 38, 41 (1st Cir. 2003). In addition, "substantial compliance can avert a finding of contempt." <u>Id.</u> The plaintiff has not and cannot meet this burden, because the Town complied with the Order.

In summary, the plaintiff's subpoena requested the following documents relating to the Project:

1.     Demands made by the Town under G.L. c.93A;

2.     Written communications from December 1, 2003 to the date of the subpoena;

3.     Demands for insurance coverage and responses thereto;

4.     Proof of wind speed, wind direction, wave height, or any expert opinion regarding the same;

5.     Communications from the Town to AGM or AGM's surety for the Project since December 7, 2003;

6.     Records concerning modification to the dock system during construction;

7.     Expert opinions and reports relating to the damage and fix of the dock system.

All documents responsive to the above requests, if they existed and were not claimed by the Town as privileged, have already been provided to plaintiff's counsel or were included in the documents located at the DPW, which plaintiff's counsel inspected for two full days. Non-privileged documents responsive to item 1 above were provided to plaintiff's counsel by letter dated July 8, 2004, from the Town's counsel. A copy of that letter is attached to the Affidavit of Richard T. Holland that accompanied the Town of Provincetown's Memorandum in Opposition to Plaintiff's Application for Stay of Arbitration and Enforcement of Arbitration Subpoenas ("Opposition to Plaintiff's Application for Stay"), filed on or about June 1, 2005. Much of the communications regarding the Town's effort to obtain relief for the failure of the MacMillan Pier floating dock system, the issue that is the subject of this litigation and plaintiff's arbitration with AGM, were in the form of correspondence between counsel for the Town, AGM, and

AGM's surety (items 2 and 5). That correspondence was also provided to plaintiff's counsel by way of the July 8, 2004 letter from the Town's counsel.

Documents responsive to item 7 were provided to plaintiff's counsel before the June 1 hearing, as the transcript of that hearing indicates (T.12: 1-18). As to item 3, any printed demands for insurance and responses would have been included in the documents inspected by plaintiff's counsel. In addition, by letter from the Town's counsel dated August 2, 2005, plaintiff's counsel was provided a copy of a December 8, 2003 email from the Town's insurance agent, BY&D Insurance Agency, indicating that the Town did not have coverage on the pier or the failed floating dock system. Affidavit of Richard Holland ("Holland Affidavit"), submitted herewith, ¶6.

As to item 6, any responsive printed documents regarding modifications to the pier occurring during construction would have been included in the documents inspected by the plaintiff. Regarding item 4, any printed documents including information about wind speed and direction, and wave height during the December 2003 storm would have been included in the documents inspected by the plaintiff. In addition, the Town provided plaintiff with copies of such documents at a meeting at Town Hall on April 22, 2004, as memorialized in a letter from the Town's counsel to plaintiff's counsel, which is attached as an exhibit to the Affidavit of Richard T. Holland that accompanied the Town's Opposition to Plaintiff's Application for Stay. That information was also included with the documents identified in item 7, as discussed above.

Finally, the Town's counsel, by its August 2, 2005 letter, provided to plaintiff's counsel numerous printed emails and computer-stored data dated on or after December 2003. As stated in that letter: "Hard copies of the enclosed documents, if such had been

printed and filed by the Town, would have been included in the files inspected by you on June 27 and 28." Holland Affidavit, ¶6. Thus, other than non-privileged documents, the plaintiff has either been provided all responsive documents or been given the opportunity to inspect them. Therefore, the Town complied with the Order.

In Plaintiff's Affidavit of Added Time Spent & Documents Produced Filed [sic] in Support of Contempt Motion, which accompanied the Motion for Contempt, plaintiff argues that the following documents were not provided:

1. Records of maintenance of and modifications to the dock system after installation;

2. Damage attributable to each of the two storms;

3. Full results of investigations by the Town and its consultants;

4. Details concerning the selection and design of the chosen fix;

5. Payment records for change order no. 8 and AGM's final payment requisition; and

6. Records of the Town's decision-making since December 7, 2003.

Much of the information about which plaintiff complains was not responsive to the subpoena. As for item 1, the plaintiff's subpoena did not request records of maintenance of and modifications to the dock system after installation. It requested only records "concerning modification of the dock system during construction, installation of the concrete floating docks, and removal of the wave attenuator or 'breakwater' from the original project design." As for item 2, other than documents relating to the December 2003 storm, which is the subject of the dispute giving rise to this litigation and plaintiff's arbitration with AGM, the subpoena does not request information regarding the alleged

second storm. (Indeed, the Town has no idea what this other storm is, nor how it is at all relevant.)

As discussed above, plaintiff's counsel has been provided the documents identified in item 3. Further, the information identified in items 5 and 6 is also not responsive to the subpoena. Nevertheless, any non-privileged documents including information identified in items 1, 2, 5 and 6, if they existed, would have been included in the documents inspected by plaintiff's counsel, or provided to her before or at the June 1, 2005 hearing, or provided to her under cover of the letters from the Town's counsel referenced herein.

Item 4 asks for details concerning the selection and design of the chosen fix. Documents including this information would have been included in the documents inspected by plaintiff's counsel, and to the extent that such information was included in any of the expert materials provided to plaintiff's counsel before the June 1 hearing, discussed above, the plaintiff already has this information.

It should be noted that the Town's counsel offered to have the Town cull from its Project files those non-privileged documents deemed responsive to plaintiff's subpoena. Holland Affidavit, ¶2. Plaintiff's counsel refused that offer and instead chose to inspect the Town's non-privileged Project files herself, as indicated in a June 8, 2005 email from Attorney Rosemary Hayes, counsel for the plaintiff, to Attorney Richard Holland, counsel for the Town. Id. In exchange for the Town's agreement to allow her to scan documents during her inspection, Attorney Hayes promised to create and provide to the Town's counsel a CD Rom containing digital images of the documents scanned, as memorialized in a June 15, 2005 exchange of emails between Attorney Hayes and

Attorney Holland.  Holland Affidavit, ¶3.  On June 27 and 28, 2005, the Town permitted

Attorney Hayes to inspect the Town's non-privileged Project files, which were housed at

the offices of the Town's Department of Public Works.  Thus, the Town complied with

the Order.

      The plaintiff filed the Motion for Contempt on or about July 1, 2005.  As stated in

the Town's July 15 memorandum (Exhibit A), plaintiff's counsel failed to confer with the

Town's counsel in violation of Local Rule 7.1(A)(2).  In a good faith effort to confer with

plaintiff's counsel regarding the allegations in the Motion for Contempt, the Town's

counsel, by email dated July 18, 2005 to Attorney Hayes, requested a copy of the CD

Rom, which Attorney Hayes had promised to provide to the Town.  Holland Affidavit,

¶4.  Attorney Hayes never provided the CD Rom.  Holland Affidavit, ¶6.

      Nonetheless, by email dated August 5, 2005, the Town's counsel, in good faith,

emailed to Attorney Hayes certain photographs taken during the December 2003 storm

that was the subject of plaintiff's arbitration with AGM.  As stated in that email: "You

may already have these [photographs], but because you have apparently reneged on your

agreement to provide me with a CD Rom of the documents scanned during your June

inspection of documents . . . I cannot know whether you scanned these photographs

during your inspection."  Holland Affidavit, ¶5.

      In his August 5 email, Attorney Holland referenced his "recent correspondence"

of August 2, 2005.  Holland Affidavit, ¶6.  That correspondence was in response to

Attorney Hayes' email of June 30, 2005, in which Attorney Hayes alleged that she could

not find certain documents in the Town's non-privileged Project files.  As discussed

above, enclosed with Attorney Holland's August 2 letter were hard copies of emails and

other documents.  In that letter, Attorney Holland stated:  "Finally, I have yet to receive a copy of the CD Rom containing the documents scanned by you during the June 27 and 28 inspection, which you had promised to provide in exchange for the Town permitting you to scan documents during your inspection.  Please provide me with such CD Rom."  Holland Affidavit, ¶6.   Attorney Hayes never responded to that request and never provided the CD Rom.  Holland Affidavit, ¶6.

In "Plaintiff's Affidavit of Added Time Spent & Documents Produced Filed [sic] in Support of Contempt Motion" (Exhibit A, page 3 (June 28, 2005 entries)), Attorney Hayes indicates that 16 hours were spent scanning documents during her June 2005 document inspection.  Thus the Town believes that the CD Rom, if one was even created, would contain thousands of pages of documents and belie plaintiff's allegation that virtually no responsive documents were contained within the Town's Project files.

Contrary to plaintiff's allegations, the Town has complied with the Order, and the plaintiff has failed to carry its burden to prove the contrary with clear and convincing evidence.  The Town provided plaintiff access to the Town's non-privileged Project files in accordance with the Order and as requested by plaintiff's counsel.  In addition, plaintiff's counsel has failed and refused to confer in good faith with the Town's counsel in connection with the allegations contained in the Motion for Contempt.  Therefore, that motion should be denied.

<u>CONCLUSION</u>

For the foregoing reasons, plaintiff's Motion for Contempt should be denied.

TOWN OF PROVINCETOWN

By its attorneys,


/s/ David J. Doneski
David J. Doneski (BBO# 546991)
Richard T. Holland (BBO# 632661)
Kopelman and Paige, P.C.
  Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

CERTIFICATE OF SERVICE

I hereby certify that on the below date, I served on counsel by hand and/or regular mail a copy of the foregoing Memorandum in Opposition to Plaintiff's Motion for Contempt.

DATED:  October 17, 2006                    _____

                                            Richard T. Holland

295826/24207/0008

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 05CV11039EFH

SOUTHEAST FLOATING DOCKS, INC.,

Plaintiff

v.

AGM MARINE CONTRACTORS, INC.,
CHILDS ENGINEERING CORPORATION,
AND THE TOWN OF PROVINCETOWN,

Defendants

TOWN OF PROVINCETOWN'S
MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTION FOR
CONTEMPT ORDER & SANCTIONS

The Court dismissed this matter by order dated June 2, 2005. A copy of that order is attached hereto as Exhibit A. Pursuant to that order, the Town permitted plaintiff's counsel to inspect non-privileged documents in the possession of the Town on June 27 and 28, 2005. Plaintiff's current motion—Motion for Contempt Order & Sanctions—is the second motion filed by the plaintiff following the dismissal of this matter. Yet, plaintiff's motion requests the same relief that was denied by this Court via the June 2 order dismissing this action, and the Court's July 7, 2005 order denying the plaintiff's Motion for Attorneys' Fees and Costs, which was filed on June 16. The plaintiff has essentially re-filed the same motion. For this reason, the plaintiff's motion should be denied.

Further, the plaintiff's motion must be denied because plaintiff's counsel failed (again) to comply with local Rule 7.1(A)(2). That rule requires that counsel confer in an attempt to narrow the issues of a motion. Plaintiff's counsel failed to confer with counsel for the Town regarding the pending motion. On page 8 of the plaintiff's motion,

1

plaintiff's counsel claims to have conferred with Town Counsel in accordance with Rule 7.1. Such assertion is false.

By email sent June 29, 2005 to plaintiff's counsel, Attorney Richard Holland inquired about the progress of plaintiff's document inspection; advised plaintiff's counsel that Attorney Holland would be out of the office until July 14, 2005; and advised that, in Attorney Holland's absence, questions about Town documents should be directed to Attorney David Doneski of Kopelman and Paige, P.C. See Affidavit of Richard T. Holland, submitted herewith, ¶2. Plaintiff's counsel responded to this email by email sent June 30, 2005. In that email, plaintiff's counsel alleges that "hundreds" of documents were "missing" from the documents set out for inspection by the Town on June 27 and 28. See Affidavit of David J. Doneski, submitted herewith, ¶2 ("Doneski Affidavit").

On June 30, 2005, Attorney Doneski called plaintiff's counsel. Doneski Affidavit, ¶4. During that telephone conversation, Attorney Doneski advised plaintiff's counsel that he would confer with the Town regarding the allegations raised in counsel's June 30 email, and that after doing so he would call plaintiff's counsel to respond to such allegations. Doneski Affidavit, ¶4. At no time during that telephone conversation did plaintiff's counsel advise Attorney Doneski that she intended to file a motion for contempt with the Court. Doneski Affidavit, ¶5. From the billing records attached as Exhibit A to counsel's affidavit, however, it is clear that plaintiff's counsel was already preparing such motion on June 30.

Surprisingly, without notice to Town Counsel, plaintiff's counsel filed the Motion for Contempt Order & Sanctions on July 1, the day after plaintiff's counsel spoke with

Attorney Doneski. Even more surprising, plaintiff filed this motion even though its Motion for Attorneys' Fees and Costs was then pending before the Court. That previously filed motion was denied by the Court on July 7, 2005.

Clearly, plaintiff's counsel has not complied with Rule 7.1(A)(2). Indeed, plaintiff's counsel, by her conduct, has made evident that she has no intention of complying with that rule.[1] The certification by plaintiff's counsel that she has complied with Rule 7.1(A)(2) is a flagrant violation of that rule and an affront to the Court. Plaintiff's disregard of Rule 7.1(2) requires the denial of its motion. "Once local rules have been properly promulgated, lawyers and litigants are duty bound to comply with them." In re: Jarvis, 53 F.3d 416, 422 (1st Cir. 1995).

In the event that the Court decides to hear plaintiff's motion, the motion should be denied because the Town is in compliance with the Court's June 2 order. Pursuant to that order, on June 27 and June 28, 2005, the Town allowed plaintiff's counsel to inspect thousands of non-privileged documents relating to the subject matter of the arbitration subpoena issued by the plaintiff to the Town. In any event, in a spirit of cooperation and in accordance with Rule 7.1(A)(2), Town Counsel will, at plaintiff's request, confer with plaintiff's counsel regarding the allegations raised in the motion.

<u>CONCLUSION</u>

For the foregoing reasons, Southeast's motion should be denied.

**REQUEST FOR ORAL ARGUMENT**

---

[1] Plaintiff's counsel also failed to confer with Town Counsel prior to filing the Motion for Attorneys' Fees and Costs, which was filed on June 16, 2005, and denied by this Court on July 7, 2005.

3

TOWN OF PROVINCETOWN

By its attorneys,

David J. Doneski (BBO# 546991)
Richard T. Holland (BBO# 632661)
Kopelman and Paige, P.C.
  Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

## CERTIFICATE OF SERVICE

I hereby certify that on the below date, I served on counsel of record by first class mail, postage prepaid,  a copy of the foregoing Memorandum in Opposition to Plaintiff's Motion for Contempt.

DATED: 9-15-05

Richard T. Holland

256174/24207/0008

4

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

SOUTHEAST FLOATING DOCKS, INC.,
Plaintiff

v.

AGM MARINE CONTRACTORS, INC.,
ET AL.,
Defendants.

CIVIL ACTION NO.:
05-10039-EFH

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## O R D E R

June 2, 2005

HARRINGTON, S.D.J.

After a hearing conducted on June 1, 2005, the Court orders the dismissal of the Complaint to Stay Arbitration Proceeding and Enforce Arbitration Subpoenas.

This dismissal is conditioned upon the Town of Provincetown complying with its representation to the Court, and the Town of Provincetown is ordered to so comply, that it would provide the Plaintiff Southeast Floating Docks, Inc., access to such of its subpoenaed documents that are not covered by the attorney-client privilege.

SO ORDERED.

/s/ Edward F. Harrington
EDWARD F. HARRINGTON
United States Senior District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 05CV11039EFH

SOUTHEAST FLOATING DOCKS, INC.,

Plaintiff

v.

AGM MARINE CONTRACTORS, INC.,
CHILDS ENGINEERING CORPORATION,
AND THE TOWN OF PROVINCETOWN,

Defendants

TOWN OF PROVINCETOWN'S
MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES AND COSTS,
AND TO KEEP CASE OPEN
PENDING COMPLIANCE WITH
COURT ORDER

INTRODUCTION

This matter arises out of the reconstruction of the Town of Provincetown's

MacMillan Pier (the "Project"). The Town retained the engineering firm of Fay,

Spofford & Thorndike ("FST"), who prepared performance specifications for the Project.

After the solicitation of bids pursuant to M.G.L. c.30, §39M, the Town entered into a

general contract with AGM Marine Contractors, Inc. ("AGM"). As part of the Project,

AGM installed a concrete floating dock system manufactured by Southeast Floating

Docks, Inc. ("Southeast").

The floating dock system failed during a storm that occurred in December of

2003. A dispute arose among the Town, AGM and Southeast as to which party was

responsible for such failure. The Town asserted that the failure was a direct result of

deficiencies in the dock system, and that responsibility for the failure lay with AGM and

Southeast. The Town notified AGM and Southeast of its claims for relief and, in

anticipation of litigation, retained Childs Engineering Corp. ("Childs") and Simpson

1

Gumpertz & Heger Inc. ("SGH") to develop an analysis of the causes of the failure of the dock system. Eventually, the Town and AGM settled their dispute.

In October of 2004, AGM and Southeast initiated an arbitration proceeding pursuant to their purchase contract for the dock system. In connection with that arbitration and at the request of Southeast, the arbitrator issued subpoenas duces tecum to the Town of Provincetown, FST and Childs. In the subpoenas, Southeast requested various documents, including those protected from disclosure by the attorney-client privilege.

A hearing on plaintiff's application to enforce the arbitration subpoenas was held on June 1, 2005. At that hearing, Town Counsel represented that the Town has been and continues to be willing to produce to Southeast documents responsive to the arbitration subpoena except for documents that the Town deems protected from disclosure by the attorney-client privilege. As of the date of the hearing, Town Counsel had identified 9 one-page documents that the Town deemed so protected (the "Privileged Documents"). The Privileged Documents are identified on a spreadsheet prepared by FST, the project engineer for the Provincetown MacMillan Pier Reconstruction project. This spreadsheet was submitted by the plaintiff at the June 1 hearing.[1]  See Affidavit of Richard Holland, submitted herewith ("Holland Affidavit"), ¶7. The Privileged Documents constitute or memorialize communications between Town Counsel and FST that were necessary for Town Counsel to provide adequate and informed legal advice and assistance to the Town in connection with anticipated litigation against Southeast and AGM. Holland Affidavit,

---

[1] The spreadsheet is attached as Exhibit B (page 11) to Plaintiff's Exhibits, Hearing on Complaint to Stay Arbitration and Enforce Subpoenas. The documents claimed as privilege by the Town are identified as numbers 120 – 121, and 123 – 128.

¶5. At the June 1 hearing, the Court reviewed the Privileged Documents and took the matter under advisement. Holland Affidavit, ¶4.

After reviewing the Privileged Documents at the hearing, this Court issued an order dated June 2, 2005 dismissing the action, subject to the Town providing to Southeast "access to such of its subpoenaed documents that are not covered by the attorney-client privilege." (emphasis added)  Notwithstanding this order, by letter dated June 3, 2005 and addressed to Attorney David Corkum (counsel for FST), plaintiff's counsel knowingly obtained the Privileged Documents. Holland Affidavit, ¶9. Nowhere in that June 3 letter did plaintiff's counsel advise Attorney Corkum that the Court had reviewed the Privileged Documents at the June 1 hearing.

By email to plaintiff's counsel at 10:19 AM on June 6 (Monday), Town Counsel advised plaintiff's counsel that Attorney Corkum had delivered to her a Federal Express package containing documents from the files of FST, and that such package included the Privileged Documents. Holland Affidavit, ¶11. Town Counsel requested that plaintiff's counsel return such package to the office of Town Counsel unopened so as to protect the Town's privilege. Holland Affidavit, ¶11. By email to Town Counsel at 10:57 AM on June 6, plaintiff's counsel advised that she had not seen the Federal Express package from Attorney Corkum. Holland Affidavit, ¶12. During a telephone conversation on June 6, Town Counsel again requested that plaintiff's counsel deliver, unopened, to the office of Town Counsel the Federal Express package from Attorney Corkum, and that Town Counsel would remove the Privileged Documents and return the remaining documents to plaintiff's counsel. Holland Affidavit, ¶13. Plaintiff's counsel stated that she had not yet received any package from Attorney Corkum, but that she would not, in

3

any event, return the Privileged Documents to Town Counsel, as requested.  Holland
Affidavit, ¶13.  By letter dated June 7, 2005 to plaintiff's counsel, Town Counsel
objected to the plaintiff's conduct, and plaintiff's counsel was again asked to return the
Privileged Documents to Town Counsel immediately.  Holland Affidavit, ¶14.  As of this
date, plaintiff's counsel has not responded to this letter, and she has not returned the
Privileged Documents.[2]

By facsimile transmittal dated June 17, 2005 to Donald Dusenberry of SGH,
plaintiff's counsel, under threat of court action, demanded that SGH produce all
documents responsive to an arbitration subpoena issued to SGH by the plaintiff.  Holland
Affidavit, ¶15.  By letter dated June 17, 2005, Town Counsel reminded plaintiff's counsel
that SGH was retained by the Town in anticipation of litigation against AGM and
Southeast, and for the purpose of preparing for the same; and that certain documents
protected from disclosure by the attorney-client privilege contained within the files of
SGH would not be provided to the plaintiff, in accordance with the Court's June 2 order.
Holland Affidavit, ¶16.  Despite Town Counsel's letter of June 17, plaintiff's counsel
continues to demand production from SGH of documents deemed privileged by the
Town.  Holland Affidavit, ¶17.

By letter dated June 16, 2005, plaintiff's counsel requested that Attorney John
Connarton, counsel for Childs, "revisit" the matter of the arbitration subpoena issued by
the plaintiff to Childs.  Holland Affidavit, ¶19.  Town Counsel had previously advised
plaintiff's counsel that Childs, like SGH, was retained by the Town in anticipation of

---

[2] It is clear from Exhibit 1 to plaintiff's Affidavit of Attorney's Fees and Costs Incurred, which was
submitted with the plaintiff's motion, that plaintiff's counsel reviewed the privileged documents on June 7,
2005, after having been requested not to do so by Town Counsel on June 6.  On page 3 of that exhibit is an
entry for June 7, 2005, which plaintiff's counsel has unsuccessfully (and curiously) attempted to redact.
That entry states:  "Receipt and review of material withheld at the Town's request by FS&T. . . ."

litigation, and for the purpose of preparing for the same, and that the Town was claiming

as privileged those communications between Town Counsel and Childs.  Holland

Affidavit, ¶22.  Despite having been so advised, plaintiff's counsel never provided Town

Counsel with a copy of this letter.  Holland Affidavit, ¶19.

ARGUMENT

1.    The Plaintiff Has Failed to Comply with F.R.C.P. 59 and F.R.A.P. 3

The relief sought by the plaintiff is not available by way of the motion it has filed.

The plaintiff is required to appeal this Court's order of June 2.  That order dismissed the

plaintiff's complaint, which included a request for attorneys' fees in prayer no. 6.  The

plaintiff failed to move to alter or amend the order pursuant to F.R.C.P. 59(e).  That rule

states: "Any motion to alter or amend a judgment shall be filed no later than 10 days

after entry of the judgment."  The plaintiff never filed such a motion and the time to do so

has expired.

Now, however, it has filed what is, essentially, a motion for reconsideration of the

rejected request for attorneys' fees—plaintiff's second bite at the apple.  Such a motion is

improper, though, because the Court's order constitutes a final judgment under Rule 58,

and the plaintiff is required to appeal such a judgment in accordance with F.R.A.P. 3.

Rule 3(a)(1)) states: "An appeal permitted by law as of right from a district court to a

court of appeals may be taken only by filing a notice of appeal with the district clerk

within the time allowed by Rule 4."  Therefore, the plaintiff's motion must be denied.

2.    The Plaintiff Has Violated Local Rule 7.1(2).

Local Rule 7.1(2) requires that counsel confer in an attempt to narrow the issues

of a motion.  Plaintiff's counsel has failed to confer with counsel for the Town regarding

5

the pending motion. <u>Holland Affidavit</u>, ¶24. Plaintiff's disregard of Rule 7.1(2) requires

the denial of its motion. "Once local rules have been properly promulgated, lawyers and

litigants are duty bound to comply with them." <u>In re: Jarvis</u>, 53 F.3d 416, 422 (1st Cir.

1995).

        3.      <u>Plaintiff's Motion Should be Denied Because the Town is in<br>Compliance with the Court's June 2, 2005 Order</u>

In the event that the Court decides to hear plaintiff's motion, the Town submits

the following in opposition. The plaintiff's motion should be denied because the Town is

in compliance with the Court's June 2 order. Plaintiff's counsel and Town Counsel have

agreed that the plaintiff may inspect Town documents, in accordance with the order, on

June 27, 2005. Contrary to the plaintiff's allegations, it is the plaintiff who has violated

the Court's order. As stated above, the documents constituting communications between

Town Counsel and FST, which the Town has claimed as privileged, were reviewed by the

Court at the June 1 hearing. Despite this review and the Court's order that privileged

documents need not be produced, the plaintiff intentionally and improperly demanded the

privileged documents from counsel for FST on or about June 7, 2005.

Though the Town prefers not to waste this Court's time with unhelpful

recriminations, the Town must respond briefly to the accusatory allegations contained in

plaintiff's memorandum. The plaintiff suggests that the Town has placed unreasonable

restrictions on its access to documents. In support, the plaintiff has attached as Exhibit A

to its memorandum an email from Town Counsel to plaintiff's counsel, in which Town

Counsel establishes reasonable parameters for the document inspection, including the

requirement that any copies of documents be made after the plaintiff's inspection by the

Town, and that such inspection be completed in a single day. Curiously, the plaintiff fails

to inform this Court that following the email in question and before the filing of

plaintiff's motion, plaintiff's counsel and Town Counsel agreed that the plaintiff may

scan documents during the document inspection, and that if the plaintiff requires two

days to complete the inspection, it may continue the inspection on June 28. Holland

Affidavit, ¶¶20 – 21.

Moreover, the plaintiff presents Town Counsel's email out of context, and fails to

advise the Court that such email was preceded by plaintiff's having knowingly obtained

documents that the Town claimed as privileged in violation of the Court's June 2 order.

Furthermore, Town Counsel's email was part of a larger email exchange between

counsel, which exchange included emails from plaintiff's counsel accusing the Town and

Town Counsel of engaging in improper conduct.  To illustrate:  Despite having been

advised that the Town intended to comply with the Court's June 2 order, plaintiff's

counsel, in an email to Town Counsel dated June 14, 2005, stated:

> According to Mass law, I can ask for public records and walk in off the
> street to look at them.  You have ample notice to the extent that you
> continue to avoid producing records that will unseat the charade that's
> been knowingly and deliberately concocted.  You should be ashamed of
> yourself.  GOVERN YOURSELF ACCORDINGLY.  (emphasis in the
> original)

In an email dated June 15, 2005, plaintiff's counsel, referring to AGM (the general

contractor), the Town, FST (project engineer), and Town Counsel, states: "This is like a

bad mystery that includes a felonious contractor, political cover-ups, bumbling engineers

and an unscrupulous lawyer.  I have no time or patience for your games.  This is Florida,

not Hooterville." Holland Affidavit, ¶23.

Apparently having convinced herself that there is some conspiracy afoot,

plaintiff's counsel has aggressively sought access to documents claimed as privileged by

the Town despite the Court's June 2 order. Paradoxically, the more the plaintiff seeks

and fails to find evidence to corroborate the suspected conspiracy, the more strongly the

plaintiff believes that such a conspiracy exists. Rather than being seen (logically) as

evidence of the absence of any conspiracy, the lack of any evidence supporting a

conspiracy is perceived and invoked by the plaintiff as <u>proof</u> of a conspiracy. As a result

of this illogic, the plaintiff accuses the Town and Town Counsel, without any

substantiation and at significant expense to all parties, of engaging in a bad faith effort to

conceal exculpatory evidence from the plaintiff. Curiously, what the plaintiff fails and

refuses to acknowledge in its memorandum is that it is now in possession of the work

product of three experts—one retained by AGM and two retained by the Town—

indicating that the product manufactured by the plaintiff failed to comply with the

performance criteria contained in the contract documents for the project.[3]

     The Town again invites the Court to review, in-camera, the documents claimed as

privileged by the Town. It is the Town's position that only such a review and order of

this Court will end the plaintiff's relentless efforts to obtain documents claimed by the

Town as privileged. In addition, the Court could then confirm for the plaintiff that such

documents do not indicate any evidence of an alleged conspiracy. Accordingly, such

documents are submitted herewith (to the Court only). These documents constitute or

memorialize communications between Town Counsel and the Project engineer, FST, and

between Town Counsel and SGH, the consultant retained by the Town to prepare for

litigation. <u>Holland Affidavit</u>, ¶¶5 and 18. The sole purpose of these communications was

---

[3] Indeed, the only document that the plaintiff discusses in the whole of its complaint in this matter is the report prepared by Childs. As the Court was informed at the June 1 hearing, the plaintiff was provided a copy of this report well before the date of that hearing.

to allow Town Counsel to obtain information necessary to provide to the Town adequate and informed legal advice. Holland Affidavit, ¶¶5 and 18.

The attorney-client privilege protects from disclosure communications, written or verbal, made by and between an attorney and his client for the purpose of giving and/or seeking legal advice or assistance. See Winchester Capital Management Company, Inc. v. Manufacturers Hanover Trust Company, 144 F.R.D. 170, 172 (D. Mass. 1992) ("Winchester Capital"). "[D]isclosure to a third party who is identified with the party claiming the privilege and to whom disclosure is reasonable and necessary in order for all the facts to be made known to the attorney does not waive the [attorney-client] privilege." Id. at 172. In Winchester Capital, the defendant sought to compel deposition testimony concerning an opinion letter prepared by an attorney for the plaintiff, Winchester Capital Management Company, Inc. ("Winchester"). The opinion letter was prepared during the time when the plaintiff and defendant were engaged in contract negotiations, which gave rise to the litigation. That opinion letter was shared with a Michael Chiusano, a third-party independent contractor of the plaintiff, during a meeting attended by Chiusano, a principal of Winchester, and Winchester's attorney.

The court found that the opinion letter "is the type of document which is ordinarily privileged and intended to be confidential." That it had been provided to and discussed with an independent contractor of Winchester, did not waive this privilege. The court reasoned:

> Mr. Chiusano, at least in the context of the Opinion Letter, falls into the exception which provides that disclosure to a third party who is identified with the party claiming the privilege and to whom disclosure is reasonable and necessary in order for all facts to be made known to the attorney does not waive the privilege. [Id. at 172]

The principle discussed in <u>Winchester Capital</u> has also been recognized by the Massachusetts Superior Court. <u>See</u> <u>Dedham-Westwood Water District</u> v. <u>National Union Fire Insurance Company of Pittsburgh</u>, et al., 2000 WL 33419021 (Mass.Sup.Ct. 2000) (quoting <u>Winchester Capital</u>) (copy attached). Town Counsel's communications with FST and SGH, which were required to discover facts necessary to provide adequate and informed legal advice and assistance to the Town, are protected from disclosure by the attorney-client privilege. Therefore, the plaintiff should be denied access to such documents.

The Town further requests that the Court order the plaintiff to return to Town Counsel all copies of the Privileged Documents improperly obtained from counsel for FST; sanction the plaintiff for obtaining such documents in contravention of this Court's June 2 order; and order the plaintiff to pay the Town's reasonable attorneys' fees in opposing plaintiff's motion.

CONCLUSION

For the foregoing reasons, Southeast's motion and request for attorney's fees and costs should be denied, and Southeast should be sanctioned for violating an order of this Court and ordered to pay the Town's reasonable attorneys' fees in defending against this motion.

**REQUEST FOR ORAL ARGUMENT**

TOWN OF PROVINCETOWN

By its attorneys,

David J. Doneski (BBO# 546991)
Richard T. Holland (BBO# 632661)
Kopelman and Paige, P.C.
  Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

## CERTIFICATE OF SERVICE

I hereby certify that on the below date, I served on counsel of record by first class mail, postage prepaid, a copy of the foregoing Memorandum in Opposition to Plaintiff's Motion for Attorneys' Fees and Costs and to Keep Case Open Pending Compliance with Court Order.

DATED: June 27, 2005

Richard T. Holland

254376/24207/0008

11