UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SOUTHEAST FLOATING DOCKS, INC.,

       Plaintiff,                    CIVIL ACTION NO.:
                                     1:05-CV-11039-EFH

v.

AGM MARINE CONTRACTORS, INC.,
CHILDS ENGINEERING CORPORATION,
and THE TOWN OF PROVINCETOWN,

       Defendants.
_____/

**<u>MOTION TO REOPEN CASE, ENFORCE APPELLATE MANDATE, & FOR
EXTENSION OF TIME TO PERFECT APPEAL & TO STRIKE PROVINCETOWN'S
UNAUTHORIZED RESPONSE & AFFIDAVIT</u>**

Pursuant to Federal Rule of Civil Procedure 60, Plaintiff, Southeast Floating

Docks, Inc. ("Southeast") moves the Court to revisit its October 18, 2006 Order closing

this case and for other relief. (Doc. 42)

**I.    MOTION TO REOPEN CASE**

Relief is requested so that the case may be reopened and the opinion rendered

by the First Circuit Court of Appeal enforced, a copy of which is Exhibit "1." In particular,

Southeast moves this Court to follow the appellate mandate by appointing a **magistrate**

**judge** to conduct proceedings and render the detailed factual findings necessary to

resolve this case.[1]

An appellate court will not second guess the lower court in dealing with a case on

remand if it has not given clear instructions.  See, e.g., <u>Andover Newton Theological</u>

<u>Sch. v. Cont'l Cas. Co.</u>, 964 F.2d 1237, 1240 (1st Cir. 1992).   Appellate courts

---

[1] Pursuant to local rule, counsel for the Town was consulted and objects to Southeast's request
to appoint a magistrate judge and other relief requested. L.R., D. Mass. 7.1(a)(2).

recognize that the remanding court may face issues that were not decided on appeal, however, the remanding court MUST respect the issues actually determined by the appellate court.  See, e.g., Biggens v. Hazen Paper Co., 11 F.3d 205, 209 (1st Cir. 1997)(citation omitted).  The "mandate is completely controlling as to all matters before the appellate court and disposed of by its decree."  See, e.g., Elias v. Ford Motor Co., 734 F.2d 463, 465 (1st Cir. 1984)(citations omitted).

In this case, the appellate court clearly instructed this Court to (1) determine whether the impounded documents are privileged and (2) determine whether the Town substantially complied with conditional order of dismissal.  A copy of the opinion is attached hereto as Exhibit "1" and for ease of reference, the relevant portion copied below:

> In one of its filings below, the Town prophesied that "only [an in camera] review and order of this [District] Court will end the plaintiff's relentless efforts to obtain documents claimed by the Town as privileged."  That is essentially what needs to take place on remand.  The district court should first review the impounded documents in camera to assess the Town's claim of privilege.  Next, the court should hold a hearing to determine whether the Town is in substantial compliance with the order of conditional dismissal.  Depending on the results of the hearing and its review of the impounded documents, the court may find it useful

> to require the Town to provide a privilege log of all documents it has withheld from its own files, and to submit all such documents for in camera review.  Because the remand will require close and fact-intensive supervision, we presume that the court will designate a magistrate judge to hear and determine these matters.

The Court determined that certain documents described as "designated Exhibit 1, containing 53 pages [and] Exhibit 2, containing 9 pages" were not privileged and

ordered them be produced to Southeast.[2] (Doc. 42) However, in closing the case, the Court inadvertently failed to carry out the remainder of the mandate.

The above language from the attached opinion directs the Court to appoint a magistrate who may conduct an evidentiary hearing. (Exhibit "1") At the hearing on October 17, 2006, the Court mentioned appointing a master and the associated costs; however, respectfully, "**designat[ing] a magistrate judge to hear and determine these matters**" is what the appellate tribunal directed and will not result in added expense. Id.

## II.    MOTION TO STRIKE FILINGS NOT AUTHORIZED BY RULE

Southeast moves to strike the Town's "Second Memorandum" in response to Southeast's earlier motion to keep the case open. (Doc. 39) The Town previously responded to the motion. (Doc. 13, 15) Local Rule 7.1(b)(3), authorizes a motion and a response, any additional papers require leave of court. Having failed to obtain leave of court, the unauthorized filing should be stricken from the record.  The Town also did not solicit agreement from undersigned counsel in regard to its unauthorized "second response," another reason to grant Southeast's motion to strike.   LR, D. Mass. 7.1. Alternatively, Southeast requests leave of the Court to reply.

The unauthorized filing is particularly troubling as it ignores the law of the case and describes records never previously produced.  For the first time, the affidavit of Attorney Holland reflects the Town previously provided an email from the insurance agent, which email is not attached to the affidavit. (Doc. 41) Having combed through

---

[2] Unfortunately, upon diligent inquiry to the Clerk, undersigned counsel was unable to confirm that the "Exhibits" are the impounded records, which apparently presently remain under seal. The copies ordered have not been received as of this date so as to attempt to corroborate what is described as (2) Exhibits.

multiple copies of the letter and materials that purport to include this attachment, Mr. Holland is simply in error. The Town also cries foul over not receiving a CD, but fails to mention it has never requested the CD in this case, e.g. by request to produce pursuant to Fed. R. Civ. P. 34. Southeast's response, if necessary, will address these issues and the merits.

Wherefore, Southeast seeks an Order

(a)    reopening the case and enforcing the appellate mandate by appointing a magistrate judge pursuant to Exhibit "1"; and,

(b)    striking the offending affidavit and "second response" by the Town of Provincetown.

## MOTION FOR EXTENSION OF TIME TO PERFECT APPEAL

This motion, filed within 10 days of the Order, stays rendition of the Order for purposes of appeal. Fed. R. App. P. 4(a)(4)(A)(vi). In the alternative, and in an abundance of caution, Southeast moves for an extension of time in which it may appeal the October 18, 2006 Order closing the case until 10 days after the Court enters its order on this motion. Fed. R. App. P. 4(a)(5).

The decision to grant the request for an extension of time rests within the sound discretion of this Court. See, e.g., Local Union No. 12004, United Steel Workers of Am. v. Mass., 377 F.3d 64, 72 (1st Cir. 2004). Southeast's request is based on good cause and in the interest of furthering judicial review.

WHEREFORE, Plaintiff requests the Court grant an extension of time in which to file a notice of appeal if the relief requested in this motion is otherwise denied.

4

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on October 26, 2006.

/s/ Rosemary H. Hayes
Rosemary H. Hayes
Florida Bar No. 549509
Tina L. Caraballo
Florida Bar No. 0164275
Hayes & Caraballo, PL
P.O. Box 547248
Orlando, Florida 32854
Telephone (407) 649-9974
rhayes@const-law.com
Attorneys for Plaintiff

# EXHIBIT 1

# United States Court of Appeals
## For the First Circuit

————————————

No. 05-2262

SOUTHEAST FLOATING DOCKS, INC.,

Plaintiff, Appellant,

v.

TOWN OF PROVINCETOWN,

Defendant, Appellee.

————————————

Before

Boudin, _Chief Judge_,
Selya and Lipez, _Circuit Judges_.

————————————

JUDGMENT

Entered:  August 3, 2006

This appeal arises from plaintiff's efforts to enforce the conditional proviso in an order of conditional dismissal. Southeast Floating Docks, Inc., a party in an arbitration proceeding, asked the district court to enforce an arbitral subpoena requiring a non-party--the Town of Provincetown--to produce documents in advance of the arbitration hearing.  There is a circuit split as to whether the Federal Arbitration Act authorizes such a subpoena;[1] the Town, however, represented to the

————————————

[1]_Compare Hay Group, Inc._ v. _E.B.S. Acquisition Corp._, 360 F.3d 404, 406-11 (3d Cir. 2004) ("under Section 7 [of the FAA] . . . a non-party witness may be compelled to bring documents to an arbitration proceeding but may not simply be subpoenaed to produce documents"); _COMSAT Corp._ v. _Nat'l Science Foundation_, 190 F.3d 269, 278 (4th Cir. 1999) ("we hold today that a federal court may not compel a third party to comply with an arbitrator's subpoena for prehearing discovery, absent a showing of special need or hardship"), _with In re Security Life Ins. Co. of America_, 228 F.3d 865, 870-71 (8th Cir.

court
                    that it would give Southeast access to <u>all</u>
responsive documents in its files, excepting only documents
protected by the attorney-client privilege.

     The district court enforced the subpoena (after a fashion).
It dismissed the case on condition that the Town comply ("and the
Town of Provincetown is ordered to so comply") with its own
representation.  When Southeast moved for a finding of contempt,
identifying with some precision the types of documents the Town had
allegedly withheld, the district court summarily denied relief even
as it summarily impounded certain documents from the files of the
Town's consultant.  Lacking findings as to whether the Town has
complied with its representation, and unable to substitute findings
of our own, we remand for further proceedings.

     The parties agree on a few facts.  Southeast manufactured a
concrete floating dock system that was installed by AGM Marine
Contractors, the general contractor for the Town's MacMillan Pier
Project.  The dock system failed during a Nor'easter in December
2003.  Anticipating litigation, the Town retained engineering
consultants to develop an analysis of the failure.  It amicably
settled its dispute with AGM, whereupon AGM replaced portions of
the dock system and demanded reimbursement from Southeast.  By the
terms of their purchase contract, the demand was submitted to
arbitration.  The arbitrator has awarded AGM $389,703; Southeast's
appeal of that decision is pending.

     Southeast claims there was nothing wrong with its dock system:
the Town "made a decision to go with a system that was not of
adequate strength to withstand conditions in Provincetown, plain
and simple."  In Southeast's view, the critical issues in the
arbitration include the "flawed wind and wave parameters specified
by the original project engineers"; the weather conditions in
Provincetown Harbor the night of the storm; the effect of an even
more severe storm in January 2005 upon the remnants of the dock
system; details of the Town's settlement with AGM; and the Town's
insurance claims.  The arbitral subpoena asked for documents that
would have illuminated these issues.  Yet, as Southeast averred
when it moved for contempt, the Town has never provided

     --"records of maintenance of and modifications to the
     dock system after installation";

_____

2000) ("implicit in an arbitration panel's power to subpoena relevant
documents for production at a hearing is the power to order the
production of relevant documents for review by a party prior to the
hearing").

--"records of damage attributable to <u>each</u> of the [two] storms [December 2003 and January 2005]";

--"full results of investigations by the Town and its consultants";

--"details concerning the selection and design of the chosen fix";

--"backup and payment records," including "change order #8" and AGM's final application to the Town for payment;

--"record[s] of the Town's decision-making since the 7 December 2003 storm."

So far as we can tell, the Town never seriously disputed these allegations. Its counter-affidavit did not claim that the types of documents described by Southeast do not exist. Nor did the Town assert the attorney-client privilege as to particular documents that it may have withheld from its own files. This is essentially its entire argument on the merits: "[O]n June 27 and June 28, 2005, the Town allowed plaintiff's counsel to inspect thousands of non-privileged documents relating to the subject matter of the arbitration subpoena issued by the plaintiff to the Town." The Town opposed the contempt motion on <u>procedural</u> grounds, arguing that the request for attorney's fees had been denied in a previous order, and that Southeast had failed to confer with the Town beforehand in an attempt to narrow the issues, as required by Local Rule 7.1(a)(2).

The district court issued this order: "MOTION DENIED. THE MATTER HAS BEEN DENIED." Although we "ordinarily may assume that the judge gave careful consideration to the motion and weighed the appropriate factors," <u>Microfinancial, Inc.</u> v. <u>Premier Holidays Int'l</u>, 385 F.3d 72, 77 (1st Cir. 2004), the record does not "permit[] a clear understanding of why the district court ruled as it did." <u>F.D.I.C.</u> v. <u>Ogden Corp.</u>, 202 F.3d 454, 460 (1st Cir. 2000). Southeast made a sworn, undisputed allegation that it did not find certain types of documents in the Town's files. Without a developed argument from the Town, we do not see how the court could have bypassed the issue--say, by concluding that any withholding of documents was too trivial to make out non-compliance with the conditional dismissal; or that the types of documents specified by Southeast were unlikely to exist. Even if the court had denied the motion for Southeast's alleged failure to confer with the Town (the alternative that the Town urges upon us), it would have been necessary to resolve the factual dispute raised by Southeast's contrary certification under Rule 7.1(a)(2).

The Town reminds us that a complainant must prove civil

contempt by clear and convincing evidence.   See Langton v.
Johnston, 928 F.2d 1206, 1220 (1st Cir. 1991).  We are not saying
that Southeast actually proved contempt--only that it made enough
of a showing to warrant further proceedings (the parameters of
which are specified below).   Here as elsewhere in the law, the
context matters.   Review of the denial of a contempt motion "must
be administered flexibly, with due regard for the circumstances."
Id.   A party trying to enforce a subpoena for documents it has
never seen may need to establish non-compliance by inference,
indeed, by circumstantial evidence, such as the absence of
documents that arguably should have been created and preserved in
the normal course.   Southeast's showing may be bolstered by the
consideration that a municipality has certain record-keeping
requirements under the public record laws.

     We turn now to the other order on appeal, the impoundment of
51 pages of documents from the files of Simpson, Gumpertz & Heger,
Inc.  (SGH), an engineering firm the Town says it retained in
preparation for litigation against AGM and Southeast.   The Town
submitted these documents for in camera review when it moved for
impoundment, citing the attorney-client privilege.  We cannot tell
from the bare order whether the court actually reviewed the
documents.  For its part, the Town avoids the issue even though it
bears the burden of establishing the privilege.

     The court was asked to review documents from which, as the SGH
privilege log reveals, substantial attachments had been removed
without explanation.  The privilege log does not identify which of
Town Counsel's communications with the consultant actually disclose
(or tend to disclose) a prior client confidence.     (Those
communications are not themselves privileged merely because they
may have been "required to discover facts necessary to provide
adequate and informed legal advice and assistance to the Town," as
Town Counsel asserted below.)   See United States v. Ackert, 169
F.3d 136, 139 (2d Cir. 1999).   Moreover, the Town appears to have
withheld the corresponding documents from its own files.   If its
claim of privilege as to the SGH documents proves to be overbroad,
the district court would have another reason to question the Town's
compliance with the conditional dismissal.

     In one of its filings below, the Town prophesied that "only
[an in camera] review and order of this [District] Court will end
the plaintiff's relentless efforts to obtain documents claimed by
the Town as privileged."   That is essentially what needs to take
place on remand.   The district court should first review the
impounded documents in camera to assess the Town's claim of
privilege.   Next, the court should hold a hearing to determine
whether the Town is in substantial compliance with the order of
conditional dismissal. Depending on the results of the hearing and
its review of the impounded documents, the court may find it useful

to require the Town to provide a privilege log of all documents it has withheld from its own files, and to submit all such documents for in camera review. Because the remand will require close and fact-intensive supervision, we presume that the court will designate a magistrate judge to hear and determine these matters.

Finally, although we appreciate the difficulties of settling an oblique dispute such as this, we note that the remand proceedings are likely to be time-consuming and expensive compared with the relatively small amount in controversy between AGM and Southeast. The parties may therefore wish to pursue talks and our CAMP program is available to assist in such efforts if the parties wish such assistance.

The denial of contempt is vacated, and the matter is remanded for further proceedings consistent with this opinion. All requests for attorneys' fees are denied. Costs to appellant.

By the Court:

Richard Cushing Donovan, Clerk.

Certified and Issued as Mandate
under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

Deputy Clerk

Date: 8/3/06

By: _____
MARGARET CARTER
Chief Deputy Clerk.

[Certified Copies: Hon. Edward F. Harrington and Sarah Thornton, USDC Clerk ]

[cc: David G. Hanrahan, Esq., Leigh A. McLaughlin, Esq., Richard D. Vetstein, Rosemary Hannah Hayes, Esq,, Tina L. Caraballo, Esq., David J. Doneski, Esq., Richard Thomas Holland, Esq. ]