UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ) | |
| SOUTHEAST FLOATING DOCKS, INC.,  ) | |
| ) | |
| Plaintiff,  ) | CIVIL ACTION NO. |
| ) | 05-11039 |
| v.  ) | |
| ) | |
| TOWN OF PROVINCETOWN, MASS.,  ) | |
| ) | |
| Defendant.  ) | |
| ) | |

## NOTICE OF FILING RECORDS
## (INCLUDING INCOMPLETE OR ILLEGIBLE MATERIALS)
## WITHHELD IN RESPONSE TO SUBPOENAS IN ARBITRATION

Plaintiff gives notice of filing the following for use on appeal and for other purposes:

(1) Opinion of the First District Court of Appeal in a related case; [1]

(2) Order regarding documents;

(3) Exhibit "1" – referenced in the above-Order and believed to have been provided to the Court by the Town of Provincetown (*without a copy to undersigned counsel*) in a hearing held June 1, 2005; and,

(4) Exhibit "2" – referenced in the above-Order and believed to have been provided to the Court by the Town (*without a copy to undersigned counsel*) at a hearing on October 17, 2006.

---

[1] *SE Floating Docks, Inc. v. Town of Provincetown*, 1st Circ. Case no. 05-2262.

Regrettably, some of the records comprising Exhibit "1" are illegible or incomplete and at last check, the Clerk was unable to confirm or deny that the records were the same as those referenced as impounded by the First Circuit.

The records have not been made a part of the file although it was so-ordered in the attached Order. Plaintiff has been otherwise unable to secure a better copy. In fact, the last information to Plaintiff's undersigned counsel is that the Clerk was trying to locate the sealed documents.

Plaintiff is, frankly, unaware, and has been incapable of discovering through diligent effort, whether Exhibit "1" and "2" are, in fact, the same materials in the sealed record of impounded documents referenced by the First District.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 20, 2006.

/s/ Rosemary H. Hayes
Rosemary H. Hayes
Florida Bar No. 549509
Tina L. Caraballo
Florida Bar No. 0164275
Hayes & Caraballo, PL
P.O. Box 547248
Orlando, Florida 32854
Telephone (407) 649-9974
rhayes@const-law.com
Attorneys for Plaintiff

# United States Court of Appeals
## For the First Circuit

No. 05-2262

SOUTHEAST FLOATING DOCKS, INC.,

Plaintiff, Appellant,

v.

TOWN OF PROVINCETOWN,

Defendant, Appellee.

Before

Boudin, Chief Judge,
Selya and Lipez, Circuit Judges.

JUDGMENT

Entered:  August 3, 2006

This appeal arises from plaintiff's efforts to enforce the conditional proviso in an order of conditional dismissal. Southeast Floating Docks, Inc., a party in an arbitration proceeding, asked the district court to enforce an arbitral subpoena requiring a non-party--the Town of Provincetown--to produce documents in advance of the arbitration hearing. There is a circuit split as to whether the Federal Arbitration Act authorizes such a subpoena;[1] the Town, however, represented to the

---

[1] Compare Hay Group, Inc. v. E.B.S. Acquisition Corp., 360 F.3d 404, 406-11 (3d Cir. 2004) ("under Section 7 [of the FAA] . . . a non-party witness may be compelled to bring documents to an arbitration proceeding but may not simply be subpoenaed to produce documents"); COMSAT Corp. v. Nat'l Science Foundation, 190 F.3d 269, 278 (4th Cir. 1999) ("we hold today that a federal court may not compel a third party to comply with an arbitrator's subpoena for prehearing discovery, absent a showing of special need or hardship"), with In re Security Life Ins. Co. of America, 228 F.3d 865, 870-71 (8th Cir.

court
                    that it would give Southeast access to <u>all</u>
responsive documents in its files, excepting only documents
protected by the attorney-client privilege.

    The district court enforced the subpoena (after a fashion).
It dismissed the case on condition that the Town comply ("and the
Town of Provincetown is ordered to so comply") with its own
representation.  When Southeast moved for a finding of contempt,
identifying with some precision the types of documents the Town had
allegedly withheld, the district court summarily denied relief even
as it summarily impounded certain documents from the files of the
Town's consultant.  Lacking findings as to whether the Town has
complied with its representation, and unable to substitute findings
of our own, we remand for further proceedings.

    The parties agree on a few facts.  Southeast manufactured a
concrete floating dock system that was installed by AGM Marine
Contractors, the general contractor for the Town's MacMillan Pier
Project.  The dock system failed during a Nor'easter in December
2003.  Anticipating litigation, the Town retained engineering
consultants to develop an analysis of the failure.  It amicably
settled its dispute with AGM, whereupon AGM replaced portions of
the dock system and demanded reimbursement from Southeast.  By the
terms of their purchase contract, the demand was submitted to
arbitration.  The arbitrator has awarded AGM $389,703; Southeast's
appeal of that decision is pending.

    Southeast claims there was nothing wrong with its dock system:
the Town "made a decision to go with a system that was not of
adequate strength to withstand conditions in Provincetown, plain
and simple."  In Southeast's view, the critical issues in the
arbitration include the "flawed wind and wave parameters specified
by the original project engineers"; the weather conditions in
Provincetown Harbor the night of the storm; the effect of an even
more severe storm in January 2005 upon the remnants of the dock
system; details of the Town's settlement with AGM; and the Town's
insurance claims.  The arbitral subpoena asked for documents that
would have illuminated these issues.  Yet, as Southeast averred
when it moved for contempt, the Town has never provided

    --"records of maintenance of and modifications to the
    dock system after installation";

---

2000) ("implicit in an arbitration panel's power to subpoena relevant
documents for production at a hearing is the power to order the
production of relevant documents for review by a party prior to the
hearing").

--"records of damage attributable to each of the [two] storms [December 2003 and January 2005]";

--"full results of investigations by the Town and its consultants";

--"details concerning the selection and design of the chosen fix";

--"backup and payment records," including "change order #8" and AGM's final application to the Town for payment;

--"record[s] of the Town's decision-making since the 7 December 2003 storm."

So far as we can tell, the Town never seriously disputed these allegations. Its counter-affidavit did not claim that the types of documents described by Southeast do not exist. Nor did the Town assert the attorney-client privilege as to particular documents that it may have withheld from its own files. This is essentially its entire argument on the merits:  "[O]n June 27 and June 28, 2005, the Town allowed plaintiff's counsel to inspect thousands of non-privileged documents relating to the subject matter of the arbitration subpoena issued by the plaintiff to the Town."   The Town opposed the contempt motion on procedural grounds, arguing that the request for attorney's fees had been denied in a previous order, and that Southeast had failed to confer with the Town beforehand in an attempt to narrow the issues, as required by Local Rule 7.1(a)(2).

The district court issued this order:  "MOTION DENIED.   THE MATTER HAS BEEN DENIED."  Although we "ordinarily may assume that the judge gave careful consideration to the motion and weighed the appropriate factors," Microfinancial, Inc. v. Premier Holidays Int'l, 385 F.3d 72, 77 (1st Cir. 2004), the record does not "permit[] a clear understanding of why the district court ruled as it did."   F.D.I.C. v. Ogden Corp., 202 F.3d 454, 460 (1st Cir. 2000).   Southeast made a sworn, undisputed allegation that it did not find certain types of documents in the Town's files.   Without a developed argument from the Town, we do not see how the court could have bypassed the issue--say, by concluding that any withholding of documents was too trivial to make out non-compliance with the conditional dismissal; or that the types of documents specified by Southeast were unlikely to exist.   Even if the court had denied the motion for Southeast's alleged failure to confer with the Town (the alternative that the Town urges upon us), it would have been necessary to resolve the factual dispute raised by Southeast's contrary certification under Rule 7.1(a)(2).

The Town reminds us that a complainant must prove civil

contempt by clear and convincing evidence.   See Langton v.
Johnston, 928 F.2d 1206, 1220 (1st Cir. 1991).  We are not saying
that Southeast actually proved contempt--only that it made enough
of a showing to warrant further proceedings (the parameters of
which are specified below).  Here as elsewhere in the law, the
context matters.  Review of the denial of a contempt motion "must
be administered flexibly, with due regard for the circumstances."
Id.  A party trying to enforce a subpoena for documents it has
never seen may need to establish non-compliance by inference,
indeed, by circumstantial evidence, such as the absence of
documents that arguably should have been created and preserved in
the normal course.  Southeast's showing may be bolstered by the
consideration that a municipality has certain record-keeping
requirements under the public record laws.

     We turn now to the other order on appeal, the impoundment of
51 pages of documents from the files of Simpson, Gumpertz & Heger,
Inc. (SGH), an engineering firm the Town says it retained in
preparation for litigation against AGM and Southeast.   The Town
submitted these documents for in camera review when it moved for
impoundment, citing the attorney-client privilege.  We cannot tell
from the bare order whether the court actually reviewed the
documents.  For its part, the Town avoids the issue even though it
bears the burden of establishing the privilege.

     The court was asked to review documents from which, as the SGH
privilege log reveals, substantial attachments had been removed
without explanation.  The privilege log does not identify which of
Town Counsel's communications with the consultant actually disclose
(or tend to disclose) a prior client confidence.     (Those
communications are not themselves privileged merely because they
may have been "required to discover facts necessary to provide
adequate and informed legal advice and assistance to the Town," as
Town Counsel asserted below.)   See United States v. Ackert, 169
F.3d 136, 139 (2d Cir. 1999).  Moreover, the Town appears to have
withheld the corresponding documents from its own files.  If its
claim of privilege as to the SGH documents proves to be overbroad,
the district court would have another reason to question the Town's
compliance with the conditional dismissal.

     In one of its filings below, the Town prophesied that "only
[an in camera] review and order of this [District] Court will end
the plaintiff's relentless efforts to obtain documents claimed by
the Town as privileged."  That is essentially what needs to take
place on remand.   The district court should first review the
impounded documents in camera to assess the Town's claim of
privilege.   Next, the court should hold a hearing to determine
whether the Town is in substantial compliance with the order of
conditional dismissal. Depending on the results of the hearing and
its review of the impounded documents, the court may find it useful

to require the Town to provide a privilege log of all documents it has withheld from its own files, and to submit all such documents for in camera review.  Because the remand will require close and fact-intensive supervision, we presume that the court will designate a magistrate judge to hear and determine these matters.

Finally, although we appreciate the difficulties of settling an oblique dispute such as this, we note that the remand proceedings are likely to be time-consuming and expensive compared with the relatively small amount in controversy between AGM and Southeast.  The parties may therefore wish to pursue talks and our CAMP program is available to assist in such efforts if the parties wish such assistance.

The denial of contempt is vacated, and the matter is remanded for further proceedings consistent with this opinion.  All requests for attorneys' fees are denied.  Costs to appellant.

By the Court:

Richard Cushing Donovan, Clerk.

Certified and Issued as Mandate
under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

Deputy Clerk

Date: 8/3/06

By: _____
     MARGARET CARTER
        Chief Deputy Clerk.


[Certified Copies: Hon. Edward F. Harrington and Sarah Thornton, USDC Clerk  ]

[cc: David G. Hanrahan, Esq., Leigh A. McLaughlin, Esq., Richard D. Vetstein, Rosemary Hannah Hayes, Esq,, Tina L. Caraballo, Esq., David J. Doneski, Esq., Richard Thomas Holland, Esq. ]

# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

SOUTHEAST FLOATING DOCKS, INC.,
              Plaintiff

              v.                              CIVIL ACTION NO.:
                                              05-11039-EFH

TOWN OF PROVINCETOWN,
                        Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

# O R D E R

October 18, 2006

HARRINGTON, S.D.J.

      After hearing, the Court grants disclosure of the documents sought by the plaintiff,

designated Exhibit 1, containing 53 pages, and Exhibit 2, containing 9 pages. These documents

shall be made a part of the record in this case. Copies of said documents shall be forwarded by

the clerk to the plaintiff.

      The Court orders the case closed.

      SO ORDERED.


                                    /s/ Edward F. Harrington
                                    EDWARD F. HARRINGTON
                                    United States Senior District Judge

*Exhibit # 1*

*10-17-06*

FAY, SPOFFORD & THORNDIKE, LLC

Engineers • Planners • Scientists • Landscape Architects • Surveyors



CELEBRATING

90

YEARS

*Now, more than ever...*

August 17, 2004

Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116

Attention:    Mr. Richard T. Holland

Subject:    Town of Provincetown, MA
MacMillan Pier - Concrete Floating Docks

Dear Mr. Holland:

We are sending herewith a copy of 110 memos/letters/faxes dating from September 1998 through December 2003 dealing with the floating docks.

We retrieved this material from our files and believe that all of it has been previously sent to the Town.

We have prepared a listing of this information for your use.

Very truly yours,

FAY, SPOFFORD & THORNDIKE, INC.
By:

Robert E. Bertolino,
Senior Vice President

cc    D. Guertin, DPW Director, w/copy of document listing

R:\TP-090A\K&P1_081704.WPD

5 Burlington Woods
Burlington, MA 01803
T: 800.935.8666    T: 781.221.1
F: 781.229.1115 · www.fstinc.

Boston

# Kopelman and Paige P.C.

Northampton

31 St. James Avenue
Boston, MA 02116

Worcester

(617)556-0007 / (617)654-1735 - fax

Pittsfield

## THIS DOCUMENT IS CONFIDENTIAL

FAX TRANSMITTAL COVER SHEET

Date: _____August 4, 2004_____     Number of Pages Including Cover:  __52__

Account Code: _____     Original Will Follow:   Yes_X_   No_____

This Fax was Sent By:   ___Richard T. Holland, Esq.___     Operator Initials: _jmv_

PLEASE DELIVER TO:

| Name | Fax Number |
|---|---|
| Dr. Rasko P. Ojdrovic | (781)907-9009 |

COMMENTS OR INSTRUCTION:

As we discussed, please review accompanying documents as part of your analysis and our discussion.

PLEASE CONTACT SENDER AT (617)654-1754 IF YOU HAVE NOT RECEIVED THE NUMBER OF PAGES NOTED ABOVE OR IF THERE ARE ANY PROBLEMS WITH THIS TRANSMISSION

FAY, SPOFFORD, and THORNDIKE

8/17/04

# LOG OF INFO PROVIDED TO KOPELMAN AND PAIGE ON 8/17/04 - PROVINCETOWN

| No. | Description | Author | Dated |
|---|---|---|---|
| 1 | Memo of September 17, 1998 - Partnering Session | FST | 9/22/98 |
| 2 | Memo of January 6, 1999 Building Committee Meeting | FST | 1/13/99 |
| 3 | Proposal for Floating Wave Attenuator | FST | 1/22/99 |
| 4 | Memo of January 19, 1999 - | Bellingham Marine | 1/25/99 |
| 5 | Memo of January 19, 1999 - | FST | 1/26/99 |
| 6 | Memo of February 3, 1999 - Wave Barrier | FST | 2/3/99 |
| 7 | Memo of February 4, 1999 - Building Committee Meeting | FST | 2/17/99 |
| 8 | Memo of March 3, 1999 - Building Committee Meeting | FST | 3/10/99 |
| 9 | Memo of February 19, 1999 - Building Committee Meeting | FST | 3/10/99 |
| 10 | Letter to Town of Provincetown - Small Boat Floating Docks | FST | 7/21/99 |
| 11 | Memo of May 19, 1999 - Building Committee Meeting | FST | 7/23/99 |
| 12 | Memo - Ice Forces on Wave Barrier | FST | 9/23/99 |
| 13 | Letter to Provincetown DPW - MacMillan Pier Timber Wave Barrier | FST | 12/13/99 |
| 14 | Letter to FST - MacMillan Pier Timber Wave Barrier | FST | 12/17/99 |
| 15 | Fax to Mass. Development Finance Agency - Summary of Telephone Calls | FST | 12/29/99 |
| 16 | Summary of Telephone Call to Provincetown DPW (Dave Guertin) - January 5, 2000 Town Mtg | Town of Provincetown, DPW | 12/30/99 |
| 17 | Summary of Telephone Call to Bellingham Marine (Jay Varga) - Floating Wave Attenuator | FST | 1/7/00 |
| 18 | Summary of Telephone Call to Provincetown DPW (Dave Guertin) - Anchorage for Wave Attenuator | FST | 1/24/00 |
| 19 | Summary of Telephone Call to Provincetown DPW (Dave Guertin) - Concrete Floats | FST | 11/6/01 |
| 20 | Letter to AGM Marine Contractors, Inc. - Concrete Floating Docks | FST | 11/6/01 |
| 21 | Letter from AGM - PCO No. 42 Concrete Float Alternative | AGM | 11/28/01 |
| 22 | Fax to Provincetown DPW - MacMillan Pier Rehabilitation | FST | 12/3/01 |
| 23 | Letter from AGM - PCO No. 62 Concrete Float Dock Wall Upgrade | AGM | 1/7/02 |
| 24 | Letter to Provincetown DPW - MacMillan Pier Reconstruction | AGM | 1/29/02 |
| 25 | Summary of Telephone Call to AGM (Bill Lovely) - Wavelength | FST | 2/12/02 |
| 26 | Fax to Provincetown DPW, AGM, & Res. Engineer - Cracks in concrete floats | FST | 2/27/02 |
| 27 | Fax to AGM - Evaluation of the Concrete Floating Dock Guide Piles | FST | 3/11/02 |
| 28 | Fax to Provincetown DPW - AGM's requested extra for the concrete floats | FST | 3/21/02 |
| 29 | Fax to AGM - Memo from Southeast Floating Docks | FST | 3/29/02 |
| 30 | Memo of March 28, 2002 - Job Meeting | FST | 4/4/02 |
| 31 | Letter to Provincetown DPW - East Floating Docks | FST | 4/26/02 |
| 32 | Summary of Telephone Call to DPW (Dave Guertin) - Walkway | FST | 5/3/02 |
| 33 | Letter to AGM - Floating Dock Guide Piles | FST | 5/14/02 |

FAY, SPOFFORD and THORNDIKE

| # | Description | Party | Date |
|---|---|---|---|
| 34 | Memo of May 15, 2002 - Job Meeting | FST | 5/20/02 |
| 35 | Letter to AGM - PCO-42 Concrete Float Escalation | FST | 5/21/02 |
| 36 | Fax from AGM - RFI for Concrete Float Suppliers Engineer | AGM | 5/23/02 |
| 37 | Summary of Telephone Call Gary Greene - Concrete Floating Docks | FST | 5/31/02 |
| 38 | Fax to AGM - telephone memo between FST & Gary Greene (concrete float supplier) | FST | 5/31/02 |
| 39 | Memo of May 29, 2002 - Job Meeting | FST | 6/4/02 |
| 40 | Memo of July 10, 2002 - Job Meeting | FST | 7/16/02 |
| 41 | Letter from AGM - PCO No. 40 - Float Pile Alternative | AGM | 7/16/02 |
| 42 | Fax to AGM - Ramp Rider | FST | 7/19/02 |
| 43 | Letter to AGM - Concrete Float Hinges | FST | 7/22/02 |
| 44 | Fax from AGM - PCO 57 - Concrete Float Hinges Letter | AGM | 7/22/02 |
| 45 | Summary of Telephone Call to AGM (Bill Lovely) - Concrete Floats | FST | 7/23/02 |
| 46 | Summary of Telephone Call to SE Dock (Allan Simpson) - Technical Issues | FST | 7/24/02 |
| 47 | Summary of Telephone Call to AGM (Bill Lovely) - Concrete Floats Letter | FST | 7/24/02 |
| 48 | Summary of Telephone Call to SE Dock (Allan Simpson) - Concrete Floats | FST | 7/24/02 |
| 49 | Letter from Town of Provincetown - Floating Dock System & Handicap Accessible Gateway | Town of Provincetown | 7/24/02 |
| 50 | Summary of Telephone Call to AGM (Bill Lovely) - Concrete Floats | FST | 7/25/02 |
| 51 | Letter to AGM - Concrete Floating Docks | FST | 7/30/02 |
| 52 | Memo of July 31, 2002 - Job Meeting | FST | 8/1/02 |
| 53 | Transmittal from AGM - Submittals Concrete Floats | AGM | 8/7/02 |
| 54 | Transmittal to AGM - Concrete Floating Docks PE Calcs & Drawings | FST | 8/14/02 |
| 55 | Transmittal to AGM - Concrete Floating Docks (Sandy Kidller) - Concrete Floats | FST | 8/22/02 |
| 56 | Memo of August 28, 2002 - Job Meeting | AGM | 8/27/02 |
| 57 | Summary of Telephone Call to AGM (Bill Lovely) - Concrete Floats | FST | 9/3/02 |
| 58 | Fax from AGM - Concrete Float Plans Transmittal | AGM | 9/6/02 |
| 59 | Transmittal to Provincetown DPW - List of Outstanding Change Orders | FST | 9/12/02 |
| 60 | Transmittal to AGM - Concrete Floating Docks Shop Drawings | FST | 9/17/02 |
| 61 | Transmittal from AGM - Submittals Concrete Floats | AGM | 9/19/02 |
| 62 | Transmittal to AGM - Concrete Floating Docks Shop Drawings, Certificates, Concrete Mix Design | FST | 9/27/02 |
| 63 | Fax from SE Floating Docks - Concrete Design Mix 4000 PSI Lightweight Pump Mix Changes | SE Floating Docks | 10/2/02 |
| 64 | Transmittal from AGM - Submittals Concrete Floats Concrete Mix Design | AGM | 10/8/02 |
| 65 | Transmittal to AGM - Concrete Floating Docks - Concrete Mix Design | FST | 10/9/02 |
| 66 | Letter to AGM - Change Order No. 7 | FST | 10/11/02 |
| 67 | Memo from Provincetown DPW - MacMillan Pier Project; Decision Time | Town of Provincetown, DPW | 10/14/02 |
| 68 | Fax to Provincetown DPW - Concrete Floating Docks | FST | 11/6/02 |
| 69 | Letter from AGM - PCO No. 67 Remobilization of Crane Barge for Concrete Float Installation | AGM | 12/6/02 |
| 70 | Letter to AGM - Concrete Floating Dock Wale Upgrade | FST | 12/19/02 |

8/17/04

FAY, SPOFFORD, and THORNDIKE

8/1/04

| # | Description | Party | Date |
|---|-------------|-------|------|
| 71 | Fax from AGM - Change Order #3 Response to Letter from SE Floating Docks | AGM | 12/19/02 |
| 72 | Fax from AGM - Change Order #3 Water and Rod Design | AGM | 12/20/02 |
| 73 | Letter from AGM - 67 Remobilization of Crane Barge for Concrete Float Installation | | 1/6/03 |
| 74 | Fax to AGM - Response to PCO 62, Concrete Floating Dock Wale Installation | FST | 1/8/03 |
| 75 | Fax from AGM - Response to PCO 62, Concrete Floating Dock Wale Upgrade | AGM | 1/21/03 |
| 76 | Email from AGM - Floating Dock System | AGM | 2/4/03 |
| 77 | Fax to AGM - RFI 93 - Concrete Floating Dock Location | AGM | 2/7/03 |
| 78 | Fax from AGM - Concrete Floating Docks | AGM | 2/27/03 |
| 79 | Fax from AGM - Concrete Floating Dock Pile Guides Letter | AGM | 2/27/03 |
| 80 | Letter to AGM - Concrete Floating Docks | AGM | 4/16/03 |
| 81 | Fax from AGM - Concrete Floating Docks | AGM | 2/27/03 |
| 82 | Fax to AGM - Denedeck Methacrylate Crack Sealer | AGM | 3/4/03 |
| 83 | Letter to AGM - Concrete Floating Docks | FST | 3/7/03 |
| 84 | Summary of Telephone Call to (Sue Whittaker) - Concrete Float Conduit | FST | 3/13/03 |
| 85 | Memo of March 19, 2003 - Concrete Floating Docks | FST | 3/14/03 |
| 86 | Memo of March 18, 2003 - Job Meeting | FST | 3/19/03 |
| 87 | Fax from AGM - Concrete Floating Docks Letter | FST | 3/19/03 |
| 88 | Fax to Provincetown DPW - Correspondence from AGM - Floating Dock Manufacturer | AGM | 3/19/03 |
| 89 | Summary of Telephone Call to AGM (Bill Lovely) - Concrete Floating Docks | FST | 3/28/03 |
| 90 | Memo of April 23, 2003 - Job Meeting | FST | 3/31/03 |
| 91 | Fax to Provincetown DPW - Concrete Floating Docks | FST | 4/11/03 |
| 92 | Letter to AGM - Concrete Floating Docks | FST | 4/28/03 |
| 93 | Fax to AGM - Concrete Floating Docks | FST | 4/28/03 |
| 94 | Letter from AGM - Concrete Floating Docks | FST | 4/29/03 |
| 95 | Memo of May 7, 2003 - Job Meeting | AGM | 4/29/03 |
| 96 | Fax from AGM - Concrete Floating Dock Concrete Compression Test Results | FST | 4/29/03 |
| 97 | Transmittal from AGM - Submittals Concrete Floats | AGM | 5/6/03 |
| 98 | Summary of Telephone Call to Provincetown DPW - Shop Drawings | FST | 5/9/03 |
| 99 | Summary of Telephone Call to Provincetown DPW (Dave Guertin) - Job Meeting | FST | 5/23/03 |
| 100 | Summary of Telephone Call to Provincetown DPW (Bill Lovely) - Concrete Floating Docks | FST | 5/27/03 |
| 101 | Email from Provincetown DPW - Concrete Floating Dock - Backcharges | FST | 6/2/03 |
| 102 | Email from Provincetown DPW - Concrete Floating Docks | FST | 6/12/03 |
| 103 | Letter to Provincetown DPW - Concrete Floating Dock - Project Update | Town of Provincetown, DPW | 6/19/03 |
| 104 | Email from Provincetown DPW - Concrete Floating Dock Crack Survey Plans | FST | 8/8/03 |
| 105 | Email from Provincetown DPW - MacMillan Pier Damage | Town of Provincetown, DPW | 10/16/03 |
| 106 | Email from Regina Binder - MacMillan Pier Damage | ATT Global | 12/8/03 |
| 107 | Memo of December 8, 2003 - Site Visit to Observe Floating Dock Damage | FST | 12/10/03 |

FAY, SPOFFORD, and THORNDIKE

| 108 | Memo of December 8, 2003 Meeting - Floating Dock Damage | FST | 12/10/03 |
| 109 | Summary of Telephone Call to Provincetown DPW (Dave Guertin) - Steel Floats | FST | 12/11/03 |
| 110 | Summary of Telephone Call to Provincetown DPW (Dave Guertin) - Floating Docks | FST | 12/17/03 |

8/17/04

Boston

Worcester

# Kopelman and Paige P.C.

31 St. James Avenue
Boston, MA 02116
(617)556-0007 / (617)654-1735 - fax

Northampton

Pittsfield

## THIS DOCUMENT IS CONFIDENTIAL

## FAX TRANSMITTAL COVER SHEET

Date: _____ February 20, 2004 _____   Number of Pages Including Cover: __14__

Account Code: __0058__   Original Will Follow:   Yes____   No__X__

This Fax was Sent By: ___DAVID DONESKI___   Operator Initials:_____

PLEASE DELIVER TO:

| Name | Fax Number |
|---|---|
| DON DUSENBERRY | (781) 907-9009 |

COMMENTS OR INSTRUCTION:

Attached please find some background materials on the MacMillan Pier matter in
Provincetown, including portions of a previous report prepared for the Town on the issues
in question.

Please call with any questions.

PLEASE CONTACT SENDER AT (617)654-1754 IF YOU HAVE NOT RECEIVED THE NUMBER OF PAGES
NOTED ABOVE OR IF THERE ARE ANY PROBLEMS WITH THIS TRANSMISSION

Boston                  # Kopelman and Paige P.C.         Northampton

31 St. James Avenue
Boston, MA 02116

Worcester        (617)556-0007 / (617)654-1735 - fax       Pittsfield

## THIS DOCUMENT IS CONFIDENTIAL

## FAX TRANSMITTAL COVER SHEET

Date: _____ March 5, 2004 _____     Number of Pages Including Cover: ___ 6 ___

Account Code: ___ 0058 _____      Original Will Follow:    Yes __X__    No_____

This Fax was Sent By: ____ David J. Doneski, Esq. _____    Operator Initials: _jmv____

PLEASE DELIVER TO:

| Name | Fax Number |
|------|-----------|
| Donald O. Dusenberry, P.E. | (781)907-9009 |

COMMENTS OR INSTRUCTION:

Re:    Assessment of Storm Effects on MacMillan Pier Floating Dock System

PLEASE CONTACT SENDER AT (617)654-1754 IF YOU HAVE NOT RECEIVED THE NUMBER OF PAGES
NOTED ABOVE OR IF THERE ARE ANY PROBLEMS WITH THIS TRANSMISSION

LEONARD KOPELMAN
DONALD G. PAIGE
ELIZABETH A. LANE
JOYCE FRANK
JOHN W. GIORGIO
BARBARA J. SAINT ANDRE
JOEL B. BARD
JOSEPH L. TEHAN, JR.
THERESA M. DOWDY
DEBORAH A. ELIASON
RICHARD BOWEN
DAVID J. DONESK
JUDITH C. CUTLER
KATHLEEN E. CONNOLLY
DAVID C. JENKINS
MARK R. REICH
BRIAN W. RILEY
DARREN R. KLEIN
JONATHAN M. SILVERSTEIN

EDWARD M. REILLY
DIRECTOR WESTERN OFFICE

WILLIAM HEWIG III
JEANNE S. McKNIGHT

KOPELMAN AND PAIGE, P. C.

ATTORNEYS AT LAW

31 ST JAMES AVENUE

BOSTON, MASSACHUSETTS 02116 4102

(617) 556.0007
FAX (617) 654-1735

PITTSFIELD OFFICE
(413) 443-6100

NORTHAMPTON OFFICE
(413) 585-8632

WORCESTER OFFICE
(508) 752-0203

KATHLEEN M. O'DONNELL
SANDRA M. CHARTON
PATRICIA A. CANTOR
THOMAS P. LANE, JR.
MARY L. GIORGIO
THOMAS W. McENANEY
KATHARINE GOREE DOYLE
GEORGE X. PUCCI
LAUREN F. GOLDBERG
JASON R. TALERMAN
JEFFREY A. HONIG
MICHELE E. RANDAZZO
GREGG J. CORBO
RICHARD T. HOLLAND
LISA C. ADAMS
ELIZABETH R. CORBO
MARCELINO LA BELLA
VICKI S. MARSH
JOHN J. GOLDROSEN
SHIRIN EVERETT
BRIAN E. GLENNON, II
JONATHAN D. EICHMAN
LAURA H. PAWLE
TODD A. FRAMPTON
JACKIE COWIN
SARAH N. TURNER

March 5, 2004

BY FACSIMILE – (781)907-9009
AND FIRST CLASS MAIL

Donald O. Dusenberry, P.E.
Simpson Gumpertz & Heger, Inc.
41 Seyon Street
Building 1, Suite 500
Waltham, MA 02453

Re:    Assessment of Storm Effects on MacMillan Pier Floating Dock System

Dear Mr. Dusenberry:

As we discussed, the Town of Provincetown would like to retain Simpson Gumpertz and Heger, Inc. for professional consultant services in connection with recent storm damage to the MacMillan Pier. To that end, I have reviewed the contract materials you forwarded with your letter of February 12, 2004 and I enclose two originals of our form of Agreement for Professional Services with your firm's Fee Schedule and Payment Terms attached. Please review and arrange for execution of the Agreement by SGH, and return the originals to me for signature by the Town.

I understand that you are scheduled to begin your review of the floating dock system this week pursuant to your recent discussions with David Guertin, Director of the Provincetown Department of Public Works. I ask that you coordinate your work with Mr. Guertin, who shall be your primary contact for the Town, and keep me informed of your progress.

Thank you for services on this matter. Should you have any questions or comments, please contact me.

Very truly yours,

David J. Doneski

DJD/RTH/jmv
Enc.
cc:    Town Manager
       Director of Public Works (w/o enc.)

## AGREEMENT FOR PROFESSIONAL SERVICES
## BETWEEN
## THE TOWN OF PROVINCETOWN
## AND SIMPSON GUMPERTZ & HEGER, INC.

The Town of Provincetown, Massachusetts, acting by and through its Town Manager, with an address of 260 Commercial Street, Provincetown, Massachusetts, 02657 ("Town") and Simpson Gumpertz & Heger, Inc. with an address of 41 Seyon Street, Building 1, Suite 500, Waltham, Massachusetts 02453 ("SGH") hereby agree as follows:

1. **Procurement of Services.** The Town hereby retains SGH for the purpose of providing professional analysis and support services in connection with the matter known as the MacMillan Pier Reconstruction (the "Project"). Said services shall include review and analysis of (1) storm damage to MacMillan Pier and the cause(s) of the failure of the pier's floating dock system; (2) claims which have been/may be asserted by or against the Town in connection with the Project; and (3) claims which have been/may be asserted by or against the Project engineer, contractor, or manufacturer (of the floating dock system) involved with the Project. Said services shall also include consultation with designated officials and agents of the Town for the purpose of performing such analysis and valuing said claims; defending against the claims of the contractor or engineer and prosecuting claims against the contractor, engineer and/or manufacturer. It is understood that SGH's services relating to No. (2) and No. (3), above, may include technical and professional support and testimony at or in mediation, arbitration or judicial proceedings, including depositions related thereto, and may include, if requested by the Town, such support and testimony in additional proceedings relating to the Project. As of the date of this agreement, however, and until further written notice from the Town, the scope of SGH's services shall be limited to the review and analysis of the storm damage to MacMillan Pier and the cause(s) of the failure of the floating dock system, as identified in No. (1), above. No written report of such review and analysis shall be issued by SGH unless and until specifically authorized by the Town.

2. **Compensation.** For the performance of services hereunder, the Town shall compensate SGH as follows:

Donald O. Dusenberry                                  $215/hour

Other SGH Employees                                   At the rates indicated in the
                                                      Fee Schedule and Payment
                                                      Terms form which is attached
                                                      hereto as Exhibit A.

Outside consultants to SGH                            1.15 times consultant's fee
(only when specifically authorized
by the Town)

Reimbursable expenses                                 1.1 times cost

The Town shall make an initial retainer payment to SGH in the amount of one thousand dollars ($1,000.00) after execution of this agreement. SGH shall not perform services that will result in billings that will exceed $10,000.00 without further written authorization of the Town. SGH may stop work hereunder if the Town fails to make payment in a timely manner. If, at the conclusion of SGH's services hereunder, there is any portion of a payment made by the Town against which SGH has not provided billable services, that portion shall promptly be repaid to the Town.

3. **Coordination of Services.** In the performance of services hereunder, SGH shall work under the direction and supervision of the Town's counsel, Kopelman and Paige, P.C.

4. **Preservation of Rights and Privileges.** It is expressly understood and agreed that the Town is retaining the services of SGH in connection with dispute resolution proceedings relating to the Project and possible litigation. Therefore, SGH shall take reasonable steps to preserve the confidentiality of materials, reports and opinions provided to the Town. In addition, SGH shall comply with reasonable requests of the Town's counsel regarding the performance of services and communication of information as necessary to preserve the attorney work-product privilege as it relates to information and opinions provided by SGH hereunder.

5. **Availability of Funds.** The compensation provided by this Agreement is subject to the availability and appropriation of funds. SGH shall not be required to perform services that have an associated cost that exceeds the then current appropriation for compensation hereunder.

**6. Assignment.** SGH shall not make any assignment of this Agreement without the prior written approval of the Town.

**7. Termination.** Either party may terminate this Agreement upon ten (10) days written notice to the other party. In the event of termination by the Town, the Town shall pay SGH for services performed up to the date of notice of termination, provided that no payment shall be made for reports, analyses or other deliverables until the same have been delivered to the Town.

**8. Applicable Law.** This Agreement shall be governed by and construed in accordance with the law of the Commonwealth of Massachusetts.

**9. Required Certification.** Pursuant to G.L. c.62C, §49A, SGH certifies that it has complied with all laws of the Commonwealth of Massachusetts relating to taxes. SGH's Federal Identification Number is _____.


SIMPSON GUMPERTZ & HEGER, INC.          TOWN OF PROVINCETOWN
                                        By its Town Manager


By _____               _____

    Name: _____

    Title: _____

215217/24207/0008

**SIMPSON GUMPERTZ & HEGER INC.**
**FEE SCHEDULE AND PAYMENT TERMS**

EX. A

| Personnel Category* | Hourly Billing Rate ($ per hour) |
|---|---|
| Senior Principal | $215 |
| Principal | $215 |
| Senior Associate | $205 |
| Associate | $185 |
| | |
| Consulting Architect | $190 |
| Staff Consultant | $190 |
| Senior Project Manager 1 | $170 |
| Senior Project Manager 2 | $160 |
| Senior Project Manager 3 | $154 |
| Project Manager | $154 |
| | |
| Senior Project Supervisor 1 | $160 |
| Senior Project Supervisor 2 | $120 |
| Project Supervisor | $120 |
| | |
| Senior Staff Engineer 1 | $152 |
| Senior Staff Engineer 2 | $132 |
| Staff Engineer 1 | $130 |
| Staff Engineer 2 | $115 |
| Senior Engineer 1 | $110 |
| Senior Engineer 2 | $97 |
| Senior Field Engineer | $97 |
| Engineer | $90 |
| Field Engineer | $90 |
| | |
| Senior Laboratory Technician | $100 |
| Laboratory Technician 1 | $80 |
| Laboratory Technician 2 | $70 |
| Engineering Aide | $58 |
| | |
| Director of Metallurgy | $275 |
| Manager, Electrical Engineering | $145 |
| Petrographer | $185 |
| | |
| Senior Project Drafter | $110 |
| Senior Drafter | $99 |
| Drafter | $84 |
| Senior Illustrator/Programmer | $115 |
| Illustrator/Programmer 1 | $84 |
| Illustrator/Programmer 2 | $65 |
| Data Manager | $95 |
| | |
| Non-Technical | $48 |

* Personnel categories and rates shown for Engineers apply also to Architects and Conservators.

...riting services are billed at the applicable rate(s) stated above. An annual rate adjustment... upon salary increase will apply on January 1 each year. Annual rate adjustments will not exceed 5%... but Client's advance approval.

Direct expenses include out-of-pocket expenses... as subconsul... travel, and outside services, and charges for the use of SGH field and laboratory equipment, repr... ...n facilities, etc. Direct expenses also include all reasonable expenses resulting from required... ...onses to suppo... or court orders related to work under the Contract.

Invoices will be submit... periodically, and are due and payable upon receipt. Unpaid bal... ...es shall be subject to an additional char... ...ge at the rate of 1-1/2% per month from the date of invoice if the unpaid balance... ...not paid within 30 days... ...ices will be submitted showing labor (hours worked) by labor category and total expenses... ...not ac... documentation. The Client shall reimburse SGH for all attorney's fees and costs related to collection of... ...verdue payments...

FORM 0120C04                                                          Effective 20 January 2004

LEONARD KOPELMAN
DONALD G. PAIGE
ELIZABETH A. LANE
JOYCE FRANK
JOHN W. GIORGIO
BARBARA J. SAINT ANDRE
JOEL B. BARD
JOSEPH L. TEHAN, JR.
THERESA M. DOWDY
DEBORAH A. ELIASON
RICHARD BOWEN
DAVID J. DONESKI
JUDITH C. CUTLER
KATHLEEN E. CONNOLLY
DAVID C. JENKINS
MARK R. REICH
BRIAN W. RILEY
DARREN R. KLEIN
JONATHAN M. SILVERSTEIN

EDWARD M. REILLY
DIRECTOR WESTERN OFFICE

WILLIAM HEWIG III
JEANNE S. McKNIGHT

KOPELMAN AND PAIGE, P. C.

ATTORNEYS AT LAW

31 ST. JAMES AVENUE

BOSTON, MASSACHUSETTS 02116-4102

(617) 556-0007
FAX (617) 654-1735

PITTSFIELD OFFICE
(413) 443-6100

NORTHAMPTON OFFICE
(413) 585-8632

WORCESTER OFFICE
(508) 752-0203

KATHLEEN M. O'DONNELL
SANDRA M. CHARTON
PATRICIA A. CANTOR
THOMAS P. LANE, JR.
MARY L. GIORGIO
THOMAS W. McENANEY
KATHARINE GOREE DOYLE
GEORGE X. PUCCI
LAUREN F. GOLDBERG
JASON R. TALERMAN
JEFFREY A. HONIG
MICHELE E. RANDAZZO
GREGG J. COREC
RICHARD T. HOLLAND
LISA C. ADAMS
ELIZABETH R. CORBO
MARCELINO LA BELLA
VICKI S. MARSH
JOHN J. GOLDROSEN
SHIRIN EVERETT
BRIAN E. GLENNON, II
JONATHAN D. EICHMAN
LAURA H. PAWLE
TODD A. FRAMPTON
JACKIE COWIN
SARAH N. TURNER

March 5, 2004

<u>BY FACSIMILE – (781)907-9009</u>
<u>AND FIRST CLASS MAIL</u>

Donald O. Dusenberry, P.E.
Simpson Gumpertz & Heger, Inc.
41 Seyon Street
Building 1, Suite 500
Waltham, MA 02453

Re:    <u>Assessment of Storm Effects on MacMillan Pier Floating Dock System</u>

Dear Mr. Dusenberry:

As we discussed, the Town of Provincetown would like to retain Simpson Gumpertz and Heger, Inc. for professional consultant services in connection with recent storm damage to the MacMillan Pier. To that end, I have reviewed the contract materials you forwarded to me with your letter of February 12, 2004 and I enclose two originals of our form of Agreement for Professional Services with your firm's Fee Schedule and Payment Terms attached. Please review and arrange for execution of the Agreement by SGH, and return the originals to me for signature by the Town.

I understand that you are scheduled to begin your review of the floating dock system this week pursuant to your recent discussions with David Guertin, Director of the Provincetown Department of Public Works. I ask that you coordinate your work with Mr. Guertin, who shall be your primary contact for the Town, and keep me informed of your progress.

Thank you for services on this matter. Should you have any questions or comments, please contact me.

Very truly yours,

David J. Doneski

DJD/RTH/jmv
Enc.
cc:    Town Manager
        Director of Public Works (w/o enc.)

215210/PROVM/ACPIER/0008

LEONARD KOPELMAN
DONALD G. PAIGE
ELIZABETH A. LANE
JOYCE FRANK
JOHN W. GIORGIO
BARBARA J. SAINT ANDRE
JOEL E. BARD
JOSEPH L. TEHAN JR.
THERESA M. DOWDY
DEBORAH A. ELIASON
RICHARD BOWEN
DAVID J. DONESKI
JUDITH C. CUTLER
KATHLEEN E. CONNOLLY
DAVID C. JENKINS
MARK R. REICH
BRIAN W. RILEY
DARREN R. KLEIN
JONATHAN M. SILVERSTEIN
───────
EDWARD M. REILLY
DIRECTOR WESTERN OFFICE

WILLIAM HEWIG III
JEANNE S. MCKNIGHT

**KOPELMAN AND PAIGE, P.C.**

ATTORNEYS AT LAW

31 ST. JAMES AVENUE

BOSTON, MASSACHUSETTS 02116-4102

(617) 556-0007
FAX (617) 654-1735
───────
PITTSFIELD OFFICE
(413) 443-6100
───────
NORTHAMPTON OFFICE
(413) 585-8632
───────
WORCESTER OFFICE
(508) 752-0203

KATHLEEN M. O'DONNELL
SANDRA M. CHARTON
PATRICIA A. CANTOR
THOMAS P. LANE JR.
MARY L. GIORGIO
THOMAS W. MCENANEY
KATHARINE GOREE DOYLE
GEORGE X. PUCCI
LAUREN F. GOLDBERG
JASON R. TALERMAN
JEFFREY A. HONIG
MICHELE E. RANDAZZO
GREGG J. CORBO
RICHARD T. HOLLAND
LISA C. ADAMS
ELIZABETH R. CORBO
MARCELINO LA BELLA
VICKI S. MARSH
JOHN J. GOLDROSEN
SHIRIN EVERETT
BRIAN E. GLENNON II
JONATHAN D. EICHMAN
LAURA H. PAWLE
TODD J. FRAMPTON
JACKIE COWIN
SARAH N. TURNER

March 5, 2004

BY FACSIMILE – (781)907-9009
AND FIRST CLASS MAIL

Donald O. Dusenberry, P.E.
Simpson Gumpertz & Heger, Inc.
41 Seyon Street
Building 1, Suite 500
Waltham, MA 02453

Re:   Assessment of Storm Effects on MacMillian Pier Floating Dock System

Dear Mr. Dusenberry:

As we discussed, the Town of Provincetown would like to retain Simpson Gumpertz and Heger, Inc. for professional consultant services in connection with recent storm damage to the MacMillan Pier. To that end, I have reviewed the contract materials you forwarded to me with your letter of February 12, 2004 and I enclose two originals of our form of Agreement for Professional Services with your firm's Fee Schedule and Payment Terms attached. Please review and arrange for execution of the Agreement by SGH, and return the originals to me for signature by the Town.

I understand that you are scheduled to begin your review of the floating dock system this week pursuant to your recent discussions with David Guertin, Director of the Provincetown Department of Public Works. I ask that you coordinate your work with Mr. Guertin, who shall be your primary contact for the Town, and keep me informed of your progress.

Thank you for services on this matter. Should you have any questions or comments, please contact me.

Very truly yours,

David J. Doneski

DJD/RTH/jmv
Enc.
cc:   Town Manager
       Director of Public Works (w/o enc.)
215210/PROV/MACPIER/0008

PRINTED ON RECYCLED PAPER

AGREEMENT FOR PROFESSIONAL SERVICES
BETWEEN
THE TOWN OF PROVINCETOWN
AND SIMPSON GUMPERTZ & HEGER, INC.

The Town of Provincetown. Massachusetts, acting by and through its Town Manager. with an address of 260 Commercial Street, Provincetown, Massachusetts, 02657 ("Town") and Simpson Gumpertz & Heger, Inc. with an address of 41 Seyon Street, Building 1, Suite 500, Waltham, Massachusetts 02453 ("SGH") hereby agree as follows:

1. Procurement of Services.   The Town hereby retains SGH for the purpose of providing professional analysis and support services in connection with the matter known as the MacMillan Pier Reconstruction (the "Project"). Said services shall include review and analysis of (1) storm damage to MacMillan Pier and the cause(s) of the failure of the pier's floating dock system; (2) claims which have been/may be asserted by or against the Town in connection with the Project; and (3) claims which have been/may be asserted by or against the Project engineer, contractor, or manufacturer (of the floating dock system) involved with the Project.  Said services shall also include consultation with designated officials and agents of the Town for the purpose of performing such analysis and valuing said claims; defending against the claims of the contractor or engineer and prosecuting claims against the contractor, engineer and/or manufacturer.  It is understood that SGH's services relating to No. (2) and No. (3), above, may include technical and professional support and testimony at or in mediation, arbitration or judicial proceedings, including depositions related thereto, and may include, if requested by the Town, such support and testimony in additional proceedings relating to the Project. As of the date of this agreement, however, and until further written notice from the Town, the scope of SGH's services shall be limited to the review and analysis of the storm damage to MacMillan Pier and the cause(s) of the failure of the floating dock system, as identified in No. (1), above.  No written report of such review and analysis shall be issued by SGH unless and until specifically authorized by the Town.

2. Compensation.  For the performance of services hereunder, the Town shall compensate SGH as follows:

| | |
|---|---|
| Donald O. Dusenberry | $215/hour |
| Other SGH Employees | At the rates indicated in the Fee Schedule and Payment Terms form which is attached hereto as Exhibit A. |
| Outside consultants to SGH (only when specifically authorized by the Town) | 1.15 times consultant's fee |
| Reimbursable expenses | 1.1 times cost |

The Town shall make an initial retainer payment to SGH in the amount of one thousand dollars ($1,000.00) after execution of this agreement. SGH shall not perform services that will result in billings that will exceed $10,000.00 without further written authorization of the Town. SGH may stop work hereunder if the Town fails to make payment in a timely manner. If, at the conclusion of SGH's services hereunder, there is any portion of a payment made by the Town against which SGH has not provided billable services, that portion shall promptly be repaid to the Town.

3. **Coordination of Services.** In the performance of services hereunder, SGH shall work under the direction and supervision of the Town's counsel, Kopelman and Paige, P.C.

4. **Preservation of Rights and Privileges.** It is expressly understood and agreed that the Town is retaining the services of SGH in connection with dispute resolution proceedings relating to the Project and possible litigation. Therefore, SGH shall take reasonable steps to preserve the confidentiality of materials, reports and opinions provided to the Town. In addition, SGH shall comply with reasonable requests of the Town's counsel regarding the performance of services and communication of information as necessary to preserve the attorney work-product privilege as it relates to information and opinions provided by SGH hereunder.

*unless compelled by law, automated*

5. **Availability of Funds.** The compensation provided by this Agreement is subject to the availability and appropriation of funds. SGH shall not be required to perform services that have an associated cost that exceeds the then current appropriation for compensation hereunder.

*a court of competent jurisdiction, or unless req'd pursuant to a subpoena deemed by the Town to be duly issued, or unless req'd by SGH pursuant to the proposal or otherwise,*

6. **Assignment.** SGH shall not make any assignment of this Agreement without the prior written approval of the Town.

*and commitments made on their behalf*

7. **Termination.** Either party may terminate this Agreement upon ten (10) days written notice to the other party. In the event of termination by the Town, the Town shall pay SGH for services performed up to the date of notice of termination, provided that no payment shall be made for reports, analyses or other deliverables until the same have been delivered to the Town.

*we retain © P §*

8. **Applicable Law.** This Agreement shall be governed by and construed in accordance with the law of the Commonwealth of Massachusetts.

9. **Required Certification.** Pursuant to G.L. c.62C, §49A, SGH certifies that it has complied with all laws of the Commonwealth of Massachusetts relating to taxes. SGH's Federal Identification Number is ___04-225-6923___.


SIMPSON GUMPERTZ & HEGER, INC.                    TOWN OF PROVINCETOWN
                                                  By its Town Manager

By _____                       _____

    Name: _____

    Title: _____

215217/24207/0008

SIMPSON GUMPERTZ & HEGER INC.
FEE SCHEDULE AND PAYMENT TERMS



EX. A

| Personnel Category* | Hourly Billing Rate ($ per hour) |
|---|---|
| Senior Principal | $215 |
| Principal | $215 |
| Senior Associate | $205 |
| Associate | $195 |
| | |
| Consulting Architect | $190 |
| Staff Consultant | $190 |
| Senior Project Manager 1 | $170 |
| Senior Project Manager 2 | $160 |
| Senior Project Manager 3 | $154 |
| Project Manager | $154 |
| | |
| Senior Project Supervisor 1 | $160 |
| Senior Project Supervisor 2 | $120 |
| Project Supervisor | $120 |
| | |
| Senior Staff Engineer 1 | $152 |
| Senior Staff Engineer 2 | $132 |
| Staff Engineer 1 | $130 |
| Staff Engineer 2 | $115 |
| Senior Engineer 1 | $110 |
| Senior Engineer 2 | $97 |
| Senior Field Engineer | $97 |
| Engineer | $90 |
| Field Engineer | $90 |
| | |
| Senior Laboratory Technician | $100 |
| Laboratory Technician 1 | $80 |
| Laboratory Technician 2 | $70 |
| Engineering Aide | $58 |
| | |
| Director of Metallurgy | $275 |
| Manager, Electrical Engineering | $145 |
| Petrographer | $185 |
| | |
| Senior Project Drafter | $110 |
| Senior Drafter | $99 |
| Drafter | $84 |
| Senior Illustrator/Programmer | $115 |
| Illustrator/Programmer 1 | $84 |
| Illustrator/Programmer 2 | $65 |
| Data Manager | $95 |
| | |
| Non-Technical | $48 |

* Personnel categories and rates shown for Engineers apply also to Architects and Conservators.

... ... ...ing services are billed at the applicable rate(s) stated above. An annual rate adjustment, based upon salary increases, will apply on January 1 each year. Annual rate adjustments will not exceed 5% without Client's advance approval.

Direct expenses include out-of-pocket expenses, such as subconsultants, travel, and outside services, and charges for the use of SGH field and laboratory equipment, rental of ... ... facilities, etc. Direct expenses also include all reasonable expenses resulting from required responses to subpoenas or court orders related to work under the Contract.

Invoices will be submitted periodically, and are due and payable upon receipt. Unpaid balances shall be subject to an additional charge at the rate of 1-1/2% per month from the date of invoice if the unpaid balance is not paid within 30 days ... ... voices will be submitted showing labor (hours worked) by labor category and total expenses, but not ... ... documentation. The Client shall reimburse SGH for all attorney's fees and costs related to collection of ... overdue payments.

Effective 20 January 2004

## Donald O. Dusenberry

| | |
|---|---|
| **From:** | Rasko P. Ojdrovic |
| **Sent:** | Monday, April 11, 2005 4:13 PM |
| **To:** | Donald O. Dusenberry |
| **Subject:** | FW: Provincetown MacMillan Pier |
| **Importance:** | High |
| **Attachments:** | 55q$04!.DOC |

Rasko P. Ojdrovic, Ph.D, P.E.
Staff Consultant
Simpson Gumpertz & Heger Inc.
41 Seyon Street
Building 1, Suite 500
Waltham, MA 02453

Phone: 781-907-9231
Fax:     781-907-9009
rpojdrovic@sgh.com

www.sgh.com

**From:** Richard T. Holland [mailto:RHolland@k-plaw.com]
**Sent:** Monday, April 11, 2005 9:51 AM
**To:** Rasko P. Ojdrovic
**Subject:** Provincetown MacMillan Pier
**Importance:** High

Rasko,

AGM has agreed to the attached. I am preparing a release of liability for approval by the Town, which I will then
send over to SGH for consideration, as we discussed some time ago. Speak to you soon. Call me if you have
any questions.

Rick.

Richard T. Holland
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007
(617) 654-1735 (fax)
rholland@k-plaw.com

This message and the documents attached to it, if any, are intended only for the use of the addressee and may
contain information that is PRIVILEGED and CONFIDENTIAL and may contain ATTORNEY WORK PRODUCT.
If you are not the intended recipient, you are hereby notified that any dissemination of this communication is
strictly prohibited. If you have received this communication in error, please delete all electronic copies of this
message and attachments thereto, if any, and destroy any hard copies you may have created and notify me
immediately.

# Donald O. Dusenberry

| | |
|---|---|
| **From:** | Richard T. Holland [RHolland@k-plaw.com] |
| **Sent:** | Friday, February 25, 2005 11:41 AM |
| **To:** | Donald O. Dusenberry |
| **Subject:** | RE: Comments on agreement |

Thank you for your prompt response. If I have any questions, I will call you.

Rick.

Richard T. Holland
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007
(617) 654-1735 (fax)
rholland@k-plaw.com

This message and the documents attached to it, if any, are intended only for the use of the addressee and may contain information that is PRIVILEGED and CONFIDENTIAL and may contain ATTORNEY WORK PRODUCT. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please delete all electronic copies of this message and attachments thereto, if any, and destroy any hard copies you may have created and notify me immediately.

-----Original Message-----
**From:** Donald O. Dusenberry [mailto:DODusenberry@sgh.com]
**Sent:** Friday, February 25, 2005 11:34 AM
**To:** Richard T. Holland
**Cc:** Rasko P. Ojdrovic
**Subject:** Comments on agreement

Rick,

Attached is a list of issues that you might want to consider in a memo of understanding about the nature of the replacement dock. This list is developed on the understanding that you need to establish the general understanding about the replacement dock, not specifications for its design and construction. It also is based on the understanding that the City has decided that it wants to retain the floats of the main pier and have new wooden finger piers.

Let me know if you have questions.

Don

Donald O. Dusenberry, Principal
Simpson Gumpertz & Heger Inc.
41 Seyon Street, Building 1, Suite 500
Waltham, Massachusetts 02453
Direct Dial: 781-907-9237
Operator: 781-907-9000
Fax: 781-907-9009
E-mail: dodusenberry@sgh.com
www.sgh.com

2/25/2005

| From: | Rasko Ojdrovic |
|---|---|
| To: | Dusenberry, Donald |
| Date: | 4/23/2004 11:54:06 AM |
| Subject: | Fwd: Confidential: Further Info needed from FS&T |


>>> "David F. Guertin" <dpwdirector@provincetown-ma.gov> 4/23/2004 8:41:47 AM >>>
We should consider. in light of yesterday's development, a meeting with Fay
Spoffard & Thorndike. We need to understand the intent of Add #1 and the
clarification they gave with RFI process. We have yet to hear from them but
we have not asked for anything either. Suggest meeting @ K&P w/ Rasko
present...engineer to engineer. We then also get to discuss issue of
"ordinary care" from the engineers of record. We will ultimately need to
answer that question anyway. Your thoughts please. DFG

Boston

Worcester

# Kopelman and Paige P.C.

31 St. James Avenue
Boston, MA 02116
(617)556-0007 / (617)654-1735 - fax

Northampton

Pittsfield

## THIS DOCUMENT IS CONFIDENTIAL

## FAX TRANSMITTAL COVER SHEET

Date: _____February 27, 2004_____     Number of Pages Including Cover: __11__

Account Code: _____     Original Will Follow:    Yes _X_    No ____

This Fax was Sent By: ____David J. Doneski, Esq.____     Operator Initials: _mw_

PLEASE DELIVER TO:

|  Name | Fax Number |
|---|---|
| Mr. Keith Bergman | (508)487-9560 |

COMMENTS OR INSTRUCTION:

CONFIDENTIAL - NOT A PUBLIC DOCUMENT
INTERDEPARTMENTAL POLICY MEMORANDUM

Re:    MacMillan Pier Reconstruction

PLEASE CONTACT SENDER AT (617)654-1754 IF YOU HAVE NOT RECEIVED THE NUMBER OF PAGES
NOTED ABOVE OR IF THERE ARE ANY PROBLEMS WITH THIS TRANSMISSION.

LEONARD KOPELMAN
DONALD G. PAIGE
ELIZABETH A. LANE
JOYCE FRANK
JOHN W. GIORGIO
BARBARA J. SAINT ANDRE
JOE, S. BARD
JOSEPH L. TEHAN JR.
THERESA M. DOWDY
DEBORAH A. ELIASON
RICHARD BOWEN
DAVID J. DONESKI
JUDITH C. CUTLER
KATHLEEN E. CONNOLLY
DAVIE C JENKINS
MARK R. REICH
BRIAN W. RILEY
DARREN R. KLEIN
JONATHAN M. SILVERSTEIN

EDWARD M. REILLY
DIRECTOR WESTERN OFFICE

WILLIAM HEWIG III
JEANNE S. McKNIGHT

KOPELMAN AND PAIGE, P. C.

ATTORNEYS AT LAW

31 ST. JAMES AVENUE

BOSTON, MASSACHUSETTS 02116-4102

(617) 556-0007

FAX (617) 654-1735

———

PITTSFIELD OFFICE
(413) 443-6100

———

NORTHAMPTON OFFICE
(413) 585-8632

———

WORCESTER OFFICE
(508) 752-0203

KATHLEEN M. O'DONNELL
SANDRA M. CHARTON
PATRICIA A. CANTOR
THOMAS P. LANE, JR.
MARY L. GIORGIO
THOMAS W. McENANEY
KATHARINE GOREE DOYLE
GEORGE X. PUCCI
LAUREN F. GOLDBERG
JASON R. TALERMAN
JEFFREY J. HONIG
MICHELE E. RANDAZZO
GREGG J. CORBO
RICHARD T. HOLLAND
LISA C. ADAMS
ELIZABETH R. CORBO
MARCELINE J. BELLA
VICK E. MARSH
JOHN J. GOLDROSEN
SHIRIN EVERETT
BRIAN E. GLENNON, II
JONATHAN E. EICHMAN
LAURA H. PAWLE
TODD A. FRAMPTON
JACKIE COWIN
SARAH K. TURNER

February 27, 2004

BY FACSIMILE - (508)487-9560

CONFIDENTIAL - NOT A PUBLIC DOCUMENT
INTERDEPARTMENTAL POLICY MEMORANDUM

Mr. Keith Bergman
Town Manager
Provincetown Town Hall
260 Commercial Street
Provincetown, MA 02657

Re:    MacMillan Pier Reconstruction

Dear Mr. Bergman:

This is to provide you with an update on our efforts to retain a consultant to review the damage to the floating dock system and provide an opinion as to the causes for the same. To that end, I have spoken and met with Don Dusenberry, P.E., of Simpson Gumpertz & Heger, Inc. I enclose a copy of Mr. Dusenberry's resume and SGH's fee schedule for your review. Mr. Dusenberry estimates that it will take approximately 80 to 120 engineer hours over a period of approximately three to four weeks to complete an investigation and analysis of the damage and its cause. His time is billed at the principal's rate of $215 per hour; calculations and support work would be performed by engineers billing within the lower rates shown on the fee schedule. The exact breakdown of hours is not known at this time.

Mr. Dusenberry is out of state until March 8, at which time he will be available to begin his services. He informs me that he will be able to view the pier area during that week. His feeling is that the floating docks may be examined either on or off site. My preference would be an examination on site, followed by removal of the damaged docks. If this time frame is not acceptable, Mr. Dusenberry can also arrange for another member of his firm to conduct an earlier view. If possible, I would prefer that Mr. Dusenberry conduct the view since he is the one who would ultimately testify on behalf of the Town in an adversarial proceeding.

KOPELMAN AND PAIGE, P.C.

CONFIDENTIAL - NOT A PUBLIC DOCUMENT
INTERDEPARTMENTAL POLICY MEMORANDUM
Mr. Keith Bergman
Town Manager
February 27, 2004
Page 2

At your direction, I will retain SGH and direct Mr. Dusenberry to begin his work during the week of March 8.

Should you wish to discuss the matter, please contact me.

Very truly yours,

David J. Doneski

DJD/RTH/jmv
Enc.
cc:    Board of Selectmen
       DPW Director
214708/24207/0001



# Donald O. Dusenberry, P.E.

Principal

781-907-9267

Simpson Gumpertz & Heger Inc.
Consulting Engineers

Boston
Los Angeles
San Francisco
Washington, DC

## Experience

Simpson Gumpertz & Heger Inc. from 1975 to present.
Other firms from 1974 to 1975.

## Analysis and Design

### Buildings

- Office Building, Portsmouth, NH (blast-resistant design of scanner wing)
- Exeter Street Theater, Boston, MA (historic building fire damage investigation and repair)
- Odd Fellows Building, Wakefield, MA (historic building fire damage investigation, building stabilization, and repair)
- Bennett Federal Building, Salt Lake City, UT (one of several peer reviews of curtain wall blast design for GSA)
- Amherst College Gymnasium, Amherst, MA (fire damage assessment and rehabilitation design for this reinforced concrete and prestressed concrete structure)
- Sherman Burbank Memorial Chapel, Williamstown, MA (stone tower monitoring and stabilization design)
- Bowdoin College Chapel, Brunswick, ME (stone tower monitoring and stabilization design)
- First Church in Brookline, Brookline, MA (stone tower stabilization and renovation)
- Amherst Town Hall, Amherst, MA (feasibility study to renovate and add new interior floor level to this 1889 structure)
- Ritz Carlton Hotel, Boston, MA (facade replacement design and construction platform design)
- Belle Place Middle School, New Iberia, LA (design of structural upgrade)
- Multiple Mirror Telescope, Mt. Hopkins, AZ (design of modifications to rotating building to accommodate enlarged telescope)
- Portland High School, Portland, ME (analysis and repair of structural deficiencies)
- Barnstable County Fire Academy, Barnstable, MA (consulting on design of burn building for firefighter training)
- 470 Atlantic Avenue, Boston, MA (facade evaluation and remedial design)
- Suffolk Street Garage, Holyoke, MA (analysis and remedial design of connections)
- Holyoke Police Station, Holyoke, MA (peer review)
- Amherst College, Life Sciences Building, Amherst, MA (peer review)
- 973/985 Market Street, San Francisco, CA (evaluation of earthquake performance)
- Ohio State University, Sports Arena, Columbus, OH (spectator-induced vibrations of suspended steel frame balcony)
- Ellis Island, NY (main building design of copper spires and stainless steel supporting structures for the domes)
- Reinforced Concrete, Steel, and Wood Buildings.

### Infrastructure

- 10-ft-diameter High-pressure Water Distribution Tunnel, for the Washington Suburban Sanitary Commission, Laurel, MD (tunnel liner failure investigation, remedial design of thrust block, design review of other components, development of pressure test procedures)
- Brooklyn Bridge Catwalks, for Nab Construction Corporation, College Point, NY (for work in replacement of suspender cables and for rewrapping the main cables)
- Williamsburg Bridge, NY (consulting on catwalk design)
- Park Avenue Viaduct, NY (structural design of main beam connections)
- 275-ft-diameter storage tank (concrete reinforcement design).

LEONARD KOPELMAN
DONALD G. PAIGE
ELIZABETH A. LANE
JOYCE FRANK
JOHN W. GIORGIO
BARBARA J. SAINT ANDRE
JOEL E. BARD
JOSEPH L. TEHAN JR
THERESA M. DOWDY
DEBORAH A. ELIASON
RICHARD BOWEN
DAVID J. DONESKI
JUDITH C. CUTLER
KATHLEEN E. CONNOLLY
DAVID C. JENKINS
MARK R. REICH
BRIAN W. RILEY
DARREN R. KLEIN
JONATHAN M. SILVERSTEIN
ANNE-MARIE HYLAND
JASON R. TALERMAN
GEORGE X. PUCCI

EDWARD M. REILLY
DIRECTOR WESTERN OFFICE

KOPELMAN AND PAIGE, P. C.

ATTORNEYS AT LAW

31 ST JAMES AVENUE

BOSTON MASSACHUSETTS 02116-4102

(617) 556-0007
FAX (617) 654-1735

———

PITTSFIELD OFFICE
(413) 443-6100

———

NORTHAMPTON OFFICE
(413) 585-8632

———

WORCESTER OFFICE
(508) 752-0203

WILLIAM HEWIG III
JEANNE S. McKNIGHT
KATHLEEN M. O'DONNELL
PATRICIA A. CANTOR
THOMAS P. LANE JR
MARY L. GIORGIO
THOMAS W. McENANEY
KATHARINE GOREE DOYLE
LAUREN F. GOLDBERG
JEFFREY A. HONIG
MICHELE E. RANDAZZO
GREGG J. CORBO
RICHARD T. HOLLAND
ELIZABETH R. CORBO
MARIA C. ROTA
VICKI E. MARSH
JOHN J. GOLDROSEN
SHIRIN EVERETT
BRIAN E. GLENNON, II
JONATHAN E. EICHMAN
JOSEPH S. FAIR
LAURA H. PAWLE
CAROLYN M. MURRAY
JACKIE COWIN
SARAH N. TURNER
JEFFREY T. BLAKE
R. ERIC SLAGLE

August 30, 2004

## CONFIDENTIAL - NOT A PUBLIC DOCUMENT

Rasko P. Ojdrovic, PH.D., P.E.
Simpson, Gumpertz & Heger, Inc.
41 Seyon Street
Building 1, Suite 500
Waltham, MA 02453

Re:     MacMilian Pier Project, Provincetown, Massachusetts

Dear Dr. Ojdrovic:

    As we discussed, please find the enclosed additional documents from the Project Engineer.

    Thank you.

Very truly yours,

Richard T. Holland

RTH/sjm
Enc.
cc:     Town Manager (w/o enc.)
       DPW Director (w/o enc.)
299047/PROVMACPIER/0005

KOPELMAN AND PAIGE
☐016



# FAY, SPOFFORD & THORNDIKE, INC.
5 Burlington Woods • Burlington, Massachusetts 01803

## FAX TRANSMISSION FORM

DATE: July 2, 2004

ATTENTION:      Richard T. Holland

COMPANY:       Kopelman & Paige P.C.

CITY, STATE:    Boston, MA 02116

PROJECT #:      TP - 090A

FAX#:           617 - 654 - 1735              ☐ ORIGINALS MAILED

SUBJECT:        MacMillan Pier Rehabilitation - Concrete Floating Docks

COMMENTS:

Copy of revised wave properties (March 5, 2002 from Woods Hole Group) and copy of Certificate of Substantial Completion.

FROM: **FAY, SPOFFORD & THORNDIKE, INC. FAX#: (781) 229-1115**

BY:   Don Harvie

TOTAL NUMBER OF PAGES INCLUDING THIS FORM:     4

IF THERE ARE ANY PROBLEMS, PLEASE CONTACT: Don Harvie
AT (781) 221-1143

LEONARD KOPELMAN
DONALD G. PAIGE
ELIZABETH A. LANE
JOYCE FRANK
JOHN W. GIORGIO
BARBARA J. SAINT ANDRE
JOEL B. BARD
JOSEPH L. TEHAN, JR.
THERESA M. DOWDY
DEBORAH A. ELIASON
RICHARD BOWEN
DAVID J. DONESKI
JUDITH C. CUTLER
KATHLEEN E. CONNOLLY
DAVID C. JENKINS
MARY E. REICH
BRIAN W. RILEY
DARREN R. KLEIN
JONATHAN M. SILVERSTEIN

EDWARD M. REILLY
DIRECTOR WESTERN OFFICE

WILLIAM HEWIG III
JEANNE S. MCKNIGHT
KATHLEEN M. O'DONNELL
PATRICIA A. CANTOR

KOPELMAN AND PAIGE, P. C.

ATTORNEYS AT LAW

31 ST. JAMES AVENUE

BOSTON, MASSACHUSETTS 02116-4102

(617) 556-0007
FAX (617) 654-1735
———
PITTSFIELD OFFICE
(413) 443-6100
———
NORTHAMPTON OFFICE
(413) 585-8632
———
WORCESTER OFFICE
(508) 752-0203

THOMAS F. LANE, JR.
MARY L. GIORGIO
THOMAS W. MCENANEY
KATHARINE GOREE DOYLE
GEORGE X. PUCCI
LAUREN F. GOLDBERG
JASON R. TALERMAN
JEFFREY A. HONIG
MICHELE E. RANDAZZO
GREGG L. CORBO
RICHARD T. HOLLAND
LISA C. ADAMS
ELIZABETH R. CORBO
MARCELINO J LA BELLA
VICK S. MARSH
JOHN J. GOLDROSEN
SHIRIN EVERETT
BRIAN E. GLENNON II
JONATHAN D. EICHMAN
JOSEPH S. FAIR
LAURA H. PAWLE
JACKIE COWIN
SARAH N. TURNER
JEFFREY T. BLAKE
CAROLYN M. MURRAY
R. ERIC SLAGLE

April 26, 2004

FEDERAL EXPRESS

CONFIDENTIAL - NOT A PUBLIC DOCUMENT

Rasko P. Ojdrovic, PH.D., P.E.
Simpson, Gumpertz & Heger, Inc.
41 Seyon Street
Building 1, Suite 500
Waltham, MA 02453

Re:    MacMillian Pier Project, Provincetown, Massachusetts

Dear Dr. Ojdrovic:

As discussed, enclosed is a binder of additional materials for your use and review.

Thank you.

Very truly yours,

Richard T. Holland

RTH/jmv
Enc.
cc:    Town Manager (w/o enc.)
       DPW Director (w/o enc.)
239749/PROVMACPIER/0008

2/23/05

DOD
040147

Phone call from Rick Hallas
Katherine E/Paige

Settlement presently is
subject to original specification

Focus doc specification
Look @ technical specs to see
if there is anything that would
apply to a replacement clock of
glass

He will email specific questions

Richard Holland
617 556-0007

## Donald O. Dusenberry

**From:**   Donald O. Dusenberry
**Sent:**   Thursday, April 14, 2005 2:34 PM
**To:**     'Richard T. Holland'
**Cc:**     Rasko P. Ojdrovic
**Subject:** Amendment to agreement

*PL will want this section* ←

Rick,

Our agreement as it presently stands is explicit in its limitation of the scope of our assignment to the first of three tasks that are defined in the section titled "Procurement of Services." On oral instructions, we have proceeded with elements of the other two tasks. In addition, we now are being asked to pursue a task not listed: review and comment on the dock design that the Town and the contractor have agreed upon to replace the damaged dock.

The original agreement limited the amount that we could bill prior to receiving additional written authorization. We have accumulated larger fees, operating to date on oral authorization.

To bring our agreement current, we request that the agreement be amended as follows:

Extend authorization to pursue tasks 2 and 3 as described in the agreement.
Add task 4, which is to review and comment on plans for the replacement dock system (I understand that you are working on a release regarding our responsibility for the design of the replacement dock).
Raise our authorized expenditures to $70,000 before requiring additional written authorization (our fees to date are approximately $52,000).

Please call me with questions.

Thanks.

Don

P.S., I received the executed Settlement Agreement today. Thanks.

Donald O. Dusenberry, Principal
Simpson Gumpertz & Heger Inc.
41 Seyon Street, Building 1, Suite 500
Waltham, Massachusetts 02453
Direct Dial: 781-907-9237
Operator: 781-907-9000
Fax: 781-907-9009
E-mail: oodusenberry@sgh.com
www.sgh.com

## Donald O. Dusenberry

| From: | Donald O. Dusenberry |
|---|---|
| Sent: | Friday, February 25, 2005 11:34 AM |
| To: | 'rholland@k-plaw.com' |
| Cc: | Rasko P. Ojdrovic |
| Subject: | Comments on agreement |
| Contacts: | Richard T. Holland, Esq. |
| Attachments: | Suggestions for Inclusion in Settlement Agreement.doc |

Rick,

Attached is a list of issues that you might want to consider in a memo of understanding about the nature of the replacement dock. This list is developed on the understanding that you need to establish the general understanding about the replacement dock, not specifications for its design and construction. It also is based on the understanding that the City has decided that it wants to retain the floats of the main pier and have new wooden finger piers.

Let me know if you have questions.

Don

Donald O. Dusenberry, Principal
Simpson Gumpertz & Heger Inc.
41 Seyon Street, Building 1, Suite 500
Waltham, Massachusetts 02453
Direct Dial: 781-907-9237
Operator: 781-907-9000
Fax: 781-907-9009
E-mail: dodusenberry@sgh.com
www.sgh.com

Suggestions for Inclusion in Settlement Agreement

City of Provincetown
MacMillan Pier Reconstruction

Prepared by Simpson Gumpertz & Heger Inc.
24 February 2005
Project: 040167

In accordance with an e-mail from Richard Holland, we understand that the City of Provincetown is seeking suggestions about information, in addition to that contained in a letter from AGM Marine Contractors, Inc. dated 17 February 2005, that should be included in a description of the replacement concept for the pier. We understand that the City has accepted a wood system to replace the finger piers, while retaining the concrete floats for the main pier. On this basis, we suggest that the following additional information should be included in the agreement of concept:

1.  There should be a statement of the design-base storm, or another means to quantify the loading that must be used for the design of the new components (page TS-110 of the specifications includes relevant information, although we are not at this time independently endorsing the appropriateness of this information for the replacement dock).

2.  There should be a statement about whether the dock is to be designed to be in the water all year, or if it is to be removed in the winter. If the floats are to be removed for the winter, all connections should be designed for easy disassembly and there should be provisions for lifting the floats to facilitate the work.

3.  There should be a requirement that all connections will be designed to support the induced forces, and that the required design and construction of any modifications needed for the existing concrete floats are part of the agreement.

4.  Cleat loads should be specified (page TS-113 of the original specifications stated that cleats should be designed for a mooring line load of 2,500 lb in any direction).

5.  In addition to the commitment to submit drawings for approval, as stated in the AGM letter, the designer/contractor should be required to submit calculations, certificates, manuals, "as-built" drawings, final complete specifications for the dock system provided, listing of purchased items or parts likely to need replacement, copies of the guarantee and warranty, maintenance program, operating procedures, winterization procedures, and additional information deemed useful to reduce maintenance and extend the life of the dock system (see pages TS-113 and TS-114 of the specifications).

6.  There should be agreement about whether the design will be a "flexible" or "rigid" system, meaning whether connections will be allowed to rotate or pivot, or they will be locked against relative movement.

7.  There should be a statement that the new components will be compatible with the existing components, meaning that the top surfaces are at the same elevation, precautions are provided to prevent the joints from being hazards to users, slip resistance of the top surfaces should be comparable, buoyancy and stability characteristics should be comparable, there are appropriate provisions for electrical and water services, etc.

8.  There should be a statement that any piles that are out of position or are not sufficiently rigid to provide suitable anchorage for the dock will be replaced as part of the contract.

9.   Existing floats to be reused should be thoroughly inspected and repaired or replaced as necessary (there needs to be a definition of an acceptable condition for the reuse of floats).

10.  The Town should state any installation requirements or limitations it wishes to impose (e.g., time of year, lay-out area).

From:       Rasko Ojdrovic
To:         Dusenberry, Donald
Date:       4/5/2004 8:33:41 AM
Subject:    Fwd: RE: FW: Storm Data


>>> "Richard T. Holland" <RHolland@k-plaw.com> 4/3/2004 12:51:05 PM >>>
Rasko

As we discussed on Friday, please review thoroughly our wave height
calculations/graphs. Once done, we will discuss the same. After this
is done, we need to expeditiously and thoroughly review the causes of
the failure of the system. In so doing, we should develop an
understanding of what arguments the contractor or the manufacturer will
make against our assertion that they are at fault for the failure. For
example, (as AGM alluded to on Friday) I suspect the following two
arguments will be alleged/made, and therefore, will need to be refuted
by us:

1. The Town failed to operate/maintain the dock system as required
(e.g. the tightening of the through rods);

2. Taking the wave attenuator out of the design resulted in the
failure.

While we all agree that the above arguments are unpersuasive, we need to
be well prepared to refute those arguments and any others that may be
raised.

Let me know if you have any questions/comments.

Thank you

Richard T. Holland
Kopelman & Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007
(617) 654-1735 (fax)
rholland@k-plaw.com

-----Original Message-----
From: Rasko Ojdrovic [mailto:RPOjdrovic@sgh.com]
Sent: Thursday, April 01, 2004 4:56 PM
To: Richard T. Holland
Subject: RE: FW: Storm Data

Attached are the wind and wave charts. Please review and comment.

Rasko

>>> "Richard T. Holland" <RHolland@k-plaw.com> 4/1/2004 4:20:17 PM >>>
Rasko,

As we discussed, we will meet between 10 AM and 10:30 at Town Hall.

Provincetown, which is located at 260 Commercial Street. I will email
you directions.

Richard T. Holland
Kopelman & Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007
(617) 654-1735 (fax)
rholland@k-plaw.com

-----Original Message-----
From: Rasko Ojdrovic [mailto:RPOidrovic@sgh.com]
Sent: Wednesday, March 31, 2004 12.31 PM
To: Richard T. Holland
Cc: Donald Dusenberry
Subject: Re: FW: Storm Data

Dear Mr. Holland,

I will be checking the NOAA site today for updates. I will give you a
call later today to update you on our progress.

Rasko

>>> "Richard T. Holland" <RHolland@k-plaw.com> 3/31/2004 8:30:15 AM
>>>
Dr. Ojdrovic:

As you can see in my email exchange below, NOAA will be posting the
storm data for December 2003 for MA on its website today sometime--I
hope. Please let me know if it's available to you by the end of the
day. (You may already have this information?)

Also, please give me a call at the end of today (Wed) or tomorrow
morning (Thur) regarding your progress. If possible, I would like to
meet with you prior to Friday to go over your calculations with you.

Thank you.

Richard T. Holland
Kopelman & Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007
(617) 654-1735 (fax)
rholland@k-plaw.com

-----Original Message-----
From: Joseph Dellicarpini [mailto:Joseph.Dellicarpini@noaa.gov]
Sent: Tuesday, March 30, 2004 10:50 PM
To: Richard T. Holland
Subject: Re: Storm Data

Richard

Sorry about that. Apparently our webmaster put the links on the homepage
but didn't put the files there. I'll talk to him Wednesday morning and
have
him put them on as soon as he can.

Joe

"Richard T. Holland" wrote:

> Joe,
>
> I saw that on the website, but it appears to say that December 2003
> report is not available. The three reports provided (on the web/in your
> email) are for December '00, '01 and '02? If I'm overlooking it please
> let me know. If not, do you have a hard copy available for the December
> 2003 report?
>
> Thank you for your help.
>
> Richard T. Holland
> Kopelman & Paige, P.C.
> 31 St. James Avenue
> Boston, MA 02116
> (617) 555-0007
> (617) 654-1735 (fax)
> rholland@k-plaw.com
>
> -----Original Message-----
> From: Joseph Dellicarpini [mailto:Joseph.Dellicarpini@noaa.gov]
> Sent: Tuesday, March 30, 2004 5:24 AM
> To: Richard T. Holland
> Subject: Re: Storm Data
>
> Richard -
>
> The December 2003 Storm Data report is available - here's the link:
>
> http://www.erh.noaa.gov/box/stormdata/dec03.pdf
>
> Joe
>
> ----- Original Message -----
> From: "Richard T. Holland" <RHolland@k-plaw.com>
> Date: Monday, March 29, 2004 6:31 pm
> Subject: Storm Data
>
> > Do you have any storm data report for December 2003 for
> Massachusetts?
> > The NOAA website does not have a report for this period? I
> presume
> > because it has yet to be posted?

```
> >
> >
> >
> > Thank you for your time.
> >
> >
> >
> > Richard T. Holland
> >
> > Kopelman & Paige, P.C.
> >
> > 31 St. James Avenue
> >
> > Boston, MA 02116
> >
> > (617) 556-0007
> >
> > (617) 654-1735 (fax)
> >
> > rholland@k-plaw.com
> >
> >
> >
> >
```

LEONARD KOPELMAN
DONALD G. PAIGE
ELIZABETH A. LANE
JOYCE FRANK
JOHN W. GIORGIO
BARBARA J. SAINT ANDRE
JOEL B. BARD
JOSEPH L. TEHAN, JR.
THERESA M. DOWDY
DEBORAH A. ELIASON
RICHARD BOWEN
DAVID J. DONESKI
JUDITH C. CUTLER
KATHLEEN E. CONNOLLY
DAVID C. JENKINS
MARK R. REICH
BRIAN W. RILEY
DARREN R. KLEIN
JONATHAN M. SILVERSTEIN
ANNE-MARIE M. HYLAND
JASON R. TALERMAN
GEORGE X. PUCCI

EDWARD M. REILLY
DIRECTOR WESTERN OFFICE

KOPELMAN AND PAIGE, P. C.

ATTORNEYS AT LAW

31 ST JAMES AVENUE

BOSTON  MASSACHUSETTS 02116-4102

(617) 556-0007
FAX (617) 654-1735

PITTSFIELD OFFICE
(413) 443-6100

NORTHAMPTON OFFICE
(413) 585-8632

WORCESTER OFFICE
(508) 752-0203

WILLIAM HEWIG III
JEANNE S. McKNIGHT
KATHLEEN M. O'DONNELL
PATRICIA A. CANTOR
THOMAS P. LANE, JR.
MARY L. GIORGIO
MICHELE E. RANDAZZO
THOMAS W. McENANEY
KATHARINE GOREE DOYLE
LAUREN F. GOLDBERG
JEFFREY A. HONIG
GREGG J. CORBO
RICHARD T. HOLLAND
ELIZABETH R. CORBO
MARIA C. ROTA
VICKI S. MARSH
JOHN J. GOLDROSEN
SHIRIN EVERETT
BRIAN E. GLENNON, II
JONATHAN D. EICHMAN
JOSEPH S. FAIR
LAURA H. PAWLE
CAROLYN M. MURRAY
JACKIE COWIN
SARAH N. TURNER
JEFFREY T. BLAKE
R. ERIC SLAGLE
CAROLYN KELLY MACWILLIAM

April 13, 2005

Donald O. Dusenberry, P.E.
Simpson Gumpertz & Heger, Inc.
41 Seyon Street
Building 1, Suite 500
Waltham, MA 02453

Re:    MacMillan Pier, Floating Dock Systems – AGM Marine Contractors, Inc.

Dear Mr. Dusenberry:

As we discussed, enclosed please find a copy of an executed Settlement
Agreement in connection with the above-referenced matter.

Should you have any questions, please feel free to contact me.

Very truly yours,

Richard T. Holland

RTH/sjm
Enc.
cc:    Town Manager

248813/PROV/0008

BOSTON

WORCESTER

# KOPELMAN AND PAIGE, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007 / (617) 654-1735 - fax

NORTHAMPTON

PITTSFIELD

* * * * * * **THIS DOCUMENT IS CONFIDENTIAL** * * * * * *

FAX TRANSMITTAL COVER SHEET

Date _____ 3-3 _____, 2005

Account Code _____

This Fax Sent By _Rick Holland_

Please Deliver To

Number of Pages Including Cover

Original Will Follow  Yes ___ No

Operator Initials _____

Name
_Dr. Rasko Ojdrovic_

Fax No.
_781-907-9009_

Comments or Instructions

_Re: Provincetown Floating Dock_

_Please review And call to discuss._

PLEASE CONTACT SENDER AT (617) 654-1754 IF YOU HAVE NOT RECEIVED THE NUMBER OF PAGES NOTED ABOVE OR IF THERE ARE ANY PROBLEMS WITH THIS TRANSMISSION.
40600

# Donald O. Dusenberry

| From: | Richard T. Holland [RHolland@k-plaw.com] |
|-------|------------------------------------------|
| Sent: | Wednesday, February 23, 2005 2:48 PM |
| To: | Donald O. Dusenberry |
| Cc: | Rasko P. Ojdrovic; dpwdirector@provincetown-ma.gov |
| Subject: | Provincetown, MacMillan Pier, Floating Dock |
| Importance: | High |

Don,

As we discussed today, I attach a document from AGM. That document represents the work that AGM is agreeing to perform for the Town in settlement of the Town's dispute. The Town is agreeable to this settlement. I have two questions:

1. The purpose of the attachment is merely to memorialize conceptually, though with some detail, what it is that AGM will be doing/installing, so we don't have any fights down the line due to any misunderstanding. That said, recognizing that this document is merely to establish an agreement on a concept of the work and the type of dock system being installed, and that AGM is expected to submit shop drawings and other submittals during the work, are there any other details regarding the timber float installation not contained in the attached document that is advisable for inclusion? I am worried that we don't have a "specification" so to speak. Is there anything else we should include?

2. The work to be performed pursuant to the settlement agreement is to be subject to the contract documents for the initial pier. AGM objects to inclusion of all technical specifications. Is there anything in the technical specifications that you think should remain; in other words, should the installation of the timber system be subject to some portion or portions of the technical specifications.

If possible, please let me know your opinions in a day or two, or sooner if you prefer. We can discuss over the phone when you've concluded your review.

Thank you,

Rick.

Richard T. Holland
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007
(617) 654-1735 (fax)
rholland@k-plaw.com

This message and the documents attached to it, if any, are intended only for the use of the addressee and may contain information that is PRIVILEGED and CONFIDENTIAL and may contain ATTORNEY WORK PRODUCT. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please delete all electronic copies of this message and attachments thereto, if any, and destroy any hard copies you may have created and notify me immediately.

Rasko P. Ojdrovic

| From: | David F. Guertin [dpwdirector@provincetown-ma.gov] |
|---|---|
| Sent: | Tuesday, April 19, 2005 3:55 PM |
| To: | Rick Holiano |
| Cc: | Rasko P. Ojdrovic; Keith Bergman |
| Subject: | FW: MacMillan Pier |

Attachments:      Provincetown Release.doc



Provincetown
Release.doc (30 K...

        I have spoken to Rasko today about this and find the change to be acceptable.
SGH will not, nor should they be held responsible for a design that is no theirs. They are
needed to ascertain that what is to be installed is consistent to the settlement
agreement. We do acknowledge that these new components are 'less' in inherent strength,
are "less" in mass and are "less" than original specification. THUS REQUIRING A PROGRAM TO
REMOVE THEM IN THE OFF-SEASON AND BEFORE ANY FORECASTED STORM EVENT. Hence, they need to
be easily disassembled - a funtion of connection details - and fit the bill for summer
dockage. Consider this release signed by me. DFG

-----Original Message-----
From: Richard T. Holland [mailto:RHolland@k-plaw.com]
Sent: Tuesday, April 19, 2005 2:47 PM
To: dpwdirector@provincetown-ma.gov
Subject: FW: MacMillan Pier


David,

I will call you shortly about this and the Ice House matter.  SGH wanted to propose
revises language for the release, which it apparently has done but sent to you.

Richard T. Holland
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007
(617) 654-1735 (fax)
rholland@k-plaw.com

This message and the documents attached to it, if any, are intended only for the use of
the addressee and may contain information that is PRIVILEGED and CONFIDENTIAL and may
contain ATTORNEY WORK PRODUCT.  If you are not the intended recipient, you are hereby
notified that any dissemination of this communication is strictly prohibited.  If you have
received this communication in error, please delete all electronic copies of this message
and attachments thereto, if any, and destroy any hard copies you may have created and
notify me immediately.

-----Original Message-----
From: Rasko P. Ojdrovic [mailto:RPOjdrovic@sgh.com]
Sent: Tuesday, April 19, 2005 2:41 PM
To: dpwdirector@provincetown-ma.gov
Cc: Richard T. Holland; Donald O. Dusenberry
Subject: RE: MacMillan Pier


Dear Mr. Guertin,

Attached is a draft release agreement.  Please review and comment.

:

Thank you.

Rasko

LEONARD KOPELMAN
DONALD G. PAIGE
ELIZABETH A. LANE
JOYCE FRANK
JOHN W. GIORGIO
BARBARA J. SAINT ANDRE
JOEL B. BARD
JOSEPH L. TEHAN, JR.
THERESA M. DOWDY
DEBORAH A. ELIASON
RICHARD BOWEN
DAVID J. DONESKI
JUDITH C. CUTLER
KATHLEEN E. CONNOLLY
DAVID C. JENKINS
MARK R. REICH
BRIAN W. RILEY
DARREN R. KLEIN
JONATHAN M. SILVERSTEIN
ANNE-MARIE HYLAND
JASON R. TALERMAN
GEORGE X. PUCCI

EDWARD M. REILLY
DIRECTOR WESTERN OFFICE

**KOPELMAN AND PAIGE, P. C.**

ATTORNEYS AT LAW

31 ST. JAMES AVENUE

BOSTON, MASSACHUSETTS 02116-4102

(617) 556-0007
FAX (617) 654-1735
———
PITTSFIELD OFFICE
(413) 443-6100
———
NORTHAMPTON OFFICE
(413) 585-8632
———
WORCESTER OFFICE
(508) 752-0203

WILLIAM HEWIG III
JEANNE S. McKNIGHT
KATHLEEN M. O'DONNELL
PATRICIA A. CANTOR
THOMAS P. LANE, JR.
MARY L. GIORGIO
THOMAS W. McENANEY
KATHARINE GOREE DOYLE
LAUREN F. GOLDBERG
JEFFREY A. HONIG
MICHELE E. RANDAZZO
GREGG J. CORBO
RICHARD T. HOLLAND
ELIZABETH R. CORBO
MARIA C. ROTA
VICKI S. MARSH
JOHN J. GOLDROSEN
SHIRIN EVERETT
BRIAN E. GLENNON, II
JONATHAN D. EICHMAN
JOSEPH S. FAIR
LAURA H. PAWLE
CAROLYN M. MURRAY
JACKIE COWIN
SARAH N. TURNER
JEFFREY T. BLAKE
R. ERIC SLAGLE

May 23, 2005

Dr. Rasko P. Ojdrovic
Simpson Gumpertz & Heger Inc.
41 Seyon Street
Building 1, Suite 500
Waltham, MA 02453

Re:    AGM Marine Contractors, Inc. v. Southeast Floating Docks, Inc.

Dear Dr. Ojdrovic:

In connection with the above-referenced matter, and as we discussed, please find enclosed one original Release Agreement between the Town and Simpson Gumpertz & Heger Inc.

Should you have any questions, please feel free to contact me.

Very truly yours,

Richard T. Holland

RTH/sjm
Enc.
cc:    Town Manager
       Director of Public Works

251752/PROVMACPIER/0008

Rasko Ojdrovic - RE: MacMillan Pier--CONFIDENTIAL, NOT A PUBLIC DOCUMENT

From:     "Richard T. Holland" <RHolland@k-plaw.com>
To:       "Rasko Ojdrovic" <RPOjdrovic@sgh.com>
Date:     7/16/2004 7:59 AM
Subject:  RE: MacMillan Pier--CONFIDENTIAL, NOT A PUBLIC DOCUMENT
CC:       <dpwdirector@provincetown-ma.gov>

Rasko,

Please continue with an analysis of the actual failure of the floating dock system, which is the second part of our analysis (the first having been the analysis of the storm compared to the design parameters for the dock system). This analysis would include anticipation and refutation of potential arguments by the manufacturer/contractor, e.g. alleged failure to tighten through-rods deletion of wave attenuator.

I will shortly be forwarding to you documents obtained from the Engineer's sub-consultant, woods hole, for your review and analysis.

Please let me know the current status of our review of the failure of the dock system—I believe you may have begun this prior to your vacation—and give me an idea of how much time you think this analysis will take to complete.

Rick.

Richard T. Holland
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007
(617) 654-1735 (fax)
rholland@k-plaw.com
          -----Original Message-----
          From: Rasko Ojdrovic [mailto:RPOjdrovic@sgh.com]
          Sent: Thursday, July 15, 2004 10:56 AM
          To: Richard T. Holland
          Subject: RE: MacMillan Pier

          Rick,

          I am back from vacation. Please let me know if you need anything from us. Thank you.

          Rasko

          >>> "Richard T. Holland" <RHolland@k-plaw.com> 6/3/2004 12:20:20 PM >>>
          Great. Please bring with you any documents you feel may be necessary so that we can make whatever inquiry of FS&T is necessary to ensure we have all information relative to the design of the dock system. Let's touch base on Monday before the meeting to be sure we're all on the same page as to what our efforts will entail. I will call you and David on Monday morning if such time is good for all and we can discuss. Thank you.

          Rick.

          Richard T. Holland
          Kopelman and Paige, P.C.
          31 St. James Avenue

Boston, MA 02116
(617) 556-0007
(617) 654-1735 (fax)
rholland@k-plaw.com
-----Original Message-----
**From:** Rasko Ojdrovic [mailto:RPOjdrovic@sgn.com]
**Sent:** Thursday, June 03, 2004 12:07 PM
**To:** Richard T. Holland
**Subject:** Re: MacMillan Pier

Rick,

I will be available.

Rasko

>>> "Richard T. Holland" <RHolland@k-plaw.com> 6/3/2004 11:59:10 AM >>>
Rasko,

We have scheduled an appointment for next **Tuesday, June 8, at 1 pm** in my Boston office for a meeting with the project engineer FS&T to confirm that we have all of engineering information necessary. It is important that you attend as well. Please advise as to your availability.

Thank you.

Rick

Richard T. Holland
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007
(617) 654-1735 (fax)
rholland@k-plaw.com

Rasko Ojdrovic - MacMillan Pier Project, CONFIDENTIAL, NOT A PUBLIC DOCUMENT

---

| | |
|---|---|
| **From:** | "Richard T. Holland" <RHolland@k-plaw.com> |
| **To:** | "Rasko Ojdrovic" <RPOjdrovic@sgh.com> |
| **Date:** | 7/16/2004 8:05 AM |
| **Subject:** | MacMillan Pier Project, CONFIDENTIAL, NOT A PUBLIC DOCUMENT |
| **CC:** | <dpwdirector@provincetown-ma.gov> |

---

Rasko,

Following up on my earlier email of this morning requesting an analysis of the failure of the floating dock system, I would also like for you to analyze the potential liability of the Owner's Engineer, FST, in terms of its design and the administration of the contract; in other words, was the design reasonable; did FST approve of submittals (e.g., Gary Greene calculations) which it should have rejected; did FST satisfy the "standard of care" applicable (i.e., that measure of care that a similarly situated engineer would have shown in this or a similar project).

In summary, please analyze:

1. failure of floating dock system
2. potential defenses (and refutations to the same) to be raised by contractor and manufacturer
3. potential liability of FST

Again, if you could please provide me with a time frame for this work and the amount of hours you believe it will take to complete.

Let me know if you have any questions.

Richard T. Holland
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007
(617) 654-1735 (fax)
rholland@k-plaw.com

## Rasko Ojdrovic - FW: MacMillan Pier Project, CONFIDENTIAL, NOT A PUBLIC DOCUMENT

**From:**    "Richard T. Holland" <RHolland@k-plaw.com>
**To:**       "Rasko Ojdrovic" <RPOjdrovic@sgh.com>
**Date:**    7/26/2004 4:24 PM
**Subject:** FW: MacMillan Pier Project, CONFIDENTIAL, NOT A PUBLIC DOCUMENT

Rasko,

I received your voice message regarding the remaining analysis to be performed and your estimate of approximately 80 hours to complete the same. I understand that your estimate depends upon the level of detail required. As for the level of detail, let's begin with a basic analysis sufficient to identify all material considerations/calculations. When you complete this basic level of analysis, we can confer and review the same and then move on to the next level of detail as necessary. Please begin with the analysis in accordance with this email and my previous email, a copy of which I am forwarding to you for your convenience.

Thank you.

Rick.

Richard T. Holland
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007
(617) 654-1735 (fax)
rholland@k-plaw.com
-----Original Message-----
**From:** Richard T. Holland
**Sent:** Friday, July 16, 2004 9:06 AM
**To:** 'Rasko Ojdrovic'
**Cc:** 'dpwdirector@provincetown-ma.gov'
**Subject:** MacMillan Pier Project, CONFIDENTIAL, NOT A PUBLIC DOCUMENT

Rasko,

Following up on my earlier email of this morning requesting an analysis of the failure of the floating dock system, I would also like for you to analyze the potential liability of the Owner's Engineer, FST, in terms of its design and the administration of the contract; in other words, was the design reasonable, did FST approve of submittals (e.g., Gary Greene calculations) which it should have rejected; did FST satisfy the 'standard of care' applicable, i.e., that measure of care that a similarly situated engineer would have shown in this or a similar project.

In summary, please analyze:

1. failure of floating dock system
2. potential defenses (and refutations to the same) to be raised by contractor and manufacturer
3. potential liability of FST

Again, if you could please provide me with a time frame for this work and the amount of hours you believe it will take to complete.

Let me know if you have any questions.

Richard T. Holland
Kopelman and Paige. P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007
(617) 654-1735 (fax)
rholland@k-plaw.com

From:       "Richard T. Holland" <RHolland@k-plaw.com>
To:         "Rasko Ojdrovic" <RPOjdrovic@sgn.com>
Date:       4/23/2004 11:55:15 AM
Subject:   Provincetown MacMillan Pier

Rasko,


Please let me know if you have any questions regarding my earlier email about the need to evaluate (1) the reasonableness of the assumption by Gary Greene about the 2.23 wave, 2.65 wave period, and 35 feet wave length; and (2) whether those wave parameters were exceeded during the storm.


Please let me know when you might expect to have the above analysis completed.


Also, could you please email to me in .PDF format the document submitted to us by Bourne consulting.


Thank you.


Richard T. Holland

Kopelman and Paige, P.C.

31 St. James Avenue

Boston, MA 02116

(617) 556-0007

(617) 654-1735 (fax)

rholland@k-plaw.com

From:      "Richard T. Holland" <RHolland@k-plaw.com>
To:        <dpwdirector@provincetown-ma.gov>, "Rasko Ojdrovic, PhD.PE"
<rpojdrovic@sgn.com>
Date:     4/23/2004 11:54:30 AM
Subject:  RE: Confidential; Further Info needed from FS&T

David,

I think that is a good idea. I recommend, however, that we wait until
Rasko has first fully evaluated the RFI in question. At that point, we
will better know what impact, if any, the information contained in that
RFI has on his analysis.

Therefore, as a first step, Rasko needs to:

1. Evaluate the reasonableness of the assumption by the manufacturer's
engineer about the wave heights, wave lengths, and wave periods from the
North/Northwest, as contained in such engineer's calculations;

2. Determine whether, irrespective of the reasonableness of such
assumption, the storm wave heights, wave lengths, and wave periods so
assumed by such engineer were below those occurring during the storm.

I will copy Rasko on this email with an instruction to expedite his
review in that regard.

Rick.

Richard T. Holland
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007
(617) 654-1735 (fax)
rholland@k-plaw.com

-----Original Message-----
From: David F. Guertin [mailto:dpwdirector@provincetown-ma.gov]
Sent: Friday, April 23, 2004 8:42 AM
To: Rasko Ojdrovic, PhD.PE; Richard T. Holland
Cc: Keith A. Bergman
Subject: Confidential; Further Info needed from FS&T

We should consider, in light of yesterday's development, a meeting with
Fay
Spoffard & Thorndike. We need to understand the intent of Add #1 and the
clarification they gave with RFI process. We have yet to hear from them
but
we have not asked for anything either. Suggest meeting @ K&P w/ Rasko
present...engineer to engineer. We then also get to discuss issue of
"ordinary care" from the engineers of record. We will ultimately need to
answer that question anyway. Your thoughts please. DFG

CC:            "Keith A. Bergman" <townmanager@provincetowngov.org>

Exhibit #2
16-17-06
@022
(83)

## SUMMARY OF TELEPHONE CALL

☒ INCOMING ☐ OUTGOING

| TO/FROM | DATE 6-28-04 | TIME 8:30 ☐ AM ☒ PM | JOB NO. TP-090-A |
|---|---|---|---|

TO/FROM: Rick Holland

CLIENT/PROJECT: P. Town

Kopelman & Paige

Concrete Floats

ROUTE TO: PEB / PAB

TELEPHONE

SUBJECT

SUMMARY

Rick called to see if I got any info from Woods Hole Group. I told him I spoke with Lee Weishar on Friday. He said he would go through his archived files today to look for the memo on wave height/wavelength etc.

I told him I looked thru our files for dates of substantial / final completion. A substantial completion certificate was issued on Dec 13, 2002, before the floats were installed. I told him it was a ceremony the Town wanted before end of that year.

I told him I couldn't find a final certificate. I mentioned that the Town was keeping A&M's contract open to possibly do some additional work, but the floats were installed by the end of June 2003.

ACTION REQUIRED

Rick said he will call back tomorrow P.M. to see if we got info from Woods Hole Group.

BY Don Harvie

FORM 119

FAY, SPOFFORD & THORNDIKE, INC.

04/28/2005 10:37 FAX                                                          @023

# SUMMARY OF TELEPHONE CALL DATE: 8/23/04    TIME: 1:30 PM

ROUTE TO:
REB
DWH
CAB

| FROM | CLIENT/PROJECT | JOB NO. |
|------|----------------|---------|
| Rick Holland | Provincetown / MacMillan Pier | TP-090a |
| Kopelman & Paige | | |

TELEPHONE NO.
(617)-556-0007

FACSIMILE NO.

SUBJECT:    Concrete Floating Docks

SUMMARY:

Rick commented that he received the information we sent him, but he hadn't looked at it in depth. He asked if we had included any info on the wave barrier. I told him the info includes the wave barrier. He asked about how the wave barrier was included / removed / changed. I explained as follows:

- Town and fisherman requested a wave barrier in planning phase
- FST evaluated different types of wave barriers
- A timber fence type wave barrier was agreed upon.
- When bid documents were nearly complete, the Town directed FST to eliminate the timber wave fence from the project. I understood it to be primarily due to aesthetic concerns.
- A floating wave barrier was added to the project by addendum.

Rick asked if Bellingham Marine had met with the Town. I told him that Jay Varga of Bellingham Marine met with the Building Committee and gave them a presentation about floating wave barriers.

Rick asked if Bellingham Marine had indicated that the floating dock would not work without a wave barrier. He said that AGM Marine said that Bellingham Marine told AGM that the floating dock will not work without a wave barrier. I indicated that I did not recall ever hearing Bellingham Marine indicate that the floating docks would not work without a wave barrier. He indicated that he would also like to speak with Marc Nicolazzo about this matter, since Marc had several conversations with Bellingham Marine.

We also discussed the concrete floating docks and specs. He asked if we had specified Bellingham Marine floats. I indicated that the spec called for floats by Concrete Flotation Systems or equal. I mentioned that when we were evaluating different float types & manufacturers we were in contact with Concrete Flotation Systems. Later on in the design phase I understood that Bellingham Marine acquired Concrete Flotation Systems. Initially we were speaking with someone other than Jay Varga.

ACTION REQUIRED:

Have Marc Nicolazzo get in touch with Rick Holland.

BY:    DWH
    Donald W. Harvie

R:\TP-090A\TEL002.WPD

# SUMMARY OF TELEPHONE CALL  DATE: 8/24/04        TIME: 1:30 PM

ROUTE TO:
REB
DWH
CAB

TO
Rick Holland
Kopelman & Paige

CLIENT/PROJECT
Provincetown / MacMillan Pier

JOB NO.
TP-090a

TELEPHONE NO.
(617)-556-0007

FACSIMILE NO.

SUBJECT:   Concrete Floating Docks

SUMMARY:

Marc Nicolazzo and I called Rick Holland as a follow up to my conversation with Rick yesterday.
Rick asked Marc if he remembered any conversations with Bellingham Marine where Bellingham Marine indicated
that the floating docks would not work if there was no wave barrier. Marc indicated that he did not remember any
such conversations.  Rick mentioned that Jay Varga indicated he had said to someone that the floating docks would
not work without a wave attenuator, but could not remember who he said it to.

Rick also inquired about the information sent to FST from Bellingham Marine.  Marc indicated that general
information about Bellingham Marine's product had been sent.

I reminded Rick that the specification required that the contractor perform the design for the floating docks and that
the required design wave was for a wave from any direction regardless of whether or not there was a wave barrier.

I told Rick that I had spoken to Bellingham Marine when we were preparing the addendum for a floating wave
barrier to get some  input and costs.

I informed Rick that one of the documents we sent to him last week, item 24, was some anonymous information
regarding the quality of Southeast Concrete's Floating Docks that AGM had previously indicated to us they thought
had been sent to us by Bellingham Marine.  Rick said he hasn't read through all the information yet but he is
planning to go through everything soon and he will call if he has any questions.

ACTION REQUIRED:

BY:  DWH
       Donald W. Harvie

R:\TP-090A\TEL003.WPD

# SUMMARY OF TELEPHONE CALL DATE: 8/25/04    TIME: 3:30 PM

FROM
Rick Holland
Kopelman & Paige

CLIENT/PROJECT
Provincetown / MacMillan Pier

JOB NO:
TP-090a

TELEPHONE NO.
(617)-556-0007

FACSIMILE NO

SUBJECT:   Concrete Floating Docks

SUMMARY:

Rick called with a few more questions about the floating docks.

He asked if FST thought we needed a wave barrier for the floats to work. I said no.

He asked if the Town had not originally requested a wave barrier would we have. I indicated that a wave barrier will provide better comfort for the fisherman to perform their work, but in order for a wave barrier to effect the design of the floating docks, it would have to be all around the floats, not just on one side.

He asked if we believe floats can be designed that will work without a wave barrier. I said yes.

He questioned whether the spec was a performance spec. I said it was and I pointed out the section in the spec 'DESIGN AND PERFORMANCE CRITERIA'. He asked how the contractor would know which items he could change. I indicated that the spec required P.E. Calculations for the 'design of floatation, structural components and connections'. I indicated that we showed the layout dimensions of the system, but the structural components, such as the wales were indicated as minimum sizes. I also pointed out we had never indicated the spacing or number of thru rods.

I commented to Rick that a few weeks ago we received a copy of a letter from AGM to the Town that indicated the final change order, Change Order No. 8, which was signed by AGM in September 2003, had never been paid and AGM was no longer agreeing to it. Rick asked me to fax him a copy of it.

ACTION REQUIRED:

Fax Rick copy of AGM's letter to the Town regarding Change Order No. 8.

BY: DWH
    Donald W. Harvie

R:\TP-090A\TEL004.WPD

## SUMMARY OF TELEPHONE CALL DATE: 8/26/04        TIME: 9:00 AM

ROUTE TO:
REB
DWH
CAB

| FROM | CLIENT/PROJECT | JOB NO. |
|------|----------------|---------|
| Rick Holland | Provincetown / MacMillan Pier | TP-090a |
| Kopelman & Paige | | |

| TELEPHONE NO. | FACSIMILE NO. |
|---------------|---------------|
| (617)-556-0007 | |

SUBJECT:     Concrete Floating Docks

SUMMARY:

Rick called from his car with a few more questions about the floating docks. He indicated he was on route to a meeting with the surety company.

He asked if the December 2002 Substantial Completion Certificate, which did not include the flaoting docks, was the only one issued. I said yes.

He asked if there was a final complete certificate, or if the project had been closed out. I said no, The Town had previously indicated they wanted to keep AGM's contract open in case that they wanted AGM to do some additional work.

He asked when the punch list inspection was done. I told him in June 2003.

He asked when the floats were put into use by the Town. I told him I didn't know when they were put into use, but the installation was completed by early July 2003.

I told him I faxed him a copy of the recent letter from AGM to the Town regarding Change Order No. 8. I indicated that Change Order No. 8 did not include any items related to the floating docks. I mentioned that the Town and AGM had negotiated this change order and they had agreed not to include any amounts for the floating dock larger wales and increased number of thru-rods.

ACTION REQUIRED:

None

BY: _DWH_

Donald W. Harvie

R:\TP-090A\TEL005.WPD

FAY, SPOFFORD & THORNDIKE, LLC

Engineers • Planners • Scientists • Landscape Architects • Surveyors



CELEBRATING

**90**

YEARS

June 22, 2004

*Now, more than ever...*

Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116

Attention:    Mr. Richard T. Holland

Subject:       Town of Provincetown, MA
                   MacMillan Pier - Concrete Floating Docks

Dear Mr. Holland:

Enclosed is the additional information we pulled from our files regarding the wind & wave design criteria for the concrete floating docks. It consists of the following:

- May 18, 1999 Memorandum from the Woods Hole Group (FST's subconsultant) indicating the the initial Wind & Wave parameters.

- February 12, 2002 telephone memo of call from AGM to FST regarding the wavelength.

In addition we have enclosed copy of May 21, 2002 letter from FST to AGM with associated letters of May 20, 2002 from AGM to S.E. Floating Docks, May 14, 2002 from FST to AGM, March 21, 2002 memo from S.E. Floating Docks to AGM, March 20, 2002 letter from Gary Greene to S.E. Floating Docks, and April 8, 2002 letter from Gary Greene to S.E. Floating Docks. These documents are all associated with RFI 81.

We did not find any other reference to the design wind speed being 70 mph, other than the March 13, 2003 letter from FST to AGM which you already have.

As we discussed, we could not find a copy of the memo from our subconsultant, the Woods Hole Group, regarding the revised wavelength and period that we provided to AGM in response to RFI 72. We called the Woods Hole Group to see if they can get us a copy of the memo, but the project manager, Dr. Lee Weishar, is out of the office until Thursday. We will call you the end of this week to update you on this matter.

Very truly yours,

FAY, SPOFFORD & THORNDIKE, INC.
By:

*Donald W. Harvie*

Donald W. Harvie, P.E.

cc:   D. Guertin, DPW Director

R:\TP-090A\K&P1.WPD

5 Burlington Woods
Burlington, MA 01803
T: 800.835.8666  •  T: 781.221.1000
F: 781.229.1115 | www.fstinc.com

FAY, SPOFFORD & THORNDIKE, LLC

Engineers • Planners • Scientists • Landscape Architects • Surveyors

CELEBRATING

**90**

Y E A R S

*Now, more than ever...*

August 17, 2004

Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02110

Attention:     Mr. Richard T. Holland

        Subject:     Town of Provincetown, MA
                MacMillan Pier - Concrete Floating Docks

Dear Mr. Holland:

    We are sending herewith a copy of 110 memos/letters/faxes dating from September 1998 through December 2003 dealing with the floating docks.

    We retrieved this material from our files and believe that all of it has been previously sent to the Town.

    We have prepared a listing of this information for your use.

                Very truly yours,

                FAY, SPOFFORD & THORNDIKE, INC.
                By:

                Robert E. Bertolino,
                Senior Vice President

cc:   D. Guertin, DPW Director, w/copy of document listing

R:\TP-090A\K&P\_08170+.WPD

                                        5 Burlington Woods
                                        Burlington, MA 01803
                                        T: 800.835.8666 | T: 781.221.1000
                                        F: 781.229.1115 | www.fstinc.com

TP-0904
~~Don~~
ACS
C+Z

COMM. JOURNAL - ××××××××××××××××× DATE JUL-02-2004 ××××× TIME 13:42 ××××××××

MODE = MEMORY TRANSMISSION         START=JUL-02 13:42    END=JUL-02 13:42
    FILE NO.=202

STN NO.    COM.    ABBR NO.    STATION NAME/TEL. NO.    PAGES    DURATION
  001      OK       S          916176541735             004/004  00:00:59


                                              --FAY, SPOFFORD&THORNDIKE  --
××××××××××××××××××××××××××××× -STRUCTURA_    - ×××××  -    781 221 5907- ×××××××××



# FAY, SPOFFORD & THORNDIKE, INC.
5 Burlington Woods · Burlington, Massachusetts 01803

## FAX TRANSMISSION FORM

DATE: July 2, 2004

ATTENTION:    Richard T. Holland

COMPANY:    Kopelman & Paige P.C.

CITY, STATE:    Boston, MA 02116

PROJECT #:    TP - 090A

FAX#:    617 - 654 - 1735         □ ORIGINALS MAILED

SUBJECT:    MacMillan Pier Rehabilitation - Concrete Floating Docks

COMMENTS:

    Copy of revised wave properties (March 5, 2002 from Woods Hole Group) and copy of Certificate of Substantial Completion.

FROM: FAY, SPOFFORD & THORNDIKE, INC. FAX#: (781) 229-1115

BY:    Don Harvie

TOTAL NUMBER OF PAGES INCLUDING THIS FORM:    4

IF THERE ARE ANY PROBLEMS, PLEASE CONTACT: Don Harvie
AT (781) 221-1143



# FAY, SPOFFORD & THORNDIKE, INC.
5 Burlington Woods • Burlington, Massachusetts 01803

## FAX TRANSMISSION FORM

DATE: July 2, 2004

ATTENTION:      Richard T. Holland

COMPANY:        Kopelman & Paige P.C.

CITY, STATE:    Boston, MA 02116

PROJECT #:      TP - 090A

FAX#:           617 - 654 - 1735              ☐ ORIGINALS MAILED

SUBJECT:        MacMillan Pier Rehabilitation - Concrete Floating Docks

COMMENTS:

Copy of revised wave properties (March 5, 2002 from Woods Hole Group) and copy of Certificate of Substantial Completion.

FROM: **FAY, SPOFFORD & THORNDIKE, INC. FAX#: (781) 229-1115**

BY:   Don Harvie

TOTAL NUMBER OF PAGES INCLUDING THIS FORM:      4

IF THERE ARE ANY PROBLEMS, PLEASE CONTACT: Don Harvie
AT (781) 221-1143