# MANDATE

# United States Court of Appeals
## For the First Circuit

05-11039
USDC/MA (B)
E Harrington

No. 06-2703

SOUTHEAST FLOATING DOCKS, INC.,

Plaintiff, Appellant,

v.

AGM MARINE CONTRACTORS, INC., ET AL.,

Defendants, Appellees.

Before

Boudin, Chief Judge,
Selya, Senior Circuit Judge,
and Lipez, Circuit Judge.

JUDGMENT

Entered: July 27, 2007

Our Judgment of August 3, 2006, vacated the denial of plaintiff's motion for contempt and remanded the matter for further proceedings to determine whether the Town of Provincetown is in substantial compliance with its discovery obligations. We also directed the district court to review in camera the 51 pages of documents from the files of Simpson, Gumpertz & Heger, Inc. ("SGH"), the Town's consultant, documents that the court had impounded upon the Town's claim of attorney-client privilege.

As we explained, "[d]epending on the results of the hearing [on substantial compliance] and its review of the impounded documents [for attorney-client privilege], the court may find it useful to require the Town to provide a privilege log of all documents it has withheld from its own files, and to submit all such documents for in camera review. Because the remand will require close and fact-intensive supervision, we presume that the court will designate a magistrate judge to hear and determine these matters."

The district court has not complied with our mandate. During the hearing on October 17, 2006, it focused exclusively on the SGH documents, never questioning the Town's production of its own documents. During the hearing, the court suggested that disclosure of the alleged privileged documents would be a fair compromise in exchange for Southeast's abandoning its claims as to other documents. The compromise may have been a reasonable one but Southeast did not purport to accept it, and when the district court nevertheless dismissed the matter, Southeast filed a motion in which it objected to the failure to resolve the question whether the Town had failed to produce other properly requested documents. The judge simply denied the motion for reconsideration without explanation.

The Town argues on appeal that it <u>did</u> produce all of the requested documents or gave Southeast access to its files and it charges that Southeast has been uncooperative and is simply dragging out the case to delay paying the arbitrator's award. Whether or not this may be so, we are unable to determine ourselves whether the Town has substantially complied with legitimate outstanding requests. Nor is there anything to suggest that the district judge implicitly decided that the Town was compliant.

While it is regrettable that the matter must be further litigated, we are obliged to order further proceedings because contrary to our prior mandate the district court failed to determine whether there has been compliance by the Town with legitimate discovery requests. If the district judge determines to retain this case, any determination as to whether the Town complied should be accompanied by findings adequate to permit appellate review, if necessary. Again, we recommend but do not require the use of a magistrate judge for what is essentially a technical task. The district court is, of course, free to impose sanctions if it finds that either side has been frivolously prolonging the litigation.

In the alternative, the district judge is free to direct that the case be reassigned to another district judge but, if so, the reassignment must include the separate proceeding pending before the district judge that relates to the review of the arbitrator's award. For obvious reasons, the two cases are related and it would be imprudent and inefficient to have them pending before different judges.

The order, insofar as it leaves unaddressed the issue of the Town's compliance, is <u>vacated</u> and the matter <u>remanded</u> for further proceedings consistent with this opinion. All pending requests for sanctions are <u>denied</u>.

<u>It is so ordered.</u>

By the Court:

Richard Cushing Donovan, Clerk.

By: _____
MARGARET CARTER
Chief Deputy Clerk.

Certified and Issued as Mandate
under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

*[signature]* Jennifer Calardo
Deputy Clerk
Date: 8/20/07

[Certified Copy: Hon. Edward F. Harrington and Sarah A. Thornton, Clerk of Court, U.S. District Court of Massachusetts]
[cc: David G. Hanrahan, Esq., Leigh A. McLaughlin, Esq., Richard D. Vetstein, Esq., Rosemary Hannah Hayes, Esq., Tina L. Caraballo, Esq., David J. Doneski, Esq. and Richard Thomas Holland, Esq.