UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CASE NO: 05-CV-11039-EFH

In re:

SOUTHEAST FLOATING DOCKS, INC.,

Plaintiff/respondent in arbitration,

v.

AGM MARINE CONSTRUCTORS, INC.,

Defendant/claimant in arbitration,

and

TOWN OF PROVINCETOWN, MASS,

Defendant/subpoenaed party.
_______________________________________/

**PLAINTIFF'S LIST OF RECORDS NOT PRODUCED BY TOWN IN VIOLATION OF MULTIPLE SUBPOENAS, REPRESENTATIONS OF COUNSEL, A COURT ORDER & APPELLATE MANDATES**
***(filed pursuant to an Order of this Court)***
**(Doc. 53)**

Plaintiff/respondent in arbitration, Southeast Floating Docks, Inc. (Southeast) hereby comports with the Court's Order to list, as completely as it possibly can, all records not provided by the Town pursuant to the Court's 6/2/05 Order, the appellate mandates and counsel's representation in open court on 6/1/05. (Doc. 53)

First, as an important preliminary matter, Southeast respectfully points out that the Court's directive to list records "*in addition to the so-called '51-documents' (sic) which have already been produced*" overlooks two (2) appellate mandates from the First Circuit specifically directs the Court to cause the Town to account for ITS OWN COPIES of the SGH and FST records withheld.[1] The reasoning is that the Court was to get to the bottom of whether the Town complied with its declaration in open court and the Court's 6/2/05 Order to produce all non-privileged documents. (Doc. 12) **Notably, the Court found none of 62 records to be privileged**. (Doc. 42)

Second, as included with as much detail as Southeast can muster in the table below, Southeast heartily concurs with the **general description** of documents that remain at issue as stated by the First Circuit 2 years ago e.g.,

> Southeast claims there was nothing wrong with its dock system: the Town "made a decision to go with a system that was not of adequate strength to withstand conditions in Provincetown, plain and simple." In Southeast's view, the critical issues in the arbitration include the "flawed wind and wave parameters specified by the original project engineers"; the weather conditions in Provincetown Harbor the night of the storm; the effect of an even more severe storm in January 2005 upon the remnants of the dock system; details of the Town's settlement with AGM; and the Town's insurance claims. The arbitral subpoena asked for documents that would have illuminated these issues. Yet, as Southeast averred when it moved for contempt, the Town has never provided
>
> --"records of maintenance of and modifications to the dock system after installation";

[1] There are actually 62 pages of documents marked by the Court as "Exhibit 1" (53 pages of SGH records) and "Exhibit 2" (9 pages of FS&T records) at a hearing held October 17, 2006. The Clerk has been unable to locate the SGH records the Town claims to have filed under seal. Substituted for the 53 pages sealed in the case record is an Exhibit provided by the Town's counsel in open court on 10/27/2006.

> --"records of damage attributable to each of the [two] storms [December 2003 and January 2005]";
>
> --"full results of investigations by the Town and its consultants";
>
> --"details concerning the selection and design of the chosen fix";
>
> --"backup and payment records," including "change order #8" and AGM's final application to the Town for payment;
>
> --"record[s] of the Town's decision-making since the 7 December 2003 storm."
>
> So far as we can tell, the Town never seriously disputed these allegations. Its counter-affidavit did not claim that the types of documents described by Southeast do not exist. Nor did the Town assert the attorney-client privilege as to particular documents that it may have withheld from its own files. This is essentially

(Opinion, Case 05-2262 at pp. 2-3) A second appeal similarly describes Southeast's "legitimate requests" for records. (Opinion, Case 06-2703 at p. 2) After the appeal, the Town came up with one email that reflects it had no insurance, information inconsistent with other records. See Table 1, item 46.

**Table 1 - Documents sought by Southeast**

| | Records | The Records are thought to exist based on the following:[2] | Appellate Mandate | Court Order | Representation in Open Court |
|---|---|---|---|---|---|
| 1 | Town's 51 pages of SGH documents with exhibits[3] | Town must have copies of SGH documents and copies should include correlated exhibits | 05-2262, p. 4 06-2703, p. 2 | 6/2/05 | Yes – found non-privileged |
| 2 | Town's 9 pages of FST documents with exhibits | Town must have copies of FST documents Town filed under seal and any correlated exhibits | 05-2262, p. 4 06-2703, p. 2 | 6/2/05 | Yes – found non-privileged |
| 3 | Records of maintenance & modifications to docks | 6/4/3 email to Town Manager from DBP & maintenance required to avoid storm damage & maintenance manual in records | 05-2662, pp. 3-4 06-2703, p. 2 | 6/2/05 | Yes – not listed as privileged |
| 4 | Details of | Details must exist and are referenced in other | 05-2662, | 6/2/05 | Yes – not listed |

[2] As aptly noted by the appellate tribunal, "a party trying to enforce a subpoena for documents it has never seen may need to establish noncompliance by inference, indeed, by circumstantial evidence…" (Opinion, Case 05-2262 at p. 4)

[3] The Town has insisted for years now that Southeast otherwise has the exhibits referenced in the "privileged" documents; however, it is impossible to determine which (if any) of various versions of documents produced separately on disk by SGH or by FS&T match up to materials from the records produced. In numerous cases, none of the documents from the Town's consultants seem to be that which is described as an attachment in the records marked as exhibits by the Court on October 17, 2006.

| | | | | | |
|---|---|---|---|---|---|
| | **selection & design of fix** | records such as the 9/24/04 report from DPW | pp. 3-4 06-2703, p. 2 | | as privileged |
| 5 | **Backup & payment records, including C.O. #8 & Final Pay Application** | Records concerning payment and charges by AGM that were requested exist | 05-2662, pp. 3-4 06-2703, p. 2 | 6/2/05 | Yes – not listed as privileged |
| 6 | **Data on both storms** | 01/05 storm was worse than 12/03 storm & predated repairs with which Southeast was charged | 05-2262, p. 4 06-2703, p. 2 | 6/2/05 | Yes – not listed as privileged See Exhibit C – refusal to provide records on 1/05 storm |
| 7 | **Fully Executed AGM settlement agreement with exhibits** | Red-lined version of settlement agreement w/o attachments is SGH 51 pages | 05-2262, p. 4 06-2703, p. 2 | 6/2/05 | Yes – not listed as privileged |
| 8 | **Records relating to 1/05 nor'easter** | SGH 51 pages & other SGH records; storm data indicating conditions; email from Harbor Master re: destruction of additional fingers | 05-2662, pp. 3-4 06-2703, p. 2 | 6/2/05 | See Exhibit C in which Provincetown refuses to provide 01/05 records |
| 9 | **Records relating to Town/FST settlement** | Town meeting minutes; referenced in a couple of documents produced on 6/27/05 – See Exhibit A – Index | 05-2262, p. 4 06-2703, p. 2 | 6/2/05 | Yes – not listed as privileged |
| 10 | **"correspondence that needs to be issued"** | 12/8/03 memo to Town Manager from DPW | 05-2262, p. 4 06-2703, p. 2 | 6/2/05 | Yes – not listed as privileged |
| 11 | **Results of "due diligence" by Town Staff & FST, including info. from NOAA (Taunton)** | Data being collected per 12/8/03 memo + email to Town Manager from DPW | 05-2262, pp. 3-4 06-2703, p. 2 | 6/2/05 | Yes – not listed as privileged |
| 12 | **Town correspondence to FST, Zurich and others and all responses thereto** | See memo above. Town certainly put all possibly liable parties on notice, including FST | 05-2262, pp. 3-4 06-2703, p. 2 | 6/2/05 | Yes – not listed as privileged |
| 13 | **9/23/04 meeting minutes** | 9/23/04 email from DPW to DEP | 05-2262, pp. 3-4 06-2703, p. 2 | 6/2/05 | Yes – not listed as privileged |

| | | | | | |
|---|---|---|---|---|---|
| **14** | **Maintenance Logs or other record of maintenance** | Float hardware required regular tightening to prevent storm damage per maintenance manual in records | 05-2262, pp. 3-4 06-2703, p. 2 | 6/2/05 | Yes – not listed as privileged |
| **15** | **Correspondence /proposed fix for steel float** | 9/20/04 email from Town Manager to Pier Manager & 2/7/04 email between Pier Manager & AGM | 05-2262, pp. 3-4 06-2703, p. 2 | 6/2/05 | Yes – not listed as privileged |
| **16** | **Records relating to AGM's ownership of pieces of floats** | 4/26/05 email from DPW to Pier Manager | 05-2262, pp. 3-4 06-2703, p. 2 | 6/2/05 | Yes – not listed as privileged |
| **17** | **AGM letter** | 8/27/04 report by DPW refers to attached letter | 05-2262, pp. 3-4 06-2703, p. 2 | 6/2/05 | Yes – not listed as privileged |
| **18** | **Questionnaire re: AGM** | Referenced in 3/9/05 letter from DPW to US Coast Guard (attached page is blank) | 05-2262, pp. 3-4 06-2703, p. 2 | 6/2/05 | Yes – not listed as privileged |
| **19** | **Report of Zurich meeting dated 8/26/04** | Described in and attached to 9/10/04 memo from DPW | 05-2262, pp. 3-4 06-2703, p. 2 | 6/2/05 | Yes – not listed as privileged |
| **20** | **AGM letter of 9/9/04** | Described in and attached to 9/10/04 memo from DPW | 05-2262, pp. 3-4 06-2703, p. 2 | 6/2/05 | Yes – not listed as privileged |
| **21** | **Exhibits to 9/23/04 Memo** | Memo from DPW references multiple exhibits not included | 05-2262, pp. 3-4 06-2703, p. 2 | 6/2/05 | Yes – not listed as privileged |
| **22** | **Executed agreement for services & documentation relating thereto (Childs Eng'g)** | Unexecuted agreement is produced. Communications between Town & Childs – None. | 05-2262, pp. 3-4 06-2703, p. 2 | 6/2/05 | Yes – not listed as privileged |
| **23** | **Documentation of AGM estimate of $150,000** | Referenced in 12/8/03 DPW memo | 05-2262, pp. 3-4 06-2703, p. 2 | 6/2/05 | Yes – not listed as privileged |
| **24** | **FS&T 'post-mortem' & documents relating to sufficiency of FS&T design, the** | 12/10/03 memo from DPW | 05-2262, pp. 3-4 06-2703, p. 2 | 6/2/05 | Yes – not listed as privileged |

| | | | | | |
|---|---|---|---|---|---|
| | **piling, its sub-consultant's wind/wave analysis and issues relating thereto & responses to such inquiries** | | | | |
| **25** | **Complete Zoino information re: piling** | Referenced in change order tracking | 05-2262, pp. 3-4 06-2703, p. 2 | 6/2/05 | Yes – not listed as privileged |
| **26** | **SK#1, FS&T report, email to pier users, notice of meeting, DPW report** | Referenced & attached to 12/11/03 DPW memo | 05-2262, pp. 3-4 06-2703, p. 2 | 6/2/05 | Yes – not listed as privileged |
| **27** | **Childs' preliminary report, DPW's commentary, DPW 12/18/03 transmittal & attachments, color photos** | Referenced in Craig Sams' letter in 12/03 | 05-2262, pp. 3-4 06-2703, p. 2 | 6/2/05 | Yes – not listed as privileged |
| **28** | **9/23/04, 9/28/04 meeting minutes** | Referenced in meeting notice provided by Town | 05-2262, pp. 3-4 06-2703, p. 2 | 6/2/05 | Yes – not listed as privileged |
| **29** | **PierCorp meeting minutes** | Referenced on-line as indicated in Exhibit B | 05-2262, pp. 3-4 06-2703, p. 2 | 6/2/05 | Yes – not listed as privileged |
| **30** | **Calculations, results and records of remedial tests, testing in regard to southwest exposure, etc.** | As referenced in a joint memo of ProFish & the Town of unknown date (updated field shows 6/15/05 print date | 05-2262, pp. 3-4 06-2703, p. 2 | 6/2/05 | Yes – not listed as privileged |
| **31** | **Wave analysis, wave design criteria, information on marina design criteria, ADA docking system criteria, preliminary design** | As furnished to the Town's consultants for analysis and requested by AGM's consultant | 05-2262, pp. 3-4 06-2703, p. 2 | 6/2/05 | Yes – not listed as privileged |

| | | | | | |
|---|---|---|---|---|---|
| | **assumptions & parameters, design criteria for wave attenuation system** | | | | |
| **32** | **FEMA information and any requests & responses** | Memo to BOS from Town Manager of 12/8/03 | 05-2262, pp. 3-4 06-2703, p. 2 | 6/2/05 | Yes – not listed as privileged |
| **33** | **All written, printed or pictorial materials referencing or relating to design errors and/or negligence (including, but not limited to, piling and wind/wave analysis) by FS&T or its privies** | Settlement referenced in on-line meeting minutes and a couple of records produced on 6/27-28/05 See Exhibit A - Index | 05-2262, p. 3 06-2703, p. 2 | 6/2/05 | Yes – not listed as privileged |
| **34** | **Interim Agreement/Plan and weekend work product** | 6/14/04 email to Town Manager from DPW | 05-2262, pp. 3-4 06-2703, p. 2 | 6/2/05 | Yes – not listed as privileged |
| **35** | **Plan for seasonal removal of docks and tests and results relating thereto** | 4/20/05 email from DPW to Pier Manager | 05-2262, pp. 3-4 06-2703, p. 2 | 6/2/05 | Yes – Not listed as privileged |
| **36** | **The simple matrix and subsequent analysis to include expenses** | 9/3/04 email from DPW to Town Manager | 05-2262, pp. 3-4 06-2703, p. 2 | 6/2/05 | Yes – Not listed as privileged |
| **37** | **Responsive email** | 3/24/04 Regina Binder request for information regarding docks | 05-2262, pp. 3-4 06-2703, p. 2 | 6/2/05 | Yes – Not listed as privileged |
| **38** | **Site observation video** | 4/2/05 email from Pier manager to DPW | 05-2262, pp. 3-4 06-2703, p. 2 | 6/2/05 | Yes – Not listed as privileged |

| | | | | | |
|---|---|---|---|---|---|
| **39** | **Repair procedure submitted to DPW** | 2/27/04 email from AGM to Pier Manager | 05-2262, pp. 3-4 06-2703, p. 2 | 6/2/05 | Yes – Not listed as privileged |
| **40** | **All communications to/from steel float supplier regarding failure of steel float during 12/03 and/or 1/05 storms** | The steel float was substantially damaged and repaired. There have been no communications regarding cause of or liability for the failure produced to date. | 05-2262, pp. 3-4 06-2703, p. 2 | 6/2/05 | Yes – Not listed as privileged |
| **41** | **35 pages of backup for C.O. #8, original transmittal** | Fax from FS&T to DPW 8/26/04 | 05-2262, pp. 3-4 06-2703, p. 2 | 6/2/05 | Yes – Not listed as privileged |
| **42** | **Final application for payment & backup** | Final pay application and backup must exist but has never been produced | 05-2262, pp. 3-4 06-2703, p. 2 | 6/2/05 | Yes – Not listed as privileged |
| **43** | **2/19/99 meeting minutes and information provided by Bellingham Marine** | 5/4/99 Building Committee memo of meeting | 05-2262, pp. 3-4 06-2703, p. 2 | 6/2/05 | Yes – Not listed as privileged |
| **44** | **12/7/04 meeting minutes & draft of BOS re: dock re-design** | Public Meeting Notice | 05-2262, pp. 3-4 06-2703, p. 2 | 6/2/05 | Yes – Not listed as privileged |
| **45** | **1999 estimate from Bellingham Marine** | 1/24/99 memo from FS&T | 05-2262, pp. 3-4 06-2703, p. 2 | 6/2/05 | Yes – Not listed as privileged |
| **46** | **Insurance records** | Town produced email contending it proves it has no insurance; however, Pier Corp meeting minutes for 12/20/03 reflect that DPW said the insurance has a $200,000 deductible for repairs of the floating docks | 05-2262, pp. 3-4 06-2703, p. 2 | 6/2/05 | Yes – Not listed as privileged |
| **47** | **February 2004 Town meeting minutes** | Attenuator to come before BOS per 12/20/03 Pier Corp meeting minutes | 05-2262, pp. 3-4 06-2703, p. 2 | 6/2/05 | Yes – Not listed as privileged |
| **48** | **Records reflecting how Town came to blame** | There are no meeting minutes wherein there is any discussion of Southeast being at fault. There are meeting minutes that describe the removal of the wave attenuator as causing the problem, but | 05-2262, pp. 3-4 06-2703, | 6/2/05 | Yes – Not listed as privileged |

| | | | | | |
|---|---|---|---|---|---|
| | Southeast & meeting minutes reflecting this decision | nothing to support claims against AGM or Southeast See, e.g., 12/10/03 Pier Corp minutes | p. 2 | | |
| 49 | Complete expert opinions and information, including in regard to FS&T and its subconsultants | There is no record of the Town's examination of FS&T's work in regard to the docks and dock pile. This makes no sense based on industry standards or the facts. According to email from Richard Holland to SGH produced in the "impounded" documents, SGH prepared for and attended a meeting with FS&T to discuss such matters See Exhibit E, email. | 05-2262, pp. 3-4 06-2703, p. 2 | 6/2/05 | Yes – Not listed as privileged |
| 50 | Records of investigation, analysis & decision on "survivability without a wave barrier." | DPW email 12/7/03 | 05-2262, pp. 3-4 06-2703, p. 2 | 6/2/05 | Yes – Not listed as privileged |
| 51 | Meeting minutes for 12/8/03 Town meeting(s) | Per FS&T memo of 12/8/03 | 05-2262, pp. 3-4 06-2703, p. 2 | 6/2/05 | Yes – Not listed as privileged |
| 52 | Buoy data obtained by Harbor Master | Per FS&T memo of 12/8/03 | 05-2262, pp. 3-4 06-2703, p. 2 | 6/2/05 | Yes – Not listed as privileged |
| 53 | R. Holland's request for info provided by FS&T on 6/22/04, all materials provided & analysis of wavelength, etc. referenced | FS&T letter of 6/22/04 to Rick Holland | 05-2262, pp. 3-4 06-2703, p. 2 | 6/2/05 | Yes – Not listed as privileged |

Southeast made every effort to obtain information and records from the Town to include the foregoing, as can be seen in the email attachments, Exhibits B and C, and its subpoenas for records and to appear and testify without success. See subpoenas Exhibit D.

Finally, during the last hearing on October 18, 2007, Southeast sought to take the deposition of Department of Public Works Director, David Guertin; however, Southeast was not allowed a deposition, which would permit it to directly address many of the foregoing records. Therefore, in good faith, and in accordance with the Court's Order, Southeast files its list of records, furnishing the greatest possible amount of detail, and citing to other documents that support its claims.

Respectfully submitted,

/s/ Rosemary H. Hayes
Rosemary Hanna Hayes

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 1, 2007.

/s/ Rosemary H. Hayes
Rosemary Hanna Hayes
Florida Bar No. 549509
Tina L. Caraballo
Florida Bar No. 0164275
Hayes & Caraballo, PL
Post Office Box 547248
Orlando, Florida 32854-7248
Tel. 407.649.9974 Ext. 214
Fax 407.649.9379
rhayes@const-law.com
*Counsel for Plaintiff*

# EXHIBIT "A"

EXHIBIT "A" - INDEX

***RECORDS SCANNED 6/27-28/05***

27 PAGES POST-DATING 12/06/03

| DATE | DESCRIPTION | PAGES |
|---|---|---|
| 12/11/1998 | Memo regarding MacMillan wharf project, meeting of 12/3/98 and 12/8/98 | 3 |
| 4/1/1999 | Macmillian Pier rehabilitation 90 % design submission tech specs | 7 |
| 7/21/1999 | Letter submitting comparison of alternate floating dock types | 13 |
| 8/27/1999 | Picture of pier | 1 |
| 8/27/1999 | picture of pier | 1 |
| 10/1/1999 | handwritten notes | 4 |
| 11/4/1999 | Public Notice regarding Reconstruction of MacMillan Wharf | 1 |
| 11/12/1999 | Memo regarding proposed MacMillan pier rehab project | 15 |
| 12/2/1999 | Summary of telephone call regarding chapter 91 licensing | 1 |
| 12/6/1999 | Documents for Macmillan Project for Board of Selectsman Public Hearing | 13 |
| 12/7/1999 | Memo regarding results of selectsman's public hearing on MacMillan pier final design | 1 |
| 12/9/1999 | Memo regarding MacMillan Pier Meeting/ Control Budget | 2 |
| 12/15/1999 | letter regarding floating concrete wave attenuators | 1 |
| 12/17/1999 | letter regarding wave barrier | 2 |
| 12/17/1999 | Memo regarding Pier Status Update | 2 |
| 12/21/1999 | Letter regarding waterways application # W99-9338 | 1 |
| 12/23/1999 | Documents regarding request to review information | 6 |
| 12/27/1999 | Fax regarding Pier rehabilitation | 2 |
| 1/5/2000 | Motion to rebuild MacMillan Pier | 2 |
| 1/5/2000 | Town notice regarding special town meeting | 2 |
| 1/5/2000 | Motion on rebuilding MacMillan Pier without additions defeated | 1 |
| 1/12/2000 | Fax regarding wave barrier | 3 |
| 1/26/2000 | fax regarding pricing for pier reconstruction | 2 |
| 1/26/2000 | List of Bid Amounts | 1 |
| 2/2/2000 | Letter enclosing memorandum of MacMillan Reconstruction/Evaluation of Bids | 3 |
| 3/21/2000 | Picture of License Plan No. 8621 | 1 |
| 4/20/2000 | letter submitting evaluation of reduction in bid amounts | 16 |
| 4/21/2000 | Fax page | 1 |
| 5/1/2000 | Letter regarding opinion letter | 4 |
| 5/3/2000 | Notes regarding review of chapter 91 appeal and other legal issues | 2 |
| 5/22/2000 | Memo regarding decision to rebid and communications from granting agencies | 2 |
| 5/26/2000 | Email regarding securing additional funding | 3 |
| 6/13/2000 | Letter regarding Chapter 91 license appeal | 4 |
| 10/1/2000 | Owner/Contract Agreement for MacMillan Pier Reconstruction with signatures | 13 |
| 10/17/2000 | letter regarding contract signing and summary of activities that require attention | 2 |
| 10/24/2000 | Letter enclosing original payment and performance bonds, original certificate of corporate vote | 8 |
| 10/26/2000 | Letter enclosing original Chapter 91 license and Mylar plans. | 11 |
| 10/27/2000 | Meeting Minutes from 10/27/00 | 2 |
| 11/15/2000 | Memo regarding Macmillan pier update | 3 |
| 11/20/2000 | Letter acknowledging receipt of Bonds and Specialty Marine insurances forwarded by AGM and | 9 |
| 12/1/2000 | Memorandum of December 1, 2000 Town of Provincetown/ MacMillan Pier Project Pre-Construction | 5 |
| 12/1/2000 | Macmillan Pier Project, Preconstruction Meeting at Town Hall Notes | 1 |
| 12/15/2000 | Application and Certificate for Payment #1. Current payment due $142,500.00 and continuation sheets | 9 |
| 12/27/2000 | Letter regarding lump sum bid amounts for construction phasing and demolition pay items | 3 |
| 1/3/2001 | Printout of Provincetown Fishing Fleet | 12 |
| 1/31/2001 | Memo regarding building committee meeting 1/31/01 | 3 |
| 2/1/2001 | Weekly Status Report for 1/26/01 to 2/1/01 and Test pile Program Overview | 2 |
| 2/2/2001 | Application and Certificate for Payment #2. Current payment due $305,187.50 and continuation sheets | 11 |
| 2/13/2001 | Memo to record regarding Teleconference with Don Harvie/FST re: proposed new indicator pile | 1 |
| 2/26/2001 | Town Hall Meeting Minutes from 2/26/01 meeting | 3 |
| 3/9/2001 | Memo regarding MacMillan Pier Project; Staff support for meeting posted 3/9/01 | 3 |
| 3/15/2001 | MacMillan Pier Reconstruction summary of wave equation results | 1 |
| 3/15/2001 | Memo regarding strategy w/ pile test procedure failings and contract with FS&T | 1 |
| 3/19/2001 | Change Order Log for first 5 changes re: MacMillan Pier Rehabilitation | 2 |
| 3/23/2001 | Memorandum of March 21, 2001 Job Meeting regarding MacMillan Pier Reconstruction and sign in | 4 |
| 3/30/2001 | Letters and plans regarding geotechnical consultant | 4 |
| 4/3/2001 | Faxed Application and Certificate for Payment #5. Current payment due $165,992.03 and continuation | 4 |
| 4/13/2001 | Change Order 1 to AGM Marine Contractors in the amount of $246,728.45 | 2 |
| 4/26/2001 | MacMillan Pier Project, Value Engineering analysis | 1 |
| 7/6/2001 | Letter regarding installation of taper tube piles; and other letters/emails regarding same | 6 |
| 7/13/2001 | Change Order 2 to AGM Marine Contractors in the amount of $229,901.70 and attachments | 6 |
| 7/20/2001 | Project Memo returning draft version of Pay application #9 citing gross errors | 8 |
| 7/31/2001 | Spreadsheet of MacMillan Pier Financials | 1 |

EXHIBIT "A" - INDEX

***RECORDS SCANNED 6/27-28/05***

27 PAGES POST-DATING 12/06/03

| | | |
|---|---|---|
| 9/7/2001 | Email regarding John Mikutowicz' indictment by IRS | 1 |
| 10/1/2001 | letter regarding recommending town authorize AGM to proceed with 12.75 pipe piles | 3 |
| 10/18/2001 | Memo regarding Change order #5 | 2 |
| 10/23/2001 | Contractor's Application for Payment #12 for $1,038,633.16 with continuation sheets | 11 |
| 10/30/2001 | Change Order 4 to AGM Marine Contractors in the amount of $251,040.56 and attachments | 4 |
| 10/30/2001 | Change Order 5 to AGM Marine Contractors in the amount of $188,012.00 and attachments | 6 |
| 10/31/2001 | Change Order 3 to AGM Marine Contractors in the amount of -$639,759.05 and attachments | 10 |
| 11/14/2001 | Letter regarding change order pricing for substitution of bid item No. 39 | 2 |
| 11/27/2001 | Contractor's Application for Payment #13 for $719,582.60 with continuation sheets | 7 |
| 11/28/2001 | resignation from Pier nominating committee from Joyce Guide | 1 |
| 12/19/2001 | Change Order 6 to AGM Marine Contractors in the amount of $-$36,650.53 and attachments | 14 |
| 1/21/2002 | Memorandum of January 16th Job Meeting regarding MacMillan Pier Reconstruction (with handwritten | 4 |
| 1/21/2002 | AGM request for information 59 | 1 |
| 1/22/2002 | AGM request for information 65 | 1 |
| 1/28/2002 | AGM request for information 68 | 1 |
| 1/30/2002 | Notes from 1/30/02 job meeting | 3 |
| 1/31/2002 | Portion of plans for General Arrangement | 1 |
| 2/15/2002 | Letter regarding notice of providing specialty fabricated materials | 1 |
| 2/22/2002 | Memo regarding request from B. Clifford of Whydah property requesting modification to Chapter 91 | 5 |
| 2/25/2002 | Letter regarding request for additional compensation sought by FS&T and typed notes regarding | 2 |
| 3/5/2002 | Memorandum of February 27, 2002 Job Meeting regarding MacMillan Pier Reconstruction (with | 4 |
| 3/21/2002 | Daily Construction Report listing weather and activity of work performed for 3/21/02 | 1 |
| 4/4/2002 | Pay Application Analysis No.17 thru April 16, 2002 | 11 |
| 4/8/2002 | AGM request for information 81; and letters | 5 |
| 4/8/2002 | Release of Liens for Material stored for Incorporation in Town of Provincetown Department of Public | 2 |
| 4/22/2002 | Letter forwarding 3 original contractor's application for payment #16 for $1,474,038.39 | 14 |
| 4/26/2002 | Letter regarding increasing pile size at East Floating Docks | 1 |
| 4/26/2002 | Letter regarding pile size | 1 |
| 4/30/2002 | Daily Construction Report listing weather and activity of work performed for 4/30/02; 4/29/02; | 2 |
| 5/3/2002 | Contactors Application for Payment #17 | 6 |
| 5/14/2002 | Letter regarding guide piles | 6 |
| 5/21/2002 | Letter regarding breakdown of $4,666 increased cost, disagreeing with 15% mark up | 1 |
| 5/23/2002 | AGM request for information #81A and letter | 2 |
| 5/28/2002 | Daily Construction Report listing weather and activity of work performed for 5/28/02; 5/2/02; 5/22/02; | 5 |
| 6/10/2002 | Daily Construction Report listing weather and activity of work performed for 6/10/02 | 1 |
| 6/10/2002 | AGM request for information #84 and letter | 2 |
| 6/20/2002 | Memorandum of 6/12/02 Job Meeting regarding MacMillan Pier Reconstruction (with handwritten | 4 |
| 7/9/2002 | Memo regarding evaluation of hinges | 3 |
| 7/19/2002 | Macmillan pier revised budget | 1 |
| 7/25/2002 | Letter regarding Floating dock system and Handicap accessible gangway with handwritten quotes | 3 |
| 8/1/2002 | Letter regarding eliminating hinges in concrete floating docks and asking for shop drawings | 1 |
| 8/25/2002 | Memorandum of 8/28/02 Job Meeting regarding MacMillan Pier Reconstruction (with handwritten | 2 |
| 8/26/2002 | Daily Construction Report listing weather and activity of work performed for 8/26/02 | 1 |
| 9/9/2002 | Letter regarding dredging, protest with waterspace conflict, chapter 91 compliance and amenities | 2 |
| 9/16/2002 | Letter regarding Seafood operations on MacMillan Pier | 3 |
| 9/30/2002 | Daily Construction Report listing weather and activity of work performed for 9/30/02 | 1 |
| 10/9/2002 | Notes from 10/9/02 job meeting | 3 |
| 10/11/2002 | Contactors Application for Payment spreadsheet/summary | 1 |
| 10/14/2002 | Change Order #7 | 8 |
| 10/14/2002 | Email regarding change order #7 | 1 |
| 10/21/2002 | Letter regarding fees for piles | 1 |
| 10/24/2002 | Memo regarding MacMillan Pier Project; Recommendation for Approval to Change order #7 and | 8 |
| 10/24/2002 | Memo regarding report on remedial action required due to concrete cracks | 1 |
| 10/31/2002 | Memorandum of 10/31/01 Job Meeting regarding MacMillan Pier Reconstruction (with handwritten | 3 |
| 11/6/2002 | Memo regarding getting price from AGM and risk , also meeting notes from town hall meeting 1/16/01 | 5 |
| 12/13/2002 | Invitation to rededication ceremony | 3 |
| 12/23/2002 | letter regarding substantial completion and retainage reduction | 1 |
| 12/26/2002 | Daily Construction Report listing weather and activity of work performed for 12/26/02; 12/17/02; | 3 |
| 1/2/2003 | Daily Construction Report listing weather and activity of work performed for 1/2/03 | 1 |
| 1/2/2003 | Invoice/ handwritten totals from South East Floating Docks | 2 |
| 1/6/2003 | Letter regarding PCO # 67 Remobilization of Crane Barge for Concrete Float Installation | 1 |
| 1/15/2003 | Contractors Application #25 | 1 |
| 1/20/2003 | Letter regarding change order #3 | 1 |
| 1/23/2003 | email regarding job meeting on 1/22/03 | 1 |

EXHIBIT "A" - INDEX

***RECORDS SCANNED 6/27-28/05***

27 PAGES POST-DATING 12/06/03

| | | |
|---|---|---|
| 1/28/2003 | Contract Summary spreadsheet | 2 |
| 2/6/2003 | AGM request for information #93 | 1 |
| 2/8/2003 | Newspaper clipping | 2 |
| 2/26/2003 | Memo to record regarding issues with concrete floating dock sections (cracks) | 1 |
| 2/27/2003 | Daily Construction Report listing weather and activity of work performed for 2/27/03; 2/26/03; 2/20/03; | 7 |
| 2/28/2003 | Status Report for 2/24/003 to 2/28/03 | 1 |
| 3/14/2003 | Status Report for 3/10/03 to 3/14/03 | 2 |
| 3/31/2003 | Daily Construction Report listing weather and activity of work performed for 3/31/03; 3/28/03; 3/18/03; | 11 |
| 4/14/2003 | email regarding pier end date for AGM | 2 |
| 4/16/2003 | signature page of letter from William Lovely | 1 |
| 4/17/2003 | Daily Construction Report listing weather and activity of work performed for 4/17/03, 4/16/03; 4/11/03, | 8 |
| 5/14/2003 | Change Order 28/Application for Payment in amount of $219,280.73 | 9 |
| 5/23/2003 | Daily Construction Report listing weather and activity of work performed for 5/23/03; 5/19/03; 5/9/03; | 5 |
| 5/23/2003 | Status report for 5/19/03 to 5/23/03 | 1 |
| 6/25/2003 | Daily Construction Report listing weather and activity of work performed for 6/25/03, 6/24/03; 6/20/03; | 6 |
| 6/26/2003 | Letter providing 5 copies of O&M manuals | 1 |
| 1/6/2004 | Letter regarding investigation into damage of Floating Dock system | 9 |
| 1/30/2004 | Memo regarding Floating Dock costs | 6 |
| 2/14/2004 | Memo regarding quotes for cost of moving floating dock | 8 |
| 9/24/2004 | Confidential memo regarding Floating Dock system | 3 |
| undated | A Newspaper Article - Town Times | 1 |
| undated | Letter to Board of Selectmen | 1 |
| undated | Partial plans for construction phasing part 1 | 1 |
| | TOTAL | 563 |

# EXHIBIT "B"

**From:** Rosemary Hayes
**Sent:** Thursday, June 30, 2005 3:36 PM
**To:** 'RHolland@k-plaw.com'; 'ddoneski@plaw.com'
**Cc:** Kara Petruso; Day Osborne; 'ayun@donovanhatem.com'
**Subject:** RE: Provincetown MacMillan Pier/Southeast Floating Docks Inc.

We did not receive a copy of your recent court filing. Please check your office practices.

In regard to the records, please consider this our attempt pursuant to local rule to resolve this matter without a contempt motion (bearing in mind that our arbitration begins on 8-15-05 and the Judge is out of the office the entire month of August).

The records withheld by virtue of the Town's demand to SGH are not attorney-client privileged under any stretch of the imagination. These must be produced or we will seek a contempt order and we are prepared to file suit against SGH and seek attorney's fees and costs. SGH put the ball in the Town's court to seek an order no later than Thursday, expressly stating that the records are not privileged. The Town has done nothing and we are proceeding tomorrow morning absent an acceptable response.

Considering the 62-pages (sent in 2004 in response to our PR request and in 2005 in response to our subpoena), the 27-page fax of 5-23-05, the 217-pages (in a white binder) hand-delivered on 1 June 2005, AND the 2-filing cabinets confirmed to be "everything" at that we spent 2 days reviewing at the DPW, there are hundreds of missing, material documents as follows:

AS REQUESTED BY SUBPOENA SERVED 2/23/05

(a) Written demands made by or on behalf of the Town in regard to MacMillan Pier under MGL 93A & responses.

**RESPONSE: 2-LETTERS TO AGM & 1-RESPONSE; NOTHING TO/FROM FS&T, ZURICH, AMERICAN HOME, SENESCO, WOOD HOLE GROUP, ASHLEY ENG'G, CHILDS, SGH, OTHERS, RELATING TO 12/3 OR 1/5 STORM OR ANYTHING ELSE RE: PROJECT.**

(b) All written or printed communications, electronic mail, computer stored data referencing MacMillan pier from 12/1/03 to the present.

**RESPONSE: ALMOST NO INFORMATION AFTER 12/1/03 WAS IN THE MATERIALS REVIEWED AT DPW. THERE WAS 1-NEWSPAPER ARTICLE FROM 2003, BUT IT WAS BEFORE DECEMBER. THERE WAS A COUPLE OF MEMOS, A DRAFT OF THE SETTLEMENT, ONE REFERENCE TO C.O. #8 & 1-MEETING MINUTE & THE CHILDS ENG'G REPORT. (PREVIOUSLY PRODUCED IS THE AGM LETTERS REFERENCED ABOVE & LIMITED EXPERT INFORMATION & NOTHING ELSE. WE REC'D THE TOWN'S VIDEO FROM AGM.)**

**THERE IS NO MAINTENANCE LOG FOR THE FLOATS, NO DETAIL CONCERNING CHANGE ORDER NO. 8 OR THE SETTLEMENT, NOTHING ABOUT ZURICH (EXCEPT A COPY OF THE BOND & REFERENCE TO THE BOND WHEN MR. MIKUTOWICZ WAS INDICTED), NO OFFICIAL RECORDS OF DISCUSSION OR APPROVAL OF THE SETTLEMENT, NO REFERENCE TO AMERICAN HOME, SENESCO, THE BELLINGHAM REPLACEMENT FLOATS, WARRANTY**

**CLAIMS, RECORDS REQUESTED FROM WOODS HOLE, ETC.**

(c) Demands for insurance coverage and response thereto.

**RESPONSE: 1-LETTER TO ZURICH. NOTHING TO AMERICAN HOME, NO RESPONSES, & NO RECORDS OF MEETINGS OR RESOLUTION. (AMERICAN HOME INDICATES CONTACT WAS FIRST MADE BY THE TOWN 12/9/03---WE HAVE NO RECORD.)**

(d) Proof of wind speed, wind direction, wave height, or any expert opinion or documentation used to establish same.

**RESPONSE: PARTIAL SGH REPORT (DOES NOT INCLUDE BACKUP OR 1/05 & OTHER DATA DELIBERATELY OMITTED BY THE TOWN) & CHILDS ENG'G REPORT (NO BACKUP).**

(e) All communications from the Town to GM or its surety since 12/7/03 including email.

**RESPONSE: SEE (a), ABOVE; NOTHING ELSE & NO EMAIL.**

(f) All records concerning modification of the dock system during construction, installation of the concrete floating docks, and removal of the wave attenuator or "breakwater" from the original project design.

**RESPONSE: RESIDENT ENGINEER'S DAILY/WEEKLY REPORTS, NO APPROVAL OF PILE HOOP CHANGE BY OWNER OR ENGINEER; 2 REFERENCES TO REMOVAL OF BREAKWATER; NO DESIGN CHANGE AS A RESULT, NO COPIES OR MINUTES RE: B'HAM PRESENTATION TO THE TOWN, NO RECORD OF AGM'S WARNING OR MINUTES REFERENCING SAME. RECORDS CONCERNING THE MAIN PIER PILE WERE PRODUCED; HOWEVER, NO RECORDS RELATING TO THE LATERAL LOAD OR OTHER TESTING OF FLOATING DOCK PILE, REDUCED PILE SIZE, FINGER PIER CONNECTION, REMOVAL OF CONCRETE SLEEVES, ETC.**

(g) Expert reports, opinions, calculations, drawings, or other written, printed or pictorial material, including electronic mail or other computer stored data, relating to or referencing the damage and fix of the dock system at the subject marina.

**SEE (d) & GARY GREENE'S CALCS. VIDEO & PHOTOS FURNISHED VIA AGM. NOTHING REGARDING THE FIX, DAMAGE ASSESSMENT, NO EMAIL, OTHER PHOTOS, WARRANTIES, B'HAM FLOATS; NOTHING ABOUT 1/5 VERSUS 12/3 DAMAGE, NO REFERENCE TO LOST RENTAL, NO SETTLEMENT DETAILS OR MEETING MINUTES, ETC.**

We await your reply. Thank you. Rosemary Hayes

This email message and any attachments are confidential and may be privileged. If you are not the intended recipient, please notify Hayes & Caraballo, P.L. immediately -- by replying to this message or by sending an email to postmaster@const-law.com -- and destroy all copies of this message and any

attachments. Thank you.For more information about Hayes & Caraballo, P.L., please visit us at http://www.const-law.com.

---

**From:** Richard T. Holland [mailto:RHolland@k-plaw.com]
**Sent:** Wednesday, June 29, 2005 4:04 PM
**To:** Rosemary Hayes
**Cc:** Kara Petruso
**Subject:** Provincetown MacMillan Pier/Southeast Floating Docks Inc.

Rosemary,

Just checking in with you to see how things went with your inspection. Please note that I will be out of the office until July 14, and in my absence, should you have any questions about Town documents or your inspection, or should you otherwise need to communicate with this office about this matter, you may contact Attorney David Doneski of this firm. Thank you, and have a great 4th of July.

Rick.

Richard T. Holland
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007
(617) 654-1735 (fax)
rholland@k-plaw.com

This message and the documents attached to it, if any, are intended only for the use of the addressee and may contain information that is PRIVILEGED and CONFIDENTIAL and may contain ATTORNEY WORK PRODUCT. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please delete all electronic copies of this message and attachments thereto, if any, and destroy any hard copies you may have created and notify me immediately.

REFERENCING SAME. RECORDS CONCERNING THE MAIN PIER PILE WERE PRODUCED; HOWEVER, NO RECORDS RELATING TO THE LATERAL LOAD OR OTHER TESTING OF FLOATING DOCK PILE, REDUCED PILE SIZE, FINGER PIER CONNECTION, REMOVAL OF CONCRETE SLEEVES, ETC.

(g) Expert reports, opinions, calculations, drawings, or other written, printed or pictorial material, including electronic mail or other computer stored data, relating to or referencing the damage and fix of the dock system at the subject marina.

SEE (d) & GARY GREENE'S CALCS. VIDEO & PHOTOS FURNISHED VIA AGM. NOTHING REGARDING THE FIX, DAMAGE ASSESSMENT, NO EMAIL, OTHER PHOTOS, WARRANTIES, B'HAM FLOATS; NOTHING ABOUT 1/5 VERSUS 12/3 DAMAGE, NO REFERENCE TO LOST RENTAL, NO SETTLEMENT DETAILS OR MEETING MINUTES, ETC.

We await your reply. Thank you. Rosemary Hayes

**Also within subpoena and reiterated by email 6/3/2005**: ←

Pier Manager's Annual Report (2004-2005)

Provincetown Public Pier Corporation Meeting minutes:
May 26, 2005
January 27, 2005
February 2, 2005
February 24, 2005
May 12, 2005
May 19, 2005
August 16, 2004
November 29, 2004
December 7, 2004
December 13, 2004

Demands, releases, agreements or settlements concerning FS&T
AGM bond referenced in its settlement agreement

# EXHIBIT "C"

**Rosemary Hayes**

---

**From:** Rosemary Hayes
**Sent:** Monday, July 18, 2005 4:08 PM
**To:** 'RHolland@k-plaw.com'
**Cc:** Kara Petruso
**Subject:** RE: Activity in Case 1:05-cv-11039-EFH Southeast Floating Docks, Inc. v. AGM Marine Contractors, Inc. et al "Order on Motion for Contempt"

As you well know and as contained in the records we obtained through SGH, the storm in January 2005 damaged the docks. Perhaps you haven't read the materials from SGH?? This was the topic of much discussion with the Town. Let me know if you need a copy of the SGH records and I'll send you an estimate for copy costs. Thanks.

This email message and any attachments are confidential and may be privileged. If you are not the intended recipient, please notify Hayes & Caraballo, P.L. immediately -- by replying to this message or by sending an email to postmaster@const-law.com -- and destroy all copies of this message and any attachments. Thank you.For more information about Hayes & Caraballo, P.L., please visit us at http://www.const-law.com.

---

**From:** Richard T. Holland [mailto:RHolland@k-plaw.com]
**Sent:** Monday, July 18, 2005 3:48 PM
**To:** Rosemary Hayes
**Subject:** RE: Activity in Case 1:05-cv-11039-EFH Southeast Floating Docks, Inc. v. AGM Marine Contractors, Inc. et al "Order on Motion for Contempt"

The January 2005 storm? Why would we have records of a January 2005 storm? You can get weather data the same way everyone else did—the internet. Try the NOAA website: http://weather.gov/

I will get back to you as promised. I will look for the CD; thank you.

Rick.

Richard T. Holland
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007
(617) 654-1735 (fax)
rholland@k-plaw.com

This message and the documents attached to it, if any, are intended only for the use of the addressee and may contain information that is PRIVILEGED and CONFIDENTIAL and may contain ATTORNEY WORK PRODUCT. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please delete all electronic copies of this message and attachments thereto, if any, and destroy any hard copies you may have created and notify me immediately.

-----Original Message-----
**From:** Rosemary Hayes [mailto:rhayes@const-law.com]
**Sent:** Monday, July 18, 2005 3:49 PM
**To:** Richard T. Holland
**Cc:** Kara Petruso
**Subject:** RE: Activity in Case 1:05-cv-11039-EFH Southeast Floating Docks, Inc. v. AGM Marine Contractors, Inc. et al "Order on Motion for Contempt"

Sure I will. **I repeat**: you should return to the original subpoena and request for public records from June 04. Those are the things never received and most are dated during 2003 and after, e.g., the January 2005 storm exceeded December

# EXHIBIT "D"

# The Arbitration Tribunals of the American Arbitration Association

In the Matter of the Arbitration between

AGM Marine Contractors, Inc.

v. Case No.: 11 110 02474 04

Southeast Floating Docks, Inc.

**Subpoena Duces Tecum**
**(Documents)**

FROM THE PEOPLE OF THE STATE OF MASSACHUSETTS

to Regina Binder
Provincetown Building Committee Member
523 Commercial Street
Provincetown, MA 02657

GREETING:

WE COMMAND YOU that, all business and excuses being laid aside, you and each of you appear and attend before

Anthony Cipriani, arbitrator(s)

acting under the arbitration law of this state, at the office of Hinckley, Allen & Snyder, LLP

28 State Street, Boston, Massachusetts 02109

(address)

on the 15th day of August, 2005, at 10:00 o'clock, to testify and give evidence in a certain arbitration, then and there to be held between the above entitled parties, and that you bring with you and produce ~~certain~~ all written, printed, pictorial materials, including email or other computer stored data, expert reports or advice, meeting minutes or materials, draft(s) and final recommendations to the Board of Selectmen, relating to, referencing, or responding to the certificate of substantial completion, change order no. 8, the wave attenuator, remedial solutions, re-design, and/or warranty (ies) for work at MacMillan Pier.

now in your custody.

Signed: [signature]

~~Signed~~: ANTHONY CIPRIANI
Arbitrator(~~s~~)

Requested by: Southeast Floating Docks, Inc.

Rosemary H. Hayes, Esq.
Name of Representative

830 Lucerne Terrace, Orlando, Florida 32801
Address Zip Code

(407) 649-9974
Telephone

Dated: June 16, 2005

# The Arbitration Tribunals of the American Arbitration Association

In the Matter of the Arbitration between

AGM Marine Contractors, Inc.

v. Case No.: 11 110 02474 04

Southeast Floating Docks, Inc.

**Subpoena**

FROM THE PEOPLE OF THE STATE OF MASSACHUSETTS

to Heather Bruce
Provincetown Harbor Committee Member
353 1/2 Commercial Street
Provincetown, MA 02657

GREETING:

WE COMMAND YOU that, all business and excuses being laid aside, you and each of you appear and attend before

Anthony Cipriani, arbitrator(s)

acting under the arbitration law of this state, at the office of Hinckley, Allen & Snyder, LLP

28 State Street, Boston, Massachusetts 02109
(address)

on the 15th day of August, 2005, at 10:00 o'clock, to testify and give evidence in a certain arbitration, then and there to be held between the above entitled parties.

Signed: [signature]

~~Signed~~: ANTHONY CIPRIANI
Arbitrator(~~s~~)

Requested by: Southeast Floating Docks, Inc.

Rosemary H. Hayes, Esq.
Name of Representative

830 Lucerne Terrace, Orlando, Florida 32801
Address Zip Code

(407) 649-9974
Telephone

Dated: June 16, 2005

Form G9-1 1/89

# The Arbitration Tribunals of the American Arbitration Association

In the Matter of the Arbitration between

AGM Marine Contractors, Inc.

v. Case No.: 11 110 02474 04

Southeast Floating Docks, Inc.

**Subpoena Duces Tecum**
**(Documents)**

FROM THE PEOPLE OF THE STATE OF MASSACHUSETTS

to Paul de Ruyter
Provincetown Public Pier Committee Member
7 Carver Street
Provincetown, MA 02657

GREETING:

WE COMMAND YOU that, all business and excuses being laid aside, you and each of you appear and attend before Anthony Cipriani, arbitrator(s) acting under the arbitration law of this state, at the office of Hinckley, Allen & Snyder, LLP 28 State Street, Boston, Massachusetts 02109 (address) on the 15th day of August, 2005, at 10:00 o'clock, to testify and give evidence in a certain arbitration, then and there to be held between the above entitled parties, and that you bring with you and produce ~~certain~~ all written, printed, pictorial materials, including email or other computer stored data, expert reports or advice, meeting minutes or materials, draft(s) and final recommendations to the Board of Selectmen, relating to, referencing, or responding to the certificate of substantial completion, change order no. 8, the wave attenuator, remedial solutions, re-design, and/or warranty (ies) for work at MacMillan Pier. now in your custody.

Signed: [signature]

~~Signed:~~ ANTHONY CIPRIANI
Arbitrator(~~s~~)

Requested by: Southeast Floating Docks, Inc.

Rosemary H. Hayes, Esq.
Name of Representative

830 Lucerne Terrace, Orlando, Florida 32801
Address Zip Code

(407) 649-9974
Telephone

Dated: June 16, 2005

Form G10 –11/89

# The Arbitration Tribunals of the American Arbitration Association

In the Matter of the Arbitration between

AGM Marine Contractors, Inc.

v. Case No.: 11 110 02474 04

Southeast Floating Docks, Inc.

**Subpoena**

FROM THE PEOPLE OF THE STATE OF MASSACHUSETTS

to Richard T. Holland
Kopelman & Paige, P.C.
31 St. James Avenue
Boston, MA 02116

GREETING:

WE COMMAND YOU that, all business and excuses being laid aside, you and each of you appear and attend before

Anthony Cipriani , arbitrator(s)

acting under the arbitration law of this state, at the office of Hinckley, Allen & Snyder, LLP

28 State Street, Boston, Massachusetts 02109
(address)

on the 15th day of August , 2005 , at 10:00 o'clock, to testify and give evidence in a certain arbitration, then and there to be held between the above entitled parties.

Signed: [signature]

~~Signed~~: ANTHONY CIPRIANI
Arbitrator(~~s~~)

Requested by: Southeast Floating Docks, Inc.

Rosemary H. Hayes, Esq.
Name of Representative

830 Lucerne Terrace, Orlando, Florida 32801
Address Zip Code

(407) 649-9974
Telephone

Dated: June 16, 2005

Form G9-11/89

# The Arbitration Tribunals of the American Arbitration Association

In the Matter of the Arbitration between

AGM Marine Contractors, Inc.

v.

Southeast Floating Docks, Inc.

**Subpoena Duces Tecum**
**(Documents)**

FROM THE PEOPLE OF THE STATE OF MASSACHUSETTS

to THE TOWN OF PROVINCETOWN, MA
Town Hall
260 Commercial Street
Provincetown, MA 02657

GREETING:

WE COMMAND YOU that, all business and excuses being laid aside, you and each of you ~~appear and attend before~~ Produce all records shown on exhibit "A" within 30-days , arbitrator(s)

acting under the arbitration law of this state, at

the Town Hall, or alternatively, by U.S. Mail to the requesting attorney below. Copy costs and postage will be paid.

(address)

~~on the day of , 20 , at o'clock, to testify and give evidence in a certain arbitration, then and there to be held between the above entitled parties, and that you bring with you and produce certain~~

now in your custody.

Signed: [signature] 2/4/05

~~Signed:~~ ANTHONY CIPRIANI
Arbitrator(s)

Requested by: Southeast Floating Docks, Inc.

Rosemary Hayes, Esq.
Name of Representative

830 Lucerne Terrace
Address Zip Code

Orlando, FL 32801
Telephone

Dated: January 28, 2004

Form G10 -11/89

# EXHIBIT "A"

Pursuant to M.G.L. 66, § 10, and this subpoena we request copies relating to the storm damage on December 7, 2003 (a) all written demands made by or on behalf of the town in regard to MacMillan Pier under M.G.L. 93A and any responses thereto; (b) all written or printed communications, including electronic transmissions and computer stored data relating to or referencing damage at MacMillan Pier from December 1, 2003 to the present; (c) all demands for insurance coverage and responses thereto; (d) proof of wind speed, wind direction, wave height, or any expert opinion or documentation used to establish same; (e) all communications from the Town to AGM or its Surety since December 7, 2003, including electronic mail or other computer stored data; (f) all records concerning modification of the dock system during construction, installation of the concrete floating docks, and removal of the wave attenuator or "breakwater" from the original project design; (g) all expert opinions, reports, calculations, drawings, or other written, printed or pictorial material, including electronic mail or other computer stored data, relating to or referencing the damage and fix of the dock system at the subject marina.

# The Arbitration Tribunals of the American Arbitration Association

In the Matter of the Arbitration between

AGM Marine Contractors, Inc.

v. Case No.: 11 110 02474 04

Southeast Floating Docks, Inc.

**Subpoena**

FROM THE PEOPLE OF THE STATE OF MASSACHUSETTS

to Rex McKinsey
22 Henche Lane
Provincetown, MA 02657

GREETING:

WE COMMAND YOU that, all business and excuses being laid aside, you and each of you appear and attend before

Anthony Cipriani , arbitrator(s)

acting under the arbitration law of this state, at the office of Hinckley, Allen & Snyder, LLP

28 State Street, Boston, Massachusetts 02109
(address)

on the 15th day of August , 2005 , at 10:00 o'clock, to testify and give evidence in a certain arbitration, then and there to be held between the above entitled parties.

Signed: [signature]

~~Signed~~: ANTHONY CIPRIANI
Arbitrator(~~s~~)

Requested by: Southeast Floating Docks, Inc.

Rosemary H. Hayes, Esq.
Name of Representative

830 Lucerne Terrace, Orlando, Florida 32801
Address Zip Code

(407) 649-9974
Telephone

Dated: June 16, 2005

Form G9-11/89

# EXHIBIT “E”

(F) AGM- pier Loss

**Thomas, Sonia**

**From:** Schaub, Jr., Charles E.
**Sent:** Saturday, July 17, 2004 12:03 PM
**To:** Thomas, Sonia
**Subject:** FW: MacMillan Pier--Provincetown

P

-----Original Message-----
From: Richard T. Holland [mailto:RHolland@k-plaw.com]
Sent: Thu Jul 08 10:37:21 2004
To: Schaub, Jr., Charles E.
Subject: MacMillan Pier--Provincetown

Charles,

Got your letter of July 1. I am in the process of obtaining documents from the Engineer's sub-consultant, and when I receive them, I will forward copies to you. In the interim, please note that counsel for the manufacturer has been non-responsive, and so I am inclined to belief that her client, Southeast, is no longer cooperating. If you have information to the contrary, please let me know. As it stands now, according to recent correspondence with counsel for Southeast, I am proceeding with the assumption that Southeast has refused to offer the Town any relief. I do note that correspondence from you to the surety, which the surety forwarded to me, indicates that AGM may be pursuing a contractual/warranty remedy under the purchase order for the floats. If so, please let me know how this is proceeding. You appear to be having some luck with your communications with Southeast, and I'd appreciate it if you could apprise me of the content of those communications.

Thank you.

Rick.

Richard T. Holland

Kopelman and Paige, P.C.

31 St. James Avenue

Boston, MA 02116

(617) 556-0007

(617) 654-1735 (fax)

rholland@k-plaw.com

**Thomas, Sonia**

**From:** Schaub, Jr., Charles E.
**Sent:** Thursday, February 10, 2005 5:23 PM
**To:** Thomas, Sonia
**Subject:** FW: Provincetown MacMillan Pier Project

-----Original Message-----
From: Richard T. Holland [mailto:RHolland@k-plaw.com]
Sent: Monday, August 16, 2004 9:12 AM
To: Schaub, Jr., Charles E.
Cc: adrian.braganza@zurichna.com
Subject: RE: Provincetown MacMillan Pier Project

Chuck,

Thursday, August 26 at 11 AM at Provincetown Town Hall is good for our meeting with the surety.

Rick.

Richard T. Holland
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007
(617) 654-1735 (fax)
rholland@k-plaw.com

-----Original Message-----
From: Schaub, Jr., Charles E. [mailto:cschaub@haslaw.com]
Sent: Friday, August 13, 2004 11:54 AM
To: Richard T. Holland
Cc: Adrian A. Braganza; wlovely@attbi.com; samspots@hotmail.com; jmikutowicz@comcast.com
Subject: RE: Provincetown MacMillan Pier Project

AUG 26 OR 27

-----Original Message-----
From: Richard T. Holland [mailto:RHolland@k-plaw.com]
Sent: Wednesday, August 11, 2004 5:44 PM
To: Schaub, Jr., Charles E.
Subject: RE: Provincetown MacMillan Pier Project

Any word yet on the week of the 23rd?

Thanks.

R

Richard T. Holland
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007
(617) 654-1735 (fax)
rholland@k-plaw.com

-----Original Message-----
From: Schaub, Jr., Charles E. [mailto:cschaub@haslaw.com]
Sent: Friday, August 06, 2004 9:01 AM
To: Richard T. Holland
Cc: Adrian A. Braganza; BILL LOVELY; John Mikutowicz
Subject: RE: Provincetown MacMillan Pier Project

Surety has just said he has problem with 20. What are alternate dates

-----Original Message-----
From: Richard T. Holland [mailto:RHolland@k-plaw.com]
Sent: Wed Aug 04 16:47:55 2004
To: Schaub, Jr., Charles E.
Cc: adrian.braganza@zurichna.com
Subject: Provincetown MacMillan Pier Project

Chuck,

Confirming our prior conversations and exchange of voice messages, the meeting between the parties (AGM/Town/Surety) will be re-scheduled from August 5 to August 19 or 20, or such other date convenient to all. I understand that you have discussed/will discuss this with Mr. Braganza, who is agreeable to the re-scheduling.

Please reply by email as to which of these two dates is satisfactory.

Thank you.

Rick.

Richard T. Holland

Kopelman and Paige, P.C.

31 St. James Avenue

Boston, MA 02116

(617) 556-0007

(617) 654-1735 (fax)

rholland@k-plaw.com