UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 05CV11039EFH

SOUTHEAST FLOATING DOCKS, INC.,

Plaintiff

v.

AGM MARINE CONTRACTORS, INC.,
CHILDS ENGINEERING CORPORATION,
AND THE TOWN OF PROVINCETOWN,

Defendants

<u>AFFIDAVIT OF DAVID F. GUERTIN</u>

I, David F. Guertin, on oath, hereby depose and say of my own personal knowledge as follows:

1. I am the Director of the Department of Public Works ("DPW") for the Town of Provincetown and have been so employed since 1998.

2. In or about 2000, the DPW was made responsible for administering the project commonly known as "MacMillan Pier Reconstruction" ("Project"), which is the subject of this litigation. I was designated by the Town Manager to be his liaison with the Town's Building Committee, which, under the Town Charter, is responsible for overseeing, generally, the Town's construction projects and making recommendations regarding such projects to the Town's Board of Selectmen.

3. The DPW is required to maintain, at its offices, documents created or received by the Town for those construction projects administered by the DPW, like the Project. The DPW was therefore required to maintain Project documents at the DPW's offices located at 26 Alden Street, Provincetown.

4.  On June 27 and 28, 2005, Attorney Rosemary Hayes, represented to be counsel for Southeast Floating Docks, Inc., inspected and scanned Project documents maintained at the DPW's offices. Other than written communications to and from the Town and its counsel, all of the Town's Project documents maintained at the DPW were made available to Attorney Hayes for inspection on June 27 and 28, 2005.

5.  I reviewed the February 4, 2005 Subpoena issued on behalf of Southeast Floating Docks, Inc., at or about the time of its issuance. I understand that a copy of the Subpoena is included in exhibit D of "Plaintiff's List of Records Not Produced by Town in Violation of Multiple Subpoenas, Representations of Counsel, a Court Order & Appellate Mandates," dated November 1, 2007.

6.  The "Exhibit A" that is attached to the Subpoena lists seven requests for documents. If the documents requested in the Subpoena existed in printed form, they would have been included in the documents inspected by Attorney Hayes on June 27 and 28, 2005, except for the documents requested in subparagraph (a) of the exhibit ("all written demands made by or on behalf of the town . . . under M.G.L. 93A") and any documents prepared by the Town's litigation consultants (Childs Engineering Corporation and Simpson Gumpertz Heger), which I understand have been provided to Attorney Hayes by the Town's counsel, and except for those documents withheld by the Town's counsel under a claim of attorney-client privilege.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS FIFTEENTH DAY OF NOVEMBER 2007.

/s/ David F. Guertin
David F. Guerin