

# KOPELMAN AND PAIGE, P.C.
*The Leader in Municipal Law*

101 Arch Street
Boston, MA 02110
T: 617.556.0007
F: 617.654.1735
www.k-plaw.com

January 11, 2008

**Richard Holland**
rholland@k-plaw.com

<u>FEDERAL EXPRESS</u>

Karen Folan, Clerk
Hon. Edward F. Harrington
U.S. District Court, District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

Re:    Southeast Floating Docks, Inc. v. Town of Provincetown, et al.
      <u>Case No. 05CV11039</u>

Dear Ms. Folan:

Pursuant to the Court's January 2, 2008 Order in the above-referenced matter, the Town of Provincetown hereby submits to the Court a copy of the Town's privilege log, previously filed on November 11, 2007, along with the documents listed on that log. The documents are being transmitted for delivery to Judge Harrington for *in camera* review as requested in the January 2 Order and are not being filed with the Clerk. Should the Court require that the Town file a motion to seal the documents, please let me know at your earliest convenience.

As noted on the privilege log, the documents constitute communications by and between the Town and its counsel. A legend included at the end of the privilege log indicates the identity of the persons included in the communications. They are Richard Holland, David Doneski and John Giorgio, attorneys employed by Kopelman and Paige, P.C., the Town's counsel; Keith Bergman, former Town Manager; David Guertin, the Director of the Town's Department of Public Works ("DPW"); Sandra Turner, Deputy Director of the DPW; Michelle Jarusiewicz, former Acting Town Manager; Regina (Ginny) Binder, member of the Town's Building Committee for the MacMillan Pier project; Rex McKinsey, manager of the Town's MacMillan Pier; the Town's Board of Selectmen; and Pamela Hudson, secretary to the Town Manager.

It should be noted that several of the documents on the Town's privilege log include attachments. All of these attachments, save one, were produced and made available to Southeast Floating Docks, Inc. ("Southeast") by August 2005 pursuant to this Court's June 2, 2005 Order, as discussed in the "Town of Provincetown's Memorandum Pursuant to the District Court's October 18, 2007 Order" ("Memorandum"), filed on November 15, 2007. The only attachment that was not produced to Southeast is the one entitled "MacMillan Pier Options Matrix" ("Matrix"), which is

**KOPELMAN AND PAIGE, P.C.**

Karen Folan, Clerk
Hon. Edward F. Harrington
January 11, 2008
Page 2

attached to the documents identified on the privilege log as documents ## 52 – 55 and 88.  As indicated in the table contained in the document attached as Exhibit H to the Memorandum, the Matrix constitutes an attorney-client communication between the Town and its counsel and was withheld pursuant to the Court's June 2, 2005 Order.  All of the attachments have been included with the documents submitted to Judge Harrington for *in camera* review.

It should also be noted that, as discussed in the Memorandum, some of the documents on the privilege log are not responsive to Southeast's February 23, 2005 arbitration subpoena, which is the subject of this litigation, either because they do not fall within the scope of the document requests contained in the subpoena, or they are dated after February 23, 2005, the date of the subpoena.  In any event, as the Town stated in the Memorandum, the Town had prepared the privilege log and hereby submits the documents listed on that log in an effort to assist the Court in bringing this matter to an appropriate conclusion.

Should the Court have any questions regarding the documents or require further information, please do not hesitate to contact me.

Very truly yours,

Richard T. Holland

RTH/rbh
Enc.
cc:      Rosemary Hayes, Esq.
         David Hanrahan, Esq.
         John B. Connarton, Jr., Esq.
         Charles Schaub, Esq.
         Town Manager
         Director, Department of Public Works

335205/PROV/0008