IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SOUTHEAST FLOATING DOCKS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>TOWN OF PROVINCETOWN, MASS, Etc.,<br><br>Defendants. | Case No.: 1:05-CV-11039<br>Assigned to: Senior Judge Harrington<br><br>**SOUTHEAST'S OBJECTION TO LETTER TO SENIOR JUDGE HARRINGTON & REQUEST FOR ORDER FOR ELECTRONIC FILING OF NON-PRIVILEGED ATTACHMENTS** |

Attached as Exhibit "A" is the letter from the Town's counsel following the Court's Order of 01/02/08, which Order directed the Town to submit alleged privileged records for *in camera* review.

Exhibit "A" contains the same argument the Town made in its briefs; it is an unpermitted opportunity to argue, including positions this Court has previously rejected, submitted by the Town without consideration of rudimentary due process, such as Southeast's opportunity to respond.

More concerning, the Town's correspondence encloses a "log" and identifies other non-privileged attachments the Town has impermissibly failed to file of record, with the ECF system. D.C. Mass. L.R. 5.4.

-1-

HAYES & CARABALLO, PL
830 Lucerne Terrace
Orlando, FL 32801

The fact is, this case has drug on because the Town does not comport with rules in place to ensure a fair determination of the issues.[1] The Town was ordered to submit privileged documents for *in camera* review. Instead of following the Order, the Town forwards a letter with substantive argument directly to the District Court Judge, enclosing, among other things, a "privilege log, previously filed on 11/11/2007…" (Exhibit A at p. 1) However, there was nothing filed on 11/11/2007, according to the Clerk's docket.

A privilege claim is also described in the 1/11/08 letter, referring the reader to "Exhibit H to the [Town's] Memorandum"; however, the letter contains no reference to "Exhibit M" to the Town's Memorandum, which is, in fact, the privilege log previously submitted by the Town. (Exhibit A at pp. 1-2; Doc. 55 at Exhibit H, M) This may all be inattention to detail; however, **to avoid any further waste of judicial and economic resources**, the Town must be ordered to electronically file its privilege log exactly ***as submitted with the 1/11/08 letter***, thereby insuring delivery of the same information to the Court and undersigned counsel. D.C. Mass. L.R. 5.4; see also Fed. R. Civ. P. 5.

The Town's letter also encloses non-privileged attachments to "several of the documents" within the 91 privileged documents that are submitted for *in*

---

[1] Had the Court's Clerk not appropriately filed the letter on 1/11/08, Southeast would not know of its delivery or contents. The letter states it was sent to the Court by "Federal Express" on 1/11/08; however, the Court's receipt of it on 1/11/08 suggests it was hand-delivered. Southeast has not received anything filed by Town Counsel as of 1/14/08. Cf. Fed. R. Civ. P. 5(a)(1), (b).

-2-

HAYES & CARABALLO, PL
830 Lucerne Terrace
Orlando, FL 32801

*camera* review. (Exhibit A at p. 1) The Town has not followed the mandatory rule and electronically filed non-privileged attachments because the attachments were "produced and made available to Southeast Floating Docks, Inc. by August 2005," presumably by the Town and/or some other unnamed party or parties. (Exhibit A at p. 1)[2] The Town offers no legitimate reason to avoid the requirement to file ***all*** non-privileged materials with the Court's electronic filing system. Id.; D.C. Mass L.R. 5.4. Any attempt to match the listing of withheld documents to exhibits "produced and made available to [Southeast] by August 2005" is, *at best*, a risky and uncertain venture. See e.g., Table A, below.

Next month, it will be three years since the Town was served with the **first of several** subpoenas (to which it had 14 days to object and never did), and years since it was advised by the Circuit Court to prepare its own privilege log; it has now identified with some certainty, albeit privately to the District Court, documents that were, in fact, "attachments" to the purportedly privileged documents initially revealed 11/15/07. Cf. Fed. R. Civ. P. 45; Doc. 36. Under these circumstances above most others, the Town must be required to comport with the formalities of procedure and ordered to file the non-privileged attachments with the ECF system, in the same form as those hand-delivered on 1/11/08 to Senior Judge

---

[2] **The Town** states non-privileged attachments were "produced and made available…by August 2005 [not in late June during 2 days at DPW] pursuant to this Court's Order of 6/2/05…" (Exhibit A, p. 1) Southeast commenced mediation on 8/15/05, receiving thousands of records from various sources that same month, many from Town consultants.

-3-

HAYES & CARABALLO, PL
830 Lucerne Terrace
Orlando, FL 32801

Harrington. The Town may not intend to engage in *ex parte* communication or further confuse and complicate this matter; however, that is the outcome of the Town's private delivery of non-privileged attachments.

| TOWN #: | DATE/TYPE: | TOWN DESCRIPTION: | ATTACHES: |
|---|---|---|---|
| 1 | 12-12-03/ E-Mail | "Storm Damage" | ?? |
| 2 | 12-12-03/ E-Mail | "MacMillan Pier" | ?? |
| 56 | 12-10-04/ E-Mail | "Floating Dock recommend Joint Memo" | ?? |
| 59 | 01-14-05/ E-Mail | "MacMillan Pier/Settlement Agreement" | ?? |
| 81 | 02-03-04/ Facsimile | "Floating Dock Costs" | ?? |
| 91 | 03/31/05 Letter | "Settlement Agreement/Signature Page" | ?? |

Table A – Exemplary Attempt to Identify Attachments to Documents Listed on Town Log

In regard to the substance of the attachments, these records may be relevant to issues before the Court. Southeast has maintained that the Town waived any claim of privilege. In re Grand Jury Subpoena, 274 F. 3d 563, 576 (1st Cir. 2001). If the failure to disclose a claim of privilege and comply with rule 45(d)(2) can result in a waiver, inadvertent disclosure of privileged documents (or attachments) should be treated the same. Cunningham v. Conn. Mut. Life Ins., 845 F.Supp. 1403, 1410 (S.D. Cal. 1994). Southeast has also alleged the crime-fraud exception to the attorney-client privilege may be implicated by the Town's use of counsel to frustrate open inquiry into the design, damage and repair of docks and misuse of the arbitration process. See In re Grand Jury Proceedings, 417 F.3d 18, 23-24 (1st

HAYES & CARABALLO, PL
830 Lucerne Terrace
Orlando, FL 32801

Cir. 2005).The attachments to the privileged records, now identified as such, may be relevant to the viability of the Town's claims of attorney-client privilege and must be electronically filed, thereby assuring Southeast a complete and accurate copy of the Court record.

WHEREFORE, for the foregoing reasons, Southeast objects to the Letter from Town Counsel and respectfully requests the Court Order the Town's immediate electronic filing of:

1. The privilege log the Town enclosed with the letter of 1/11/08; and,

2. All non-privileged attachments with the letter of 1/11/08, in the same form hand-delivered to the Court.

### CERTIFICATE OF SERVICE

I certify this brief was filed via the CM/ECF system on January 14, 2008 which sends notification by email to: rholland@k-plaw.com

> s/Rosemary H. Hayes
> Rosemary H. Hayes
> Florida Bar no.: 549509
> Hayes & Caraballo, PL
> 830 Lucerne Terrace
> Orlando, FL 32801
> (Voice) 407.649.9974
> (Fax) 407.649.9379
> rhayes@const-law.com
> *Attorneys for Plaintiff*



**KOPELMAN AND PAIGE, P.C.**

*The Leader in Municipal Law*

101 Arch Street
Boston, MA 02110
T: 617.556.0007
F: 617.654.1735
www.k-plaw.com

January 11, 2008

**Richard Holland**
rholland@k-plaw.com

FEDERAL EXPRESS

Karen Folan, Clerk
Hon. Edward F. Harrington
U.S. District Court, District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

Re:   Southeast Floating Docks, Inc. v. Town of Provincetown, et al.
      Case No. 05CV11039

Dear Ms. Folan:

Pursuant to the Court's January 2, 2008 Order in the above-referenced matter, the Town of Provincetown hereby submits to the Court a copy of the Town's privilege log, previously filed on November 11, 2007, along with the documents listed on that log. The documents are being transmitted for delivery to Judge Harrington for *in camera* review as requested in the January 2 Order and are not being filed with the Clerk. Should the Court require that the Town file a motion to seal the documents, please let me know at your earliest convenience.

As noted on the privilege log, the documents constitute communications by and between the Town and its counsel. A legend included at the end of the privilege log indicates the identity of the persons included in the communications. They are Richard Holland, David Doneski and John Giorgio, attorneys employed by Kopelman and Paige, P.C., the Town's counsel; Keith Bergman, former Town Manager; David Guertin, the Director of the Town's Department of Public Works ("DPW"); Sandra Turner, Deputy Director of the DPW; Michelle Jarusiewicz, former Acting Town Manager; Regina (Ginny) Binder, member of the Town's Building Committee for the MacMillan Pier project; Rex McKinsey, manager of the Town's MacMillan Pier; the Town's Board of Selectmen; and Pamela Hudson, secretary to the Town Manager.

It should be noted that several of the documents on the Town's privilege log include attachments. All of these attachments, save one, were produced and made available to Southeast Floating Docks, Inc. ("Southeast") by August 2005 pursuant to this Court's June 2, 2005 Order, as discussed in the "Town of Provincetown's Memorandum Pursuant to the District Court's October 18, 2007 Order" ("Memorandum"), filed on November 15, 2007. The only attachment that was not produced to Southeast is the one entitled "MacMillan Pier Options Matrix" ("Matrix"), which is

## KOPELMAN AND PAIGE, P.C.

Karen Folan, Clerk
Hon. Edward F. Harrington
January 11, 2008
Page 2

attached to the documents identified on the privilege log as documents ## 52 – 55 and 88. As indicated in the table contained in the document attached as Exhibit H to the Memorandum, the Matrix constitutes an attorney-client communication between the Town and its counsel and was withheld pursuant to the Court's June 2, 2005 Order. All of the attachments have been included with the documents submitted to Judge Harrington for *in camera* review.

It should also be noted that, as discussed in the Memorandum, some of the documents on the privilege log are not responsive to Southeast's February 23, 2005 arbitration subpoena, which is the subject of this litigation, either because they do not fall within the scope of the document requests contained in the subpoena, or they are dated after February 23, 2005, the date of the subpoena. In any event, as the Town stated in the Memorandum, the Town had prepared the privilege log and hereby submits the documents listed on that log in an effort to assist the Court in bringing this matter to an appropriate conclusion.

Should the Court have any questions regarding the documents or require further information, please do not hesitate to contact me.

Very truly yours,

Richard T. Holland

RTH/rbh
Enc.
cc: Rosemary Hayes, Esq.
David Hanrahan, Esq.
John B. Connarton, Jr., Esq.
Charles Schaub, Esq.
Town Manager
Director, Department of Public Works

335205/PROV/0008