UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SOUTHEAST FLOATING DOCKS, INC.,<br><br>    Plaintiff<br><br>v.<br><br>AGM MARINE CONTRACTORS, INC.,<br>CHILDS ENGINEERING CORPORATION,<br>AND THE TOWN OF PROVINCETOWN,<br><br>    Defendants | CIVIL ACTION<br>NO. 05CV11039EFH<br><br>DEFENDANT TOWN OF<br>PROVINCETOWN'S MEMORANDUM<br>SUBMITTED IN CONNECTION WITH<br>THE DISTRICT COURT'S FEBRUARY<br>21, 2008 ORDER |

INTRODUCTION

The Town of Provincetown submits this memorandum in connection with the submission of its supplemental Privilege Log pursuant to the Court's February 21, 2008 Order. In that order, the Court requested the Town to provide some greater specificity in its privilege log regarding the Town's privileged documents. The Town has done so and files a revised log herewith.

For the record, the Town also offers the following brief response to Southeast's Objection to Letter to Senior Judge Harrington & Request for Filing of Non-Privileged Attachments, which was filed on January 14, 2008. In that objection, Southeast states that the Court of Appeals "advised" the Town to prepare a privilege log. This statement inaccurately suggests that the Court of Appeals ordered the Town to prepare a privilege log. The Town was never ordered to prepare such a log. Rather, the Town voluntarily prepared a privilege log in a good faith effort to bring this matter to an appropriate conclusion.

1

In addition, Southeast states that the Town "has drug" [sic] the litigation out. To the contrary, the Town has cooperated fully in this matter. As explained in "Defendant Town of Provincetown's Memorandum Pursuant to the District Court's October 18, 2007 Order," filed on November 11, 2007 (the "Town's Memorandum"), and the Town's numerous other submissions to the Court, the Town responded within six business days to Southeast's February 23, 2005 arbitration subpoena, which is the subject of this litigation. By letter dated March 3, 2005 to Southeast's counsel, the Town's counsel offered to make available for inspection the Town's non-privileged documents relating to the failure of the floating dock system. Attorney Hayes never responded to that letter, opting instead to file the Complaint.

At the June 1, 2005 hearing before this Court, the Town renewed its offer to make its non-privileged documents available to Southeast. As explained in the Town's Memorandum, at various times in June and August of 2005—by e-mail, mail and hand delivery to Southeast's counsel, and by production to Southeast's counsel for inspection—the Town produced its non-privileged documents responsive to the subpoena.

The Town has continued to cooperate, even after it became apparent that Southeast was engaged in a fishing expedition to avoid, or delay indefinitely, having to pay the substantial monetary award entered against it in the related arbitration with AGM Marine Contractors, Inc. Southeast has unnecessarily prolonged this litigation and it should be sanctioned for doing so.

The Town has complied with the Court's June 2, 2005 Order and respectfully requests that the Court issue an order finding that the Town has so complied and dismissing the litigation.

## CONCLUSION

For the foregoing reasons, the Town respectfully requests that the Court order that the Town has complied with its June 2, 2005 Order and dismiss the litigation.

TOWN OF PROVINCETOWN

By its attorneys,

/s/ Richard T. Holland
David J. Doneski (BBO# 546991)
Richard T. Holland (BBO# 632661)
Kopelman and Paige, P.C.
 Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

## CERTIFICATE OF SERVICE

I, Richard T. Holland, hereby certify that the above document will be served upon any party or counsel of record who is not a registered participant of the Court's ECF system, upon notification by the Court of those individuals who will not be served electronically.

/s/ Richard T. Holland.

Dated: March 5, 2008

339868/24207v3/0008

3