IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SOUTHEAST FLOATING DOCKS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>TOWN OF PROVINCETOWN, MASS, Etc.,<br><br>Defendants. | Case No.: 1:05-CV-11039<br>Assigned to: Senior Judge Harrington<br><br>**SOUTHEAST'S AFFIDAVIT IN SUPPORT OF OBJECTIONS TO NEW PRIVILEGE LOG (& PRIOR OUTSTANDING OBJECTIONS)** |

Before me appeared Rosemary H. Hayes, who has personal knowledge of the following facts:

1. The Town counsel's letter of 1/11/08, as filed by the Clerk, is Exhibit "A."

2. It shows a "cc" to undersigned counsel. (Exhibit "A," p. 2)

3. Up to the date of this affidavit of 3/17/08, the Town has never sent undersigned a copy of Exhibit "A."

4. The letter marked Exhibit "A" purports to transmit privileged records that were first identified on 11/15/07 for *in camera* inspection. (Doc. 61) The letter also states the Town attaches certain **non-privileged** information, e.g.:

   > It should be noted that several of the documents on the Town's privilege log include attachments. **All of these attachments, save one, were produced and made available to Southeast by August 2005 pursuant to this Court's 6/2/05 Order**...The only attachment that was not produced to Southeast is the one entitled 'MacMillan Pier Options Matrix' [which the Town claims is privileged]. ***All of the attachments***

-1-

HAYES & CARABALLO, PL
830 Lucerne Terrace
Orlando, FL 32801

**have been included with the documents submitted to Judge Harrington for in camera review.**

(emphasis added).

5. The non-privileged "attachments," in the form presented to the Court, are what undersigned counsel requested in Southeast's objection to the 1/11/08 letter. (Doc. 62) The Town never responded and the objection is outstanding. When the Court ordered Southeast to present added objections by 3/21/08 (Doc. 67), undersigned sought to copies of public information (non-privileged attachments) by inquiry to the Clerk of Court.

6. As demonstrated by the table entitled "missing attachments" in Southeast's memorandum filed 12/4/07 (Doc. 59 at pp. 14-15), there is no way to accurately select "attachments" from documents produced.

7. Although Southeast has been admonished without notice or opportunity to be heard where there was no intention to improperly communicate with the Court, the Town admits sending non-privileged documents *ex parte* to the District Court Judge, having never provided undersigned with a copy of the non-privileged letter and materials.

8. There was no intent at improper communication, but only a good faith effort to get copies of non-privileged documents communicated *ex parte* to the Court and, for the reasons described below, confirm records are under seal.

9. I was present on 10/17/06 when the Town's counsel handed the Court two (2) packages of "privileged" documents. These were the only privileged materials the Town had identified as of 2.5 years of Southeast's requests.

10. I saw the Court mark the documents "Exhibit #1 10-17-06" and "Exhibit #2 10-17-06." The Court did not find one document properly subject to a claim of privilege.

11. The Exhibits of 10/17/06 were identical to those placed under seal in 2005, the Town later indicated. The sealed documents, which undersigned was told had been stored in a safe or vault at the federal district courthouse, went missing, according to the Clerk. To undersigned's knowledge, the sealed records have never been located for comparison with the Town's documents marked by the Court on 10/17/06. In other words, Southeast was rendered unable to confirm that records the Town tendered to Judge Harrington on 10/17/06 were identical in all respects to those the Town was ordered to impound 7/15/05. (Doc. 20)

12. This backdrop regarding impounded documents is offered by way of explanation for undersigned's good faith inquiry regarding whether the latest "privileged" documents were, in fact, presented and placed under seal. The Court's most recent Order for another log suggested that perhaps the records were not reviewed.

HAYES & CARABALLO, PL
830 Lucerne Terrace
Orlando, FL 32801

13. Undersigned apologizes to the Court for any misapprehension regarding her motive and respectfully presents this affidavit in a third attempt to have non-privileged materials made a part of the Official Docket and to obtain copies from the public record.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Rosemary H. Hayes

Sworn and Subscribed before me, on March 17, 2008 by Rosemary H. Hayes, who is personally known to me or produced _____N/A_____ as identification.

_____
NOTARY PUBLIC

My commission expires:



DAY OSBORNE-CHAPMAN
MY COMMISSION # DD532019
EXPIRES: Apr. 16, 2010
(407) 398-0153   Florida Notary Service.com

### CERTIFICATE OF SERVICE

I certify this affidavit was filed via the CM/ECF system on March 17, 2008 which sends notification by email to: rholland@k-plaw.com

                                              s/Rosemary H. Hayes
                                              Rosemary H. Hayes
                                              Florida Bar no.: 549509
                                              Hayes & Caraballo, PL
                                              830 Lucerne Terrace
                                              Orlando, FL 32801
                                              (Voice) 407.649.9974
                                              rhayes@const-law.com
                                              *Attorneys for Plaintiff*

HAYES & CARABALLO, PL
830 Lucerne Terrace
Orlando, FL 32801



**KOPELMAN AND PAIGE, P.C.**
*The Leader in Municipal Law*

101 Arch Street
Boston, MA 02110
T: 617.556.0007
F: 617.654.1735
www.k-plaw.com

January 11, 2008

**Richard Holland**
rholland@k-plaw.com

FEDERAL EXPRESS

Karen Folan, Clerk
Hon. Edward F. Harrington
U.S. District Court, District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

Re:  Southeast Floating Docks, Inc. v. Town of Provincetown, et al.
     Case No. 05CV11039

Dear Ms. Folan:

Pursuant to the Court's January 2, 2008 Order in the above-referenced matter, the Town of Provincetown hereby submits to the Court a copy of the Town's privilege log, previously filed on November 11, 2007, along with the documents listed on that log. The documents are being transmitted for delivery to Judge Harrington for *in camera* review as requested in the January 2 Order and are not being filed with the Clerk. Should the Court require that the Town file a motion to seal the documents, please let me know at your earliest convenience.

As noted on the privilege log, the documents constitute communications by and between the Town and its counsel. A legend included at the end of the privilege log indicates the identity of the persons included in the communications. They are Richard Holland, David Doneski and John Giorgio, attorneys employed by Kopelman and Paige, P.C., the Town's counsel; Keith Bergman, former Town Manager; David Guertin, the Director of the Town's Department of Public Works ("DPW"); Sandra Turner, Deputy Director of the DPW; Michelle Jarusiewicz, former Acting Town Manager; Regina (Ginny) Binder, member of the Town's Building Committee for the MacMillan Pier project; Rex McKinsey, manager of the Town's MacMillan Pier; the Town's Board of Selectmen; and Pamela Hudson, secretary to the Town Manager.

It should be noted that several of the documents on the Town's privilege log include attachments. All of these attachments, save one, were produced and made available to Southeast Floating Docks, Inc. ("Southeast") by August 2005 pursuant to this Court's June 2, 2005 Order, as discussed in the "Town of Provincetown's Memorandum Pursuant to the District Court's October 18, 2007 Order" ("Memorandum"), filed on November 15, 2007. The only attachment that was not produced to Southeast is the one entitled "MacMillan Pier Options Matrix" ("Matrix"), which is

## KOPELMAN AND PAIGE, P.C.

Karen Folan, Clerk
Hon. Edward F. Harrington
January 11, 2008
Page 2

attached to the documents identified on the privilege log as documents ## 52 – 55 and 88. As indicated in the table contained in the document attached as Exhibit H to the Memorandum, the Matrix constitutes an attorney-client communication between the Town and its counsel and was withheld pursuant to the Court's June 2, 2005 Order. All of the attachments have been included with the documents submitted to Judge Harrington for *in camera* review.

It should also be noted that, as discussed in the Memorandum, some of the documents on the privilege log are not responsive to Southeast's February 23, 2005 arbitration subpoena, which is the subject of this litigation, either because they do not fall within the scope of the document requests contained in the subpoena, or they are dated after February 23, 2005, the date of the subpoena. In any event, as the Town stated in the Memorandum, the Town had prepared the privilege log and hereby submits the documents listed on that log in an effort to assist the Court in bringing this matter to an appropriate conclusion.

Should the Court have any questions regarding the documents or require further information, please do not hesitate to contact me.

Very truly yours,

Richard T. Holland

RTH/rbh
Enc.
cc:   Rosemary Hayes, Esq.
      David Hanrahan, Esq.
      John B. Connarton, Jr., Esq.
      Charles Schaub, Esq.
      Town Manager
      Director, Department of Public Works

335205/PROV/0008