UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 05CV11039EFH

SOUTHEAST FLOATING DOCKS, INC.,

    Plaintiff

v.

AGM MARINE CONTRACTORS, INC.,
CHILDS ENGINEERING CORPORATION,
AND THE TOWN OF PROVINCETOWN,

    Defendants

DEFENDANT TOWN OF
PROVINCETOWN'S RESPONSE
TO THE DISTRICT COURT'S
MARCH 24, 2008 ORDER

INTRODUCTION

    The Town of Provincetown submits this memorandum in response to the Court's March 24, 2008 Order. In that order, the Court requested that the Town explain why it did not earlier provide to the plaintiff the privilege log filed by the Town on November 15, 2007. Although the Court has asked that the Town's explanation be brief, because the plaintiff's allegation—that production of the November 15, 2007 privilege log is untimely—inaccurately suggests that no privilege log was produced before November 15, 2007, a brief review of the events of this litigation is appropriate and will assist the Court in adjudicating the current dispute.

    First, it is important to note that the number and type of documents sought by the plaintiff from the Town, and the plaintiff's interpretation of the February 23, 2005 subpoena served on the Town, have broadened dramatically over the course of this litigation. This broadening began, coincidentally, following the commencement (on or about August 12, 2005) of the arbitration between the plaintiff and defendant AGM

1

Marine Contractors Inc. ("AGM"), and the decision of the arbitrator (on or about December 15 2005) to award substantial damages to AGM, which the plaintiff is now seeking to vacate.[1]  Many of the documents that the plaintiff now alleges were not produced by the Town were indeed produced or made available to plaintiff's counsel, and many others are not even responsive to the arbitration subpoena, whether because they were not requested in that subpoena or are dated after the date of the subpoena.[2]

The evolution of plaintiff's claims is made evident from a review of plaintiff's Complaint.  The Complaint (¶¶ 12-15) referred mainly to an alleged failure of the defendants to produce a certain report that had been prepared by defendant Childs Engineering Corporation (the "Childs' Report"), one of the Town's two litigation consultants.  As the Court will recall from the discussion at the June 1, 2005 hearing on plaintiff's application to enforce certain arbitration subpoenas, the Childs' Report was provided to plaintiff's counsel in May 2005, along with certain other documents prepared by the Town's other litigation consultant, Simpson Gumpertz & Heger, Inc. ("SGH").  See June 1, 2005 Transcript, p. 12:1-13.  Commenting on the limited nature of plaintiff's document requests, the Town's counsel expressed his "understanding that the only documents at least up to this hearing . . . sought [by the plaintiff] were these expert reports."[3]  June 1, 2005 Transcript, p. 15:7-10.

---

[1] Plaintiff is seeking to vacate the arbitration award in a related matter now pending before this Court, captioned ALS & Associates, Inc. (f/k/a Southeast Floating Docks, Inc.) v. AGM Marine Constructors, Inc., Case No. 06-CA-10088EFH, filed on January 17, 2006.

[2] For a more detailed discussion of these points, see the Town's "Memorandum Pursuant to the District Court's October 18, 2007 Order" (filed November 15, 2007), and Exhibit B attached thereto.

[3] As discussed in the Town's "Memorandum in Opposition to Plaintiff's Application for Stay of Arbitration and Enforcement of Arbitration Subpoenas" (presented to the Court at the June 1, 2005 hearing), the Town's counsel had responded in writing to plaintiff's February 23, 2005 arbitration subpoena within six business days of the service of that subpoena, inviting plaintiff's counsel to inspect the Town's nonprivileged documents.  Plaintiff's counsel never responded to that invitation.

Second, it is also important to note that before the plaintiff expanded its allegations of the Town's noncompliance with the arbitration subpoena the plaintiff had, in fact, already been provided with two privilege logs listing documents claimed as privileged by the Town, as discussed below.

1.  Two Privilege Logs Were Produced in June 2005.

Two privilege logs were produced to plaintiff's counsel in June 2005. The first log was prepared by Fay Spofford & Thorndike, Inc. ("FST"), the Town's engineer for the MacMillan Pier reconstruction project (the "Project"), which is the subject of this litigation. The FST log was provided to plaintiff's counsel before the June 1, 2005 hearing.

Plaintiff's counsel referred to the FST log at the June 1 hearing. Asked by the Court to identify the documents, other than the Child's Report, that the plaintiff was seeking, plaintiff's counsel held up a copy of the FST log, and stated: "I'm looking for the materials in this privilege log that were not produced." June 1, 2005 Transcript, p. 16:13-16. The Town's counsel proceeded to explain that the Town was claiming a privilege only as to certain of the many documents on the FST log, and identified those documents to plaintiff's counsel and the Court.[4] June 1, 2005 Transcript, pp. 29:5 – 30:1. A second privilege log was prepared by counsel for SGH and provided to plaintiff's counsel on June 24, 2005.[5]

The Town adopted the FST and SGH logs as its own, as they contained an adequate description of documents claimed as privileged by the Town. The Town filed

---

[4] The documents identified at the June 1, 2005 hearing were those numbered 120, 121, and 123 to 128 on the FST log.
[5] Unlike with the documents on the FST log, the Town was claiming privilege as to all of the documents on the SGH log.

3

both logs with the Court as exhibits to its "Emergency Motion to Impound Pursuant to Local Rule 7.2" (filed on July 15, 2005).[6] Plaintiff's allegation that the FST and SGH logs should not qualify as the Town's privilege logs, apparently because the Town's counsel did not re-type the logs on its own letterhead, is without merit. Thus, before plaintiff's counsel inspected the Town's Project documents on June 27 and 28, 2005, the Town had, in fact, produced privilege logs describing what, at that time, were the documents being withheld by the Town under claims of privilege.

2.    The Litigation Was Ordered Dismissed on June 2, 2005.

Following the June 1, 2005 hearing, the Court issued its June 2, 2005 Order, which required the Town to comply with its counsel's in-court representation that the Town would allow the plaintiff access to the Town's nonprivileged Project documents. The Order, which did not require the Town to prepare a privilege log, dismissed the litigation on the condition that the Town comply with the Order.

The Town complied with the June 2 Order by delivering to plaintiff's counsel, and by making available to plaintiff's counsel for inspection, thousands of pages of documents in June and August of 2005.[7] As noted earlier, plaintiff's counsel inspected the Town's Project documents on June 27 and 28, 2005. On June 16, 2005 and July 1, 2005, respectively, the plaintiff filed a "Motion for Attorneys' Fees & Costs & to Keep

---

[6] By order dated October 18, 2006, the Court ordered the documents on the FST and SGH logs disclosed. The order followed an October 17, 2006 hearing at which the Town's counsel, in a good faith effort to assist the Court in bringing the matter to a conclusion, offered to discuss with the Town the possibility of a voluntary waiver of the Town's claims of privilege, if doing so would facilitate the termination of the litigation. Plaintiff's counsel refused to cooperate in that effort.

[7] For a more detailed discussion regarding the Town's compliance with the June 2, 2005 order, see the Town's "Memorandum Pursuant to the District Court's October 18, 2007 Order," and Exhibit B attached thereto. As also discussed in that memorandum, and in the Town's "Memorandum in Opposition to Plaintiff's Application for Stay of Arbitration and Enforcement of Arbitration Subpoenas," the Town provided Project documents and related information to the plaintiff and its counsel well before the June 1, 2005 hearing, and as early as 2004, when representatives of the plaintiff and Town met on April 22, 2004 in Provincetown to discuss the disputes arising out of the Project.

4

Case Open Pending Compliance With Court Order" and a "Motion for Contempt & Sanctions," essentially challenging the Town's compliance with the June 2 Order. The motions were denied shortly thereafter by Orders dated July 7 and July 18, respectively, and the matter remained dismissed. Since the case was dismissed, the Town did nothing further in the matter, other than to respond to plaintiff's appeal of the Court's orders. The Town simply did not contemplate that an additional privilege log would be required for a case that had already been dismissed.

In any event, the Town respectfully notes that it offered to submit documents to the Court for *in camera* inspection on several occasions. It did so during the June 1, 2005 hearing and in several of its written submissions to the Court, including the Town's "Memorandum in Opposition to Plaintiff's Application for Stay of Arbitration and Enforcement of Arbitration Subpoenas" (presented to the Court at the June 1 hearing); "Memorandum in Opposition to Plaintiff's Motion for Attorneys' Fees and Costs, and to Keep Case Open Pending Compliance With Court Order" (filed June 28, 2005); and "Emergency Motion to Impound Pursuant to Local Rule 7.2" (filed July 15, 2005). Thus, under these circumstances, it would be unfair and inappropriate for Town to be deemed to have waived its claims of privilege on the ground that it did not produce a privilege log <u>after</u> the litigation had been dismissed by the Court.

3.  <u>The Decisions of the Court of Appeals Did Not Order the Town to Produce a Privilege Log.</u>

The plaintiff has invoked the subsequent decisions of the Court of Appeals on August 3, 2006 and July 27, 2007, alleging that those decisions constitute orders that the Town prepare a privilege log. Those decisions say no such thing. Rather, they merely suggested, to the District Court, that on remand "the court may find it useful to require

5

the Town to provide a privilege log of all documents it has withheld from its own files. . . ." Southeast Floating Docks, Inc. v. AGM Marine Contractors, Inc., Appeals No. 05-2262 and 06-2703. The Court never required the Town to do so, however.

Even though it had not been ordered to do so, the Town <u>voluntarily</u> provided a privilege log on November 15, 2007, in the hope that doing so might bring plaintiff's fishing expedition to an end. That log lists 91 documents—*de minimis* in terms of both the quantity and content of the documents in light of the thousands of pages of documents produced and made available to the plaintiff by the Town to date. Each document on the log[8] constitutes, reflects or makes reference to communications between the Town and its counsel. Thus, those documents are protected from disclosure by the attorney-client privilege.[9] See Suffolk Construction Co., Inc. v. Division of Capital Asset Management, 449 Mass. 444 (2007).

The protection afforded by the attorney-client privilege is especially important and necessary for the proper and effective functioning of governmental entities like the Town.

> The necessity of the privilege for governmental entities and officials flows directly from the realities of modern government. Public employees must routinely seek advice from counsel on how to meet their obligations to the public. <u>It is in the public's interest that they be able to do so in circumstances that encourage complete candor, without inhibitions arising from the fear that what they communicate will be disclosed to the world. If counsel, despite all diligence, are unable to gather all of the relevant</u>

---

[8] The Town is not claiming a privilege as to the attachments to the documents listed on the log, save for the so called "Litigation Matrix," as explained in Town's "Memorandum Pursuant to the District Court's October 18, 2007 Order," and the exhibits attached thereto.

[9] In exhibit 1 attached to "Southeast's Objections to New Privilege Log Pursuant to Court Order of 3/10/08 (Doc. 67)," plaintiff refers to entry number 57 on the Town's November 15, 2007 privilege log and suggests that, because the email referenced in that entry was exchanged between Town employees and was neither sent from or to the Town's counsel, the email is not privileged. This allegation is without merit. As indicated in the description column for entry 57, the email contains reference to, and conveys, a communication from the Town's counsel. Therefore, the email is protected from disclosure by the attorney-client privilege.

>   <u>facts, they will less likely serve the public interest</u> in good government by preventing needless litigation or ensuring government officials' compliance with the law. In short, counsel will be less likely to perform adequately the functions of a lawyer. [emphasis added]

<u>Id.</u> at 450.

Although the Town agrees with the sentiment expressed by the Court in its Order (footnote 2) that this dispute may continue unnecessarily to consume much time and effort, the Town submits, respectfully, that such a result will be occasioned not by the Town's invocation of the attorney-client privilege, but by the plaintiff's unabashed abuse of judicial process. The attorney-client privilege will have little meaning if it is waived under such circumstances, however. Indeed, such a waiver may serve as an incentive for litigants like the plaintiff to seek just that result through frivolous and bad faith litigation practices. In any event, experience in this litigation has proven that, even if the Town voluntarily waived its claims of privilege, the circumstances of this case would be no different. It appears that the plaintiff will not cease its relentless and frivolous attacks on the Town until this Court makes a final ruling on the issue of the Town's compliance with the June 2, 2005 Order and all rights of appeal have been exhausted.

4.   <u>Fed.R.Civ.P. 45 Does Not Apply Here.</u>

The plaintiff has invoked Fed.R.Civ.P. 45 in support of its claim that the Town has waived the claimed privileges. Plaintiff's claim is without merit. Rule 45 allows a litigant to serve subpoenas under authority of a federal court. It requires a subpoenaed party withholding documents under a claim of privilege to provide a "description of the nature of the documents [being withheld]." <u>See</u> <u>Fed.R.Civ.P.</u> 45(d)(1)(D)(2)(A). The subpoena at issue here was not served under the authority of a federal court under Rule

7

45 in pending federal litigation, however. It was served by an arbitrator in private arbitration.

Moreover, the Court's June 2, 2005 Order was not an order enforcing an arbitration subpoena. Rather, the order required only that the Town comply with its counsel's in-court representation that the Town would allow access to the Town's nonprivileged Project documents, which the Town has done. The order did not require the Town to produce a privilege log. Therefore, the sanction requested by the plaintiff— an order that the Town has waived the claimed privilege—is not available under the circumstances of this case. See Public Service Co. of NH v. Portland Natural Gas, 218 F.R.D. 361, 362 n.2 (D. N.H. 2003) (sanction of the waiver of the attorney-client privilege for an alleged failure to produce a privilege log is not available unless the failure constitutes noncompliance with a court order as with the failure to comply with a Rule 45 subpoena).

## CONCLUSION

For the foregoing reasons, the Town respectfully requests that the Court deny plaintiff's request for an order that the Town has waived the attorney-client privilege, and order instead that the Town has complied with the June 2, 2005 Order and that this litigation be dismissed.

                              TOWN OF PROVINCETOWN

                              By its attorneys,

                              /s/ Richard T. Holland
                              David J. Doneski (BBO# 546991)
                              Richard T. Holland (BBO# 632661)
                              Kopelman and Paige, P.C.
                               Town Counsel
                              31 St. James Avenue
                              Boston, MA 02116
                              (617) 556-0007

## CERTIFICATE OF SERVICE

     I, Richard T. Holland, hereby certify that the above document will be served upon any party or counsel of record who is not a registered participant of the Court's ECF system, upon notification by the Court of those individuals who will not be served electronically.

                                         /s/ Richard T. Holland.

Dated: March 31, 2008

342204v3/24207/0008