UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CASE NO: 05-cv-11039-EFH

In re:

SOUTHEAST FLOATING DOCKS, INC.,

        Plaintiff/respondent in arbitration,

v.

AGM MARINE CONSTRUCTORS, INC.,

        Defendant/claimant in arbitration,

and

TOWN OF PROVINCETOWN, MASS,

        Defendant/subpoenaed party.

_____/

## PLAINTIFF'S REQUEST TO FILE RELEASED DOCUMENTS AS PART OF CASE RECORD & TO PRESERVE NON-PRIVILEGED ATTACHMENTS & OTHER RECORDS TENDERED *IN CAMERA* BEFORE DISMISSAL

        Plaintiff/respondent in arbitration, Southeast Floating Docks, Inc. (Southeast) requests the Court make documents 14, 29, 30, 39, 40, 41, 45, 47, 48, 49, 56 and 81 a part of the case record and preserve all other documents tendered for review *in camera*.[1] The Court gave no timing for production of the records and copies had not been received as of the filing of this request. (Doc. 73) Ordinarily

---

[1] The Court's Order acknowledges other records were "misplaced." (Doc. 73) The Order does not provide a timeline for provision of the records ordered for disclosure. Id.

Southeast would be able to purchase a copy from the Clerk; however, based on the result of Southeast's previous efforts to request such information, in an abundance of caution, it utilizes this request.

Southeast respectfully maintains that that it is an abuse of discretion to refuse to file the non-privileged attachments. While obtaining admittedly non-privileged records provided to the district court would be easily accomplished via the Clerk's office under any imaginable circumstance, Southeast's effort here was deemed suspect. (Doc. 69) The burden was on the Town to prove privilege; it is a public body and the non-privileged materials public records. However, Southeast requests, at minimum, protection of the case record, intact.[2]

Southeast has no avenue for further relief beyond the Court bringing this case to conclusion for the third time. Southeast has twice successfully appealed. On June 2, 2005, this Court entered an Order for documents based on the Town's assurances. (Doc. 12) It is the law of the case that the documents requested and due Southeast as a result included the following:

--records of maintenance and modifications to the dock system after installation;

---

[2] Under Massachusetts law, as noted by Southeast and the Circuit Court, governments have a greater burden. In response to requests for public records, officials are to "produce detailed indices to support claims of privilege." *See Suffolk Constr. Co., Inc. v. Div. of Cap. Asset Mngmt.*, 449 Mass. 444, 460 (Mass. 2007), *citing*, *Worcester Tel. & Gazette Corp. v. Chief of Police of Worcester*, 436 Mass. 378 (Mass. 2002).

-- records of damage attributable to <u>each</u> of the two storms, Dec. 2003, Jan. 2005;

--full results of investigations by the Town and its consultants;

--backup and payment records, including change order #8;

--AGM's final payment application to the Town for payment; and

--records of the Town's decision-making since the 7 December 2003 storm.

*Southeast Floating Docks, Inc. v. Provincetown*, Case 05-2262, 8/6/06 opinion, pp. 2-3.

The second appeal faulted the Court's failure to "question[]...the Town's own production of documents." *Southeast Floating Docks, Inc. v. Provincetown*, Case 06-2703, opinion, pp. 2-3. However, despite the fact that (1) there has been no "production of documents" since; and (2) Southeast's <u>continual</u> identification of records never produced that were in the opinion from the first appeal, Southeast finds itself no closer to a resolution than it was when the case was summarily dismissed --three (3) years and two (2) appellate reversals ago.

Plain and simple, Southeast accepts the Court will not permit Southeast non-privileged documents, outstanding records, allow an evidentiary hearing or deposition, based on the finding that Southeast's "whole case was premised on" the Childs Engineering report. (Doc. 73, n. 9) Southeast attached and incorporated its subpoena in the complaint and obtained an Order for production of all non-

privileged records followed by two appellate mandates. Respectfully, Southeast is back at square one.[3] (Doc. 73, n. 9)

WHEREFORE, Southeast requests an Order directing the Clerk to (a) preserve all privileged and non-privileged records, i.e., entries 1-82, and each and every exhibit thereto; and, (b) file of record documents ordered for disclosure (14, 29, 30, 39, 40, 41, 45, 47, 48, 49, 65, 81), prior to the Court's dismissal of the case.

---

### EXHIBIT "A"

Pursuant to M.G.L. 66, § 10, and this subpoena we request copies relating to the storm damage on December 7, 2003 (a) all written demands made by or on behalf of the town in regard to MacMillan Pier under M.G.L. 93A and any responses thereto; (b) all written or printed communications, including electronic transmissions and computer stored data relating to or referencing damage at MacMillan Pier from December 1, 2003 to the present; (c) all demands for insurance coverage and responses thereto; (d) proof of wind speed, wind direction, wave height, or any expert opinion or documentation used to establish same; (e) all communications from the Town to AGM or its Surety since December 7, 2003, including electronic mail or other computer stored data; (f) all records concerning modification of the dock system during construction, installation of the concrete floating docks, and removal of the wave attenuator or "breakwater" from the original project design; (g) all expert opinions, reports, calculations, drawings, or other written, printed or pictorial material, including electronic mail or other computer stored data, relating to or referencing the damage and fix of the dock system at the subject marina.

<u>CERTIFICATE OF SERVICE</u>

    I certify that this document was filed through the ECF system on April 21, 2008 which sends notification by email to: rholland@k-plaw.com.

s/Rosemary H. Hayes

Rosemary H. Hayes

Florida Bar no.: 549509

Hayes & Caraballo, PL

830 Lucerne Terrace

Orlando, FL 32801

(Voice) 407.649.9974

(Fax) 407.649.9379

rhayes@const-law.com

*Attorneys for Plaintiff*
